# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TWD, LLC, | ) |
| Plaintiff/Counterclaim-Defendant, | ) |
| v. | ) 18 C 7695 |
| GRUNT STYLE LLC, | ) |
| Defendant/Counterclaim-Plaintiff. | ) |

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant/Counterclaim-Plaintiff Grunt Style LLC's ("Grunt Style") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and motion to strike Plaintiff/Counterclaim-Defendant TWD, LLC's ("TWD") affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). For the following reasons, the Court grants in part and denies in part the motion for judgment on the pleadings and grants the motion to strike.

## BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in TWD's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

TWD is a California limited liability company that sells t-shirts bearing the phrase "THIS WE'LL DEFEND." On May 27, 2015, TWD filed a trademark application (Serial No. 86643151) with the United States Patent and Trademark Office ("PTO") for the word mark "THIS WE'LL DEFEND" in Class 25 for t-shirts, as pictured below.



A trademark search using the Trademark Electronic Search System (TESS) prior to May 27, 2015 would not have shown any registered trademark or pending trademark application that included this phrase. However, after that date, TWD's pending trademark application would appear in the search results.

Grunt Style is an Illinois limited liability company that manufactures and sells clothing. On September 12, 2015, Grunt Style filed five separate trademark applications in Class 25 for clothing that included its logo or portions thereof. The logo, pictured below, includes the words "GRUNT STYLE" above an image of two crossed muskets with the letters "US" to the left, "GS" below, and "1776" to the right. Underneath the image appears the phrase "THIS WE'LL DEFEND." Collectively, this design constitutes the entire composite mark.



Grunt Style's first trademark application (Serial No. 86754995) was for the entire composite mark. The second application (Serial No. 86754996) was for the composite mark with the phrase "THIS WE'LL DEFEND" omitted.



The third application (Serial No. 86755028) was for the composite mark with the phrase "GRUNT STYLE" omitted.



The fourth application (Serial No. 86755032) was for the composite mark with both the phrases "THIS WE'LL DEFEND" and "GRUNT STYLE" omitted.



The final application (Serial No. 86755035) was only for the words "THIS WE'LL DEFEND," as pictured below.

## THIS WE'LL DEFEND

On September 30, 2015, the PTO issued a Notice of Publication for TWD's trademark "THIS WE'LL DEFEND," explaining that it would be published in the *Official Gazette* on October 20, 2015 "for the purpose of opposition by any person who believes he will be damaged by the registration of the mark." During this time, Grunt Style did not file any opposition to TWD's trademark with the PTO. On January 5, 2016, the PTO issued TWD trademark registration No. 4,880,776 for the words "THIS WE'LL DEFEND" without claim to "any particular font, style, size or color" in Class 25 for t-shirts.

On January 7, 2016, the PTO issued separate Office Actions for Grunt Style's five trademark applications. The PTO refused the entire composite mark on the ground that the "identification of goods is indefinite," but also stated that there were no conflicting marks. The PTO refused the fractions of the composite mark because "the specimen does not show the applied-for mark in use in commerce…. Specifically, the mark appears to be embedded into a larger mark and is not severable from the rest of the design." Finally, the PTO refused Grunt Style's application for just the words "THIS WE'LL DEFEND," citing "a likelihood of confusion with the mark in U.S. Registration No. 4880776." The PTO elaborated that the "marks are identical in terms of appearance and sound" and "consumers would believe that both applicant's goods

4

and registrant's goods emanate from a single source." The PTO also gave Grunt Style notice that TWD owned the mark for "THIS WE'LL DEFEND."

Grunt Style responded to the PTO's Office Action for the entire composite mark, and on July 5, 2016, the PTO issued Grunt Style a trademark (No. 4,991,746) for that application. Grunt Style did not respond to the other four Office Actions, so the PTO issued a "Notice of Abandonment" for each of those trademark applications.

After January 7, 2016, Grunt Style used TWD's mark "THIS WE'LL DEFEND" on their clothing. As of the filing of the complaint, Grunt Style sold Defender Series Athletic Shorts, Defender Series Crop, Defender Series Men's Performance Tee, Defender Series Ranger Panties, Defender Series Ladies Performance Tee, Defender Series Comfort Tank, Defender Series 4" Sport Short in black and blue, Defender Series Sports Bra, Defender Jacket, This We'll Defend Flat Bill Hat, Grunt Style Grey Golf Hat, Men's Leather Bike Jacket, Men's Canvas Bike Jacket, Women's Leather Bike Jacket, and Women's Canvas Bike Jacket all bearing the isolated words "THIS WE'LL DEFEND." For example, the image below shows a shirt marketed and sold by Grunt Style.



Based on these events, TWD filed their complaint on March 13, 2018, asserting claims for infringement or counterfeiting of a registered trademark under 15 U.S.C. § 1114 and federal unfair competition under 15 U.S.C. § 1125(a). On January 7, 2019, Grunt Style filed its answer and counterclaims against TWD. Grunt Style filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on January 25, 2019. About two months later, Grunt Style filed a motion to strike TWD's affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

## **LEGAL STANDARD**

"A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). However, in evaluating a motion for judgment on the pleadings, the Court may consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). TWD need not provide detailed factual allegations, but

they must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

Pursuant to Federal Rule of Civil Procedure 12(f), the Court may "strike from a pleading an insufficient defense." Motions to strike affirmative defenses are generally disfavored and should be granted only when the affirmative defense is insufficient on the face of the pleading. *Sanchez v. Roka Akor*, 2015 WL 122747, at *1 (N.D. Ill. 2015). Nonetheless, striking inadequate affirmative defenses "remove[s] unnecessary clutter from the case." *See Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014).

An affirmative defense must contain "sufficient factual matter to be plausible on its face." *See Edwards v. Mack Trucks, Inc.*, 310 F.R.D. 382, 386 (N.D. Ill. 2015) (citing *Iqbal*, 556 U.S. at 678). After all, affirmative defenses must withstand a Rule 12(b)(6) challenge, *Bernfeld v. U.S. Airways, Inc*, 2015 WL 2448275, at *3 (N.D. Ill.

7

2015), the analysis of which now incorporates the plausibility requirement. "As a practical matter, however, affirmative defenses rarely will be as detailed as a complaint (or a counterclaim); nor do they need to be in most cases to provide sufficient notice of the defense asserted. But a problem arises when a party asserts boilerplate defenses as mere placeholders without any apparent factual basis." *Dorsey v. Ghosh*, 2015 WL 3524911, at *4 (N.D. Ill. 2015).[1]

## **DISCUSSION**

### I. Motion for Judgment on the Pleadings

Grunt Style moves for judgment on the pleadings because: (1) TWD fails to allege that Grunt Style's good are counterfeits of TWD's registered mark, (2) TWD lacks standing to bring the unfair competition claim, and (3) TWD has insufficiently plead the unfair competition claim. The Court addresses each argument in turn.

#### A. Section 1114 Claim

TWD's first cause of action against Grunt Style is a trademark infringement claim pursuant to 15 U.S.C. § 1114. That Section states, in part:

> Any person who shall, without the consent of the registrant, use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive...shall be liable in a civil action by the registrant for the remedies hereinafter provided.

---

[1] The parties dispute what pleading standard should apply to the motion to strike because the Seventh Circuit has not adopted the *Twombly* and *Iqbal* standard as to affirmative defenses. However, as this Court held in *Behn v. Kiewit Infrastructure Co.*, 2018 WL 5776293, *1 (N.D. Ill. 2018), the *Twombly* and *Iqbal* standard applies to affirmative defenses.

15 U.S.C. § 1114(1)(a). Section 1116 provides a seizure remedy for violations of Section 1114 arising out of the use of counterfeit marks. 15 U.S.C. § 1116(d)(1)(A). In relevant part, Section 1116 states:

> In the case of a civil action arising under section 1114(1)(a) of this title...the court may, upon ex parte application, grant an order...providing for the seizure of goods and counterfeit marks involved in such violation and the means of making such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation.

*Id.*

Grunt Style moves the Court to dismiss TWD's trademark infringement claims that are based on a counterfeiting theory. They argue that TWD is actually asserting two separate causes of action in Count I—one for a violation of Section 1114 and another for a violation of Section 1116. However, this is an inaccurate reading of the statute. Section 1116 is merely a remedy for a violation of Section 1114, not an independent cause of action. *All Star Championship Racing, Inc. v. O'Reilly Auto. Stores, Inc.*, 940 F. Supp. 2d 850, 865 (C.D. Ill. 2013) ("...[T]he use of a counterfeit mark in the context of the Lanham Act is not, in and of itself, a cause of action. Rather, in a civil action arising under § 1114, a finding that a counterfeit mark was used permits certain additional remedies, including seizure of the goods so marked, § 1116(d)(1)(A)...."). As the complaint's reference to Section 1116 is merely seeking a statutory remedy and not raising a separate cause of action, the Court cannot dismiss only this portion of TWD's claim. *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th

9

Cir. 2015) ("A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims....") (emphasis in original). Accordingly, the Count denies Grunt Style's motion with respect to Count I.

**B. Section 1125 Claims**

TWD's second cause of action against Grunt Style is for unfair competition under 15 U.S.C. § 1125(a). That section provides:

> Any person who, on or in connection with any goods or services, ...uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (b) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). Unlike the narrower cause of action in Section 1114, claims arising under Section 1125(a) may be for either registered or unregistered marks. *Eva's Bridal Ltd. v. Halanick Enterprises, Inc.*, 2010 WL 2035720, *3 (N.D. Ill. 2010). "To prevail on either claim, a plaintiff must establish that (1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers." *CAE, Inc. v. Clean Air Engineering, Inc.*, 267 F.3d 660, 673–74 (7th Cir. 2001).

Grunt Styles urges the Court to dismiss TWD's unfair competition claim[2] on two grounds: (1) TWD lacks standing to bring a claim under Section 1125(a), and (2) TWD has insufficiently alleged a likelihood of confusion or damages. The Court analyzes each position in turn.

### i. Standing Under Section 1125(a)

Article III courts are limited "to resolving 'Cases' and 'Controversies,'" *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014), meaning that a plaintiff must have standing to bring a claim. To have standing, "[t]he plaintiff must have suffered or be imminently threatened with a concrete and particularized 'injury in fact' that is fairly traceable to the challenged action of the defendant and likely to be redressed by a favorable judicial decision." *Id.*

The Supreme Court has elaborated on the type of injury and causation that a plaintiff must allege to have standing under Section 1125(a). The Court held "that to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales." *Id.* at 131–32. Further, "a plaintiff suing under § 1125(a) ordinarily must show economic or

---

[2] Notably, Grunt Style's motion for judgment on the pleadings is limited to TWD's claim arising out of the alleged use of an unregistered mark—as opposed to TWD's claim based on its registered mark. TWD again argues that this is an improper attempt to dismiss only part of a claim, but this argument does not succeed as to Count II. In Count I, the Court could not dismiss a request for injunctive relief separate from the underlying claim. However, Count II has two underlying claims—one based on a registered mark and another based on an unregistered mark. Therefore, a motion for judgment on the pleadings regarding only the unregistered mark claim is proper.

reputational injury flowing directly from the deception wrought by the defendant's advertising...." *Id.* at 133.

TWD's complaint satisfies neither of those criteria. TWD's sole basis for the unregistered mark claim is that Grunt Style "uses '®' adjacent to marks not federally registered." TWD illustrates this allegation by including a picture of the Grunt Style logo next to the words "GRUNT STYLE," which bears the ® symbol after the words. The complaint is devoid of any allegations regarding TWD's injured reputation or sales. At no point does TWD state that consumers would confuse the "GRUNT STYLE" words for a TWD product. Even assuming there were sufficient allegations regarding TWD's injury, the causation element would still be lacking. TWD does not allege that the use of a false registration symbol after the words "GRUNT STYLE" would impact TWD's reputation or sales. As such, TWD has not established a factual basis for its standing on the unregistered mark claim.

### ii. Sufficiency of TWD's Allegations

In line with its position on standing, Grunt Style maintains that TWD has insufficiently plead its claim under Section 1125(a) because they failed to allege a likelihood of confusion or damages. For many of the same reasons noted above, the Court agrees.

The complaint is unclear regarding the potential for consumer confusion between TWD's registered mark "THIS WE'LL DEFEND" and Grunt Style's use of ® after the words "GRUNT STYLE." TWD states no ownership claim as to those words or any

connection of those words to TWD's product. Moreover, TWD pleads the conclusory allegation that it believes "it is likely to be damaged by such violation of 15 U.S.C. § 1125(a)," yet fails to note how it is likely to be damaged.

TWD attempts to salvage its unfair competition claim by relying on *Perfect Pearl Company v. Majestic Pearl & Stone, Incorporated*, 889 F. Supp. 2d 453 (S.D.N.Y. 2012). TWD notes that the *Perfect Pearl* Court held that the use of the ® symbol after a non-registered mark could constitute a violation of Section 1125(a). However, such a claim must still be supported by sufficient factual detail to pass muster on a motion for judgment on the pleadings. TWD has failed to accomplish that here, stating only conclusory allegations regarding the unregistered mark. Accordingly, the Court partially dismisses Count II as to the unregistered mark. TWD's claims as to its registered mark that are incorporated by reference may proceed.

## II. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that, "[t]he court may strike from a pleading an insufficient defense…." Fed. R. Civ. P. 12(f). "To survive a motion to strike, an affirmative defense must satisfy a three-part test: (1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9, and (3) the matter must withstand a Rule 12(b)(6) challenge." *Brown v. Kelly Servs., Inc.*, 2017 WL 1386188, at *1 (N.D. Ill. 2017) (internal quotation marks omitted).

Applying this test to TWD's affirmative defenses, the Court finds that each of the twelve defenses fail. Regarding TWD's first, second, fourth, and fifth affirmative defenses, TWD provided legal support to give notice as to the nature of the defense. However, TWD failed to connect that legal support to any factual information from the case to establish a basis for the claim. Absent that factual connection, those affirmative defenses cannot stand.

TWD's remaining eight affirmative defenses are merely sentences that lack both factual and legal support. For example, TWD's tenth affirmative defense states, "Grunt Style had unclean hands by asserting trademark rights to THIS WE'LL DEFEND that it did not own." Although it is clear that TWD is raising an unclean hands defense, there is insufficient factual support alleged to establish that defense. Such a pleading cannot stand under the standard set forth in *Twombly* and *Iqbal*. Accordingly, the Court grants the motion to strike TWD's twelve affirmative defenses.

## CONCLUSION

For the aforementioned reasons, the Court grants in part and denies in part the motion for judgment on the pleadings and grants the motion to strike. The Court grants TWD's motion for leave to amend, and they have 30 days to file an amended complaint and amended affirmative defenses. It is so ordered.

Dated: 10/23/2019

Charles P. Kocoras
United States District Judge