UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| GRUNT STYLE, LLC, ) | CASE NO. **1:18-cv-07695** |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge: Hon. LaShonda Hunt |
| ) | |
| TWD, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

### JOINT STATUS REPORT PER DKT. 236

Pursuant to this Court's October 16, 2023 Order (Dkt. 236), the parties provide the following status:

**I.  Availability for Trial**

**A.  Grunt Style, LLC**

Counsel for Grunt Style presently has a trial scheduled to begin on February 9, 2024 in the matter of MMS Trading Company v. Hutton Toys, LLC, Case No. 20-cv-01360 currently pending in the US District Court for the Eastern District of New York. The trial is scheduled from 02/09/2024 through 02/16/2023.

Counsel for Grunt Style presently has a trial scheduled to being on April 9, 2024 in the matter of Top Brand v. Cozy Comfort Company, Case No. CV-21-00597 currently pending in the U.S. District Court for the District of Arizona. The trial is scheduled from 04/09/2024 through 04/26/2024.

Counsel for Grunt Style has presently been advised that trial is to begin on either April 8, 2024 or May 13, 2024 in the matter of JBrick v. Chazak Kinder, Case No. 21-cv-02883 currently pending in the Eastern District of New York. Counsel is seeking confirmation from the court of a May 13, 2024 trial date in view of the Top Brand trial discussed above. The trial is estimated to be three days.

In view of the foregoing, Grunt Style requests that the trial in this matter be scheduled for a time between March 4, 2024 through March 22, 2024, preferably the week of March 11, 2024, or alternatively, May 27, 2024 through June 7, 2024.

1

### B. TWD, LLC

Based upon plaintiff's proposed dates for availability for trial, TWD proposes the following weeks for trial, in order of preference:

Week of Monday, March 18 – Friday, March 22, 2024
Week of Monday, March 11 – Friday, March 15, 2024
Week of Monday, March 4 – Friday, March 8, 2024

The court's order requested "agreed available weeks (Monday−Friday) for a jury trial in March, April, and May 2024." [Dkt. 236]. TWD is not available for trial May, 2024, including during Grunt Style's available dates of "May 27, 2024 through June 7, 2024."

## II. Motions in Limine

The Parties propose that motions *in limine* be filed January 15, 2024, responses filed by January 29, 2024, and no replies.

Grunt Style believes that its consolidated motions in limine require no more than 15 pages, and that consolidated responses should be limited to the same 15 page limit. Grunt Style presently contemplates preparing motions in limine directed to excluding evidence pertaining to the subject matter of claims and defenses that this Court ruled on as a matter of law during the summary judgment phase or dismissed with prejudice earlier in this case. Grunt Style believes that TWD's proposal for 45 pages for motions in limine is excessive, and requests and order proposes setting a total of 30 pages for TWD's motions in limine and 30 pages for Grunt Style's response.

TWD requests that it be allowed to file separate motions *in limine* (with each subject to the 15 page limit) regarding the following issues: (1) expert testimony at trial, including TWD's expert Eric Wachspress; and (2) scope of Grunt Style's counterclaims in light of summary judgment orders [Dkt.188 and 222]. Any additional motions *in limine* filed by TWD would be filed in a consolidated basis subject to the 15 page limit.

The parties believe that it would be beneficial for the motions *in limine* to be ruled on before the final pretrial order is filed.

## III. Updated Discovery of TWD Financial Information

### A. Grunt Style

TWD must be ordered to produce updated sales records for sales made trough its online retail store fronts that it operates on www.thiswelldefend.com and Amazon.com. As set forth in detail in Grunt Style motion for preliminary injunction, it is undisputed that TWD provides online retail store services under the THIS WE'LL DEFEND mark at issue through both of the foregoing channels. See, Dkt. 193, p. 3-4, and Exhibits cited therein. On summary judgment, this court held as a matter of law 1) "it is undisputed Grunt Style began use of the Mark in April

2011[, and] Grunt Style has continuously used the [THIS WE'LL DEFEND] Mark publicly on its clothes, website, and documents ever since;" 2) "the undisputed evidence shows Grunt Style has superior rights in the Mark;" and 3) "[i]t cannot be disputed that there is a likelihood of confusion between the two uses of the Mark." Dkt. 188, p. 16.  TWD incorrectly seeks to avoid damages it caused to Grunt Style through its offering online retail store services under the infringing THIS WE'LL DEFEND mark by focusing on the use of the mark physically on t-shirts.  TWD is wrong.  Grunt Style has two trademarks that it asserted in this matter.  One trademark is for THIS WELL DEFEND on t-shirts.  A second trademark is for THIS WE'LL DEFEND for online retail store services.  Damages for TWD's infringement of Grunt Style's t-shirt mark are for sales prior to May 27, 2015.  Damages for TWD's infringement of Grunt Style's online retail store services mark extend from 2014 through the present.  Indeed, over that time period, TWD used THIS WE'LL DEFEND as the mark for its online retail store services to sell various goods including flags and shirts.  The brand(s) of flags and shirts TWD sold through its online retail stores is irrelevant.  All that is relevant is whether those goods were sold through an infringing online retail store; they were.

TWD's present production of sales records stops at the end of 2020. TWD continued to sell products through its infringing online retail stores after that date and TWD is obligated to update its sales data from the end of 2020 through the present. TWD must update its sales data for all sales made through its infringing www.thiswelldefend.com and Amazon.com online retail storefronts.

  **B. TWD**

The court relied upon Grunt Style limiting its Counterclaims (now the only claims at issue for the jury trial) to the time period *prior to May 27, 2015*.  The court's partial summary judgment order on TWD's infringement claims and TWD's defenses states, in part:

> In any event, ***Grunt Style only asserts common law infringement claims for t-shirt sales before May 27, 2015***, the date TWD filed for trademark registration. So, in the Court's view, TWD's preemption defense fails because the alleged infringement occurred before TWD owned a federally registered trademark.

[Dkt. 188 {SJ Order}, at 17 (emphasis added)].

Grunt Style acknowledges that TWD has already produced responsive documents for this time period prior to May 27, 2015.  Accordingly, TWD has no obligation to supplement its sales after May 27, 2015.

  **IV. Status of Settlement Discussions**

The Parties have not engaged in any further settlement discussions.

DATED: November 13, 2023

| | |
|---|---|
| ARONBERG GOLDGEHN DAVIS & GARMISA | LAW OFFICES OF DARREN J. QUINN |
| /s/*Matthew De Preter* | /s/*Darren J. Quinn* |
| Matthew De Preter | Darren J. Quinn (*pro hac vice*) |
| Sofia Quezada Hastings | 12702 Via Cortina, Suite 105 |
| 225 W. Washington St. Suite 2800 | Del Mar, CA 92014 |
| Chicago, IL 60606 | Telephone: 858-509-9401 |
| Tel: 312-755-3153 | E-mail: dq@dqlaw.com |
| Fax: 312-828-9635 | |
| cdepreter@agdglaw.com | Yanling Jiang, J.D. (Bar No. 6309336) JiangIP LLC |
| shastings@agdglaw.com | 233 South Wacker Drive, 84th Floor |
| | Chicago, Illinois 60606 |
| | Telephone: 312-283-8091 |
| DENNEMEYER & ASSOCIATES LLC | E-mail: yanling@jiangip.com |
| Kathleen A. Lyons | |
| 230 W. Monroe St., Suite 2100 | *Attorneys for Defendant TWD, LLC* |
| Chicago, Il 60606 | |
| Tel: 312-978-1815 | |
| klyons@dennemeyer-law.com | |

*Attorneys for Plaintiff Grunt Style LLC*

4866-5104-3216, v. 2