**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| GRUNT STYLE LLC, | ) |
| Plaintiff, | ) Civil Action No.: 1:18-CV-07695 |
| v. | ) Judge: Hon. LaShonda A. Hunt |
| TWD, LLC, | ) |
| Defendant. | ) |

**GRUNT STYLE LLC'S MOTIONS IN LIMINE**

Table of Contents

I.     **Introduction**……………………………………………………………………1

II.    **Common Background Facts**……………………………………………………...2

III.   **Grunt Style's Motions In Limine**………………………………………………5

     1.  **TWD's Failed Affirmative Defenses**................................................................ 3

     2.  **Grunt Style's Corporate Structure** .................................................................. 4

     3.  **The Geographic Scope of Grunt Style's Use of Its Trademark Rights**............ 5

     4.  **Any Attempt by TWD to Expand Its Rejected "Preemption" Affirmative Defense** ................................................................................................................ 5

     5.  **TWD's Failed Claim of Misuse of the Federal Trademark Registration Symbol**................................................................................................................. 9

     6.  **The Existence of Grunt Style's Common Law Trademark Rights** ............... 11

     7.  **Any Testimony of Eric Wachpress** ............................................................... 12

     8.  **Topics Decided as a Matter of Law by this Court** ........................................ 13

     9.  **TWD's Costs or Expenses.** ............................................................................ 16

     10. **Advice of Counsel**........................................................................................... 17

IV.   **Conclusion**………...……………………………………………………………..22

# Table of Authorities

## Cases

*adidas-Am., Inc. v. Payless Shoesource, Inc.*,
546 F. Supp. 2d 1029 (D. Or. 2008) ................................................................. 22

*Brown Shoe Co., Inc. v. Molly D. Robbins*,
2009 WL 1360688, 90 U.S.P.Q.2d 1752 (T.T.A.B. 2009) ................................ 13

*Coca-Cola Co. v. Victor Syrup Corp.*,
218 F.2d 596, 104 USPQ 275 (C.C.P.A. 1954) ................................................ 13

*Crigler v. Axia Inc.*,
735 F. Supp. 868 (N.D. Ill. 1990) ....................................................................... 6

*Gorenstein Enters., Inc. v. Quality Care–USA, Inc.*,
874 F.2d 431 (7th Cir. 1989) ............................................................................ 21

*JCW Investements, Inc. v. Novelty, Inc.*,
No. 02 C 4950, 2003 WL 742184 (N.D. Ill. Mar. 4, 2003) .............................. 19

*Knorr-Nahrmittel Aktiengesellschaft v. Havland International, Inc.*,
206 USPQ 827 (TTAB 1980) ............................................................................ 13

*Love v. Mail on Sunday*,
No. CV05-7798, 2007 WL 2709975 (C.D. Cal. Sept. 7, 2007) ........................ 22

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
No. 16C3529, 2019 WL 3562660 (N.D. Ill. Aug. 2, 2019) ............................... 21

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*,
No. 99-CV-10175, 2021 WL 3418475 (S.D.N.Y. Aug. 5, 2021) .................. 21, 22

*S.C. Johnson & Son, Inc. v. Gold Seal Co.*,
90 USPQ 373 (Comm'r 1951) ........................................................................... 13

*S.E.C. v. McNamee*,
481 F.3d 451 (7th Cir. 2007) ............................................................................ 21

*United States v. Jumah*,
No. 04 CR 237, 2006 WL 8442926 (N.D. Ill. Jan. 18, 2006) ........................... 21

*United States v. Kahrig*,
21-CR-30022, 2022 WL 2703945 (S.D. Ill. July 12, 2022) .............................. 21

*United States v. Williams*,
218 F. Supp. 3d 730 (N.D. Ill. 2016) ................................................................ 21

*Weaver v. Mobile Diagnostech, Inc.*,
   No. CIV. A. 02-1719, 2009 WL 1230297 (W.D. Pa. Apr. 30, 2009)................................ 22

*Wyatt Tech. Corp. v. Malvern Instruments, Inc.*,
   No. CV 07-8298 ABC (RZX), 2010 WL 11508372 (C.D. Cal. Apr. 28, 2010)................. 22

## **Other Authorities**

15 U.S.C. § 1117 ................................................................................................................ 19

Fed. R. Civ. P. 26(a)(2)(B)(i) ........................................................................................... 16

J. Thomas McCarthy, McCarthy on Trademarks and Unfair Comp., §19:146 (4th ed. 2009) ..... 13

TMEP § 902.04 ................................................................................................................. 13

TMEP § 906.02 ................................................................................................................. 13

TMEP §906.3 .................................................................................................................... 13

## I.      Introduction

Pursuant to Docket Entry 238, Plaintiff, Grunt Style LLC, respectfully moves this Court for an Order limiting the arguments and evidence to be presented at trial.  The matters remaining for trial in this case are very limited.  All that is at issue is TWD's liability for infringement of Grunt Style's trademark rights in THIS WE'LL DEFEND for t-shirts and for online retail store services, TWD's willful infringement of Grunt Style's trademark rights, and damages to be paid by TWD due to its infringement of Grunt Style's trademark rights.  Over the course of the litigation, Grunt Style has successfully moved the Court to eliminate TWD's frivolous and unfounded claims and affirmative defenses.  Despite this, TWD has continually taken postures at odds with the Court's rulings and attempted to maintain or advance positions that are no longer at issue.  This Court must preclude TWD from introducing evidence or pursuing tangents directed to its now irrelevant claims and affirmative defenses all of which were dismissed as a matter of law.

## II.     Common Background Facts

The only live pleading in this case is Grunt Style's First Amended Complaint. Dkt. 41.  The specific claims at issue are Grunt Style's claims of trademark infringement under 35 U.S.C. §1125 of its common law trademark THIS WE'LL DEFEND for t-shirts and of its common law trademark THIS WE'LL DEFEND for online retail store services.  The evidence establishes that TWD sold t-shirts bearing the trademark THIS WE'LL DEFEND thereby infringing upon Grunt Style's common law trademark rights for THIS WE'LL DEFEND for t-shirt, and TWD also provided infringing online retail store services through the operation of its retail store website www.thiswelldefend.com and its Amazon retail storefront "This We'll Defend" through which it sold clothing and other goods in violation of Grunt Style's common law trademark rights in THIS WE'LL DEFEND for online retail store services. The foregoing commercial activity violates 35

U.S.C. §1125 of the Lanham Act, constitutes common law trademark infringement, violates Illinois Uniform Deceptive Trade Practices Act (815 ILCS 510 et seq.), violates California Unfair Competition Law, Business and Professions Code (Cal. Bus. & Prof. Code §17200, et seq.) and constitutes Unfair Competition. See Dkt. 41.

TWD was the original plaintiff in this action. It filed a complaint in California. Dkt. 1. Grunt Style moved to transfer the case to Illinois, which the court in California granted. Dkt. 4; Dkt. 11. In its complaint, TWD asserted trademark infringement of federal trademark registration number 4880766 for THIS WE'LL DEFEND for t-shirts. TWD further asserted claims of unfair competition under 15 U.S.C. §1125. *See*, Dkt. 1; Dkt. 69. Grunt Style answered the complaint and filed its counterclaims which included those claims identified above as well as declaratory relief for cancelation of TWD trademark registration and non-infringement of the same. Dkt. 29; Dkt. 42. TWD answered Grunt Style's counterclaims and purported to assert some affirmative defenses. Dkt. 59. Grunt Style moved to strike the affirmative defenses, which the court granted in part and denied in part. Dkt. 60. TWD filed an amended answer and asserted six affirmative defenses: 1) Statutory right to use a registered mark; 2) Preemption; 3) Abandonment; 4) Unclean Hands; 5) Statute of Limitations; and 6) Latches. Grunt Style moved to strike those affirmative defenses and this Court granted the motion in part and denied it in part, dismissing affirmative defenses 3, 5, and 6 with prejudice. Dkt. 78.

Grunt Style filed a motion for summary judgment asking the court to rule as a matter of law that 1) Grunt Style had prior and superior rights to the mark THIS WE'LL DEFEND for t-shirts and for the offering of online retail store services; 2) TWD's trademark registration should be canceled; 3) TWD's infringement claims should be dismissed; and 4) TWD's remaining affirmative defenses should be dismissed. Dkt. 167. This Court granted Grunt Style's motion for

summary judgment in full. Dkt. 188. TWD filed a motion for reconsideration. Dkt. 196. The Court denied that motion in its entirety. Dkt. 222.

As a result of the foregoing, TWD has no pending claims and no pending affirmative defenses. Grunt Style moved to realign the parties and add new parties. Dkt. 208. The Court granted in part and denied in part that motion, and particularly granted the realignment of the parties. Dkt. 223.

### III. Grunt Style's Motions *In Limine*

For the reasons set forth below, this Court should grant Grunt Style's motions *in limine* and preclude TWD from insinuating, arguing, or introducing evidence—including testimonial evidence—on any of the following topics:

#### 1. **TWD's Failed Affirmative Defenses**

Respecting TWD's "affirmative defenses," this Court dismissed TWD's purported defenses of abandonment, statute of limitations, and latches with prejudice pursuant to Docket Entry 78. That decision is law of the case. Under the doctrine of law of the case, once this Court (a "competent court") ruled on a question of law, *i.e.* the sufficiency of TWD's affirmative defenses, that ruling became binding on the parties moving forward. *See Crigler v. Axia Inc.*, 735 F. Supp. 868, 871 (N.D. Ill. 1990).

Respecting "abandonment" specifically, TWD previously asserted that Grunt Style somehow "abandoned" its trademark rights simply because it did not continue to pursue its federal trademark application. *See* Dkt. 78, p. 2. This Court rejected that theory and TWD's defense. Furthermore, at the summary judgment phase, this Court ruled as a matter of law that Grunt Style has prior and superior rights to the mark THIS WE'LL DEFEND as to TWD. This Court should preclude TWD from arguing, insinuating, or introducing evidence directed to showing that Grunt

Style somehow abandoned any of its trademark rights in THIS WE'LL DEFEND. *See* Dkt. 188, p. 16.

During the summary judgment phase, Grunt Style moved to dismiss TWD's alleged affirmative defenses that TWD styled as a statutory right to use a registered mark, preemption, and unclean hands. Dkt. 167. This Court ruled as a matter of law that TWD could not establish any of those defenses. Dkt. 188, p. 16-17. Thus, this Court should preclude TWD from arguing, insinuating, or attempting to introduce evidence directed to its six failed affirmative defenses.

2.     **Grunt Style's Corporate Structure**

Grunt Style originally formed as a Georgia company. It then transitioned to an Illinois company and later transitioned to a Delaware company. At various points throughout this case, TWD has attempted to call Grunt Style's corporate structure into question. Most recently, during the summary judgment phase, TWD tried to resurrect its abandonment affirmative defense by arguing that Grunt Style somehow lost ownership of its trademark rights as the company underwent those banal corporate restructuring events (particularly the transition from Georgia to Illinois). This Court rejected TWD's theory. It held that "the undisputed facts show Grunt Style Illinois is the successor of Grunt Style Georgia and acquired any common law trademark rights Grunt Style Georgia owned." Dkt. 13. That is law of the case. This court should preclude TWD from arguing or introducing evidence directed to Grunt Style's changes in corporate form, or arguing that Grunt Style's rights in its common law trademark for THIS WE'LL DEFEND on t-shirts or for THIS WE'LL DEFEND for online retail store services were lost, diminished, or impaired in any way through Grunt Style's corporate restructuring. Such arguments and evidence are irrelevant and would be unduly prejudicial and a waste of time as Grunt Style would need to reintroduce the undisputed evidence that this Court relied on in ruling in Grunt Style's favor on summary judgment.

### 3. The Geographic Scope of Grunt Style's Use of Its Trademark Rights

During summary judgment, TWD argued that Grunt Style had discontinued the use of the THIS WE'LL DEFEND mark and had not shown the geographic areas in which it had trademark rights. Dkt. 188, p. 10-11. This Court rejected TWD's arguments. It found as a matter of law that the undisputed evidence shows Grunt Style adopted the Mark first by beginning use at least as of April 2011. Dkt. 188, p. 14. It found that Grunt Style used THIS WE'LL DEFEND in a variety of ways, including on the collar tags of its shirts and on its website. *Id*. It further found that the undisputed evidence shows Grunt Style products bearing the Mark were sold in all 50 states. *Id*.

Accordingly, TWD should be precluded from arguing or attempting to introduce evidence that Grunt Style has somehow failed to show it has prior and superior common law trademark rights to THIS WE'LL DEFEND for the sale of t-shirts and for providing online retail store services throughout the United States. This includes arguing before the jury that Grunt Style has not shown the scope of its common law rights or that Grunt Style does not have common law rights in any particular geographic location. It is law of the case that Grunt Style's rights are prior and superior to TWD everywhere throughout the United States.

### 4. Any Attempt by TWD to Expand Its Rejected "Preemption" Affirmative Defense

In its First Amended Counterclaims, Grunt Style asserted "[s]ince at least as early as 2011, Grunt Style has manufactured clothing bearing the trademark THIS WE'LL DEFEND, and it continues to utilize that mark on and in association with its clothing today." Dkt. 41, ¶2. It further asserted "Grunt Style has prior and superior rights in the trademark THIS WE'LL DEFEND at least with respect to TWD's use of the mark on t-shirts." Dkt. 41, ¶12. Grunt Style also asserted "[s]ince at least as early as February of 2011, Grunt Style has utilized its trademark THIS WE'LL DEFEND in conjunction with the operation of its online retail store," and "Grunt Style has prior

and superior rights in the trademark THIS WE'LL DEFEND at least with respect to TWD's use of the mark in connection with an online retail store." Dkt. 41, ¶6, 13.  It is TWD's infringement of those two separate trademark rights in and to the THIS WE'LL DEFEND mark that are the basis for Grunt Style's claims.

The USPTO separates trademark rights by the type of goods or services being offered under the mark.  Relevant here are Class 025, which covers clothing, and Class 035, which covers online retail store services.  TWD had only a single trademark in Class 025 for "t-shirts."  See Dkt. 188, p. 3; Dkt. 167-28, A-0236.  By law, the certificate of registration is only evidence of the owner's "exclusive right to use the registered mark in commerce on or in connection with the goods or services **specified in the certificate**." 15 U.S.C. §1057(b), emphasis added.  TWD does not have— and has never had—a trademark registration or trademark rights for any trademark for online retail store services with respect to THIS WE'LL DEFEND.

During summary judgment, Grunt Style explained that the undisputed facts showed that TWD began and continued selling t-shirts using THIS WE'LL DEFEND on the goods between September 1, 2014 and May 27, 2015. Dkt. 167, p. 25.  At no point during that time did TWD have a federal trademark registration for THIS WE'LL DEFEND or even a trademark application. SOF ¶ 66. Thus, with respect to infringement by the sale of t-shirts using the THIS WE'LL DEFEND mark, all sales by TWD between September 1, 2014 and May 27, 2015 are subject to Grunt Style's infringement claims. Grunt Style does not assert any claim **based on** Grunt Style's common law trademark THIS WE'LL DEFEND for use on t-shirts for any sales occurring after May 27, 2015. Therefore, TWD's first affirmative defense as it pertains to sales prior to May 27, 2015 necessarily failed (as this Court already found).

However, during summary judgment, Grunt Style further explained that it **also** owns common law trademark rights for THIS WE'LL DEFEND for online retail store services. Dkt. 167, p. 25.  TWD

6

did not and does not have a federal trademark registration for online retail store services. *Id*. However, TWD admitted to operating a website www.thiswelldefend.com through which it used THIS WE'LL DEFEND as a source identifier to induce customers to visit its website and purchase its products. Dkt. 167, SOF ¶77. TWD's website included shopping carts to allow customers to purchase products thought the site. Dkt. 167, SOF ¶76. Since at least 2016, TWD has continuously operated an online retail store selling shirts at www.thiswelldefend.com. Discovery also revealed that TWD offers online retail store services under the infringing THIS WE'LL DEFEND trademark by operating its THIS WE'LL DEFEND Amazon online retail store. *See*, Dkt. 193, p. 3; Dkt. 193-3; Dkt. 193-4.

TWD's offering of its online retail store services "since at least 2016" infringes Grunt Style's common law trademark rights in its trademark THIS WE'LL DEFEND for online retail store services. It is immaterial what brand of shirts TWD may sell on www.thiswelldefend.com or its infringing Amazon store. The only relevant fact is that TWD is using THIS WE'LL DEFEND as a source identifier for its potential customers to rely on when TWD operate its online retail store services.

For example, Target has a trademark for Target with its bullseye for online retail department store services (See Trademark Registration No. 3229570). It is the providing of online retail service that is protected by the trademark registration, *not* the underlying goods that may be sold. Thus, if another entity began offering genuine merchandise (such as genuine NIKE® goods) on a "TARGET" branded online retail store, it would be liable for trademark infringement of Target's registered mark regardless of the fact that the goods it was selling were genuine and covered by their own trademarks. That is because it is not the good that is infringing, it is the sale of that good through the online retail store that is infringing. Customers are confused into believing that they are purchasing products from Target, when in fact they are purchasing from an infringer.

That is, customers would be confused as to an association between the infringing online store and Target's online store, and that gives rise to liability.

The same is true here. It does not matter what brand of goods TWD was selling on its infringing online retail store or whether TWD owned a trademark for the underlying goods when it sold them through the infringing online retail store. What matters is that the online retail store services TWD offered infringed Grunt Style's rights in Grunt Style's trademark THIS WE'LL DEFEND for online retail store services. TWD's "preemption" defense could have only pertained to the infringement of a trademark on the goods identified on its registration—*i.e.* t-shirts—and Grunt Style's claim of infringement of its common law trademark on t-shirts. The Court properly ruled that as a matter of law, that defense as to the infringement of Grunt Style's trademark on t-shirts is precluded because Grunt Style only seeks redress for infringement of its common law trademark rights on t-shirts for the limited time period prior to May 27, 2015, a time during which TWD did not even have an application for registration of trademark rights.

But that has no impact whatsoever on Grunt Style's seeking redress for all infringement of its trademark rights in THIS WE'LL DEFEND for online retail store services. As Grunt Style explained at summary judgment:

> "regardless of the brand of shirts sold by TWD, its use of Grunt Style's THIS WE'LL DEFEND mark in connection with its online retail store services is not protected by TWD's registration and constitutes infringement. TWD's 'preemption' defense to Grunt Style's infringement and unfair competition claims against TWD's online retail store activities must be dismissed as a matter of law."

Dkt. 167, ¶26. This Court agreed with Grunt Style and dismissed the preemption defense in its entirety. Dkt. 188, p. 17. It specifically noted that "TWD's general preemption arguments fail to respond to the specifics of Grunt Style's claims and contains no analysis applying the case law it detailed to the facts of this case." *Id*. This Court further correctly recognized that with respect to

Grunt Style's trademark on t-shirts, Grunt Style only asserts infringement of pre-May 27, 2015 activity.  *Id*.  None of that impacts Grunt Style's assertion of trademark infringement for its trademark rights in THIS WE'LL DEFEND for online retail store services and TWD's liability for its infringement of those rights through the sale of products (including t-shirts, regardless of their brand) on its online retail store www.thiswelldefend.com and Amazon online retail store THIS WE'LL DEFEND.  The Court properly dismissed the defense and that is now law of the case.

TWD cannot be permitted to reassert its failed preemption defense respecting as to Grunt Style's assertion of infringement of its trademark rights in THIS WE'LL DEFEND for online retail store services.

5.      **TWD's Failed Claim of Misuse of the Federal Trademark Registration Symbol**

When TWD filed its original complaint, it included a claim that Grunt Style had misused the "Circle R" federal registration symbol with respect to Grunt Style's GRUNT STYLE trademark. Dkt. 1.  Grunt Style moved for judgment on the pleadings with respect to that claim and this Court granted Grunt Style's motion. Dkt. 67, p. 12.  Any use (or lack of use) of the federal registration symbol by Grunt Style with respect to its GRUNT STYLE trademark is entirely irrelevant to any issue to be decided at trial.  The only possible reason for TWD to try and introduce such evidence would be to attempt to smear Grunt Style as some type of "wrongdoer."  That would be wholly improper and prejudicial to Grunt Style as well as a waste of time because Grunt Style would then need to spend time rehabilitating itself, introducing evidence, and seeking instructions from the Court that mere use of the registration symbol when a mark is not federally registered is not necessarily a wrongful act nor does it necessarily impact the trademark rights of the mark owner. For example, Manual of Examining Procedure counsels that the examining attorney:

> "must point out to the applicant that the records of the USPTO do not show that the mark with which the symbol is used on the

> specimens is registered, and that the registration symbol may not be used until a mark is registered in the USPTO. The examining attorney should not require any explanation or comment from the applicant concerning the use of the symbol in relation to the mark."

TMEP §906.3. There are many reasons that the registration symbol may have been inadvertently applied to a mark that is pending registration including inadvertence in not giving instructions (or inadequate instructions) to the printer, or misunderstanding or voluntary action by the printer, and registration of a portion of the mark or registration of another mark to which the symbol relates on the same label. *See* TMEP § 906.02; *Coca-Cola Co. v. Victor Syrup Corp.*, 218 F.2d 596, 104 USPQ 275 (C.C.P.A. 1954); *S.C. Johnson & Son, Inc. v. Gold Seal Co.*, 90 USPQ 373 (Comm'r Pats. 1951). "[M]isunderstandings about use of federal registration symbols are more frequent than occurrences of actual fraudulent intent." TMEP § 906.02. The latter requires "clear evidence of fraud." TMEP § 902.04. Additionally, "it has been the practice of the Office to accept explanations that demonstrate that such use was inadvertent or without any intent to deceive or mislead and that there has been an effort to discontinue the offending use." *Knorr-Nahrmittel Aktiengesellschaft v. Havland International, Inc.*, 206 USPQ 827, 833 (TTAB 1980) citing *S.C. Johnson & Son, Inc. v. Gold Seal Co.*, 90 USPQ 373 (Comm'r 1951). "Mistake or inadvertence generally overcomes a claim of fraudulent misuse." *Brown Shoe Co., Inc. v. Molly D. Robbins*, 2009 WL 1360688, at *5, 90 U.S.P.Q.2d 1752 (T.T.A.B. 2009) citing J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition, §19:146 (4th ed. 2009).

Here, the mark at issue with respect to alleged "misuse" is GRUNT STYLE—a mark that is not at issue in this case. The Court also dismissed TWD's "misuse" claim, and that decision is law of the case. A sideshow about any alleged "misuse" and the delving into United States Patent and Trademark Office rules and procedures regarding alleged "misuse" should be excluded entirely under Federal Rules of Evidence 401, 402, and 403 by prohibiting TWD from asserting,

arguing, insinuating, or introducing evidence that Grunt Style misused the federal "Circle R" registration symbol.

### 6.  The Existence of Grunt Style's Common Law Trademark Rights

As discussed herein, Grunt Style brought its claims for infringement of THIS WE'LL DEFEND based on its ownership of common law trademark rights in that Mark on t-shirts and its common law trademark rights in that Mark for online retail store services. Grunt Style moved for a judgment as a matter of law that it had prior and superior rights in THIS WE'LL DEFEND as to TWD at the summary judgment phase. This Court confirmed that Grunt Style did have prior and superior rights. This Court found that "Grunt Style began prominently using the Mark in 2011, featuring it on hangtags, iron-on collar tags, company letterheads, and directly on its shirts." Dkt. 188, p. 2. It found that "[a]round the same time [2011], Grunt Style began using the Mark on its online retail store, www.gruntstyle.com, including in the browser tab and header." *Id.* This Court further found that "Grunt Style also uses a design featuring [an] insignia with the name of the company above the insignia and the Mark below the insignia" and that "Grunt Style owns Federal Trademark Registration Number 4991746 for this design." Dkt. 188, p. 3.

In view of those undisputed facts, this Court ruled as a matter of law that "Grunt Style adopted the Mark first," and that "Grunt Style has indisputably show[n] it adopted the Mark and used in a way to identify itself as the adopter of the Mark." Dkt. 188, p. 14. Thus, Grunt Style's prior and superior rights in the Mark for t-shirts and for online retail store services are no longer at issue in this case. TWD must be precluded from arguing that Grunt Style does not have trademark rights in THIS WE'LL DEFEND. TWD must also be precluded from introducing evidence for the purpose of trying to undermine the existence of Grunt Style's trademark rights in THIS WE'LL DEFEND. If it were permitted to do so, it would create a wasteful sideshow where Grunt Style would need to introduce countervailing evidence respecting the existence of its Marks.

Such evidence is irrelevant to the issues remaining in the case and it would be prejudicial under Fed. R. Evid. 403.

### 7.    **Any Testimony of Eric Wachpress**

During the summary judgment phase, TWD attempted to rely on an opinion of an alleged expert, Eric Wachpress, to support its opposition to Grunt Style's motion for summary judgment. This Court rejected that opinion for multiple reasons. This Court determined that "TWD has not established by a preponderance of evidence that the proposed expert is qualified." Dkt. 188, p. 9. This Court also found that "the proposed expert's report offers only legal conclusions about Grunt Style's use of the Mark." *Id*. at 10. Accordingly, this Court found that TWD's purported expert's testimony was inadmissible in its entirety. TWD filed a motion to reconsider and this Court found that "TWD makes several arguments for the reconsideration of [the ruling striking Wachpress], none of which are persuasive." Dkt. 222, p. 3.

This Court's decision striking Wachpress is law of the case. But despite that fact, TWD has insinuated that it will still attempt to introduce testimony through Wachpress at trial or that it can somehow lay a foundation for Wachpress to testify. That is wholly inappropriate. The time for laying a foundation for Wachpress's testimony has long since past. This Court ruled on that exact issue in TWD's motion for reconsideration:

> "As stated in the April Order, TWD bore the burden of demonstrating the expert testimony satisfied Rule 702 by a preponderance of the evidence. *Gopalratnam v. Hewlett-Packard Co.*, 877 F.3d 771, 782 (7th Cir. 2017). The Court did consider the admissibility of TWD's expert's opinion as it was required to do under *Daubert*. TWD has identified no manifest error of law or fact on this issue….TWD's attempt to submit the expert's resume *now* comes far too late—this is evidence that was previously available, and that TWD should have submitted at summary judgment."

Dkt. 222, p. 4-5, emphasis original. But aside from the question of whether TWD could possibly establish that Wachpress meets the criteria for being an expert, this Court struck his testimony for

the entirely separate reason that the opinion was nothing but unsupported legal conclusions. Dkt. 188, p. 10. There is no amount of "foundation" that could cure that fundamental deficiency.

Finally, expert testimony is limited to what is disclosed in the expert's report. See Fed. R. Civ. P. 26(a)(2)(B)(i). Wachpress's testimony contains nothing but conclusions about the existence of Grunt Style's trademark rights in THIS WE'LL DEFEND. Wachpress states at the outset:

> This declaration focuses on priority of trademark use issues raised by defendant Grunt Style, LLC ("Grunt Style") in Grunt Style's Motion For Partial Summary Judgment. [Dkt. 167] with respect to Grunt Style's challenge to the federal registration for the word mark "THIS WE'LL DEFEND" in Class 25 for clothing owned by plaintiff TWD, LLC ("TWD").

Dkt. 177, Declaration of Wachpress, ¶2. None of that is at issue in this case anymore. This Court ruled definitively: "Grunt Style has indisputably shows it adopted the Mark and used it in a way to identify itself as the adopter of the Mark." Dkt. 188. Because Rule 26(a)(2)(B)(i) prohibits an expert from going beyond his report, Wachpress cannot expand his testimony into new, undisclosed areas at trial. Thus, even if Wachpress were an expert, his testimony is not relevant to any issue remaining in the case, and thus it would be unduly prejudicial to permit his testimony. It could only lead to confusion of the jury over the existence of Grunt Style's trademark rights and further waste everyone's time on a matter that has already been decided as a matter of law.

8.    **Topics Decided as a Matter of Law by this Court**

During the summary judgment phase, Grunt Style moved this Court for a judgment as a matter of law that Grunt Style has prior and superior trademark rights in THIS WE'LL DEFEND on and in conjunction with both online retail store services and for t-shirts. Dkt. 167, p. 12. Grunt Style moved the Court for a determination of likelihood of confusion as between its trademark rights and TWD's use of THIS WE'LL DEFEND. Dkt. 167, p. 13, p. 16. Grunt Style moved this

Court to cancel TWD's registration due to a likelihood of confusion with Grunt Style's common law trademark rights in THIS WE'LL DEFEND as well as with Grunt Style's federal registration (Reg. No. 4,991,746). Dkt. 167, p. 16, p. 18.  Grunt Style moved for dismissal of TWD's claims of infringement (Count 1) and unfair competition (Count 2). Dkt. 167, p. 24.  Finally, Grunt Style moved to dismiss each of TWD's three remaining affirmative defenses (preemption defenses 1 and 2 [Dkt. 167, p. 24] and unclean hands [*Id.* at 26]).

This Court granted Grunt Style's motion for summary judgement in its entirety. Dkt. 188, p. 18.  In the process, it made a number of findings as a matter of law including:

1.  Grunt Style began prominently using the Mark in 2011, featuring it on hangtags, iron-on collar tags, company letterheads, and directly on its shirts. When using the Mark in this manner, it was included directly next to or directly below the company name. Dkt. 188, p. 2.

2.  Around the same time [2011], Grunt Style began using the Mark on its online retail store, www.gruntstyle.com, including in the browser tab and header. Dkt. 188, p. 2.

3.  Grunt Style owns Federal Trademark Registration Number 4991746 for  [ ]. Dkt. 188, p. 3.

4.  The trademarked design is featured on its clothes, both as a tag and on the sleeve, and in the online retail store header. Dkt. 188, p. 3.

5.  Grunt style also uses the Mark on its own, directly emblazoned on the front, back, and sleeve of shirts, and on the leg of a pair of shorts. Dkt. 188, p. 3.

6.  Tim Bauer purchased the domain name www.thiswelldefend.com in April of 2013. Dkt. 188, p. 3.

7.  Tim Bauer began designing t-shirts and sold his first shirt in September of 2014. Dkt. 188, p. 3.

8.  Grunt Style Illinois is unquestionably the successor of Grunt Style Georgia. Dkt. 188, p. 12.

9.      [A]ny common law trademark rights owned by Grunt Style Georgia were impliedly assigned to Grunt Style Illinois. Dkt. 188, p. 12.

10.      Grunt Style's products were sold in all 50 states and have been continuously sold during the relevant timeframe. Dkt. 188, p. 12.

11.      The record shows Grunt Style's clear and continuous use of the Mark. Dkt. 188, p. 12.

12.      [T]he undisputed evidence shows Grunt Style adopted the Mark first, beginning use in April 2011. Dkt. 188, p. 14.

13.      [Grunt Style] uses the Mark in a variety of ways, including at trade shows, on collar tags, business cards, invoices, its website, and on the front, back, and sleeves of shirts. Dkt. 188, p. 14.

14.      [T]he undisputed evidence shows Grunt Style products bearing the Mark were sold in all 50 states. Dkt. 188, p. 14.

15.      Grunt Style's continuous use of the Mark shows the Mark would be associated with Grunt Style's goods. Dkt. 188, p. 14-15.

16.      Grunt Style has indisputably show[n] it adopted the Mark and used it in a way to identify itself as the adopter of the Mark. Dkt. 188, p. 15.

17.      [I]t is undisputed Grunt Style began use of the Mark in April 2011. Grunt Style has continuously used the Mark publicly on its clothes, website, and documents ever since. Dkt. 188, p. 16.

18.      TWD…began its use of the Mark in September 2014. Dkt. 188, p. 16.

19.      [T]he undisputed evidence shows Grunt Style has superior rights in the Mark. Dkt. 188, p. 16.

20.      TWD's claims of trademark infringement and unfair competition under the Lanham Act therefore fail as a matter of law. Dkt. 188, p. 16.

21.      It cannot be disputed that there is a likelihood of confusion between the two uses of the Mark. Dkt. 188, p. 17.

Each of the foregoing should be subject to judicial notice and TWD should be precluded from arguing to the contrary or attempting to introduce evidence to controvert any of the foregoing findings.  If TWD were allowed to do so, it would be unduly prejudicial and a waste of time under

Federal Rule of Evidence 403, and it would likely lead to confusion of the jury as to what issues are actually being disputed in the litigation.

9.    **TWD's Costs or Expenses.**

Grunt Style asserts that TWD infringed its common law trademark rights in THIS WE'LL DEFEND by using the Mark on t-shirts (i.e. goods) and by using the Mark on and in connection with its online retail store services through the sale of products on www.thiswelldefend.com and its Amazon.com THIS WE'LL DEFEND store (i.e. services).  While Grunt Style does not seek damages for infringement of use of the Mark on goods prior to May 27, 2015, it does seek damages for infringement of the use of the Mark in connection with services at all times. *See Motion in Limine* #4.

Grunt Style's claims include assertions of trademark infringement under the Lanham Act and common law. Damages for such claims are set forth in 15 U.S.C. § 1117. Under subsection (a), the plaintiff shall be entitled to recover (1) defendant's profits; (2) any damages sustained by the plaintiff; and (3) the costs of the action.  By statute, "[i]n assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." *Id.*  Damages further include punitive damages for TWD's common law trademark infringement and unfair competition.  *JCW Investements, Inc. v. Novelty, Inc.*, No. 02 C 4950, 2003 WL 742184, at *3 (N.D. Ill. Mar. 4, 2003).

During discovery, Grunt Style sought information that would identify TWD's gross and net profits, the money it spent on advertising, and TWD's sales.  *See, for example,* Grunt Style requests for production 14, 19, 31, attached hereto as Exhibit A.  TWD produced some individual sales records through a portion of 2020, but has failed to update those sales records.  In fact, TWD has failed to comply with Fed. R. Civ. P. 26(e) by failing to provide updated sales information for its www.thiswelldefend.com store and its Amazon THIS WE'LL DEFEND store for the time

period of the complete year 2020 through the present. TWD also produced a one-page summary document, but that too only extends into a portion of 2020. See Exhibit 14 to TWD's Rule 30(b)(6) deposition, attached hereto as Exhibit B.

TWD should be precluded from introducing evidence respecting its costs or expenses. At all times it has been TWD's obligation under the law to prove all elements of cost or deductions from its gross sales. But TWD never provided any documentation to substantiate any such costs or expenses. The only possible document TWD has in that regard is its single page summary document. But TWD failed to produce any of the underlying documents or data to lay an appropriate foundation for such a summary with respect to the cost/expenses it lists. Under Federal Rule of Evidence 1006, "the proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." TWD never produced or made available any underlying costs or expenses documents. It only produced the underlying records of gross sales prior to the end of 2020.

Thus, TWD should not be permitted to introduce evidence of its costs or expenses at trial.

10.    **Advice of Counsel**

Grunt Style asserts that TWD willfully and with reckless disregard for Grunt Style's trademark rights, infringed upon Grunt Style's valuable trademark rights in THIS WE'LL DEFEND. Throughout the entirety of this litigation, TWD has never asserted that it relied on the advice of counsel in determining whether to undertake or continue its infringing activities. TWD filed Rule 26(a) disclosures, but failed to identify any attorney that it might have consulted with respecting its infringing activity or that it may have received advice from respecting whether it could legitimately undertake or continue its infringing activity. TWD has further failed to produce

17

a single communication between it and any attorney seeking advice respecting its initial or ongoing infringement of Grunt Style's trademark rights. It never produced any response from any attorney providing any advice either.

"[T]he court may address motions *in limine* relating to possible affirmative defenses and may exclude such defenses if the proposed defense fails as a matter of law." *United States v. Jumah*, No. 04 CR 237, 2006 WL 8442926, at *1 (N.D. Ill. Jan. 18, 2006) (citing cases). *See also, United States v. Kahrig*, 21-CR-30022, 2022 WL 2703945, at *1 (S.D. Ill. July 12, 2022). "It isn't possible to make out an advice-of-counsel defense without producing the actual advice from an actual lawyer." *S.E.C. v. McNamee*, 481 F.3d 451, 456 (7th Cir. 2007). *See also, Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, No. 99-CV-10175, 2021 WL 3418475, at *15 (S.D.N.Y. Aug. 5, 2021) (rejecting trademark infringement defendant's advice of counsel defense for lack of written opinion, and quoting *McNamee*); *United States v. Williams*, 218 F. Supp. 3d 730, 745 n.4 (N.D. Ill. 2016) ("[Defendant] also arguably failed to meet her burden because she failed to produce the actual advice [counsel] allegedly gave her. [Her] only contact with [counsel] during the relevant period was oral, which may very well fall outside the Seventh Circuit's understanding of 'advice' required to invoke an advice of counsel defense."). Given TWD's total lack of evidence respecting advice of counsel, any attempted advice of counsel defense necessarily fails.

Additionally, unless a defendant shows it "made a full and accurate report of all material facts" to counsel, its defense fails. *Williams*, 218 F. Supp. 3d at 745; s*ee also, Gorenstein Enters., Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989) (rejecting advice of counsel defense where lawyer gave advice based on "false statement of the facts"). Any "legal opinions must be competent before a party may reasonably rely on them." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 16C3529, 2019 WL 3562660, at *3 (N.D. Ill. Aug. 2, 2019). Competence depends on

"(1) the background research performed by the attorney; (2) whether the opinions were written or oral; (3) the objectivity of the opinions; (4) whether the attorneys rendering the opinions were trademark lawyers; (5) whether the opinions were detailed or merely conclusory; and (6) whether material information was withheld from the attorney." *adidas-Am., Inc. v. Payless Shoesource, Inc.*, 546 F. Supp. 2d 1029, 1048 (D. Or. 2008). In this case, TWD did not provide any evidence of any full or accurate report of all material facts relating to its infringement, nor did it provide any evidence of any actual legal opinions. So it is not possible to judge whether any opinion TWD may try to rely upon was competent to begin with.

Finally, TWD cannot make the required "specific showing of reasonable reliance" that is necessary by law for many of the same reasons. *See Love v. Mail on Sunday*, No. CV05-7798, 2007 WL 2709975, at *7 (C.D. Cal. Sept. 7, 2007). As noted, if there was any written communication, it was never produced, and if there was ever any oral communication, that is not reliable. "[T]he verbal, undocumented nature of the alleged advice . . . undercuts the reasonableness of Defendants' reliance." *Weaver v. Mobile Diagnostech, Inc.*, No. CIV. A. 02-1719, 2009 WL 1230297, at *5 (W.D. Pa. Apr. 30, 2009).

Without any documentation, any purported advice of counsel defense by TWD amounts to nothing more than convenient testimonial evidence by TWD at trial. There is nothing that could show the reliability of whatever the advice may have been. "[B]lanket statement[s] of reliance on counsel," without more, are plainly insufficient. *Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (RZX), 2010 WL 11508372, at *1 (C.D. Cal. Apr. 28, 2010). TWD has not even made a barebones disclosure of any alleged legal advice it may have received, and thus it cannot be permitted to trot out some new, unsupported "advice of counsel" defense at trial. *See*, *Patsy's*, 2021 WL 3418475, at *15.

19

**IV.     Conclusion**

Many of the issues addressed herein have already been the subject of extensive briefing, concerted analysis by this Court, and determinations as a matter of law.  They are law of the case and TWD should not be permitted to re-raise such decided matters.  Additionally, TWD's lack of discovery and evidence should bar TWD from attempting to interject new disputes or fabricate new positions at trial.  Grunt Style's motions *in limine* are well founded and should be granted.

Respectfully Submitted,

Aronberg Goldgehn Davis & Garmisa

Dated: <u>January 8, 2024</u>          /s/ *Matthew De Preter*
                                        Matthew De Preter

                                        Aronberg Goldgehn Davis & Garmisa
                                        225 West Washington Street – Suite 2800
                                        Chicago, IL 60606
                                        mdepreter@agdglaw.com

                                        *Attorneys for Grunt Style LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January 8, 2024 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to counsel of record.


/s/ *Matthew De Preter*
One of the Attorneys for Grunt Style LLC


4887-5335-3370, v. 2