## EXHIBIT C

## PARTIES' PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

## TABLE OF CONTENTS

**Preliminary Instructions** ....................................................................................... 1

    Plaintiff's Proposed Preliminary Instruction No. 1: Introductory Paragraphs.................... 1

    Plaintiff's Proposed Preliminary Instruction No. 2: Functions of the Court and the Jury .. 2

        Defendant TWD's Grounds For Objection:........................................................... 3

    Plaintiff's Proposed Preliminary Instruction No. 3: Claims and Defenses........................ 4

        Defendant TWD's Grounds For Objection:........................................................... 8

    Plaintiff's Proposed Preliminary Instruction No. 4: Burden of Proof – Preponderance... 10

        Defendant TWD's Grounds For Objection:......................................................... 11

    Plaintiff's Proposed Preliminary Instruction No. 5: Findings of Fact ............................ 12

        Defendant TWD's Grounds For Objection:......................................................... 15

    Plaintiff's Proposed Preliminary Instruction No. 6: Evidence in the Case...................... 16

        Defendant TWD's Grounds For Objection:......................................................... 17

    Plaintiff's Proposed Preliminary Instruction No. 7: Credibility of Witnesses.................. 18

        Defendant TWD's Grounds For Objection:......................................................... 19

    Plaintiff's Proposed Preliminary Instruction No. 8: Direct and Circumstantial Evidence 20

        Defendant TWD's Grounds For Objection:......................................................... 22

    Plaintiff's Proposed Preliminary Instruction No. 9: Inferences........................................ 23

        Defendant TWD's Grounds For Objection:......................................................... 24

    Plaintiff's Proposed Preliminary Instruction No. 10: What is Not Evidence .................. 25

    Plaintiff's Proposed Preliminary Instruction No. 11: Rulings on Objections.................. 26

    Plaintiff's Proposed Preliminary Instruction No. 12: Bench Conferences ...................... 27

    Plaintiff's Proposed Preliminary Instruction No. 13: Note-Taking.................................. 28

    Plaintiff's Proposed Preliminary Instruction No. 14: No Transcript Available to Jury.... 29

    Plaintiff's Proposed Preliminary Instruction No. 15: Judge's Questions ........................ 30

    Plaintiff's Proposed Preliminary Instruction No. 16: Jury Conduct ................................ 31

    Plaintiffs' Proposed Preliminary Instruction No. 17: Order of the Trial ......................... 32

**Final Instructions** ................................................................................................. 33

    Plaintiff's Proposed Final Instruction No. 1: Functions of the Court and the Jury ......... 33

    Plaintiff's Proposed Final Instruction No. 2: No Inference from Judge's Questions ....... 34

    Plaintiff's Proposed Final Instruction No. 3: The Parties and the Claims ....................... 35

Defendant TWD's Grounds For Objection:.........................................................39

Plaintiff's Proposed Final Instruction No. 4: Evidence ...................................................40

Plaintiff's Proposed Final Instruction No. 5: What is Not Evidence ...............................41

Plaintiff's Proposed Final Instruction No. 6: Consideration of All Evidence

Regardless of Who Produced It ........................................................................................42

Plaintiff's Proposed Final Instruction No. 7: Note-Taking...............................................43

Plaintiff's Proposed Final Instruction No. 8: Limited Purpose of Evidence ...................44

Plaintiff's Proposed Final Instruction No. 9: Weighing the Evidence.............................45

Plaintiff's Proposed Final Instruction No. 10: Credibility of Witnesses ..........................46

Plaintiff's Proposed Final Instruction No. 11: Definition of "Direct"

and "Circumstantial" Evidence........................................................................................47

Defendant TWD's Grounds For Objection:.........................................................48

Plaintiff's Proposed Final Instruction No. 12: Prior Inconsistent Statements or Acts......49

Plaintiff's Proposed Final Instruction No. 13: Absence of Evidence ...............................50

Plaintiff's Proposed Final Instruction No. 14: Burden of Proof .......................................51

Defendant TWD's Grounds For Objection:.........................................................52

Plaintiff's Proposed Final Instruction No. 15: Trademark Infringement

Under the Lanham Act and Common Law  and Unfair Competition Liability ...............53

Defendant TWD's Grounds For Objection:.........................................................57

Plaintiff's Proposed Final Instruction No. 16: Trademark Infringement

 Under the Lanham Act and Common Law – Remedies – Types ...................................62

Defendant TWD's Grounds For Objection:.........................................................63

Plaintiff's Proposed Final Instruction No. 17: Trademark Infringement

Under the Lanham Act and Common Law – Damages – Actual Damages.....................64

Defendant TWD's Grounds For Objection:.........................................................66

Plaintiff's Proposed Final Instruction No. 18: Trademark Infringement Under the Lanham

Act and Common Law – Damages – Defendants' Profits ................................................67

Defendant TWD's Grounds For Objection:.........................................................69

Plaintiff's Proposed Final Instruction No. 19: Trademark Infringement – Willfulness ...70

Defendant TWD's Grounds For Objection:.........................................................71

Plaintiff's Proposed Final Instruction No. 20: Trademark Infringement – Punitive Damages ........................................................................................................... 72

    Defendant TWD's Grounds For Objection: ......................................................... 75

Plaintiff's Proposed Final Instruction No. 21: Trademark Infringement – Discovery Violations ....................................................................................................... 77

    Defendant TWD's Grounds For Objection: ......................................................... 79

Plaintiff's Proposed Final Instruction No. 22: California Business and Professions Code liability ......................................................................... 80

    Defendant TWD's Grounds For Objection: ......................................................... 82

Plaintiff's Proposed Final Instruction No. 23: UDTPA – Elements ................................ 83

    Defendant TWD's Grounds For Objection: ......................................................... 85

*Closing Instructions* .............................................................................................. *86*

Plaintiff's Proposed Final Instruction No. 24: Selection of Presiding Juror; General Verdict .......................................................................................................... 86

Plaintiff's Proposed Final Instruction No. 25: Communication with the Court ............... 87

Plaintiff's Proposed Final Instruction No. 26: Disagreement among the Jurors ............. 88

**Plaintiff's Proposed Verdict Form** .............................................................................. **89**

Defendant TWD's Grounds For Objection: ......................................................... 91

**DEFENDANT's Proposed Verdict Form** .................................................................... **91**

## PRELIMINARY INSTRUCTIONS

**Plaintiff's Proposed Preliminary Instruction No. 1:**
**Introductory Paragraphs**

Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.

At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority

*Federal Civil Jury Instructions of the Seventh Circuit* at 411.

Objection to Instruction:     No.

**Plaintiff's Proposed Preliminary Instruction No. 2:**
**Functions of the Court and the Jury**

~~Members of the jury you have seen and heard all of the evidence and arguments of the attorneys. Now I will instruct you on the law.~~

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone. Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

~~Prepare these duties fairly and impartially.~~ [Do not allow sympathy, prejudice, fear, public opinion, or politics to influence you.~~]~~ [You should not be influenced by any person's race, color, religion, national ancestry or sex.~~]~~

~~Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.~~

<u>Proponent of Instruction</u>:      Plaintiff Grunt Style

<u>Plaintiff's Authority</u>

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.01 (modified)

<u>Plaintiff's Additional Explanation for the Instruction</u>

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

<u>Objection to Instruction</u>:      Yes.

2

**<u>Defendant TWD's Grounds For Objection</u>:**

1. The language is for a Final Instruction, not a Preliminary Instruction. This instruction duplicates a Final Instruction.

2. The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

**Plaintiff's Proposed Preliminary Instruction No. 3:**
**Claims and Defenses**

~~The positions of the parties can be summarized as follows:~~

~~Plaintiff _____ claims that [describe]~~

~~Defendant _____ denies those claims [and also contends that [describe].~~

~~[To prove his claim, Plaintiff will have to prove, by a preponderance of the evidence [here insert elements of claim]. [To prove his defense(s), Defendant will have to prove, by a preponderance of the evidence [here insert elements of affirmative defense(s)].~~

The plaintiff in this case is Grunt Style, LLC.  Grunt Style is the owner of common law trademark rights in the trademark THIS WE'LL DEFEND for use on t-shirts and for use in connection with online retail store services. There is one defendant in this case, TWD, LLC.

Grunt Style alleges that TWD infringed upon its trademark THIS WE'LL DEFEND for t-shirts by selling shirts marked with THIS WE'LL DEFEND prior to May 27, 2015.  Grunt Style further alleges that TWD used THIS WE'LL DEFEND in conjunction with online retail store services selling products through its website www.thiswelldefend.com and its Amazon storefront THIS WE'LL DEFEND.

A trademark is a word, symbol, or combination of words or symbols used by a person or company to identify their product or service, to distinguish their products or service from those offered, manufactured or sold by others, and to indicate the source of their products or service.  The purpose of trademark law is to prevent confusion among consumers about the source of products or services, to permit trademark owners to show ownership of their products or services and control their product's or service's reputation, and to compensate those whose trademarks are infringed. The Court has already determined that TWD's use of THIS WE'LL DEFEND is likely to cause confusion with Grunt Style's use of THIS WE'LL DEFEND.

Grunt Style asserts five claims in this case. Its first three claims allege that TWD infringed Grunt Style's trademark, THIS WE'LL DEFEND, by providing online retail store services in connection with the phrase THIS WE'LL DEFEND through its website www.thiswelldefend.com and its Amazon storefront THIS WE'LL DEFEND causing confusion among the public. In doing so, Grunt Style alleges that TWD violated a federal law called the Lanham Act and that the same actions violate Illinois common law and constitute unfair competition.

Through its fourth claim, Grunt Style asserts that TWD has engaged in unlawful and unfair business practices through its acts of infringement with respect to Grunt Style's trademark THIS WE'LL DEFEND in the state of California, particularly with respect to providing online retail store services in conjunction with the mark THIS WE'LL DEFEND in violation of California Business and Professions Code.

Finally, in its fifth claim, Grunt Style asserts that TWD had engaged in unlawful and unfair business practices through its acts of infringement with respect Grunt Style's trademark THIS WE'LL DEFEND in the state of Illinois in violation of the Illinois Uniform Deceptive Trade Practices Act.

TWD has denied liability.

What I have just given you is only a preliminary outline. At the end of the trial, I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

<u>Proponent of Instruction</u>:     Plaintiff Grunt Style

<u>Plaintiff's Authority</u>

*Federal Civil Jury Instructions of the Seventh Circuit* at 412 (modified).

<u>Plaintiff's Authority for the description of nature and purpose of trademark law:</u> *Federal Civil Jury Instructions of the Seventh Circuit* § 13.1.1 (modified); 15 U.S.C. §1127

<div align="center">5</div>

Plaintiff's Authority for Court's determination of likelihood of confusion: Dkt. 188, p. 16 ("It cannot be disputed that there is a likelihood of confusion between the two uses of the Mark.").

Plaintiff's Authority for the description of Lanham Act and Illinois common law trademark liability: *See Federal Civil Jury Instructions of the Seventh Circuit § 13.1.1 (modified); 15 U.S.C. § 1125(a); Poneman v. Nike, Inc.,* 161 F. Supp. 3d 619, 631 (N.D. Ill. 2016)

Plaintiff's Authority for the description of California Business and Professions Code liability: *See Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1043 (9th Cir.2004); Cal. Bus. & Prof.Code § 17200.

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

Grunt Style's claims are for, among other things, violations of its common law trademark rights in and to THIS WE'LL DEFEND for online retail store services. The claim is set forth in its complaint. "Under Fed.R.Civ.P. 8(a)(2), the plaintiff need only include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Frieri v. City of Chicago,* 127 F. Supp. 2d 992, 994 (N.D. Ill. 2001). "[A] complaint is not required to allege all, *or any,* of the facts logically entailed by the claim.... A plaintiff does not have to plead evidence...." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998). (quoting *American Nurses' Assn. v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986)) (emphasis in original). TWD's use of THIS WE'LL DEFEND in conjunction with offering online retail store services through its Amazon storefront THIS WE'LL DEFEND infringes upon Grunt Style's trademark rights. Moreover, despite discussion of the Amazon sales during the conference with this Court on October 26, 2023, TWD did not file a motion in limine specifically directed to the Amazon store sales.

Punitive damages are available under Grunt Style's common law trademark claim. The Seventh Circuit has confirmed that it is appropriate for the jury to assess such damages. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007)("In light of the fact that the Lanham Act has not been interpreted as a statute with broad preemptive reach, we conclude that Congress would have acted more clearly if it had intended to displace state punitive damage remedies. Aside from preemption, there is no other reason to refrain from affirming the jury's award of punitive damages in this case."). Under Illinois law, willfulness is enough to justify an award of punitive damages. *Hollowell v. Wilder Corp. of Delaware*, 743 N.E.2d 707, 711 (Ill. App. 2001) ("[P]unitive damages are warranted when the tort is committed with actual malice or fraud *or when the defendant acts willfully* or with such gross negligence as to indicate a wanton disregard for the rights of others.") (emphasis added).

Plaintiff only seeks equitable relief under California law and the IUDTPA. Equitable relief in the form of an injunction is appropriate for violations of those laws even where damages are awarded under other claims. Grunt Style does not believe there is a need (or even a right) for a jury trial on either claim, but TWD has insisted on a jury trial for all claims. Monetary damages alone for trademark infringement are inadequate as Grunt Style has the need to prevent future damage from misappropriation of its trademark. The case cited by TWD, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020) was a class action case seeking equitable restitution. In the plaintiff's claim in *Sonner*, the court noted "[i]njunctive relief is not at issue." *Id.* 842. That is not analogous to Grunt Style's claim under the California Business Code for injunctive relief due to trademark infringement.

Defendant's proposed instruction misstates Plaintiff's claims and ignores the prior findings of this Court. On summary judgment, this Court ruled that Grunt Style has indisputably shown it adopted the mark THIS WE'LL DEFEND and used it in a way to identify itself as the adopter of the mark THIS WE'LL DEFEND. Dkt. 188, p. 15. Grunt Style has continuously used the mark THIS WE'LL DEFEND publicly on its clothes, website, and documents ever since 2011. Dkt. 188, p. 16. TWD, on the other hand, began its use of the Mark in September 2014. Dkt. 188, p. 16. The undisputed evidence shows Grunt Style has superior rights in the mark THIS WE'LL DEFEND as to TWD. Dkt. 188, p. 16. It cannot be disputed that there is a likelihood of confusion between TWD's uses and Grunt Style's uses of the mark THIS WE'LL DEFEND. Dkt. 188, p. 16.

Furthermore, TWD's instruction respecting Grunt Style's registered mark is wrong. While Grunt Style did not bring a claim for trademark infringement of its registered mark, that does not mean that Grunt Style "does not assert" that TWD infringes it.

Objection to Instruction:       Yes.

## **Defendant TWD's Grounds For Objection:**

1. The language is for a Final Instruction, not a Preliminary Instruction. This instruction duplicates the Final Instruction.

2. The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id*. at 410.

3. Plaintiff's instruction refers to TWD's "Amazon storefront THIS WE'LL DEFEND."

4. Plaintiff's instruction defines a trademark and incorrectly instructs "The Court has already determined that TWD's use of THIS WE'LL DEFEND is likely to cause confusion with Grunt Style's use of THIS WE'LL DEFEND."

5. Plaintiff's instruction refers to equitable claims for unfair competition under California and Illinois law that the court should dismiss in light of plaintiff's legal claim for damage under 15 U.S.C. §1125. *See*, e.g. *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020) ("Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA"); *Raynaldo v. Am. Honda Motor Co*., 2022 U.S. Dist. LEXIS 169865, at *52-54 (N.D. Cal. Sep. 20, 2022) ("Consistent with *Sonner* and established doctrines of federal equity jurisprudence, this Court has held that "there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.") (collecting cases).

6. If a recitation of claims is necessary, then at the Preliminary Instruction stage it should generally state that plaintiff's claims assert that:

   a. Plaintiff's claims assert that there is a likelihood of confusion between its use of the words THISWE'LL DEFEND on t-shirts and defendant's use of THIS WE'LL DEFEND on t-shirts for the time period prior to May 27, 2015.

   b. Plaintiff's claims also asserts that there is a likelihood of confusion between its use of the words THISWE'LL DEFEND on its www.gruntstyle.com website and defendant's use of THIS WE'LL DEFEND on its's website www.thiswelldefendnt.com.

   c. Plaintiff only asserts common law trademark rights based upon its actual use of THIS WE'LL DEFEND on shirts and on its website www.grruntstyle.com.

   d. Plaintiff does not assert that defendant infringed any registered trademark of plaintiff, including the following registered mark.



**Plaintiff's Proposed Preliminary Instruction No. 4:**
**Burden of Proof – Preponderance**

In this case, Grunt Style bears the burden of proving its claims by a preponderance of the evidence.  When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.  As an analogy, to conclude that a fact has been proven by a preponderance of the evidence, that fact is proven if you find that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

You may have heard of a burden of proof that is beyond a reasonable doubt.  That standard is for criminal cases, and does not apply here.  You should put it out of your mind.


Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority

*Federal Civil Jury Instructions of the Seventh Circuit* at 412. (modified); *Thakore v. Universal Mach. Co. of Pottstown*, 670 F. Supp. 2d 705, 717 (N.D. Ill. 2009) citing *Ostrowski v. Atl. Mut. Ins. Companies*, 968 F.2d 171, 187 (2d Cir. 1992)

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial.  The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

From television, it is likely that jurors have only ever heard of "beyond a reasonable  doubt" and it is important that they understand that such a standard does not apply.


Objection to Instruction:      Yes.

10

**<u>Defendant TWD's Grounds For Objection</u>:**

1.  The language is for a Final Instruction, not a Preliminary Instruction.  This instruction duplicates the Final Instruction.

2.  The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

**Plaintiff's Proposed Preliminary Instruction No. 5:**
**Findings of Fact**

~~The parties have stipulated, or agreed, that [stipulated fact]. You must now treat this fact as having been proved for the purpose of this case.~~

Leading up to this trial, the parties have stipulated or the Court has determined a number of facts to be true. You must accept these facts as proven:

1. Grunt Style began in 2009 when Daniel Alarik, a U.S. Army veteran, began selling apparel out of his car. Dkt. 188, p. 2.

2. Alarik market his apparel under the marks "Grunt Style," which is a reference to his time as an Army "grunt" and "This We'll Defend," which is an homage to his time in the U.S. Army as a drill sergeant. Dkt. 188, p. 2.

3. Grunt Style began prominently using the mark THIS WE'LL DEFEND in 2011, featuring it on hangtags, iron-on collar tags, company letterhead, and directly on its shirts. Dkt. 188, p. 2.

4. Around the same time, Grunt Style began using the mark THIS WE'LL DEFEND on its online retail store, www.gruntstyle.com, including in the browser tab and header. Dkt. 188, p. 2.

5. As the company grew, Grunt Style developed an insignia featuring two crossed rifles—a reference to the United States and its independence—and the initials of the company. Dkt. 188, p. 3

6. Grunt Style also uses a design featuring the insignia with the name of the company above the insignia and the Mark below the insignia. Dkt. 188, p. 3.

7. Grunt Style owns Federal Trademark Registration Number 4991746 for this design. Dkt. 188, p. 3

8. The trademarked design is featured on its clothes, both as a tag and on the sleeve, and in the online retail store header. Dkt. 188, p. 3.

9. Tim Bauer is the owner of TWD, LLC

10. Bauer wanted to start a brand that would echo his strong sense of gun advocacy and patriotism to others who felt the same way. Dkt. 188, p. 3.

11. He purchased the domain name "www.thiswelldefend.com" in April 2013. Dkt. 188, p. 3.

12. Bauer founded TWD as a California limited liability company. Dkt. 188.

13. TWD is the owner of www.thiswelldefend.com. Dkt. 176-1, ¶57.

14. TWD has operated the online retail store www.thiswelldefend.com since July 7, 2015. Dkt. 176-1, ¶63.

15. Prior to July 7, 2015, TWD did not offer any products for sale on www.thiswelldefend.com and did not do anything with the website that the public could see; rather, its online store at www.thiswelldefend.com was first published approximately July 7, 2015, and products were offered on or shortly after that date. Dkt. 176-1, ¶64.

16. TWD's website prominently features THIS WE'LL DEFEND in large print between two shopping cart icons. Dkt. 176-1, ¶76

17. A reason for TWD's use of THIS WE'LL DEFEND on its website is to indicate the source of the website, and that the purpose of the website was to sell clothing. Dkt. 176-1, ¶77.

18. Prior to May 27, 2015, TWD sold t-shirts using THIS WE'LL DEFEND.  Dkt. 176-1, ¶5

19. Bauer then began designing t-shirts and sold his first shirt in September 2014. Dkt. 188, p. 3.

20. TWD applied for a trademark in May 2015 and received its federal trademark for use of the Mark on t-shirts in Class 25 in January 2016. Dkt. 188, p. 3.

21. Grunt Style Grunt Style adopted the mark THIS WE'LL DEFEND before TWD, beginning use in April 2011.  Dkt. 188, p. 14.

22. Grunt Style used the Mark in a variety of ways, including at trade shows, on collar tags, business cards, invoices, its website, and on the front, back, and sleeves of shirts. Dkt. 188, p. 14.

23. Grunt Style products bearing the mark THIS WE'LL DEFEND were sold in all 50 states. Dkt. 188, p. 14

24. While the Mark was occasionally used in a decorative manner, Grunt Style's continuous use of the Mark in a traditional trademark fashion shows that any decorative use would indicate the source of the goods. Dkt. 188, p. 14

25. Grunt Style's continuous use of the Mark THIS WE'LL DEFEND shows the Mark would be associated with Grunt Style's goods.  Dkt. 188, p. 14-15.

26. Grunt Style has indisputably shown it adopted the mark THIS WE'LL DEFEND and used it in a way to identify itself as the adopter of the mark THIS WE'LL DEFEND.  Dkt. 188, p. 15.

27. Grunt Style has continuously used the mark THIS WE'LL DEFEND publicly on its clothes, website, and documents ever since 2011.  Dkt. 188, p. 16.

28. TWD, on the other hand, began its use of the Mark in September 2014. Dkt. 188, p. 16.

29. Prior to May 27, 2016, TWD had $816.58 in sales for t-shirts marked with the trademark THIS WE'LL DEFEND. Bauer Decl. Dkt. 205-1.

30. Between 2016 and November 25, 2020, TWD had gross revenues of $2,990.80 from sales of products through www.thiswelldefend.com. TWD005328

31. Between 2016 and November 25, 2020, TWD had gross revenues of $2,042977.05 from sales of products through its THIS WE'LL DEFEND storefront on Amazon. TWD005328

32. The undisputed evidence shows Grunt Style has superior rights in the mark THIS WE'LL DEFEND as to TWD. Dkt. 188, p. 16.

33. It cannot be disputed that there is a likelihood of confusion between TWD's uses and Grunt Style's uses of the mark THIS WE'LL DEFEND. Dkt. 188, p. 16.

34. Because of that, this Court has cancelled TWD's federally registered trademark. Dkt. 188, p. 16.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 2.05 (modified)

Plaintiff's Additional Explanation for the Instruction

TWD has consistently ignored the Court's findings and its own admissions from summary judgement. The jury should be informed of all of the determinations that this Court has already made in this case. TWD had the opportunity to dispute those facts during summary judgment and did not. Grunt Style should not be made to reprove that which it already established.

Objection to Instruction:     Yes.

**<u>Defendant TWD's Grounds For Objection</u>:**

1. The language is for a Final Instruction, not a Preliminary Instruction. The Final Instructions refer to evidence as including a stipulation from the parties.

2. The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

3. Any stipulations of fact should be on a separate document marked as a trial exhibit as opposed to being set forth in a jury instruction.

4. Any facts that the court determines are established should be on a separate document marked as a trial exhibit as opposed to being set forth in a jury instruction.

15

**Plaintiff's Proposed Preliminary Instruction No. 6:**
**Evidence in the Case**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you ~~to find~~ are true, and any facts the parties may agree or stipulate to. A stipulation is an agreement between both sides that certain facts are true.

Proponent of Instruction:        Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 413 (modified)

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

Objection to Instruction:        Yes.

16

## <u>Defendant TWD's Grounds For Objection</u>:

1.  The language is for a Final Instruction, not a Preliminary Instruction.

2.  The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

3.  Plaintiff's modifications are confusing at this preliminary stage.

**Plaintiff's Proposed Preliminary Instruction No. 7:**
**Credibility of Witnesses**

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 413.

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

Objection to Instruction:      Yes.

## **Defendant TWD's Grounds For Objection**:

1. The language is for a Final Instruction, not a Preliminary Instruction.

2. The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

**Plaintiff's Proposed Preliminary Instruction No. 8:**
**Direct and Circumstantial Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. ~~The law makes no distinction between the weight to be given to either direct or circumstantial evidence~~ When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence. <u>The law allows you to give equal weight to both types of evidence. But it is up to you to determine how much weight to give to any particular evidence, whether it is direct evidence or circumstantial evidence.</u>

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 414 (modified); *Illinois Tamale Co. v. El-Greg, Inc.*, No. 16-cv-5387, Dkt. 194 at 2 (Nov. 2, 2022).

*Federal Civil Jury Instructions of the Seventh Circuit* at 413.

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during

20

the trial.  The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

<u>Objection to Instruction</u>:      Yes.

**Defendant TWD's Grounds For Objection:**

1. The language is for a Final Instruction, not a Preliminary Instruction.
2. The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

**Plaintiff's Proposed Preliminary Instruction No. 9:**
**Inferences**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Proponent of Instruction:       Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 414.

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The preliminary instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

Objection to Instruction:       Yes.

**<u>Defendant TWD's Grounds For Objection</u>:**

1. The language is for a Final Instruction, not a Preliminary Instruction.

2. The Federal Jury Instructions of the Seventh Circuit (2017 rev) do not provide for Preliminary Instruction. ("The Committee chose not to produce pattern preliminary instructions in light of the concern that such a set might increase disputes over the way in which preliminary instructions should be worded."). *Id.* at 410.

**Plaintiff's Proposed Preliminary Instruction No. 10:**
**What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I ~~told~~ tell you to disregard any testimony or exhibits or ~~struck~~ strike any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. [This includes any press, radio, internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.]

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.06; *Illinois Tamale Co. v. El-Greg, Inc.*, No. 16-cv-5387, Dkt. 194 at 2 (Nov. 2, 2022)

Objection to Instruction:     No.

**Plaintiff's Proposed Preliminary Instruction No. 11:**
**Rulings on Objections**

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 415.

Objection to Instruction:     No

**Plaintiff's Proposed Preliminary Instruction No. 12:**
**Bench Conferences**

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Proponent of Instruction:        Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 415–16.

Objection to Instruction:        No

**Plaintiff's Proposed Preliminary Instruction No. 13:**
**Note-Taking**

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 416.

Objection to Instruction:      No

**Plaintiff's Proposed Preliminary Instruction No. 14:**
**No Transcript Available to Jury**

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 416–17.

Objection to Instruction:    No

**Plaintiff's Proposed Preliminary Instruction No. 15:**
**Judge's Questions**

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.


Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 418.


Objection to Instruction:    No

**Plaintiff's Proposed Preliminary Instruction No. 16:**
**Jury Conduct**

All jurors must follow certain rules of conduct, and you must follow them, too. First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case, please let me know about it immediately.

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it.

Third, you must not do any research, such as consulting dictionaries, searching the internet, or using other reference materials, and do not make any investigation about the case on your own.

Fourth, if you need to communicate with me, you must give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me.

And fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 418.

Objection to Instruction:     No

**Plaintiffs' Proposed Preliminary Instruction No. 17:**
**Order of the Trial**

The trial will proceed in the following manner: First, Plaintiff's attorney may make an opening statement. Next, Defendants' attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendants will have an opportunity to call witnesses and present evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.


<u>Proponent of Instruction</u>:       Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* at 411–12.


<u>Objection to Instruction</u>:       No

## FINAL INSTRUCTIONS

**Plaintiff's Proposed Final Instruction No. 1:**
**Functions of the Court and the Jury**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.01.

Objection to Instruction:     No

33

**Plaintiff's Proposed Final Instruction No. 2:**
**No Inference from Judge's Questions**

During this trial, I have asked [a] witness[es] [a] question[s] myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.02.

Objection to Instruction:    No

34

**Plaintiff's Proposed Final Instruction No. 3:**
**The Parties and the Claims**

~~The positions of the parties can be summarized as follows:~~

~~Plaintiff _____ claims that [describe].~~

~~Defendant _____ denies those claims [and also contends that [describe].~~

The plaintiff in this case is Grunt Style, LLC. Grunt Style is the owner of common law trademark rights in the trademark THIS WE'LL DEFEND for use on t-shirts and for use in connection with online retail store services. There is one defendant in this case, TWD, LLC.

Grunt Style alleges that TWD infringed upon its trademark THIS WE'LL DEFEND for t-shirts by selling shirts marked with THIS WE'LL DEFEND prior to May 27, 2015. Grunt Style further alleges that TWD used THIS WE'LL DEFEND in conjunction with online retail store services selling products through its website www.thiswelldefend.com and its Amazon storefront THIS WE'LL DEFEND.

A trademark is a word, symbol, or combination of words or symbols used by a person or company to identify their product or service, to distinguish their products or service from those offered, manufactured or sold by others, and to indicate the source of their products or service. The purpose of trademark law is to prevent confusion among consumers about the source of products, to permit trademark owners to show ownership of their products and control their product's reputation, and to compensate those whose trademarks are infringed. The Court has already determined that TWD's use of THIS WE'LL DEFEND is likely to cause confusion with Grunt Style's use of THIS WE'LL DEFEND.

Grunt Style asserts five claims in this case. Its first three claims allege that TWD infringed Grunt Style's trademark, THIS WE'LL DEFEND, by providing online retail store services in connection with the phrase THIS WE'LL DEFEND through its website www.thiswelldefend.com

35

and its Amazon storefront THIS WE'LL DEFEND causing confusion among the public. In doing so, Grunt Style alleges that TWD violated a federal law called the Lanham Act and that the same actions violate Illinois common law and constitute unfair competition.

Through its fourth claim, Grunt Style asserts that TWD has engaged in unlawful and unfair business practices through its acts of infringement with respect to Grunt Style's trademark THIS WE'LL DEFEND in the state of California, particularly with respect to providing online retail store services in conjunction with the mark THIS WE'LL DEFEND in violation of California Business and Professions Code.

Finally, in its fifth claim, Grunt Style asserts that TWD had engaged in unlawful and unfair business practices through its acts of infringement with respect Grunt Style's trademark THIS WE'LL DEFEND in the state of Illinois in violation of the Illinois Uniform Deceptive Trade Practices Act.

TWD has denied liability.


Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 412 (modified).

Plaintiff's Authority for the description of nature and purpose of trademark law: *Federal Civil Jury Instructions of the Seventh Circuit* § 13.1.1 (modified); 15 U.S.C. §1127

Plaintiff's Authority for Court's determination of likelihood of confusion: Dkt. 188, p. 16 ("It cannot be disputed that there is a likelihood of confusion between the two uses of the Mark.").

Plaintiff's Authority for the description of Lanham Act and Illinois common law trademark liability: *See Federal Civil Jury Instructions of the Seventh Circuit § 13.1.1 (modified); 15 U.S.C. § 1125(a); Poneman v. Nike, Inc.,* 161 F. Supp. 3d 619, 631 (N.D. Ill. 2016)

Plaintiff's Authority for the description of California Business and Professions Code liability: *See Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1043 (9th Cir.2004); Cal. Bus. & Prof.Code § 17200.

36

<u>Plaintiff's Additional Explanation for the Instruction</u>

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

Grunt Style's claims are for, among other things, violations of its common law trademark rights in and to THIS WE'LL DEFEND for online retail store services. The claim is set forth in its complaint. "Under Fed.R.Civ.P. 8(a)(2), the plaintiff need only include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Frieri v. City of Chicago*, 127 F. Supp. 2d 992, 994 (N.D. Ill. 2001). "[A] complaint is not required to allege all, *or any,* of the facts logically entailed by the claim.... A plaintiff does not have to plead evidence...." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998). (quoting *American Nurses' Assn. v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986)) (emphasis in original). TWD's use of THIS WE'LL DEFEND in conjunction with offering online retail store services through its Amazon storefront THIS WE'LL DEFEND infringes upon Grunt Style's trademark rights. Moreover, despite discussion of the Amazon sales during the conference with this Court on October 26, 2023, TWD did not file a motion in limine specifically directed to the Amazon store sales.

Punitive damages are available under Grunt Style's common law trademark claim. The Seventh Circuit has confirmed that it is appropriate for the jury to assess such damages. *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007)("In light of the fact that the Lanham Act has not been interpreted as a statute with broad preemptive reach, we conclude that Congress would have acted more clearly if it had intended to displace state punitive damage remedies. Aside from preemption, there is no other reason to refrain from affirming the jury's award of punitive damages in this case."). Under Illinois law, willfulness is enough to justify an award of punitive damages. *Hollowell v. Wilder Corp. of Delaware*, 743 N.E.2d 707, 711 (Ill. App. 2001) ("[P]unitive damages are warranted when the tort is committed with actual malice or fraud *or when the defendant acts willfully* or with such gross negligence as to indicate a wanton disregard for the rights of others.") (emphasis added).

Plaintiff only seeks equitable relief under California law and the IUDTPA. Equitable relief in the form of an injunction is appropriate for violations of those laws even where damages are awarded under other claims. Grunt Style does not believe there is a need (or even a right) for a jury trial on either claim, but TWD has insisted on a jury trial for all claims. Monetary damages alone for trademark infringement are inadequate as Grunt Style has the need to prevent future damage from misappropriation of its trademark. The case cited by TWD, *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 837 (9th Cir. 2020) was a class action case seeking equitable restitution. In the plaintiff's claim in Sonner, the court noted "Injunctive relief is not at issue." *Id.* 842. That is not analogous to Grunt Style's claim under the California Business Code for injunctive relief due to trademark infringement.

37

Defendant's proposed instruction misstates Plaintiff's claims and ignores the prior findings of this Court. On summary judgment, this Court ruled that Grunt Style has indisputably shown it adopted the mark THIS WE'LL DEFEND and used it in a way to identify itself as the adopter of the mark THIS WE'LL DEFEND. Dkt. 188, p. 15. Grunt Style has continuously used the mark THIS WE'LL DEFEND publicly on its clothes, website, and documents ever since 2011. Dkt. 188, p. 16. TWD, on the other hand, began its use of the Mark in September 2014. Dkt. 188, p. 16. The undisputed evidence shows Grunt Style has superior rights in the mark THIS WE'LL DEFEND as to TWD. Dkt. 188, p. 16. It cannot be disputed that there is a likelihood of confusion between TWD's uses and Grunt Style's uses of the mark THIS WE'LL DEFEND. Dkt. 188, p. 16.

Furthermore, TWD's instruction respecting Grunt Style's registered mark is wrong. While Grunt Style did not bring a claim for trademark infringement of its registered mark, that does not mean that Grunt Style "does not assert" that TWD infringes it.

<u>Objection to Instruction</u>:     Yes.

**<u>Defendant TWD's Grounds For Objection</u>:**

1. This instruction is not from the Federal Jury Instructions of the Seventh Circuit (2017 rev) for Final Instructions.

2. It is better to modify Federal Jury Instructions of the Seventh Circuit (2017 rev) 13.1.1 Trademark/Trade Dress Infringement -- Nature of Claim that is grouped with the substantive instruction.

3. Plaintiff's instruction refers to TWD's "Amazon storefront THIS WE'LL DEFEND."

4. Plaintiff's instruction defines a trademark and incorrectly instructs "The Court has already determined that TWD's use of THIS WE'LL DEFEND is likely to cause confusion with Grunt Style's use of THIS WE'LL DEFEND."

5. Plaintiff's instruction refers to equitable claims for unfair competition under California and Illinois law that the court should dismiss in light of plaintiff's legal claim for damage under 15 U.S.C. §1125. *See*, e.g. Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) ("Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA"); *Raynaldo v. Am. Honda Motor Co.*, 2022 U.S. Dist. LEXIS 169865, at *52-54 (N.D. Cal. Sep. 20, 2022) ("Consistent with *Sonner* and established doctrines of federal equity jurisprudence, this Court has held that "there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.") (collecting cases).

**Plaintiff's Proposed Final Instruction No. 4:**
**Evidence**

The evidence consists of the testimony of the witnesses[,] [and] the exhibits admitted in evidence, [, and stipulation[s]] and any facts that I may instruct you are true, and any facts the parties may agree or stipulate to. [A stipulation is an agreement between both sides that [certain facts are true] [that a person would have given certain testimony].]

[I have taken judicial notice of certain facts. You must accept those facts as proved.]

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.04. (modified)

Objection to Instruction:     No.

**Plaintiff's Proposed Final Instruction No. 5:**
**What is Not Evidence**

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or if I have stricken any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.


Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

 *Federal Civil Jury Instructions of the Seventh Circuit* § 1.06;


Objection to Instruction:      No.

**Plaintiff's Proposed Final Instruction No. 6:**
**Consideration of All Evidence Regardless of Who Produced It**

In determining whether any fact has been proved, you should consider all of the evidence

bearing on the question regardless of who introduced it.

<u>Proponent of Instruction</u>:       Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.08.

<u>Objection to Instruction</u>:       No.

**Plaintiff's Proposed Final Instruction No. 7:**
**Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.07.

Objection to Instruction:     No.

**Plaintiff's Proposed Final Instruction No. 8:**
**Limited Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.09.

Objection to Instruction:    No.

**Plaintiff's Proposed Final Instruction No. 9:**
**Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.


<u>Proponent of Instruction</u>:     Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.11.

<u>Objection to Instruction</u>:     No.

**Plaintiff's Proposed Final Instruction No. 10:**
**Credibility of Witnesses**

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, [including any party to the case,] you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- [the witness's age];

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit at 413.*

Objection to Instruction:    No.

46

**Plaintiff's Proposed Final Instruction No. 11:**
**Definition of "Direct" and "Circumstantial" Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. ~~The law makes no distinction between the weight to be given to either direct or circumstantial evidence~~ When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence. <u>The law allows you to give equal weight to both types of evidence. But it is up to you to determine how much weight to give to any particular evidence, whether it is direct evidence or circumstantial evidence.</u>

<u>Proponent of Instruction</u>:     Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.12 (modified); *Illinois Tamale Co. v. El-Greg, Inc.*, No. 16-cv-5387, Dkt. 194 at 2 (Nov. 2, 2022)

<u>Objection to Instruction</u>:     Yes.

**Defendant TWD's Grounds For Objection**:

1. Modifies Federal Jury Instructions of the Seventh Circuit (2017 rev) 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

Defendant TWD's Proposed Modification Or Alternative

### 1.12 DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a ~~the~~ witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**Plaintiff's Proposed Final Instruction No. 12:**
**Prior Inconsistent Statements or Acts**

You may consider statements given by a party before trial as evidence of the truth of what the party said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

<u>Proponent of Instruction</u>:    Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.14

<u>Objection to Instruction</u>:    No.

**Plaintiff's Proposed Final Instruction No. 13:**
**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

<u>Proponent of Instruction</u>:     Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.18.

<u>Objection to Instruction</u>:     No.

**Plaintiff's Proposed Final Instruction No. 14:**
**Burden of Proof**

In this case, Grunt Style bears the burden of proving its claims by a preponderance of the evidence. When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true. As an analogy, to conclude that a fact has been proven by a preponderance of the evidence, that fact is proven if you find that the scales tip, however slightly, in favor of the party with the burden of proof as to that fact.

You may have heard of a burden of proof that is beyond a reasonable doubt. That standard is for criminal cases, and does not apply here. You should put it out of your mind.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* at 412. (modified); *Thakore v. Universal Mach. Co. of Pottstown*, 670 F. Supp. 2d 705, 717 (N.D. Ill. 2009) citing *Ostrowski v. Atl. Mut. Ins. Companies*, 968 F.2d 171, 187 (2d Cir. 1992)

Plaintiff's Additional Explanation for the Instruction

The jurors are likely to have no knowledge of how trials work, what happens at trial, what their role as jurors is, and how to interpret and understand what is being presented to them during the trial. The instructions provide critical foundation for the jurors to be able to competently and effectively perform their duty.

From television, it is likely that jurors have only ever heard of "beyond a reasonable doubt" and it is important that they understand that such a standard does not apply.

Objection to Instruction:     Yes.

## **Defendant TWD's Grounds For Objection:**

1. Modifies Federal Jury Instructions of the Seventh Circuit (2017 rev) 1.27 BURDEN OF PROOF

<u>Defendant TWD's Proposed Modification Or Alternative</u>

### **1.27 BURDEN OF PROOF**

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Plaintiff's Proposed Final Instruction No. 15:**
**Trademark Infringement Under the Lanham Act and Common Law**
**and Unfair Competition Liability**

Plaintiff claims that TWD ~~Defendant~~ has infringed Plaintiff's [trademark THIS WE'LL DEFEND; trade dress].

[A trademark is a word, symbol, or combination of words or symbols used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.]

The purpose of trademark law is to prevent confusion among consumers about the source of products and services and to permit [trademark; tradedress] owners to show ownership of their products and services and control their product's reputation the reputation of their products and services.

[Plaintiff claims that Defendant infringed Plaintiff's [trademark [describe Plaintiff's symbol or term]] for [describe Plaintiff's product] by [describe nature of allegedly infringing activity]. Defendant denies [describe Defendant's theory of defense, i.e., denies that Plaintiff has a valid trademark or that Defendant's use of its trademark causes a likelihood of confusion] [and says that [describe Defendant's other defense(s), if any]].]

Plaintiff claims that TWD infringed Plaintiff's THIS WE'LL DEFEND trademark for t-shirts by selling t-shirts prior to May 27, 2015. Additionally, Plaintiff claims that TWD infringed Plaintiff's THIS WE'LL DEFEND trademark for online retail store services by offering online retail store services in conjunction with the mark THIS WE'LL DEFEND on TWD's website, www.thiswelldefend.com, and through its THIS WE'LL DEFEND Amazon storefront.

To find TWD liable for trademark infringement under the Lanham Act and Illinois common law, and to find TWD liable for unfair competition with respect to TWD's sale of t-shirts prior to

53

May 27, 2015, Plaintiff must prove by a preponderance of the evidence that Grunt Style had a protectible rights in the mark THIS WE'LL DEFEND for t-shirts and that TWD's use of THIS WE'LL DEFEND prior to May 27, 2015 was likely to cause confusion with Grunt Style's use of THIS WE'LL DEFEND for t-shirts. Additionally, to find TWD liable for trademark infringement under the Lanham Act and Illinois common law, and to find TWD liable for unfair competition with respect to TWD's providing online retail store services, Plaintiff must prove by a preponderance of the evidence that Grunt Style had a protectible rights in the mark THIS WE'LL DEFEND for online retail store services and that TWD's use of THIS WE'LL DEFEND for online retail store services was likely to cause confusion with Grunt Style's use of THIS WE'LL DEFEND of online retail store services.

You are instructed that this Court has already determined that Grunt Style has superior rights in the mark THIS WE'LL DEFEND as to TWD. This Court has also already determined that there is a likelihood of confusion between TWD's use of THIS WE'LL DEFEND and Grunt Style's use of THIS WE'LL DEFEND.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

Plaintiff's Authority for the description of Lanham Act, Illinois common law trademark liability, Illinois unfair competition : *See Federal Civil Jury Instructions of the Seventh Circuit § 13.1.1 (modified); 15 U.S.C. § 1125(a); Poneman v. Nike, Inc.,* 161 F. Supp. 3d 619, 631 (N.D. Ill. 2016); *KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1012 (N.D. Ill. 2014) ("To state a claim for trademark infringement and unfair competition…, a plaintiff must allege that: (1) it has a protectable right in the asserted trademarks; and (2) the defendant's use of the mark is likely to cause confusion." ). *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007) ("Microsoft's state-law claims of consumer fraud, deceptive trade practices, and unfair competition based on trademark infringement are analyzed using the same standards as federal trademark claims.")

Plaintiff's Authority for instructions of determined findings: Dkt. 188, p. 16 ("it is undisputed Grunt Style began use of the Mark in April 2011. Grunt Style has continuously used the Mark publicly on its clothes, website, and documents ever since. TWD, on the other hand, began its

use of the Mark in September 2014. Thus, the undisputed evidence shows Grunt Style has superior rights in the Mark. It cannot be disputed that there is a likelihood of confusion between the two uses of the Mark.")

Plaintiff's Additional Explanation for the Instruction

Plaintiff objects to Defendant's purported alternative instruction. It is not clear from Defendant's objection what Defendant is actually proposing as an alternative instruction. Respecting "Elements" of Plaintiff's claims, TWD misstates the basis for Grunt Style's claims. Plaintiff need not prove prior use, as Plaintiff's prior use was decided at summary judgment when the Court ruled that Plaintiff has prior and superior rights in THIS WE'LL DEFEND as to TWD.

Plaintiff objects to Defendant's discussion of likelihood of confusion. Once again, TWD conflates Grunt Style's actual claims of common law infringement, which it asserted in this suit, with Grunt Style's registered rights for which Grunt Style did not bring a claim in this lawsuit. Grunt Style's decision respecting which claims to bring in this lawsuit does not establish that Grunt Style does not believe TWD did not infringe its registered mark. Grunt Style may bring that claim separately at any time. Additionally, it is inappropriate to provide instructions or comments on claims that Grunt Style has not asserted in this litigation

Plaintiff's instruction follows the pattern jury instructions for trademark infringement. It is appropriate to provide an instruction on the elements of liability for each of Plaintiff's Lanham act claims, common law infringement claim, and common law unfair competition claim because all of those claims require the same standard of proof. In the alternative, the Court would simply need to reread the exact same instruction three times.

The instruction properly refers to TWD's infringement of offering online retail store services through its Amazon online retail store THIS WE'LL DEFEND. Grunt Style's claims are for, among other things, violations of its common law trademark rights in and to THIS WE'LL DEFEND for online retail store services. The claim is set forth in its complaint. "Under Fed.R.Civ.P. 8(a)(2), the plaintiff need only include a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Frieri v. City of Chicago*, 127 F. Supp. 2d 992, 994 (N.D. Ill. 2001). "[A] complaint is not required to allege all, *or any,* of the facts logically entailed by the claim.... A plaintiff does not have to plead evidence...." *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir.1998)*.* (quoting *American Nurses' Assn. v. Illinois,* 783 F.2d 716, 727 (7th Cir.1986)) (emphasis in original). TWD's use of THIS WE'LL DEFEND in conjunction with offering online retail store services through its Amazon storefront THIS WE'LL DEFEND infringes upon Grunt Style's trademark rights. Moreover, despite discussion of the Amazon sales during the conference with this Court on October 26, 2023, TWD did not file a motion in limine specifically directed to the Amazon store sales.

Grunt Style's instruction respecting likelihood of confusion is proper. On summary judgment, this Court ruled that Grunt Style has indisputably shown it adopted the mark THIS WE'LL DEFEND and used it in a way to identify itself as the adopter of the mark THIS WE'LL DEFEND. Dkt. 188, p. 15. Grunt Style has continuously used the mark THIS WE'LL DEFEND publicly on its clothes, website, and documents ever since 2011. Dkt. 188, p. 16. TWD, on the other hand, began its use of the Mark in September 2014. Dkt. 188, p. 16. The undisputed evidence shows Grunt Style has superior rights in the mark THIS WE'LL DEFEND as to TWD. Dkt. 188, p. 16. It cannot be disputed that there is a likelihood of confusion between TWD's uses and Grunt Style's uses of the mark THIS WE'LL DEFEND. Dkt. 188, p. 16.

Plaintiff's instructions do not include any equitable claims. Plaintiff separately recites its claims under the California Business Code and IUDTPA.

With respect to TWD's proposed instruction, TWD's instruction respecting Grunt Style's registered mark is wrong. While Grunt Style did not bring a claim for trademark infringement of its registered mark, that does not mean that Grunt Style "does not assert" that TWD infringes it.

Objection to Instruction:        Yes.

**Defendant TWD's Grounds For Objection:**

1.  Does not track Federal Jury Instructions of the Seventh Circuit (2017 rev) on trademark infringement, such as 13.1.1 Trademark/Trade Dress Infringement -- Nature of Claim and 13.1.2 Trademark/Trade Dress infringement – Elements

2.  Groups all of plaintiff's claims together instead of separately.

3.  Plaintiff's instruction refers to TWD's "Amazon storefront THIS WE'LL DEFEND."

4.  Plaintiff's instruction defines a trademark and incorrectly instructs "You are instructed that this Court has already determined that Grunt Style has superior rights in the mark THIS WE'LL DEFEND as to TWD.  This Court has also already determined that there is a likelihood of confusion between TWD's use of THIS WE'LL DEFEND  and Grunt Style's use of THIS WE'LL DEFEND"

5.  Plaintiff's instruction refers to equitable claims for unfair competition under California and Illinois law that the court should dismiss in light of plaintiff's legal claim for damage under 15 U.S.C. §1125.  *See*, e.g.  Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020) ("Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA"); *Raynaldo v. Am. Honda Motor Co*.,  2022 U.S. Dist. LEXIS 169865, at *52-54 (N.D. Cal. Sep. 20, 2022) ("Consistent with *Sonner* and established doctrines of federal equity jurisprudence, this Court has held that "there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.") (collecting cases).


Defendant TWD's Proposed Modification Or Alternative


**13.1.1 Trademark/Trade Dress Infringement -- Nature of Claim**


Plaintiff claims that Defendant has infringed Plaintiff's [trademark; trade dress].

[A trademark is a word, symbol, or combination of words or symbols used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product.]

[A trade dress is a type of trademark used by a person to identify his product, to distinguish his product from those manufactured or sold by others, and to indicate the source of his product. The term "trade dress" refers to the total image of a product, product packaging, product label, product design, or a combination of these things. It includes features such as size, shape, color or color combinations, texture, graphics, or particular sales techniques.]

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit [trademark; trade dress] owners to show ownership of their products and control their product's reputation.

[Plaintiff claims that Defendant infringed Plaintiff's [trademark THIS WE'LL DEFEND [describe Plaintiff's symbol or term]] for t-shirts [describe Plaintiff's product] by defendant selling t-shirts containing THIS WE'LL DEFEND before May 27, 2015. [describe nature of allegedly infringing activity]. Defendant denies [describe Defendant's theory of defense, i.e., denies that Plaintiff has a valid trademark or that Defendant's use of THIS WE'LL DEFEND on t-shirts prior to May 27, 2015 its trademark causes a likelihood of confusion] [and says that [describe Defendant's other defense(s), if any]].]

Plaintiff also claims that Defendant infringed Plaintiff's trademark THIS WE'LL DEFEND for its online store at www.gruntstyle.com by defendant using THIS WE'LL DEFEND on its online store at www.thiswelldefend.com. Defendant denies that Defendant's use of THIS WE'LL DEFEND on its website www.thiswelldefend.com causes a likelihood of confusion.

Plaintiff does not claim that defendant infringed any registered trademark owned by plaintiff. For instance, plaintiff does not claim that defendant infringed plaintiff's registered logo trademark below:



OR

[Plaintiff claims that Defendant infringed Plaintiff's trade dress by [describe nature of allegedly infringing activity and Plaintiff's product design, packaging, label]. Defendant denies [describe Defendant's theory of defense, i.e., denies that Plaintiff has a valid trade dress or that Defendant's use of its trade dress causes a likelihood of confusion] [and says that [describe Defendant's other defense(s), if any]].]

### 13.1.2 Trademark/Trade Dress infringement – Elements

Plaintiff claims that Defendant infringed Plaintiff's [trademark; trade dress]. To succeed on this claim, Plaintiff must prove the following things by a preponderance of the evidence:

1. ~~[Plaintiff owns [Plaintiff's symbol, term, or product design; packaging; label] as a [trademark; trade dress];~~

2. ~~[Plaintiff's symbol, term, or product design; packaging; label] is a valid [trademark; trade dress];~~

3. ~~[Defendant used [symbol, term, product design, packaging or label used by Defendant] in interstate commerce.~~

~~[The [symbol, term, product design, packaging or label used by Defendant] is used in interstate commerce if [Defendant's [product; services; commercial activities] are [transferred; advertised; sold] across state lines.]~~

~~[The [symbol, term, product design, packaging or label used by Defendant] is used in interstate commerce if Plaintiff's [product; services; commercial activities] are [transferred; advertised; sold] across state lines and Defendant's activities have a substantial effect on Plaintiff's business.]~~

With respect to Plaintiff's trademark claim as to t-shirts:

1.   Plaintiff was making active use of THIS WE'LL DEFEND as a source identifier on t-shirts at the same time that Defendant was using THIS WE'LL DEFEND as a source identifier on t-shirts before May 27, 2015; and

4. ~~12.~~ Defendant used THIS WE'LL DEFEND on t-shirts before May 27, 2015 ~~[symbol, term, product design, packaging or label used by Defendant]~~ in a manner that is likely to cause ~~[~~confusion~~; mistake; deception]~~ as to the ~~[~~source~~; origin; sponsorship; approval]~~ of Defendant's product.~~; and/or~~

With respect to Plaintiff's trademark claim as to its online store www.gruntstyle.com:

1.   Plaintiff was making active use of THIS WE'LL DEFEND as a source identifier for its online store at on www.gruntstyle.com at the same time that Defendant was using THIS WE'LL DEFEND as a source identifier for its online store at www.gruntstyle.com; and

2. Defendant used THIS WE'LL DEFEND on its www.thiswelldefend.com online store in a manner that is likely to cause confusion as to the source of Defendant's online store;

~~.~~

~~[5. [Plaintiff's claimed trade dress] is not functional.]~~

I will explain what I mean by these terms.

If you find that Plaintiff has proved each of these things by a preponderance of the evidence, then you must find for Plaintiff. However, if Plaintiff did not prove each of these things by a preponderance of the evidence, then you must find for Defendant.

Defendant's Authority:  ZAZU Designs v. L'Oreal S.A., 979 F.2d 499, 503 (7th Cir. 1992) ("Only active use allows consumers to associate a mark with particular goods and notifies other firms that the mark is so associated.")

### 13.1.2.3 Infringement – Elements – Likelihood Of Confusion – Factors

As I have told you, one of the things that Plaintiff must prove is that Defendant used

THIS WE'LL DEFEND on t-shirts before May 27, 2015 in a manner that is likely to cause confusion as to the source of Defendant's product; and/or Defendant used THIS WE'LL DEFEND on its www.thiswelldefend.com online store in a manner that is likely to cause confusion as to the source of Defendant's online store;[Defendant's symbol, term, or trade dress] in a manner that is likely to cause [confusion;

mistake; deception] as to the [source; origin; sponsorship; approval] of Defendant's product.

Plaintiff must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the product or similar products. In deciding this, you should consider the following:

• Whether the overall impression created by Defendant's [trademark; trade dress] is similar to that created by Plaintiff's [trademark; trade dress] in [appearance; sound; meaning]. To determine whether two marks are similar in appearance and suggestion, we 'compare the marks in light of what happens in the marketplace and not merely by looking at the two marks side-by-side. ;

• Whether Defendant and Plaintiff use their [trademarks; trade dress] on the same or related products;

• Whether Plaintiff's and Defendant's products are likely to be sold in the same or similar stores or outlets, or advertised in similar media;

• The degree of care that purchasers or potential purchasers are likely to exercise in buying or considering whether to buy the product. This may depend on the level of sophistication of potential buyers of the product [and; or] the cost of the product;

• The degree to which purchasers or potential purchasers recognize Plaintiff's trademark as an indication of the origin of Plaintiff's product. You may consider my previous instructions concerning distinctiveness to help you assess this factor;

• Whether Defendant's use of the [trademark; trade dress] has led to instances of actual confusion among purchasers or potential purchasers about the [source; origin; sponsorship; approval] of Defendant's product. However, actual confusion is not required for finding a likelihood of confusion;

• Whether Defendant intended to pass off his product as that of Plaintiff, or

intended to confuse consumers.

• Whether Plaintiff's t-shirts or its www.gruntstyle.com website used THIS WE'LL DEFEND in conjunction with any of plaintinff's registered marks, including plaintiff's registered logo trademark below:



_____

The weight to be given to each of these factors is up to you to determine. No

particular factor or number of factors is required to prove likelihood of confusion.

Defendant's Authority:  GrubHub Inc. v. Relish Labs LLC, 80 F.4th 835, 848 (7th Cir. 2023) ("to determine whether two marks are similar in appearance and suggestion, we 'compare the marks in light of what happens in the marketplace and not merely by looking at the two marks side-by-side.'" (quotations and citations omitted).

**Plaintiff's Proposed Final Instruction No. 16:**
**Trademark Infringement Under the Lanham Act and Common Law – Remedies – Types**

~~If you decide for Plaintiff on the question of liability, then you should~~ If you find TWD liable for trademark infringement under the Lanham Act or the common law, you must consider the amount of money to award to ~~Plaintiff~~ Grunt Style~~[if any]~~. This should include ~~damages that Plaintiff sustained because of Defendant's [infringement; false advertising], and profits that Defendant made because of its [infringement; false advertising].~~ profits that TWD made through its infringement, damages that Grunt Style sustained because of TWD's infringement, and punitive damages.

~~If you decide for Defendant on the question of liability, then you should not consider this issue.~~

Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 13.6.1 (modified)

Plaintiff's Additional Explanation for the Instruction

Liability for Lanham Act violations, and Illinois common law trademark and unfair competition is identical. Therefore, if liability is found, the jury must consider whether damages are appropriate under each of those claims. Actual damages and profits are available under the Lanham Act. Punitive damages are available under common law. Plaintiff provides specific instructions on the determination of each type of remedy.

Objection to Instruction:      Yes.

62

**Defendant TWD's Grounds For Objection:**

1. Does not track Federal Jury Instructions of the Seventh Circuit (2017 rev) on trademark infringement, such as 13.6.1 Remedies – Types

2. Instruction does not allow jury to determine no liability.


Defendant TWD's Proposed Modification Or Alternative

**13.6.1 Remedies – Types**

If you decide for Plaintiff on the question of liability, then you should consider the amount of money to award to Plaintiff, ~~[~~if any~~]~~. This should include damages that Plaintiff sustained because of Defendant's ~~[~~infringement~~; false advertising]~~, and profits that Defendant made because of its ~~[~~infringement~~; false advertising]~~.

If you decide for Defendant on the question of liability, then you should not consider this issue.

63

**Plaintiff's Proposed Final Instruction No. 17:**
**Trademark Infringement Under the Lanham Act and Common Law – Damages – Actual**
**Damages**

To recover actual damages, ~~Plaintiff~~ Grunt Style must prove ~~two things by a preponderance of the evidence~~ by a preponderance of the evidence that it has sustained an injury as a result of TWD's infringement.

~~1. Defendant's [infringement; false advertising] caused actual confusion among consumers; and~~

~~2. As a result, Plaintiff sustained injury.~~

If you find that ~~Plaintiff~~ Grunt Style has proved this, then you must consider what amount of money to award to ~~Plaintiff~~ Grunt Style as damages ~~[if any]~~.

Damages consist of the amount of money required to compensate ~~Plaintiff~~ Grunt Style for the injury caused by Defendant's [infringement~~; false advertising~~]. ~~Plaintiff~~ Grunt Style must prove its damages by a preponderance of the evidence.

The damages Grunt Style claims to have suffered in this case are damage to its reputation and loss of goodwill. Goodwill is consumer recognition or drawing power of a trademark. In determining loss of goodwill, you should compare the value of Plaintiff's goodwill before the infringement with the value of Plaintiff's goodwill after the infringement.

~~You may consider the following types of damages:~~

~~[• Plaintiff's lost profits on lost sales, which consists of the revenue Plaintiff would have earned but for Defendant's infringement, less the expenses Plaintiff would have sustained in earning those revenues.]~~

64

[• Loss of royalties. A royalty is a payment for the right to use a trademark. In determining lost royalties, you should determine the royalty that Plaintiff and Defendant would have agreed upon if they had negotiated the terms of a royalty before Defendant's infringement.]

[• Loss of goodwill. Goodwill is consumer recognition or drawing power of a [trademark; trade dress].] [In determining loss of goodwill, you should compare the value of Plaintiff's goodwill before the [infringement; false advertising] with the value of Plaintiff's goodwill after the [infringement; false advertising].]

[• Cost of corrective advertising. This is [the amount spent by Plaintiff to counteract the effects of Defendant's infringement] [and] [the amount necessary to dispel any public confusion that lingers after Defendant's infringement has stopped.]

<u>Proponent of Instruction</u>:       Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 13.6.3 (modified).

<u>Plaintiff's Additional Explanation for the Instruction</u>

Plaintiff's description of actual damages is derived from the "loss of good will" portion of the pattern jury instruction which does not require providing any calculation. Plaintiff is not seeking its lost profits.

<u>Objection to Instruction</u>:       Yes.

**Defendant TWD's Grounds For Objection**:

1. Does not track Federal Jury Instructions of the Seventh Circuit (2017 rev) on trademark infringement, such as 13.6.13 Actual Damages

2. Instruction contains reputation damage and no instruction how to calculate it.

Defendant TWD's Proposed Modification Or Alternative

### 13.6.3 Actual Damages

To recover damages, Plaintiff must prove two things by a preponderance of the evidence:

1. Defendant's [infringement; false advertising] caused actual confusion among consumers; and

2. As a result, Plaintiff sustained injury.

If you find that Plaintiff has proved these things, then you must consider what amount of money to award to Plaintiff as damages, [if any].

Damages consist of the amount of money required to compensate Plaintiff for the injury caused by Defendant's [infringement; false advertising]. Plaintiff must prove its damages by a preponderance of the evidence.

You may consider the following types of damages:

[• Plaintiff's lost profits on lost sales, which consists of the revenue Plaintiff would have earned but for Defendant's infringement, less the expenses Plaintiff would have sustained in earning those revenues.]

[• Loss of royalties. A royalty is a payment for the right to use a trademark. In determining lost royalties, you should determine the royalty that Plaintiff and Defendant would have agreed upon if they had negotiated the terms of a royalty before Defendant's infringement.]

[• Loss of goodwill. Goodwill is consumer recognition or drawing power of a [trademark; trade dress].] [In determining loss of goodwill, you should compare the value of Plaintiff's goodwill before the [infringement; false advertising] with the value of Plaintiff's goodwill after the [infringement; false advertising].]

[• Cost of corrective advertising. This is [the amount spent by Plaintiff to counteract the effects of Defendant's infringement] [and] [the amount necessary to dispel any public confusion that lingers after Defendant's infringement has stopped.]

66

**Plaintiff's Proposed Final Instruction No. 18:**
**Trademark Infringement Under the Lanham Act and Common Law – Damages –**
**Defendants' Profits**

In addition to Plaintiff's actual damages, Plaintiff may recover the profits ~~Defendant~~ TWD gained from the ~~[infringement; trade dress infringement; false advertising]~~. You may not, however, include in any award ~~of profits~~ based on TWD's profits any amount that you ~~took into account in determining~~ awarded to Plaintiff for its actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Defendant received due to its ~~[use of the [trademark; trade dress]] [false advertising]~~ infringing use of the trademark.

~~Plaintiff is required only~~ Grunt Style is only required to prove Defendant's TWD's gross revenue. ~~Defendant~~ TWD is required to prove any expenses that it argues should be deducted in determining its profits. To prove a deductible expense, TWD must show that it paid an expense related to the infringing product or service.

Plaintiff is entitled to recover Defendant's total profits from its ~~[use of the [trademark; trade dress]] [false advertising]~~ use of the trademark, unless Defendant proves that a portion of the profit is due to factors other than ~~[use of the [trademark; trade dress]] [false advertising]~~ use of the trademark ~~use of the trademark.~~ The burden is on TWD to prove that its infringement had no cash value in sales made by TWD. If TWD does not do so, the profits made through the infringing use of the mark properly belong to the Plaintiff.

Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

67

*Federal Civil Jury Instructions of the Seventh Circuit* § 13.6.4 (modified); *Mishawaka Rubber &Woolen Mfg. Co. v. S.S. Kresge Co.*, 316 U.S. 203, 206-07 (1942).

<u>Objection to Instruction</u>:     Yes.

### Defendant TWD's Grounds For Objection:

1. Does not track Federal Jury Instructions of the Seventh Circuit (2017 rev) 13.6.4
   Defendant's Profits

Defendant TWD's Proposed Modification Or Alternative

### 13.6.4 Defendant's Profits

In addition to Plaintiff's damages, Plaintiff may recover the profits Defendant gained from the [trademark infringement; trade dress infringement; false advertising]. You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money Defendant received due to its [use of the [trademark; trade dress]] [false advertising].

Plaintiff is required only to prove Defendant's gross revenue. Defendant is required to prove any expenses that it argues should be deducted in determining its profits.

Plaintiff is entitled to recover Defendant's total profits from its use of the [trademark; trade dress]] [false advertising], unless Defendant proves that a portion of the profit is due to factors other than [use of the [trademark; trade dress]] [false advertising].

**Plaintiff's Proposed Final Instruction No. 19:**
**Trademark Infringement – Willfulness**

If you find that ~~Defendant [infringed Plaintiff's [trademark; trade dress]] [engaged in false advertising]~~TWD infringed Grunt Style's trademark, you must also determine whether ~~Plaintiff~~ Grunt Style has proven that, at the time ~~Defendant [used the trademark; trade dress] [engaged in the false advertising] Defendant~~ TWD engaged in the infringement, TWD acted willfully.

~~Defendant acted willfully if it knew that [it was infringing Plaintiff's [trademark; trade dress] [its advertising was [false] [or misleading]] or if it acted with indifference to [Plaintiff's trademark rights] [whether its advertising was false / misleading].~~

"Willful" is defined as "voluntary and intentional, but not necessarily malicious." A Defendant acted willfully if it knew it was infringing Plaintiff's trademark or if Defendant acted with indifference to Plaintiff's trademark rights.

Proponent of Instruction:    Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 13.6.5 (modified); Chicago's Pizza, Inc. v. Chicago's Pizza Franchise Ltd. USA, 384 Ill. App. 3d 849, 868, 893 N.E.2d 981, 998 (2008) citing Black's Law Dictionary 1630 (8th ed.2004).

Plaintiff's Additional Explanation for the Instruction

Plaintiff's proposed instruction reflects the current state of the law respecting willful actions and willful infringement. The reference to "intentional infringement" is confusing as the instruction is directed only to "willful infringement". Per the instruction, Plaintiff need not prove that Defendant "intentionally infringed." It is sufficient for Plaintiff to show that Defendant acted with indifference for Plaintiff's rights.

Objection to Instruction:    Yes.

**Defendant TWD's Grounds For Objection:**

1. Does not track Federal Jury Instructions of the Seventh Circuit (2017 rev) 13.6.5 Intentional Infringement

Defendant TWD's Proposed Modification Or Alternative

**13.6.5 Intentional Infringement**

If you find that Defendant [infringed Plaintiff's [trademark~~; trade dress]] [engaged in false advertising]~~, you must also determine whether Plaintiff has proven that, at the time Defendant [used the trademark~~; trade dress] [engaged in the false advertising]~~ Defendant acted willfully. Defendant acted willfully if it knew that [it was infringing Plaintiff's [trademark~~; trade dress] [its advertising was [false] [or misleading]]~~ or if it acted with indifference to [Plaintiff's trademark rights] ~~[whether its advertising was false / misleading]~~.

**Plaintiff's Proposed Final Instruction No. 20:**
**Trademark Infringement – Punitive Damages**

In addition to compensatory damages, the law permits you under certain circumstances to award punitive damages. If you find that ~~[(Defendant's name)]~~ TWD's conduct was ~~[fraudulent]~~ ~~[intentional] [willful and wanton]~~ willful and proximately caused ~~[injury] [damage]~~ damage to the Plaintiff, and if you believe that justice and the public good require it, you may award an amount of money which will punish ~~[(Defendant's name)]~~ TWD and discourage it ~~[it/him/her]~~ and others from similar conduct.

In arriving at your decision as to the amount of punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was [(Defendant's name)] TWD's conduct? On this subject, you should consider the following:

    a. The facts and circumstances of Defendant's conduct;

    b. The ~~[financial]~~ vulnerability of Grunt Style;

    c. The duration of Defendant's misconduct;

    d. The frequency of Defendant's misconduct;

    e. Whether the harm was physical as opposed to economic;

    f. Whether Defendant tried to conceal the misconduct;

    g. ~~[other]~~

2. What actual and potential harm did Defendant's conduct cause to ~~the plaintiff in this case~~ Grunt Style?

3. What amount of money is necessary to punish Defendant and discourage Defendant and others from future wrongful conduct ~~in light of Defendant's financial condition~~?

72

[In assessing the amount of punitive damages, you may not consider defendant's similar conduct in jurisdictions where such conduct was lawful when it was committed.]

The amount of punitive damages must be reasonable[and in proportion to the actual and potential harm suffered by the plaintiff.]

<u>Proponent of Instruction</u>:        Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Illinois Pattern Instructions revised January 2007* § 35.00 (modified); *see also Federal Civil Jury Instructions of the Seventh Circuit* §§ 3.13, 4.14, 7.28; *JCW Invs., Inc. v. Novelty, Inc.*, 482 F.3d 910, 919 (7th Cir. 2007)("In light of the fact that the Lanham Act has not been interpreted as a statute with broad preemptive reach, we conclude that Congress would have acted more clearly if it had intended to displace state punitive damage remedies. Aside from preemption, there is no other reason to refrain from affirming the jury's award of punitive damages in this case.").

<u>Authority for the willfulness standard:</u> *Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 359 (Ill. 1978) ("It has long been established in this State that punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, or when the defendant acts willfully, or with such gross negligence as to indicate a wanton disregard of the rights of others").

<u>Plaintiff's Additional Explanation for the Instruction</u>

        Plaintiff seeks punitive damages under Illinois law.  Under Illinois law, willfulness is enough to justify an award of punitive damages. *Hollowell v. Wilder Corp. of Delaware*, 743 N.E.2d 707, 711 (Ill. App. 2001) ("[P]unitive damages are warranted when the tort is committed with actual malice or fraud *or when the defendant acts willfully* or with such gross negligence as to indicate a wanton disregard for the rights of others.") (emphasis added); *Barton v. Chicago & N. W. Transp. Co.*, 757 N.E.2d 533, 554 (Ill. App. 2001) ("It has long been established in this State that punitive or exemplary damages may be awarded when torts are committed with fraud, actual malice, deliberate violence or oppression, *or when the defendant acts willfully*, or with such gross negligence as to indicate a wanton disregard of the rights of others") (emphasis added) (quoting *Kelsay v. Motorola Inc.*, 384 N.E.2d 353,359 (Ill. 1978).  Defendant's references to California law are irrelevant.

        The presumed standard of proof in civil actions between private litigants is the "preponderance of the evidence" standard unless "particularly important individual interests or rights are at stake." *Grogan v. Garner*, 498 U.S. 279 at 286, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991), quoting *Herman & McLean v. Huddleston*, 459 U.S. 375, 389-390, 103 S. Ct. 683, 74 L. Ed. 2d 548 (1983).  The Illinois pattern jury instruction does not require any heightened burden of proof in establishing that a party is entitled to punitive damages.  Rather, the only prerequisite is the finding of willfulness.

The ultimate determination as to whether a punitive award is reasonable and proportional is for the court, and therefore it is unnecessary for the jury to consider the matter.

Defendant's reliance on *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857, 859-62 (N.D. Ill. 2011) is misplaced. That case dealt with the IUDTPA. Plaintiff's claim for punitive damages arises from its Illinois common law trademark and unfair competition claims. Further, in LG, the issue was that "LG introduced *no evidence* concerning Whirlpool's advertisements of its dryers in Illinois." *Id.* at 861.

<u>Objection to Instruction</u>:     Yes.

**Defendant TWD's Grounds For Objection:**

1. Plaintiff cannot obtain punitive damages for violation of 15 U.S.C. §1125.

2. Plaintiff has not set forth the elements of a claim for common law trademark infringement under Illinois law.

3. Any claim of infringement of Illinois law must be limited to infringing conduct within its borders. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 809 F. Supp. 2d 857, 859-62 (N.D. Ill. 2011) (no extraterritorial application of Illinois unfair competition)

4. Any claim for punitive damages must be based upon only conduct defendant directed to Illinois that infringed plaintiff's common law trademark rights.

5. There must be an award of actual damages to support an award of punitive damages.

6. Unlike 15 U.S.C. §1125, common law trademark infringement does not allow an award of Defendant's profits.

7. Defendant has insufficient nexus with Illinois to support an award of punitive damages.

8. Any award of punitive damages under California law requires "clear and convincing evidence" to support punitive damages. *See* Cal. Civil Code §3294(a) ("In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.").

9. Cal. Civ. Code § 3294 (Deering, Lexis Advance through the 2023 Extra Session Ch 1, 2023 Regular Session Ch. 890)

10. Does not track Federal Jury Instructions of the Seventh Circuit (2017 rev) 3.13 PUNITIVE DAMAGES

Defendant TWD's Proposed Modification Or Alternative

**3.13 PUNITIVE DAMAGES**

If you find for Plaintiff, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a <u>clear and convincing evidence</u><s>preponderance of the</s> evidence that punitive damages should

be assessed against Defendant. You may assess punitive damages only if you find that <s>[his conduct] [</s>the conduct of Defendant's <s>[</s>managerial employee<s>s, officers],]</s> was in reckless disregard of Plaintiff's rights. An action is in reckless disregard of Plaintiff's rights if taken

with knowledge that it may violate the law. has been guilty of oppression, fraud, or malice. [Plaintiff must prove by a preponderance of the evidence that Defendant's [managerial employees, officers] acted within the scope of their employment and in reckless disregard of Plaintiff's right not to be [discriminated and/or retaliated] against. [In determining whether [Name] was a managerial employee of Defendant, you should consider the kind of authority Defendant gave him, the amount of discretion he had in carrying out his job duties and the manner in which he carried them out.] You should not, however, award Plaintiff punitive damages if Defendant proves that it made a good faith effort to implement an antidiscrimination policy.]

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;

- the impact of Defendant's conduct on Plaintiff;

- the relationship between Plaintiff and Defendant;

- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;

[- Defendant's financial condition;]

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**Plaintiff's Proposed Final Instruction No. 21:**
**Trademark Infringement – Discovery Violations**

During the course of this case, Grunt Stye sought discovery of TWD's total sales from its

using the trademark THIS WE'LL DEFEND.  TWD produced some of its sales information and it

had an obligation to supplement its production of sales information.  TWD withheld its sales

information from Grunt Style.  When considering what damages to award, you may make all

reasonable extrapolations from the sales data TWD did provide and presume that TWD withheld

the unproduced sales data because of its magnitude.


Proponent of Instruction:       Plaintiff Grunt Style

Plaintiff's Authority:

*See* Grunt Style's motion in limine #9.  Grunt Style sought discovery in this case of all of
documents sufficient to identify all sales of products bearing THIS WE'LL DEFEND (RFP 14),
summaries of TWD's gross and net profits and losses for each year that TWD has been in business
(RFP 31). Dkt. 112-2; Grunt Style moved to compel production of TWD sales information (See
Dkt. 112, p. 9).  The Court ordered production of TWD's financials.  Dkt. 126.  A party who has
made a disclosure under Rule 26(a)--or who has responded to an interrogatory, request for
production, or request for admission--must supplement or correct its disclosure or response in a
timely manner if the party learns that in some material respect the disclosure or response is
incomplete or incorrect. Fed. R. Civ. P. 26(e)(1)(A). "[A] party has an absolute, continuing duty to
supplement its responses with any material changes, without prompting.  *Hernandez, Kroone &*
*Assocs., Inc. v. United States*, No. 07-165 C, 2008 WL 4725433, at *5 (Fed. Cl. June 16, 2008).
The Advisory Committee Notes to Rule 26(e) state that "[s]upplementations need not be made as
each new item of information is learned but should be made at appropriate intervals during the
discovery period, and with special promptness *as the trial date approaches.*" Fed. R. Civ. P. 26(e)
advisory committee's note to 1993 amendment (emphasis added). Grunt Style further raised TWD's
ongoing obligation to supplement its financial discovery in the Status Report for Reassigned cases.
TWD continues to withhold its sales data for the years 2020-2022.  Dkt. 234, p. 4.

Plaintiff's Additional Explanation for the Instruction

Defendant's "supplement" is inadequate.  The required time period for supplementation was
November of 2020 through the present.  TWD's supplement excludes over a year of relevant data.

Additionally, TWD unilaterally decided it would only supplement its website infringement. It failed to update any of its infringing Amazon store sales.

<u>Objection to Instruction</u>:          Yes.

**<u>Defendant TWD's Grounds For Objection</u>:**

1. In light of the court's motion *limine* ruling, defendant TWD supplemented its discovery responses to include the additional sales from its [www.thiswelldefend.com](www.thiswelldefend.com) website after its original product.  See Exhibit. 229.

2. Plaintiff was not prejudiced by this supplementation.

3. Plaintiff never moved to compel this issue, so Defendant did not violate any discovery order.

**Plaintiff's Proposed Final Instruction No. 22:**
**California Business and Professions Code Liability**

Through its fourth claim, Grunt Style asserts that TWD has engaged in unlawful and unfair business practices by initially selling t-shirts utilizing the mark THIS WE'LL DEFEND and later providing online retail store services in conjunction with the mark THIS WE'LL DEFEND through its website www.thiswelldefend.com and its THIS WE'LL DEFEND Amazon store.  To establish its claim, Grunt Style must show either that TWD engaged in an unlawful, unfair, or fraudulent business act or practice, or that TWD engaged in unfair, deceptive, untrue or misleading advertising. All that is required for Grunt Style to show is that members of the public were likely to be deceived by TWD's acts. You are instructed that this Court has already determined that there is a likelihood of confusion between TWD's use of THIS WE'LL DEFEND  and Grunt Style's use of THIS WE'LL DEFEND.

Grunt Style is not seeking damages under the California Business and Professions Code, therefore you need not determine damages for this claim.

Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

Plaintiff's Authority for the description of California Business and Professions Code liability: *See Lippitt v. Raymond James Fin. Servs.,* 340 F.3d 1033, 1043 (9th Cir.2004); *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 332, 74 Cal. Rptr. 2d 55, 59 (1998); Cal. Bus. & Prof.Code § 17200.

Plaintiff's Authority for instructions of determined findings: Dkt. 188, p. 16 ("it is undisputed Grunt Style began use of the Mark in April 2011. Grunt Style has continuously used the Mark publicly on its clothes, website, and documents ever since. TWD, on the other hand, began its use of the Mark in September 2014. Thus, the undisputed evidence shows Grunt Style has superior rights in the Mark. It cannot be disputed that there is a likelihood of confusion between the two uses of the Mark.").

80

Plaintiff's Additional Explanation for the Instruction

Due to the equitable relief sought, Plaintiff does not believe that this claim should be tried to a jury. Subject to the Court's approval, Plaintiff is amenable to the California Business and Professions Code claim being decided by the Court, rather than the jury. If the Court is willing to do so, Plaintiff will withdraw this Proposed Instruction. If the Court's preference is for the jury to decide the liability question, this Proposed Instruction is appropriate.

Objection to Instruction:        Yes.

## Defendant TWD's Grounds For Objection:

1. Cal. Bus. & Prof. Code §17200 is an equitable claim that the court should dismiss in light of plaintiff's legal claim for damages under 15 U.S.C. §1125.  *See*, e.g.  *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA"); *Raynaldo v. Am. Honda Motor Co.*,  2022 U.S. Dist. LEXIS 169865, at *52-54 (N.D. Cal. Sep. 20, 2022) ("Consistent with *Sonner* and established doctrines of federal equity jurisprudence, this Court has held that "there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.") (collecting cases).

2. Plaintiff has not specified any "unlawful, unfair, or fraudulent business act or practice" by Defendant.

3. Plaintiff has not specified any "unfair, deceptive, untrue or misleading advertising."

4. Plaintiff is incorrect that "All that is required for Grunt Style to show is that members of the public were likely to be deceived by TWD's acts. You are instructed that this Court has already determined that there is a likelihood of confusion between TWD's use of THIS WE'LL DEFEND  and Grunt Style's use of THIS WE'LL DEFEND."

**Plaintiff's Proposed Final Instruction No. 23:**
**UDTPA – Elements**

Grunt Style alleges that TWD violated an Illinois law called the Illinois Uniform Deceptive Trade Practices Act, which I'll refer to as the UDTPA.

To succeed on this claim against TWD, Grunt Style must prove by a preponderance of the evidence that TWD:

1. passed off goods or services as those of another; or

2. caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; or

3. caused a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; or

4. represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they did not have; or

5. engaged in any other conduct that similarly created a likelihood of confusion or misunderstanding.

Grunt Style need not prove competition between the parties. You are instructed that this Court has already determined that there is a likelihood of confusion between TWD's use of THIS WE'LL DEFEND and Grunt Style's use of THIS WE'LL DEFEND.

Grunt Style is not seeking damages under the UDTPA. Therefore, you need not consider damages with respect to this claim.

<u>Proponent of Instruction</u>:     Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

815 ILL. COMP. STAT. ANN. 510/2(a)(1), (2), (3), (5), § 510/2(b), § 510/3; *Mario Aliano et al. v. Whistlepig*, 14-cv-10148, Dkt. 24 (N.D. Ill. May 18, 2015) at 9–10.

<u>Plaintiff's Additional Explanation for the Instruction</u>

   Due to the equitable relief sought, Plaintiff does not believe that this claim should be tried to a jury.  Subject to the Court's approval, Plaintiff is amenable to the UDTPA claim being decided by the Court, rather than the jury. If the Court is willing to do so, Plaintiff will withdraw this Proposed Instruction. If the Court's preference is for the jury to decide the liability question, this Proposed Instruction is appropriate.


<u>Objection to Instruction</u>:  Yes.

## **Defendant TWD's Grounds For Objection:**

1. 815 ILCS 510/3 only provides for injunctive relief and thus is an equitable claim that the court should dismiss in light of plaintiff's legal claim for damages under 15 U.S.C. §1125. *See*, e.g. *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020) ("Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA"); *Raynaldo v. Am. Honda Motor Co*., 2022 U.S. Dist. LEXIS 169865, at *52-54 (N.D. Cal. Sep. 20, 2022) ("Consistent with *Sonner* and established doctrines of federal equity jurisprudence, this Court has held that "there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.") (collecting cases).

2. The IUDTPA Has No Extraterritorial Effect. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp*., 809 F. Supp. 2d 857, 859 (N.D. Ill. 2011) ("In Avery, the Supreme Court of Illinois held that the CFA has no extraterritorial effect, such that only those acts that occur substantially and primarily within Illinois fall within the Act's purview.")

## **Closing Instructions**

### **Plaintiff's Proposed Final Instruction No. 24:**
### **Selection of Presiding Juror; General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

Proponent of Instruction:     Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.32.

Objection to Instruction:     No.

**Plaintiff's Proposed Final Instruction No. 25:**
**Communication with the Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if the presiding juror is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

<u>Proponent of Instruction</u>:      Plaintiff Grunt Style

<u>Plaintiff's Authority</u>:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.33.

<u>Objection to Instruction</u>:      No.

**Plaintiff's Proposed Final Instruction No. 26:**
**Disagreement among the Jurors**

Your verdicts must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Proponent of Instruction:      Plaintiff Grunt Style

Plaintiff's Authority:

*Federal Civil Jury Instructions of the Seventh Circuit* § 1.34

Objection to Instruction:      No.

## PLAINTIFF'S PROPOSED
## VERDICT FORM

We, the jury, find as follows:

### Trademark Infringement in Violation of the Lanham Act and Illinois Common Law and Unfair Competition Law

1. Do you find that TWD is liable for trademark infringement under the Lanham Act and Illinois common law and unfair competition law for its use of THIS WE'LL DEFEND on t-shirts prior to May 27, 2015?

   Yes _____    No _____

   a. What amount of actual damages do you award?

   *Answer*:        $_____

   b. What amount of TWD's profits do you award as damages?

   *Answer*:        $_____

2. Do you find that TWD is liable for trademark infringement under the Lanham Act and Illinois common law and unfair competition law for its use of THIS WE'LL DEFEND in connection with its offering online retail store services?

   Yes _____    No _____

   a. What amount of actual damages do you award?

   *Answer*:        $_____

   b. What amount of TWD's profits do you award as damages?

   *Answer*:        $_____

3. Do you find that TWD's infringement was willful?

   Yes _____    No _____

4. If you found that infringement was willful, and if you determine that punitive damages are also appropriate, what amount do you award?

   *Answer*:        $_____

### Violations of the California Business and Professions Code

5. Do you find that TWD is liable for violating the California Business and Professions Code?

   Yes _____    No _____

**<u>Violations of the Illinois Uniform Deceptive Trade Practices Act</u>**

    6.  Do you find that Defendants are liable for violating the Illinois Uniform Deceptive Trade Practices Act?

        Yes _____   No _____

**SO SAY WE ALL.**

_____
Foreperson's Signature

Date: _____

<u>Objection to Jury Verdict</u>:    Yes.

## Defendant TWD's Grounds For Objection:

1. Defendant wants more detail on findings.

2. 815 ILCS 510/3 and Cal. Bus. & Prof. Code ⊜ 117200 only provide for injunctive relief and thus are equitable claims that the court should dismiss in light of plaintiff's legal claim for damages under 15 U.S.C. §1125.  *See*, e.g.  *Sonner v. Premier Nutrition Corp*., 971 F.3d 834, 844 (9th Cir. 2020) ("Accordingly, because Sonner fails to establish that she lacks an adequate remedy at law, we hold, albeit on alternative grounds, that the district court did not err in dismissing Sonner's claims for equitable restitution under the UCL and CLRA"); *Raynaldo v. Am. Honda Motor Co*.,  2022 U.S. Dist. LEXIS 169865, at *52-54 (N.D. Cal. Sep. 20, 2022) ("Consistent with *Sonner* and established doctrines of federal equity jurisprudence, this Court has held that "there is no right to equitable relief or an equitable remedy when there is an adequate remedy at law.") (collecting cases).

3. The IUDTPA Has No Extraterritorial Effect. *LG Elecs. U.S.A., Inc. v. Whirlpool Corp*., 809 F. Supp. 2d 857, 859 (N.D. Ill. 2011) ("In Avery, the Supreme Court of Illinois held that the CFA has no extraterritorial effect, such that only those acts that occur substantially and primarily within Illinois fall within the Act's purview.")

## DEFENDANT'S PROPOSED
## VERDICT FORM

We, the jury, find as follows:

## Trademark Infringement Regarding Defendant's Use of THIS WE'LL DEFEND on T-Shirts

1. Was Plaintiff was making active use of THIS WE'LL DEFEND as a source identifier on t-shirts at the same time that Defendant was using THIS WE'LL DEFEND as a source identifier on t-shirts before May 27, 2015.

   Yes _____  No _____

   If you answer No, go to question 5.  If you answer Yes, go to question 2.

2. Did Defendant use THIS WE'LL DEFEND on t-shirts before May 27, 2015 in a manner that is likely to cause confusion as to the source Defendant's t-shirts?

   Yes _____  No _____

3. What amount of Defendant's profits, if any, from Defendant's sale of THIS WE'LL DEFEND t-shirts before May 27, 2015 do you award?

   Answer:       $_____.

Go to question 4.

If you answer No, go to question 5.  If you answer Yes, go to question 3.

4.    What amount of actual damages, if any, from Defendant's sale of THIS WE'LL DEFEND t-shirts before May 27, 2015 do you award?

Answer:        $_____

If your answer to question 4 is more than zero ($0), go to question 5. Otherwise, go to Question 6.

5.    Do you find by clear and convincing evidence that Defendant clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice?

Yes _____    No _____

If Yes, go to question 6.  If No, go to question 7.

6.    What amount of punitive damages against Defendant for Defendant's sale of THIS WE'LL DEFEND t-shirts before May 27, 2015 do you award?

Answer:        $_____

Go to Question 7.

**Trademark Infringement Regarding Defendant's Use of THIS WE'LL DEFEND on it online store www.thiswelldefend.com**

7.    Was Plaintiff was making active use of THIS WE'LL DEFEND for its online store at on www.gruntstyle.com at the same time that Defendant was using THIS WE'LL DEFEND as a source identifier for its online store at www.gruntstyle.com?

Yes _____    No _____

If you answer No, sign the form.  If you answer Yes, go to question 8

8.    Did Defendant use THIS WE'LL DEFEND on its www.thiswelldefend.com online store in a manner that is likely to cause confusion as to the source of Defendant's online store

Yes _____    No _____

If you answer No, sign the form. If you answer Yes, go to question 9.

9.    What amount of Defendant's profits, if any, from Defendant's use of THIS WE'LL DEFEND on its www.thiswelldefend.com online store do you award?

Answer:     $_____.

Go to question 10.

10. What amount of actual damages, if any, from Defendant's use of THIS WE'LL DEFEND on its www.thiswelldefend.com online store do you award?

Answer:     $_____

If your answer to question 10 is more than zero ($0), go to question 11. Otherwise, sign the form.

11. Do you find by clear and convincing evidence that Defendant clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice?

Yes _____  No _____

If Yes, go to question 12.  If No, sign the form..

12. What amount of punitive damages against Defendant for Defendant's use of THIS WE'LL DEFEND on its www.thiswelldefend.com online store use do you award?

Answer:     $_____

Sign the form.