# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF ILLINOIS

# EASTERN DIVISION

| | |
|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company, | CASE NO. **1:18-cv-07695** |
| Counterclaim-Plaintiff, | **DEFENDANT TWD, LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW** |
| v. | Judge: Hon. LaShonda A. Hunt |
| TWD, LLC, a California limited liability company, | Trial Date: March 11, 2024 |
| Counterclaim-Defendant. | Trial Time: 9:00 a.m. |
| and related claims of TWD, LLC transferred from the United States District Court, Southern District of California | Courtroom: 1425 |

Counterclaim-Defendant (realigned as defendant) TWD, LLC ("TWD") submits this motion for judgment as a matter of law pursuant to Rule[1] 50 or to the extent applicable, Rule 52.

### I. INTRODUCTION

TWD moves for judgment as a matter of law pursuant to Rule 50 prior to the case being submitted to the jury. Rule 50(a) provides:

> (a) Judgment as a Matter of Law.
>
>> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>>> (A) resolve the issue against the party; and
>>>
>>> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>>
>> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

To the extent applicable, TWD also moves pursuant to Rule 52 that is applicable to non-jury trials.

TWD specifies that the law as set forth in court's final jury instructions (subject to TWD's objections) entitle TWD to judgment.

TWD specifies the all general facts in motion, TWD's closing argument and facts at trial entitle TWD to judgment.

As discussed below, TWD is entitled to judgment as a matter of law.

---

[1] All references to "Rule" refer to Fed. R. Civ. Proc.

II.     NO PUNITIVE DAMAGES

Plaintiff Grunt Style withdrew all requests to the jury for actual damages. Accordingly, the jury is not being instructed on actual damages, and the jury will not find any actual damages.

Under Illinois law, and the laws of the overwhelming majority of states, plaintiff Grunt Style is not allowed to seek punitive damages in the absence of actual damages.

> However, Illinois, like most States, does not recognize a cause of action for punitive damages alone. (*Florsheim v. Travelers Indemnity Co.* (1979), 75 Ill. App. 3d 298, 309-10, 393 N.E.2d 1223, 1233.) **Punitive damages can only be awarded when there is an award of compensatory damages**. (*Ecker v. Big Wheels, Inc.* (1985), 136 Ill. App. 3d 651, 655, 483 N.E.2d 639, 642; *Rhodes v. Uniroyal, Inc.* (1981), 101 Ill. App. 3d 328, 330-31, 427 N.E.2d 1380, 1382.)

*McGrew v. Heinold Commodities, Inc.*, 147 Ill. App. 3d 104, 110, 100 Ill. Dec. 446, 451, 497 N.E.2d 424, 429 (1986) (emphasis added).

> On count V, the court entered a judgment on a jury verdict awarding plaintiff no compensatory damages and $20,000 punitive damages. **Punitive damages cannot be awarded when no compensatory damages, even in a nominal amount, have been awarded**. *McGrew v. Heinold Commodities, Inc.* (1986), 147 Ill. App. 3d 104, 497 N.E.2d 424.

*Carpenter v. Mobile World, Inc.*, 194 Ill. App. 3d 830, 838, 141 Ill. Dec. 537, 542, 551 N.E.2d 724, 729 (1990) (emphasis added).

> **The basic rule in Illinois is that punitive or exemplary damages may not be awarded in the absence of actual damages**. As early as 1873 in *Freese v. Tripp*, 70 Ill. 496, the court held that exemplary damages could not be awarded in the absence of finding of actual damage. **This rule has been followed consistently in Illinois down to the last case reported on this question**, *Shrout v. McDonald's System, Inc.* (1968), 90 Ill.App. 2d 60, 234 N.E.2d 45, where the court held that where actual damages are not recoverable, there can be no award of punitive damages. **Having found herein that the compensatory damages must be set aside for the reasons indicated above, it therefore follows that the punitive damages must be disallowed**.

*Tonchen v. All-Steel Equip., Inc.*, 13 Ill. App. 3d 454, 465, 300 N.E.2d 616, 624 (1973) (emphasis added).

**III.     A REASONABLE JURY CANNOT FIND FOR GRUNT STYLE**

As has been argued in this case and will be argued during closing argument, a reasonable jury cannot find for Grunt Style on all issues. Such issues include:

– There is no evidence of causation as to TWD profits caused by any infringement of Grunt Style trademark rights.

– There is no willful infringement by TWD of Grunt Style's claimed common law trademark rights in THIS WE'LL DEFEND.

DATED:     March 11, 2024

        Law Offices of Darren J. Quinn

          /s/ Darren J. Quinn
        Darren J. Quinn (*pro hac vice*)
        12702 Via Cortina, Suite 105
        Del Mar, CA 92014
        Telephone: 858-509-9401
        E-mail: dq@dqlaw.com

        Yanling Jiang, J.D. (Bar No. 6309336)
        JiangIP LLC
        233 South Wacker Drive, 84th Floor
        Chicago, Illinois 60606
        Telephone: 312-283-8091
        E-mail: yanling@jiangip.com

        *Attorneys for TWD, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing **DEFENDANT TWD, LLC'S MOTION FOR JUDGMENT AS A MATTER OF LAW** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

      Additionally, in accordance Judge Hunt's procedures, "Courtesy copies are not required unless ordered by the Court."

                                              /s/ Darren J. Quinn