**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF**
**ILLINOIS EASTERN DIVISION**

MAR 14 2024

Judge LaShonda A. Hunt
United States District Court

| | |
|---|---|
| Grunt Style LLC, | |
| Plaintiff, | |
| v. | Case No. 18 C 7695 |
| TWD, LLC, | Hon. LaShonda A. Hunt |
| Defendant. | |

---

### FINAL JURY INSTRUCTIONS

---

**No. 1**
**Functions of the Court and the Jury**

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now, I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**No. 2**
**No Inference from Judge's Questions**

During this trial, I may have asked witnesses questions myself. Do not assume that because I

asked questions I hold any opinion on the matters I asked about, or on how the case should be decided.

**No. 3**
**Evidence in the Case**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and any facts that I may instruct you to find.

## No. 4
## What is Not Evidence

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or if I have stricken any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, internet, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

4

**No. 5**
**Consideration of All Evidence Regardless of Who Produced It**

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**No. 6**
**Note-Taking**

Any notes you have taken during this trial are only aids to your memory. The notes are not

evidence. If you have not taken notes, you should rely on your independent recollection of the

evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any

greater weight than the recollections or impressions of each juror about the testimony.

6

**No. 7**
**Limited Purpose of Evidence**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**No. 8**
**Weighing the Evidence**

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**No. 9**
**Credibility of Witnesses**

You will have to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also have to decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

**No. 10**
**Definition of "Direct" and "Circumstantial" Evidence**

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**No. 11**
**Prior Inconsistent Statements or Acts**

You may consider statements given by a party before trial as evidence of the truth of what the party said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**No. 12**
**Absence of Evidence**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

## No. 13
## Burden of Proof

In this case, Grunt Style bears the burden of proving its claims by a preponderance of the evidence.

When I say a particular party must prove something by "a preponderance of the evidence," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**No. 14**
**Trademark Infringement Under the Lanham Act**

Grunt Style claims that TWD has infringed Grunt Style's trademark, THIS WE'LL DEFEND.

A trademark is a word, symbol, or combination of words and symbols used by a person or company to identify their product or service, to distinguish their products or service from those offered, manufactured or sold by others, and to indicate the source of their products or service.

The purpose of trademark law is to prevent confusion among consumers about the source of products and to permit trademark owners to show ownership of their products and control their product's reputation.

Grunt Style claims that TWD infringed Grunt Style's trademark, THIS WE'LL DEFEND, for t-shirts, by selling t-shirts marked with THIS WE'LL DEFEND prior to May 27, 2015. Grunt Style also claims that TWD infringed Grunt Style's trademark, THIS WE'LL DEFEND, for online retail store services, by using THIS WE'LL DEFEND, in connection with TWD's online retail stores.

This Court has already ruled that Grunt Style has superior rights in THIS WE'LL DEFEND. and that there is a likelihood of confusion if TWD uses THIS WE'LL DEFEND. In other words, Grunt Style has trademark rights in THIS WE'LL DEFEND. Whether or not the trademark was registered has no bearing on the validity of Grunt Style's trademark rights.

Therefore, you must determine if TWD used THIS WE'LL DEFEND on t-shirts, by selling t-shirts marked with THIS WE'LL DEFEND prior to May 27, 2015.

Additionally, you must determine if TWD used THIS WE'LL DEFEND in connection with any online retail store services.

14

**No. 15**
**Common Law Trademark Infringement and Unfair Competition**

Grunt Style claims that TWD has infringed Grunt Style's trademark THIS WE'LL DEFEND under Illinois common law and unfair competition law.

These Illinois state-law claims are based on Grunt Style's claims of trademark infringement under the Lanham Act and are analyzed using the same standards as Grunt Style trademark infringement claims under the Lanham Act.

Grunt Style claims that TWD infringed Grunt Style's trademark, THIS WE'LL DEFEND, for t-shirts by selling t-shirts marked with THIS WE'LL DEFEND prior to May 27, 2015. Grunt Style also claims that TWD infringed Grunt Style's trademark, THIS WE'LL DEFEND, for online retail store services by using THIS WE'LL DEFEND, in connection with TWD's online retail stores.

This Court has already ruled that Grunt Style has superior rights in THIS WE'LL DEFEND, and that there is a likelihood of confusion if TWD uses THIS WE'LL DEFEND. In other words, Grunt Style has trademark rights in THIS WE'LL DEFEND. Whether or not the trademark was registered has no bearing on the validity of Grunt Style's trademark rights.

With respect to liability for these Illinois claims, therefore, you must determine if TWD used THIS WE'LL DEFEND on t-shirts, by selling t-shirts marked with THIS WE'LL DEFEND, prior to May 27, 2015 in Illinois.

Additionally, you must determine if TWD used THIS WE'LL DEFEND in connection with any online retail store that does business in Illinois.

15

**No. 16**

**Trademark Infringement Under the Lanham Act and Common Law – Remedies – Types**

If you find TWD liable for trademark infringement under the Lanham Act or the common law, then you must consider the amount of money to award to Grunt Style, if any. This may include profits that TWD made through its infringement and punitive damages.

**No. 17**
**Trademark Infringement Under the Lanham Act and Common Law – Damages –**
**Defendants' Profits**

Plaintiff may recover the profits TWD gained from the infringement.

Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money TWD received due to use of the trademark.

Grunt Style is only required to prove TWD's gross revenue. TWD is required to prove any expenses that it argues should be deducted in determining its profits.

Grunt Style is entitled to recover TWD's total profits from its use of the trademark, unless TWD proves that a portion of the profit is due to factors other than use of the trademark, such that this portion may be deducted.

17

**No. 18**
**Willfulness**

If you find that TWD is liable for infringement, you must also determine whether Grunt Style has proven that, at the time TWD used the trademark TWD acted willfully. TWD acted willfully if it knew that it was infringing Grunt Style's trademark or if it acted with indifference to Grunt Style's trademark rights.

**No. 19**
**Punitive Damages**

Grunt Style seeks punitive damages for its common law trademark infringement and unfair competition claims under Illinois law. The purpose of punitive damages is to punish a party for its wrongful conduct and to serve as an example to that party and others not to engage in similar conduct in the future.

Punitive damages may be awarded against TWD only if Grunt Style has proved by a preponderance of the evidence that TWD's acts were willful and malicious or were in reckless disregard of Grunt Style's rights. Conduct is "malicious" if it was accompanied by ill will, spite, or was done for the purpose of injuring Grunt Style. Conduct is in "reckless disregard" of Grunt Style's rights if, under the circumstances, it reflected complete indifference to Grunt Style's rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of damages. Punitive damages, if any, should be sufficient to fulfill the purposes that I described to you in the first paragraph of the instruction, but should not reflect bias, prejudice, or sympathy toward any party. In determining punitive damages, you should consider the following three questions. The first question is the most important to determine the amount of punitive damages:

1. How reprehensible was TWD's conduct? On this subject, you should consider the following:

    a. The facts and circumstances of TWD's conduct;

    b. The financial vulnerability of Grunt Style;

    c. The duration of TWD's misconduct;

    d. The frequency of TWD's misconduct;

    e. Whether the harm was physical as opposed to economic; and

    f. Whether TWD tried to conceal the misconduct;

19

2.  What actual and potential harm did TWD's conduct cause to Grunt Style?

3.  What amount of money is necessary to punish TWD and to discourage TWD and others from future wrongful conduct?

The amount of punitive damages must be reasonable and in proportion to the actual and potential harm suffered by Grunt Style.

**No. 20**
**Document Production**

During the course of this case, Grunt Style sought discovery of TWD's total sales from its use of the trademark THIS WE'LL DEFEND. TWD produced some of its sales information and it had an obligation to supplement its production of sales information. TWD did not produce sales information for the time period of December 2020 through April of 2022 to Grunt Style. When considering what damages to award, you may make all reasonable extrapolations from the sales data TWD did provide and presume that TWD withheld the unproduced sales data because of its magnitude.

**No. 21**
**Selection of Presiding Juror; General Verdict**

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, I will read the verdict aloud.

**No. 22**
**Communication with the Court**

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if the presiding juror is unwilling to do so, by some other juror. The writing should be given to the court security officer, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. If you do communicate with me, you should not indicate in your note what your numerical division is, if any. In other words, do not tell me that you are split 4-4, 6-2, or whatever your vote happens to be.

**No. 23**
**Disagreement among the Jurors**

Your verdicts must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

## **Verdict Form**

We, the jury, find as follows:

### **Trademark Infringement in Violation of the Lanham Act**

1. Do you find that TWD is liable for trademark infringement under the Lanham Act for its use of THIS WE'LL DEFEND on t-shirts prior to May 27, 2015?

    _____ Yes        _____ No

    a. If you answered yes, what amount of TWD's profits, if any, do you award as damages?

        $ _____

2. Do you find that TWD is liable for trademark infringement under the Lanham Act for its use of THIS WE'LL DEFEND in connection with its offering of online retail store services?

    _____ Yes        _____ No

    a. If you answered yes, what amount of TWD's profits, if any, do you award as damages?

        $ _____

### **Illinois Common Law Trademark Infringement and Unfair Competition**

3. Do you find that TWD is liable for trademark infringement under the Illinois common law and unfair competition law for its use of THIS WE'LL DEFEND on t-shirts prior to May 27, 2015?

    _____ Yes        _____ No

4. Do you find that TWD is liable for trademark infringement under Illinois common law and unfair competition for its use of THIS WE'LL DEFEND in connection with its offering of online retail store services?

    _____ Yes        _____ No

### **Willful Infringement**

5. Do you find that TWD's infringement for its use of THIS WE'LL DEFEND on t-shirts prior to May 27, 2015 was willful?

    _____ Yes        _____ No

1

6. Do you find that TWD's infringement for its use of THIS WE'LL DEFEND in connection with its offering of online retail store services was willful?

_____ Yes           _____ No

**Punitive Damages**

7. Do you find that punitive damages are appropriate?

_____ Yes           _____ No

a. If you answered yes, what amount of punitive damages do you award?

$ _____

SO SAY WE ALL.

_____
Presiding Juror's Signature

Date: _____

2