**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Grunt Style LLC, | ) Case No.: 1:18-cv-07695 |
| Plaintiff, | ) |
| | ) District Judge: Hon. LaShonda A. Hunt |
| v. | ) |
| | ) |
| TWD, LLC, | ) |
| | ) |
| Defendant | ) |
| | ) |
| | ) |

**PLAINTIFF'S RENEWED OPPOSED MOTION TO HOLD TWD IN CONTEMPT AND**
**COMPEL TWD'S COMPLIANCE WITH THE PERMANENT INJUNCTION**

NOW COME Plaintiff, Grunt Style, LLC, pursuant to Federal Rule of Civil Procedure 65(d) and this Court's inherent power for an order compelling TWD's immediate compliance with this Court's permanent injunction (Dkt. 321). This is a renewal of Grunt Style's motion from February 19, 2025 (Dkt. 329). Grunt Style renews this motion pursuant to this Court's order granting leave to renew. (Dkt. 331).

In support of its motion, Grunt Style states that on December 6, 2024, it filed a motion for pre and post judgment interest and for permanent injunction. Dkt. 314. In that motion, Grunt Style set forth the specific facts pertaining to TWD's past and ongoing interference with Grunt Style's business based on facts that were litigated in this case (and resolved in Grunt Style's favor), including TWD's interference through filing Opposition No. 91254347. Dkt. 314, p. 13. Grunt Style presented the bases for entering a permanent injunction to stop TWD's interference, including dismissal of the opposition. TWD provided its arguments against the

1

relief sought by Grunt Style. Dkt. 317. Without any authority, it merely declared that "as a matter of law" the Court could not order TWD to withdraw the opposition. Dkt. 317, p. 12. This Court properly rejected that argument. On January 28, 2025 this Court granted Grunt Style's post judgement motion to amend the judgement and award pre and post judgment interest against TWD and also to permanently enjoin certain actions of TWD. Dkt. 319. Pursuant to that Order, this Court entered a permanent injunction against TWD, its officers, agents, servants, and employees. Dkt. 321. Upon entry, the permanent injunction took immediate effect. See *Old Ben Coal Corp. v. Loc. Union No. 1487 of United Mine Workers of Am.*, 500 F.2d 950, 952 (7th Cir. 1974) ("We know of no rule which allows a [defendant] a grace period of immunity from an applicable prior court decision….The [defendant] was bound immediately by the order [of the court] and all violations of that order following its issuance are relevant.").

Among the provisions of the permanent injunction was paragraph 4 which states: "Defendant shall dismiss with prejudice Opposition No. 9124347 [sic 91254347], pending before the Trademark Trial and Appeal Board." That paragraph was not couched with any time frame for compliance. It was effective immediately upon entry, and TWD was obligated to follow that directive immediately. TWD did not follow the Order of this Court. Instead, it filed a motion to modify or terminate provisions of the permanent injunction. Dkt. 337. It contended that paragraph 3(b) did not require it to turn over certain tools of infringement either, including the infringing advertising website www.thiswelldefend.com that was TWD's primary vehicle for its years-long infringement and a site for which the jury found TWD liable for roughly $750,000. Dkt. 336, p. 2. TWD also argued that it should be allowed to continue to interfere with Grunt Style's trademarks. 336, p. 4 et seq. TWD's principal, then filed an affidavit of "compliance"

2

despite failing to comply with the totality of the provisions of the permanent injunction. Dkt. 341.

This Court ultimately stayed execution of Paragraphs 3(e), 4, and 5 of the injunction and denied TWD's requested relief in all other respects. Dkt. 352. These paragraphs are as follows:

> "3. The Enjoined Parties are permanently enjoined and restrained from:
> 
>     ***
> 
> (e) filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style in the United States Patent and Trademark Office that are not lawfully used by Defendant, including any future application by grunt style for THIS WE'LL DEFEND;
> 
>     ***
> 
> 4. Defendant shall dismiss with prejudice Opposition No. 9124347, pending before the Trademark Trial and Appeal Board.
> 5. Defendant shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with any online or brick and mortar retail store, and/or sale of infringing goods using the THIS WE'LL DEFEND mark."

Notably, the Court denied TWD's assertion that it was not required to turn over www.thiswelldefend.com, but to date, TWD still has not done so.

On June 10, 2026, the Court of Appeals for the Seventh Circuit affirmed this Court's judgment in all respects. Grunt Style LLC, v. TWD, LLC, No. 25-1305, 2026 WL 1678866, at *1 (7th Cir. June 10, 2026). In so doing, the Court of Appeals rejected entirely any and all arguments advanced by TWD, including any complaints that TWD may have had regarding the propriety or scope of the Permanent Injunction.

Days have passed since the Seventh Circuit entered the affirming judgment, and still TWD has not taken any steps to comply with the permanent injunction.

3

To wit, TWD has not filed the dismissal of the Opposition. Dismissing the Opposition literally takes minutes. All that is required is a simple notice of withdrawal. See TBMP § 601.01 ("An opposer may withdraw its opposition by electronically filing with the Board a written withdrawal signed by the opposer or the opposer's attorney."). While this Court had entered a stay pending appeal, that stay evaporated once the Seventh Circuit rejected TWD and affirmed this Court's judgement in its entirety on June 10, 2026. Accordingly, TWD is now in contempt of this Court's permanent injunction Order. Grunt Style requests that this Court enter an order compelling TWD to comply by filing the requisite dismissal of Opposition No. 91254347 within 24 hours.

Furthermore, this Court must compel full compliance by all Enjoined Entities with all provisions of the injunction. In TWD's request to reconstrue the scope of the injunction, it made arguments that it was permitted to retain THIS WE'LL DEFEND tools of its infringement and brand interference, including the domain www.thiswelldefend.com. This Court should compel the Enjoined Parties to turn over "all labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials" that use THIS WE'LL DEFEND. See Dkt. 321.

The Enjoined Parties are "Defendant [TWD, LLC], its officers [Tim Bauer], agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant." Dkt. 321, ¶1. The items ordered to be relinquished to Grunt Style are anything that TWD used bearing THIS WE'LL DEFEND to promote its infringement. This includes TWD's online retail store website, www.thiswelldefend.com, TWD's Instagram account handle, www.instagram.com/thiswelldefend, any inventory of TWD THIS WE'LL DEFNEND marked shirts, any lithograph or manufacturing materials for making THIS WE'LL DEFEND products, as well as turning over the principal promotional tool, US Trademark

4

Registration No. 4880766 along with any goodwill and agreements associated therewith. All of the foregoing was used by TWD to promote and engage in the infringement of Grunt Style's rights in THIS WE'LL DEFEND, and the Enjoined Entities must now relinquish all such property in its entirety in compliance with the permanent injunction.

TWD had an opportunity to address the terms of the permanent injunction in its Appeal to the Seventh Circuit. The Court of Appeals completely rejected every argument TWD raised. Accordingly, all that is left is for this Court to order compliance and/or hold TWD in contempt for non-compliance.

WHEREFOR for the reasons set forth herein, Grunt Style respectfully requests that this Court grant this motion in its entirety.

Dated: June 12, 2026

Respectfully submitted,

**PLAINTIFF GRUNT STYLE LLC**

By: /s/ *Matthew De Preter*
Matthew De Preter
Sofia Quezada Hastings
Aronberg Goldgehn Davis & Garmisa 225 West Washington Street – Suite 2800 Chicago, IL 60606
P: 312-755-3153
cdepreter@agdglaw.com
shastings@agdglaw.com

Kathleen Lyons
Dennemeyer & Associates LLC
230 W Monroe St., Ste. 2100
Chicago, IL 60606, United States
P: 312-978-1815
klyons@dennemeyer-law.com

*Attorneys for Grunt Style LLC*

5

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 12, 2026 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to counsel of record.

/s/ Matthew De Preter

One of the Attorneys for Grunt Style LLC

6