**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Argued January 29, 2026
Decided June 10, 2026

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

No. 25-1305

GRUNT STYLE LLC,
*Plaintiff-Appellee*,

*v.*

TWD, LLC,
*Defendant-Appellant*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 1:18-cv-07695

LaShonda A. Hunt,
*Judge*.

## ORDER

The parties have spent over eight years litigating trademark rights in the phrase "This We'll Defend," a historical slogan associated with the United States Army.[1] Grunt

---

[1] The Army continues to use "This We'll Defend" as a motto. *See* Henry Howe, *This We'll Defend: The Army's Defining Motto*, U.S. Army (Mar. 20, 2025), https://perma.cc/6ZLR-R53H. The parties' use of the phrase is limited, by agreement (at least between TWD and the Army), to clothing and online sales of clothing. We do not address whether such a commonly recognized historical phrase is trademarkable to begin with, because that issue is not before us.

Style LLC sells patriotic apparel with the "This We'll Defend" mark; so does TWD, LLC. After the parties sued each other,[2] Grunt Style moved for partial summary judgment on TWD's claims. The district court found that Grunt Style had established common-law priority in the mark, and dismissed TWD's claims and cancelled its federal registration. The case went to trial on Grunt Style's counterclaims, and a jury found TWD liable for infringement. The district court then entered final judgment, awarding Grunt Style damages and pre- and post-judgment interest and enjoining TWD's further use of the mark.

TWD now appeals an assortment of rulings from across the case's lifespan. It asks us to (among other things) vacate the district court's damages award and permanent injunction, reverse its summary-judgment ruling, and order a new trial.

We affirm. Despite the many issues TWD raises on appeal, this dispute is fundamentally about who began using the "This We'll Defend" mark first. That is because "trademark ownership is not acquired by federal or state registration, but rather from prior appropriation and actual use in the market." *S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665 (7th Cir. 2016) (cleaned up); *Hana Financial, Inc. v. Hana Bank*, 574 U.S. 418, 419 (2015) ("Rights in a trademark are determined by the date of the mark's first use in commerce. The party who first uses a mark in commerce is said to have priority over other users."). TWD makes much of its successful May 2015 application to register "This We'll Defend" with the U.S. Patent and Trademark Office, but "[a] trademark application is always subject to previously established common law trademark rights of another party." *S.C. Johnson*, 835 F.3d at 665–66 (quoting *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 435 (7th Cir. 1999)). And any presumption of validity that federal registration confers "evaporates as soon as evidence of invalidity"—such as another party's prior use—"is presented." *Georgia-Pacific Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2011) (citation omitted).

The district court did not err when it found at summary judgment that Grunt Style's use came first. Whether a party has demonstrated prior and superior rights is

---

[2] The parties filed parallel lawsuits in 2018: Grunt Style in the Northern District of Illinois, and TWD in the Southern District of California. This appeal arises from TWD's action, which became the vehicle for the parties' dispute after the California suit was transferred to the Northern District of Illinois on Grunt Style's motion. TWD was the original plaintiff in this suit, but the district court granted Grunt Style's motion to realign the parties after dismissing TWD's claims at summary judgment.

determined "on a case by case basis, considering the totality of the circumstances." *Johnny Blastoff*, 188 F.3d at 433. The undisputed material facts—construed in TWD's favor as the nonmovant—show that Grunt Style's founder began using "This We'll Defend" on Grunt Style's clothing, company letterhead, and website (which was accessible nationwide) as early as 2011. Grunt Style continued to use the mark thereafter, including on invoices and at trade shows throughout the United States. These uses show "first, adoption, and second, use in a way sufficiently public to identify or distinguish [Grunt Style's] goods." *Id.* (cleaned up). TWD, meanwhile, concedes that its founder did not begin using the mark on clothing until September 2014—several years after Grunt Style's first established use.

TWD's efforts to contest Grunt Style's prior rights in the mark are unpersuasive. It argues that Grunt Style's evidence fails to show a sufficient volume of sales before September 2014. But Grunt Style "did not have to show either a high volume of sales or widespread recognition"; its sales via "a publicly available website" that "was available nationwide," plus its other uses of the mark in company materials and at trade events, were enough. *S.C. Johnson*, 835 F.3d at 669–70; *see Johnny Blastoff*, 188 F.3d at 434 ("Evidence of actual sales is not necessary to establish ownership.").

In addition, TWD argues that Grunt Style's prior uses of the mark were solely "ornamental"—that is, use as decoration rather than as a means of identifying the product's source. This ornamentality argument turns on the visual analysis of TWD's expert, trademark attorney Eric Wachspress, which the district court excluded at summary judgment. TWD contends this exclusion was itself an abuse of discretion, but we disagree: not only did TWD fail to introduce evidence of Wachspress's qualifications, as required by Federal Rule of Evidence 702, but Wachspress's report repeatedly veered into impermissible conclusions of law on Grunt Style's underlying rights. In any event, we are satisfied that the "size, location, and dominance" of Grunt Style's pre-2014 uses of the mark—including in small print on shirt tags—made these uses indisputably source-identifying rather than merely ornamental. U.S. Patent & Trademark Off., *Trademark Manual of Examining Procedure* § 1202.03(a) (May 2026); *see* 1 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 7:24 (5th ed. Mar. 2026 update) (collecting cases).

TWD also questions whether Grunt Style proved "continuous" use over the relevant period, again without success. *S.C. Johnson*, 835 F.3d at 668. It suggests that Grunt Style's 2014 dissolution in Georgia and immediate reincorporation in Illinois under the same business name somehow breaks the chain of Grunt Style's ongoing use. And it picks out certain changes in Grunt Style's sale numbers, product lines, and the positioning of

the "This We'll Defend" slogan on its website to argue the company failed to actively stake out its rights in the mark.[3] The district court rejected these underdeveloped arguments, and so do we. The record shows a consistent pattern of public-facing use by the successive Grunt Style entities from 2011 onward; the law does not require rightsholders to use the mark in precisely the same way, or on the same products, over time. As we held in *S.C. Johnson*, "focusing exclusively" on one type of evidence in assessing continuous use "misse[s] the forest while looking for one specific type of tree." *Id.* We thus affirm the district court's dismissal of TWD's claims, and cancellation of TWD's trademark registration, based on its priority finding in Grunt Style's favor at summary judgment.

Aside from priority, TWD also raises a host of other alleged missteps made by the district court throughout the litigation. Most—such as rulings on various discovery disputes, motions *in limine* based on the earlier summary-judgment order, and instructions to the jury on the scope of Grunt Style's infringement claims—were both legally sound and well within the discretion of the two district judges who ably managed this case over many years.[4] "[M]atters of trial management are for the district judge and we intervene only when it is apparent the judge has acted unreasonably." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 593 (7th Cir. 2012) (citation omitted).

We pause to address the district court's decision to award prejudgment interest on Grunt Style's damages. In *Gorenstein Enterprises, Inc. v. Quality Care-USA, Inc.*, we found prejudgment interest "presumptively available" for trademark-infringement claims under 15 U.S.C. § 1117(a). 874 F.2d 431, 436 (7th Cir. 1989). TWD gestures at several

---

[3] TWD's argument on this front tracks the affirmative defense of "abandonment." But the district court struck that defense, along with others, after TWD repeatedly failed to plead facts sufficient to support them as a matter of law; we find no error in that decision. Separately, TWD disputes the district court's dismissal of its affirmative defenses of federal preemption and unclean hands at summary judgment. We conclude that TWD either waived or forfeited both defenses before the district court by failing to muster coherent "factual and legal arguments in support" of its position, and so we do not address them. *Soo Line R.R. Co. v. Consol. Rail Corp.*, 965 F.3d 596, 602 (7th Cir. 2020).

[4] TWD also criticizes the Southern District of California's decision to transfer its case to Illinois at the outset of the litigation. But we could not review that decision even if we were so inclined. TWD does not appear to have ever moved the Illinois district court to transfer the case back to California, and "we cannot review the decision of a court in another circuit to transfer a case to a district court in this circuit." *Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1156 (7th Cir. 1993).

circuits' more recent divergence from *Gorenstein*'s rule, on the grounds that the statute only mentions prejudgment interest for claims under section 1117(b) involving the intentional use of a counterfeit mark. *See Kars 4 Kids Inc. v. America Can! Cars for Kids*, 8 F.4th 209, 225 n.24 (3d Cir. 2021) (no prejudgment interest for claims under section 1117(a)); *Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721–22 (4th Cir. 2015) (same). *But see Merck Eprova AG v. Gnosis S.p.A.*, 760 F.3d 247, 264 (2d Cir. 2014) (affirming the district court's award of prejudgment interest under section 1117(a)); *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1236–37 (10th Cir. 2000) (reversing the district court's denial of prejudgment interest under section 1117(a)). But *Gorenstein*—which TWD neither asked us to overrule in its briefing nor meaningfully addressed at oral argument—remains the binding law of this circuit, and we will not disturb it so easily. *See United States v. Orona*, 118 F.4th 858, 868 (7th Cir. 2024) ("[I]t is rarely appropriate to overrule circuit precedent just to move from one side of a conflict to another." (citation omitted)).

AFFIRMED