**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment). | ) | CASE NO. **1:18-cv-07695**<br><br>**COMBINED MEMORANDUM IN SUPPORT OF TWD, LLC'S MOTION FOR COURT TO MODIFY, TERMINATE OR STAY CERTAIN PROVISIONS OF PERMANENT INJUNCTION AND IN OPPOSITION TO GRUNT STYLE'S MOTION FOR COMPLIANCE OR CONTEMPT**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |
| and related claims of TWD, LLC transferred from the United States District Court, Southern District of California. | ) | |

# TABLE OF CONTENTS


I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. TWD'S MOTION TO TERMINATE, MODIFY OR STAY CERTAIN PERMANENT INJUNCTION PROVISIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

A. This Court Has Authority to Modify or Dissolve Provisions in the Permanent Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

B. Recently Amended Anti-SLAPP Law Supports This Court Dissolving or Modifying Paragraphs 3(d), 3(e) and 4 That Violate TWD's Right To File (Or Not File) Documents With The USPTO And TTAB. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

C. Paragraphs 3(d), 3(e) and 4 of The Permanent Injunction Should Be (Or Are Automatically) Stayed Until All TWD Appellate Proceedings Are Exhausted . . . 7

III. GRUNT STYLE'S MOTION TO COMPEL COMPLIANCE AND FOR CONTEMPT OF THE PERMANENT INJUNCTION LACKS MERIT . . . . . . . . . . . . . . . . . . . . . . . 8

A. TWD Has Complied With Paragraphs 1, 2, 3, 5, 6 and 7 of The Permanent Injunction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B. TWD Has Complied With Stayed Paragraph 4 of The Permanent Injunction . . . . 9

C. TWD Challenges Grunt Style's Claimed New Commands and Violations of the Permanent Injunction in It's "Letter" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV. CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Pursuant to the Court's Order [ECF 404], defendant TWD, LLC ("TWD") submits this combined memorandum in support of TWD's Motion for Court to Modify, Terminate or Stay Certain Provisions of Permanent Injunction and in opposition to plaintiff Grunt Style, LLC's ("GS") motion to hold defendant TWD in contempt and compel TWD's compliance with the permanent injunction [ECF 402].

## I. INTRODUCTION

TWD addresses its motion to modify, terminate or stay certain Permanent Injunction[1] provisions before responding to Grunt Style's motion to compel compliance for contempt. Logically, if a provision in the Permanent Injunction is modified, terminated or stayed, then that provision is not a basis for the court to grant Grunt Style's motion to compel compliance and for contempt.

As discussed in §II, the Permanent Injunction should be modified or dissolved as to certain provisions. *See* 28 USC § 1292(a)(1) ("courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." As discussed in §II.A, this court has authority to modify or dissolve provisions in the Permanent Injunction. As discussed in §II.B, after the filing of TWD's appeal on February 24, 2025 [ECF 334], new anti-SLAPP law[2] was enacted that supports modifying or dissolving paragraphs 3(d), 3(e) and 4

---

[1] "Permanent Injunction" refers the Order of Permanent Injunction [Dkt. 321] with paragraph 4 as modified by Order [Dkt. 331], and stayed pending appellate proceedings with respect to collectively referred to Paragraphs 3(e), 4, and 5 [ECF 352].

[2] "There has been a disturbing increase in lawsuits termed 'Strategic Lawsuits Against Public Participation' in government or 'SLAPPs' as they are popularly called." 735 ILCS 110/5

of the Permanent Injunction which prevent TWD from exercising its rights before the United States Patent and Trademark Officce ("USPTO") and the Trademark Trial Trial and Appeal Board ("TTAB"). As discussed in §II.C, this court can confirm that the court order staying paragraph 3(e) and 4 of the Permanent Injunction remains in place pending TWD's exhaustion of appellate review. A stay is also supported (if not automatic) with respect to any appeal of this court's refusal to dissolve or modify the SLAPP provisions in the Permanent Injunction. *See* 28 USC § 1292(a)(1) and 735 ILCS 110/17 (automatic stay).

As discussed in §III, Grunt Style's motion to compel compliance and for contempt of the Permanent Injunction lacks merit. As discussed in §III.A, TWD has complied with paragraphs 1, 2, 3, 5, 6 and 7 of the Permanent Injunction. As discussed in §III.B, TWD has complied with stayed paragraph 4 of the Permanent Injunction. As discussed in §III.C, TWD challenges Grunt Style's claimed new commands and violations of the Permanent Injunction in it's "letter" [ECF 402-1] because they are not unambiguously set forth in the Permanent Injunction.

## II. TWD'S MOTION TO TERMINATE, MODIFY OR STAY CERTAIN PERMANENT INJUNCTION PROVISIONS

### A. This Court Has Authority to Modify or Dissolve Provisions in the Permanent Injunction

The Permanent Injunction is an interlocutory order that can modified or terminated by this court. Paragraph 8 of the Permanent Injunction [ECF 321] provides: "This Court retains jurisdiction over this matter for the purpose of enabling any of the parties to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Order, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions."

Although TWD challenged the Permanent Injunction on appeal, the Seventh Circuit declined to make any explicit rulings regarding any of the provisions. [Supp. TWD Compliance Decl., ¶¶8-15]. On July 1, 2026, TWD filed a Petition for Rehearing En Banc and for Panel Rehearing that contains the argument heading "IV. With Respect To Final Injunctive Relief Stayed By the District Court Pending this Appeal, The Panel Decision Overlooked Ruling On Them" that requested explicit rulings.

> The Panel Decision overlooked TWD's appeal arguments that the permanent injunction was overbroad. [Dkt. 26 {Opening}, at 66-67]. The district court specifically stayed paragraphs 3(e), 4, and 5 pending this appeal, but the Panel Decision contains no discussion.
>
> The district court's power to order injunctive relief was limited to the claimed THIS WE'LL DEFEND unregistered, common law mark owned by plaintiff GS. *See* 15 U.S.C. §1116(a) ("The several courts vested with jurisdiction of civil actions arising under this Act shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, . . . ***to prevent a violation under subsection (a)***, (c), or ***(d) of section 43 [15 USCS §1125]***"); 815 ILCS 510/3 ("***Relief granted for the copying of a article shall be limited to the prevention of confusion or misunderstanding as to source***.") (emphasis added).

[Supp. TWD Compliance Decl., ¶10 (emphasis added)]. On July 31, 2026, the Seventh Circuit issued an Order denying TWD's Petition for Rehearing En Banc and for Panel Rehearing. [ECF 398]. [Supp. TWD Compliance Decl., ¶13].

Grunt Style LLC's First Amended Counterclaims [ECF 41] contain ***no allegation*** that TWD's filing of a Trademark Trial and Appeal Board ("TTAB") Opposition Proceeding 91254347 that opposes registration of Grunt Style's trademark application for the mark **GRUNT STYLE** constituted a violation of 15 U.S.C. §1125. Rather, Grunt Style alleged that TWD's use of **THIS WE'LL DEFEND** (Reg. No. 4880766) violated 15 U.S.C. §1125(a)(a)(A) or 815

ILCS § 510, et seq. [Supp. TWD Compliance Decl., ¶11 *citing* ECF 41 {ACC}, ¶¶135 and 158].

The Seventh's Circuit Opinion made no "explicit directives" regarding the Permanent Injunction that this district court must follow. "But explicit rulings on issues that were before the higher court and ***explicit directives*** by that court to the lower court concerning proceedings on remand are not dicta." *Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993)

Even if the Seventh Circuit's Opinion is deemed to have made rulings regarding the Permanent Injunction that constitute law of the case, the Opinion never cut off this district court's power to dissolve or modify any provision in the Permanent Injunction. "It is important to note that the law of the case doctrine does not limit this court's power to reconsider earlier rulings in a case." *Evans v. City of Chi.*, 873 F.2d 1007, 1014 (7th Cir. 1989). "This court has, on a limited number of occasions in subsequent appeals, reconsidered a previous decision in the same case and concluded that the former ruling was clearly erroneous." *Id.*

### B. Recently Amended Anti-SLAPP Law Supports This Court Dissolving or Modifying Paragraphs 3(d), 3(e) and 4 That Violate TWD's Right To File (Or Not File) Documents With The USPTO And TTAB

Every person has a right to publicly participate in government (including filing or not filing documents with the USPTO or TTAB). Paragraphs 3(d), 3(e) and 4 of the Permanent Injunction either compel TWD to file or restrict TWD's right to file documents with the USPTO and TTAB.

> 3. The Enjoined Parties are permanently enjoined and restrained from:
>
> d. registering or attempting ***to register*** the THIS WE'LL DEFEND mark;
>
> e. filing extensions of time to oppose or opposing any applications for

> marks filed by Grunt Style ***in the United States Patent and Trademark Office*** that are not lawfully used by Defendant, including any future application by grunt style for THIS WE'LL DEFEND;
>
> * * *
>
> 4. No later than thirty (30) days from entry of this Order, by February 27, 2025, Defendant shall dismiss with prejudice Opposition No. 91254347, ***pending before the Trademark Trial and Appeal Board***.

[ECF 321 (emphasis added)].

With respect to paragraph 3(d), the mark "MOTTO: THIS WE'LL DEFEND" (Reg. No. 6707553) in force in Class 32 for "Beer" by Cartridge Brewing, LLC. Similarly, the Department of the Army owner the mark "THIS WE'LL DEFEND" (Reg. No. 6201011) in Class 35 for various services. Although after the Permanent Injunction, TWD has not filed or attempted to file any trademark application for THIS WE'LL DEFEND with the USPTO, TWD should have the right to do so, subject to the right of the USPTO to refuse such trademark application and subject to the right of any person with standing (*e.g.* Grunt Style, Cartridge Brewing, LLC or the Department of the Army) to oppose registration pursuant to TTAB procedures after publication by the USPTO.

With respect to paragraph 3(e), the Permanent Injunction imposes restrictions on TWD that are not imposed by the USPTO and TTAB on other persons.

With respect to paragraph 4, the Permanent Injunction compels TWD to file a dismissal "with prejudice" as to TTAB Opposition Proceeding 91254347 that opposes registration of Grunt Style's trademark application for the mark **GRUNT STYLE**.

The Illinois anti-SLAPP law was recently amended August 21, 2025 after TWD had filed its appeal to the Seventh Circuit on February 24, 2025 [ECF 334]. [Supp. TWD Compliance Decl., ¶23 and Ex. B (showing changes)].

TWD contends that this motion to modify or terminate paragraphs 3(d), 3(e) and 4 constitute under anti-SLAPP law a "motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government." 735 ILCS 110/15. Under 735 ILCS 110/10: "'Judicial claim' or 'claim' include ***any lawsuit***, cause of action, claim, cross-claim, counterclaim, or ***other judicial pleading or filing alleging injury***." (Emphasis added). Under 735 ILCS 110/10: "Motion' includes any motion to dismiss, for summary judgment, or to strike, or ***any other judicial pleading filed to dispose of a judicial claim***." (Emphasis added). Under 735 ILCS 110/10: "Moving party' means any person on whose behalf a motion described in subsection (a) of Section 20 [735 ILCS 110/20] is filed ***seeking dismissal of a judicial claim***." (Emphasis added).

"Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that the constitutional rights of citizens and organizations to be involved and participate freely in the process of government must be encouraged and safeguarded with great diligence. . . . The threat of SLAPPs significantly chills and diminishes citizen participation in government . . .." 735 ILCS 110/5.

An important change is that the "claim does not need to solely pertain to the moving party's constitutional rights . . .." 735 ILCS 110/15. Another important change is an automatic stay once an anti-SLAPP motion is filed. 735 ILCS 110/17.

Additionally, fundamental Due Process and notice issues support modifying or dissolving paragraphs 3(d), 3(e) and 4 of the Permanent Injunction. Grunt Style LLC's First Amended Counterclaims [ECF 41] contain ***no allegation*** that TWD's filing of a Trademark Trial and

Appeal Board ("TTAB") Opposition Proceeding 91254347 that opposes registration of Grunt Style's trademark application for the mark **GRUNT STYLE** constituted a violation of 15 U.S.C. §1125. Rather, Grunt Style alleged that TWD's use of **THIS WE'LL DEFEND** (Reg. No. 4880766) violated 15 U.S.C. §1125(a)(a)(A) or 815 ILCS § 510, et seq. [Supp. TWD Compliance Decl., ¶23 and Ex. B (showing changes)].

Further, the text of the injunction enabling statutes 15 U.S.C. §1116(a) and 815 ILCS 510/3 (set forth above) support that paragraphs 3(d), 3(e) and 4 of the Permanent Injunction exceed the statutory authorization – especially with respect to marks other than THIS WE'LL DEFEND.

### C. Paragraphs 3(d), 3(e) and 4 of The Permanent Injunction Should Be (Or Are Automatically) Stayed Until All TWD Appellate Proceedings Are Exhausted

In many courts (particularly in the Ninth Circuit) a formal "spread the mandate" hearing is held for formalize jurisdiction in the district court. *See, e.g. Jackson-Jones v. Epoch Everlasting Play, LLC*, No. 2:23-cv-02567-ODW (SKx), 2025 U.S. Dist. LEXIS 216100, at *2 (C.D. Cal. Sep. 26, 2025) ("The Court hereby spreads the mandate.").

This court has not formally dissolved the stay in its order. [ECF ECF 352 {Order} "Defendant's motion regarding permanent injunction [335] is granted as to a ***stay of Paragraphs 3(e), 4, and 5*** of the Order of Permanent Injunction entered 1/28/25 [321]."

TWD requests that this court's stay remain in place until the exhaustion of appellate proceedings. TWD will be filing its petition for a writ of certiorari to the United States Supreme Court by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days). TWD can file an appeal to the Seventh Circuit of an order refusing to modify paragraph 4 of the Permanent

Injunction. See 28 USC § 1292(a)(1) ("Interlocutory orders of the district courts of the United States . . . refusing to dissolve or modify injunctions") and 735 ILCS 110/20 ("An appellate court shall expedite any appeal or other writ, whether interlocutory or not, from a trial court order denying that motion"). [Supp. TWD Compliance Decl., ¶24].

The recently enacted 735 ILCS 110/17 supports an additional ground for an automatic stay of paragraphs 3(d), 3(e) and 4 of the Permanent Injunction effective immediately upon the filing TWD motion to modify the Permanent Injunction to delete paragraph 4 and continuing through any future appeal. *See* 735 ILCS 110/17(c) ("if a party appeals from an order ruling on the motion to dispose of the claim, all proceedings between all parties in the action are stayed. The stay remains in effect until the conclusion of the appeal.").

## III. GRUNT STYLE'S MOTION TO COMPEL COMPLIANCE AND FOR CONTEMPT OF THE PERMANENT INJUNCTION LACKS MERIT

Grunt Style filed Plaintiff's Renewed Opposed Motion to Hold TWD in Contempt and Compel TWD's Compliance with the Permanent Injunction [ECF 402] ("GS Contempt Motion"). The GS Contempt Motion [ECF 402] argues that TWD failed to comply with the Permanent Injunction by failing to comply demands set forth in Grunt Style's letter dated August 26, 2026.

> The Seventh Cicuit (sic) was not swayed. It rejected the extension and TWD's bid to avoid responsibility for ***complying with the permanent injunction***. TWD's recounting its obligations to the Seventh Circuit confirms that ***it knows exactly what it must do to comply, but it continues to thumb its nose at such obligations***.
>
> Indeed, ***on August 26, Grunt Style sent a letter to TWD demanding compliance***. Ex. A. TWD did nothing to comply with its obligations.

[ECF 402 at 5 (emphasis added)]

The GS Contempt Motion [ECF 402] attaches as Exhibit A [ECF 402-1] its reference

"letter" specifying that TWD had "24 hours" to confirm that "TWD will complete the following actions":

> 1. Pay Grunt Style $1,072,294.03; . ..
> 2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB;
> 3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style.
> 4. Provide login credentials for TWD's Instagram handle www.instagram.com/thiswelldefend to enable Grunt Style to take over control of that handle.
> 5. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND marked shirts, and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products.
> 6. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of Registration No. 4880766.
> 7. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army.

[ECF 402-1 {Ex. A Letter}]. Grunt Style did not support its motion with any declarations.

The GS Contempt Motion [ECF 402], however, did not attach the parties' emails between the "letter" [ECF 402-1] and the filing of Grunt Style's motion that support that Grunt Style's motion was premature and failed to include the required Certification under Judge Hunt's procedures. [Supp. TWD Compliance Decl., ¶¶16 - 20].

### A. TWD Has Complied With Paragraphs 1, 2, 3, 5, 6 and 7 of The Permanent Injunction

TWD sets forth in detail facts that support that it complied with the Permanent Injunction provisions in: (1) the ongoing provision in paragraphs 1, 2, and 3; (2) the deadline in paragraph 5; (3) the deadlines in paragraphs 6 and 7. [Supp. TWD Compliance Decl., ¶¶3 - 5a nd 26-31]. The GS Contempt Motion [ECF 402] does not contend that TWD violated any unambiguous command in Paragraphs 1, 2, 3, 5, 6 and 7 of the Permanent Injunction. [Supp. TWD Compliance Decl., ¶¶3, 26, 29].

### B. TWD Has Complied With Stayed Paragraph 4 of The Permanent Injunction

The GS Contempt Motion does contend that TWD violated stayed paragraph 4 of the Permanent Injunction that provides:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by Plaintiff.
>
> * * *
>
> 4. No later than thirty (30) days from entry of this Order, by February 27, 2025, Defendant shall dismiss with prejudice Opposition No. 91254347, pending before the Trademark Trial and Appeal Board.

(Emphasis added). TWD's Opposition No. 91254347 opposes registration of plaintiff's trademark application for the mark **GRUNT STYLE**. [Supp. TWD Compliance Decl., ¶6].

On March 5, 2025, this court issued a docket entry Order that states, in part, "Defendant's motion regarding permanent injunction [335] is granted as to a ***stay of Paragraphs 3(e), 4, and 5*** of the Order of Permanent Injunction entered 1/28/25 [321]." [ECF 352 (Emphasis added)]. [Supp. TWD Compliance Decl., ¶7]. No formal order of the Seventh Circuit or this district court has dissolved this stay.

TWD has been very diligent in continuing to challenge paragraph 4 of the Permanent Injunction, including moving under recently enacted anti-SLAPP law. [Supp. TWD Compliance Decl., ¶¶8 - 24].

TWD opposes Grunt Style's motion for contempt as to stayed paragraph 4 of the Permanent Injunction. [Supp. TWD Compliance Decl., ¶¶8 - 24].

> To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent

effort to comply.

*United States SEC v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010). "[C]ivil contempt 'should not be resorted to where there is [a] fair ground of doubt as to the wrongfulness of the defendant's conduct.'" *Taggart v. Lorenzen*, 587 U.S. 554, 561 (2019) *quoting California Artificial Stone Paving Co. v. Molitor*, 113 U. S. 609, 618 (1885).

As to element 1, in light of this court's stay order, planned future appellate proceedings, and 735 ILCS 110/17, TWD does not believe that there is a court order that sets forth an unambiguous command for TWD to ***immediately*** dismiss with prejudice TTAB Opposition No. 91254347 opposing registration of of plaintiff's trademark application for the mark GRUNT STYLE. [Supp. TWD Compliance Decl., ¶25(a)].

As to element 2, TWD does not believe that it violated paragraph 4 of the Permanent Injunction because that paragraph was stayed beginning March 5, 2025. [Supp. TWD Compliance Decl., ¶25(a)].

As to element 3, if the court determines that all stays ended and that TWD violated paragraph 4 of the Permanent Injunction, TWD does not believe that the violation of paragraph 4 was significant and believes that TWD substantially complied with court's stay order by continuing to seek modification of paragraph 4.

As to element 4, If the court determines that all stays ended and that TWD violated paragraph 4 of the Permanent Injunction, TWD believes that it made (and continues to make) reasonable and diligent efforts to seek modification of paragraph 4 such that immediate compliance of paragraph 4 was not required.

In short, Grunt Style's unsupported motion does not establish by "clear and convincing

evidence" that TWD violated stayed paragraph 4 of the Permanent Injunction.

### C. TWD Challenges Grunt Style's Claimed New Commands and Violations of the Permanent Injunction in It's "Letter"

As explained above, the GS Contempt Motion [ECF 402] argues that TWD failed to comply with the Permanent Injunction by failing to comply with demands set forth in Grunt Style's "letter" dated August 26, 2026. [Supp. TWD Compliance Decl., ¶32) quoting ECF 402 at 5 ]. The GS Contempt Motion [ECF 402] attaches as Exhibit A [ECF 402-1] its reference "letter" specifying that TWD had "24 hours" to confirm that "TWD will complete the following actions" listed as Items 1 - 7. [Supp. TWD Compliance Decl., ¶33].

With respect to Grunt Style's claimed command and contempt of "1. Pay Grunt Style $1,072,294.03," TWD objects that the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to "Pay Grunt Style" any amount of money. [Supp. TWD Compliance Decl., ¶34].

With respect to Grunt Style's claimed command and contempt of "2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB," TWD explains above that paragraph 4 of the Permanent Injunction is stayed and should remain stayed. [Supp. TWD Compliance Decl., ¶35].

With respect to Grunt Style's claimed command and contempt of "3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style" the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer that domain name. Additionally, TWD further responds that TWD has never owned the domain name www.thiswelldefend.com and that TWD removed all content from the website www.thiswelldefend.com, so only a blank page would appear if someone entered the website address. After at least February 27, 2025 (date

of Initial TWD Compliance Decl.), any content on www.thiswelldefend.com was automatically added by GoDaddy.com. Grunt Style never asserted a claim under the Anticybersquatting Consumer Protection Act ("ACPA") [15 U.S.C. §1125(d)] (or any other claim) for transfer of the domain name www.thiswelldefend.com domain name to Grunt Style. [ECF 41 {ACC}]. [Supp. TWD Compliance Decl., ¶36].

With respect to Grunt Style's claimed command and contempt of "4. Provide login credentials for TWD's Instagram handle www.instagram.com/thiswelldefend to enable Grunt Style to take over control of that handle," the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer that the Instagram handle www.instagram.com/thiswelldefend. Additionally, TWD removed all content from TWD's Instagram account and that TWD no longer has ownership or control over TWD's Instagram account. Apparently as a result of removing all content from TWD's Instagram account, that Instagram handle became available and was claimed by someone else apparently related to Grunt Style based on the current post that refers to Grunt Style owning "superior common law rights to the trademark after a federal court dispute over apparel use." [Supp. TWD Compliance Decl., ¶37].

With respect to Grunt Style's claimed command and contempt of "5. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND (sic) marked shirts, and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products," TWD previously complied with the unambiguous demands in paragraph 6 of the Permanent Injunction as set forth above. Additionally, TWD further responds that Paragraphs 2 and 6 of the Permanent Injunction that required delivery "for destruction" by

Grunt Style of TWD "labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials" that "use any of the THIS WE'LL DEFEND mark." Paragraph 6 of the Permanent Injunction does not command that TWD deliver to Grunt Style any "shirts," "lithograph" or "manufacturing materials" for "destruction" by Grunt Style. [ECF 321, ¶6]. As to "shirts," TWD previously confirmed that its had no inventory of any products marked with the trademark THIS WE'LL DEFEND when the Permanent Injunction was filed January 28, 2025. [ECF 341, ¶6(g)]. TWD has no "lithograph" that "use any of the THIS WE'LL DEFEND mark to "deliver" to Grunt Style. TWD has no "manufacturing materials" that "use any of the THIS WE'LL DEFEND mark" to "deliver" to Grunt Style. [Supp. TWD Compliance Decl., ¶38].

With respect to Grunt Style's claimed command and contempt of "6. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of Registration No. 4880766" the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer a signed, notarized copy of the enclosed assignment of Registration No. 4880766 to Grunt Style. Additionally, Grunt Style never asserted (or set forth a statutory basis to assert) a claim for transfer of TWD's registration for THIS WE'LL DEFEND (Reg. No. 4880766) to Grunt Style. [ECF 41 {ACC}]. Grunt Style asserted a claim to declare TWD's registration for THIS WE'LL DEFEND (Reg. No. 4880766) was invalid. [ECF 41 {ACC}, ¶112 ("Grunt Style is entitled to a declaratory judgment that U.S. Trademark Reg. No. 4880766 is invalid at least due to Grunt Style's prior and superior rights to the mark THIS WE'LL DEFEND."] [Supp. TWD Compliance Decl., ¶39].

With respect to Grunt Style's claimed command and contempt of "7. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of the Settlement

and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army," the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army. Additionally, Grunt Style never asserted (or set forth a statutory basis to assert) a claim for transfer of a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army. [ECF 41 {ACC}]. [Supp. TWD Compliance Decl., ¶40].

TWD opposes Grunt Style's motion for contempt as to the six (6) items in its letter [ECF 402-1] that were never unambiguously commanded in the Permanent Injunction. With the exception of Item "2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB," each of the other six (6) items in Grunt Style's letter do not constitute an unambiguous command contained in the Permanent Injunction as set forth above. [Supp. TWD Compliance Decl., ¶40].

Accordingly, Grunt Style's unsupported motion does not establish by "clear and convincing evidence" that TWD Items 1, 3-7 of its "letter" [ECF 402-1] constitute unambiguous provisions of the Permanent Injunction that TWD violated.

## IV. CONCLUSION

For the foregoing reasons, this Court should grant TWD's motion to modify, terminate or stay certain Permanent Injunction provision and deny Grunt Style's motion for contempt as set forth above.

DATED: September 8, 2026 Law Offices of Darren J. Quinn

/s/ Darren J. Quinn
Darren J. Quinn (*pro hac vice*)

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401
E-mail: dq@dqlaw.com

Yanling Jiang, J.D. (Bar No. 6309336)
JiangIP LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60606
Telephone: 312-283-8091
E-mail: yanling@jiangip.com

*Attorneys for TWD, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn