**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment). | CASE NO. **1:18-cv-07695**<br><br>**SUPPLEMENTAL DECLARATION OF TIM BAUER RE: TWD, LLC COMPLIANCE WITH PERMANENT INJUNCTION**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |
| and related claims of TWD, LLC transferred from the United States District Court, Southern District of California. | |

I, TIM BAUER, declare:

1. I am the manager for defendant TWD, LLC ("TWD"). I submit this supplemental declaration regarding TWD's compliance with the Order of Permanent Injunction [Dkt. 321] with paragraph 4 as modified by Order [Dkt. 331], and stayed pending appellate proceedings with respect to Paragraphs 3(e), 4, and 5 [ECF 352], collectively referred to as "Permanent Injunction."

(a) I submit this supplemental declaration in opposition to Plaintiff's Renewed Opposed Motion to Hold TWD in Contempt and Compel TWD's Compliance with the Permanent Injunction [ECF 402] ("GS Contempt Motion").

(b) I also submit this supplemental declaration in support of TWD's concurrently filed Motion for Court to Modify. Terminate Or Stay Certain Provisions of Permanent Injunction ("TWD Modify Motion").

2. I am the sole manager of defendant TWD. There are no other persons that I understand to be "officers, agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant" TWD.

**TWD COMPLIANCE WITH ONGOING PROVISIONS IN PARAGRAPHS 1, 2 AND 3**

3. As I understand it, the GS Contempt Motion does not contend that TWD violated paragraphs 1, 2 and 3 of the Permanent Injunction that provide:

> 1. This Injunction applies to Defendant, its officers, agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant (the "Enjoined Parties").
>
> 2. This Injunction concerns the THIS WE'LL DEFEND mark owned by

Plaintiff.

3. The Enjoined Parties are permanently enjoined and restrained from:

a. directly or indirectly infringing the THIS WE'LL DEFEND mark;

b. using in any manner the THIS WE'LL DEFEND mark, or any colorable imitation or confusingly similar version of the THIS WE'LL DEFEND mark, exclusively, or as a portion of any trade name, trademark, service mark, or domain name;

c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Grunt Style, nor authorized by Grunt Style to be sold or offered for sale, and which bear the THIS WE'LL DEFEND mark, or any reproductions or colorable imitations thereof;

d. registering or attempting to register the THIS WE'LL DEFEND mark;

e. filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style in the United States Patent and Trademark Office that are not lawfully used by Defendant, including any future application by grunt style for THIS WE’LL DEFEND;

f. enabling, facilitating, permitting, encouraging, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above in paragraphs (a)–(f).

4. As set forth in paragraphs 5 and 6 of my Declaration of Tim Bauer Re: TWD, LLC Compliance with Permanent Injunction, filed February 27, 2025 [ECF 341] (“Initial TWD Compliance Decl.”), TWD established compliance with paragraphs 2 and 3 of the Permanent Injunction [ECF 321].

5. After February 27, 2025, TWD has remained in compliance with paragraphs 2 and 3 of the Permanent Injunction [ECF 321].

**TWD COMPLIANCE WITH STAYED PARAGRAPH 4**

6. As I understand it, the GS Contempt Motion does contend that TWD violated stayed paragraph 4 of the Permanent Injunction that provides:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by Plaintiff.
>
> * * *
>
> 4. No later than thirty (30) days from entry of this Order, by February 27, 2025, Defendant shall dismiss with prejudice Opposition No. 91254347, pending before the Trademark Trial and Appeal Board.

(Emphasis added). TWD's Opposition No. 91254347 opposes registration of plaintiff's trademark application for the mark **GRUNT STYLE**.

7. On March 5, 2025, this court issued a docket entry Order that states, in part, "Defendant's motion regarding permanent injunction [335] is granted as to a ***stay of Paragraphs 3(e), 4, and 5*** of the Order of Permanent Injunction entered 1/28/25 [321]." [ECF 352 (Emphasis added)].

8. TWD's appeal to the Seventh Circuit included arguments under heading "D. Erroneous Permanent Injunction Against TWD", including stayed paragraph 4 of the Permanent Injunction. [Brief of Appellant, at 66-67].

9. The Seventh Circuit's Opinion [ECF 400] contains no discussion of TWD's erroneous permanent injunction arguments. The only reference to "injunction" is in the sentence "It asks us to (among other things) vacate the district court's damages award and permanent injunction, reverse its summary-judgment ruling, and order a new trial." [ECF 400 at 2].

10. On July 1, 2026, TWD filed a Petition for Rehearing En Banc and for Panel

Rehearing that contains the argument heading "IV. With Respect To Final Injunctive Relief Stayed By the District Court Pending this Appeal, The Panel Decision Overlooked Ruling On Them" that requested explicit rulings.

> The Panel Decision overlooked TWD's appeal arguments that the permanent injunction was overbroad. [Dkt. 26 {Opening}, at 66-67]. The district court specifically stayed paragraphs 3(e), 4, and 5 pending this appeal, but the Panel Decision contains no discussion.
>
> The district court's power to order injunctive relief was limited to the claimed THIS WE'LL DEFEND unregistered, common law mark owned by plaintiff GS. *See* 15 U.S.C. §1116(a) ("The several courts vested with jurisdiction of civil actions arising under this Act shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, . . . ***to prevent a violation under subsection (a)***, (c), or ***(d) of section 43 [15 USCS §1125]***"); 815 ILCS 510/3 ("***Relief granted for the copying of a article shall be limited to the prevention of confusion or misunderstanding as to source***.") (emphasis added).

11. Grunt Style LLC's First Amended Counterclaims [ECF 41] contain ***no allegation*** that TWD's filing of a Trademark Trial and Appeal Board ("TTAB") Opposition Proceeding 91254347 that opposes registration of Grunt Style's trademark application for the mark **GRUNT STYLE** constituted a violation of 15 U.S.C. §1125. Rather, Grunt Style alleged that TWD's use of **THIS WE'LL DEFEND** (Reg. No. 4880766) violated 15 U.S.C. §1125(a)(a)(A) or 815 ILCS § 510, et seq.

(a) Grunt Style's Third Claim for Relief for violation of 15 U.S.C. §1125 alleges, in part: "TWD's advertisement, offer to sell, and sale of shirts bearing the mark THIS WE'LL DEFEND were, and in the future are, likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of TWD with Grunt Style, or as to the origin, sponsorship, or approval

of TWD's goods, services, or commercial activities by Grunt Style in violation of 15 U.S.C. § 1125(a)(1)(A)." [ECF 41 {ACC}, ¶135].

(b) Grunt Style's Fifth Claim for Relief for violation of 815 ILCS § 510, et seq. alleges, in part: "TWD's deceptive trade practices include marking its t-shirts with the mark THIS WE'LL DEFEND when it had no right to do so." [ECF 41 {ACC}, ¶158].

12. On July 16, 2026, TWD filed a Motion to Extend Time to Issue Mandate per Fed. R. App. 41(b) that updated the Seventh Circuit: "Two different law firms that specialize in United States Supreme Court practice unilaterally contacted TWD's counsel about potentially representing TWD on a petition for a writ of certiorari in the Supreme Court on a pro bono basis." [Dkt. 52-1, at 4-5]. On July 21, 2026, the Seventh Circuit issued an Order that states, in part: "IT IS ORDERED that the motion is DENIED as premature." [Dkt. 53].

13. On July 31, 2026, the Seventh Circuit issued an Order denying TWD's Petition for Rehearing En Banc and for Panel Rehearing. [ECF 398].

14. On August 4, 2026, TWD filed a Renewed Motion to Extend Time to Issue Mandate per Fed. R. App. 41(b) that further updated the Seventh Circuit:

> Two different law firms that specialize in United States Supreme Court practice unilaterally contacted TWD's counsel about potentially representing TWD on a petition for a writ of certiorari in the Supreme Court on a *pro bono* basis.
>
> No decision has been made as to which additional law firm will represent TWD on a petition for a writ of certiorari in the Supreme Court. Meetings are set for this for this Thursday, August 6, 2026 (Skadden, Arps, Slate, Meagher & Flom LLP) and this Friday, August 7, 2026 (Jenner & Block).

* * *

> Under Supreme Court Rule 13, TWD has until Thursday, October 29, 2026 (July 31, 2026 + 90 days) to file a petition for a writ of certiorari.

[Dkt. 55-1, at 7-8]. On August 11, 2026, the Seventh Circuit issued an Order that states: "On August 4, 2026, this court received a motion to ***extend*** time to issue the mandate [under Fed. R. App. P. 41(b)] from appellant, which this court construes as a motion to ***stay*** the mandate. See Fed. R. App. P. 41(d)(1). ***So construed***, IT IS ORDERED that the request is DENIED." [Dkt. 58 (emphasis and bracketed text added).

15. On August 25, 2026, the Seventh Circuit issued a Notice of Issuance of Mandate that provides, in part: "A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate." [ECF 397].

(a) The certified copy of the Seventh Circuit's opinion does not contain any explicit rulings with respect to the Permanent Injunction, including stayed paragraph 4. [ECF 400].

(b) The certified copy of the Seventh Circuit's Final Judgment does not contain any explicit rulings with respect to the Permanent Injunction, including stayed paragraph 4. [ECF 399].

16. On August 26, 2026, Grunt Style's counsel sent TWD's counsel an email that states, in part:

> The District Court further entered a permanent injunction against TWD. Dkt. 321. While certain provisions of the injunction were temporarily stayed pending appeal, Dkt. 352, the appeal is now concluded. The Seventh Circuit rejected all of TWD's arguments on appeal and affirmed the judgment and all relief entered by the District Court. Dkt. 399, 400. The Seventh Circuit further rejected TWD's request for rehearing. 398. On August 25, 2026 the Seventh Circuit issued the mandate returning jurisdiction to the District Court to oversee compliance with its judgment

> and orders.

[Ex. A].

17. On August 26, 2026, TWD's counsel provided an initial response to Grunt Style's email that states:

> This is my *preliminary* response to your email to alert you that TWD has a written agreement with Jenner & Block LLP with respect to TWD filing a petition for a writ of certiorari to the United States by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days).
>
> Counsel at Jenner & Block who will work on the petition for a writ of certiorari include Adam Unikowsky (who has argued multiple times before the U.S. Supreme Court and was a law clerk to Hon. Antonin Scalia, US Supreme Court) and Andrianna D. Kastanek (who was a law clerk to Hon. Anthony M. Kennedy, US Supreme Court).
>
> ***The district court issued a stay of certain injunction provisions***. [ECF 352 (DOCKET ENTRY ORDER: "For the reasons stated on the record, Defendant's motion regarding permanent injunction [335] is granted as to a stay of Paragraphs 3(e), 4, and 5 of the Order of Permanent Injunction entered 1/28/25 [321] . . .")].
>
> ***I request that you confirm that the district court's stay will remain in place until the conclusion of the U.S. Supreme Court's proceedings***.
>
> I intend to provide a further response to your email on or before this Friday, August 21, 2026. ***TWD reserves the right to file a motion for clarification, modification and/or stay of the permanent injunction***.

[Ex. A (emphasis added)]. Later that day, Grunt Style's counsel sent a reply email that states: "Grunt style does not agree."

18. In light of Grunt Style's counsel's email reply that "Grunt style does not agree" that the paragraphs 3(e), 4, and 5 remain stayed, TWD's counsel sent a reply email the next day requesting clarification of Grunt Style's position on any claimed contempt of the Permanent Injunction by TWD.

***Thank you for clarifying that GS does not agree to a stay pending U.S. Supreme Court proceedings***.

I need clarification on your statement in your 8/26/2026 email: "***Should TWD fail to comply with the forgoing, or provide a definitive timeline for its compliance, Grunt Style will renew its Motion to Compel compliance with the District Court***." (emphasis added).

Your wording "renew its Motion to Compel compliance" presumably refers to renewing its GS's withdrawn PLAINTIFF'S RENEWED OPPOSED MOTION TO HOLD TWD IN CONTEMPT AND COMPEL TWD'S COMPLIANCE WITH THE PERMANENT INJUNCTION [ECF 391].

***Please confirm that GS currently contends that TWD will be in contempt of Permanent Injunction [EC 321] if TWD does not***:

1. Pay Grunt Style $1,072,294.03;

2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB;

3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style.

4. Provide login credentials for TWD's Instagram handle www.instagram.com/thiswelldefend to enable Grunt Style to take over control of that handle.

5. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND (sic) marked shirts, and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products.

6. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of Registration No. 4880766.

7. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army.

[Ex. A (emphasis added and in original)]. Later that day, Grunt Style's counsel sent an email

reply: “There is nothing to clarify. TWD must comply with the injunction and judgment as set forth in my prior letter. Should it fail to do so, we will seek the assistance of the Court.” [Ex. A].

19. TWD’s counsel sent a reply email later on August 27, 2026 disagreeing with Grunt Style’s counsel’s statement that “There is nothing to clarify.”

> I disagree with your email reply that "There is nothing to clarify."
>
> A Judgment is different than a Permanent Injunction.
>
> Please confirm that GS currently contends that TWD will be in contempt of Permanent Injunction [EC 321] if TWD does not:
>
> 1. Pay Grunt Style $1,072,294.03;
>
> 2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB;
>
> 3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style.
>
> 4. Provide login credentials for TWD’s Instagram handle www.instagram.com/thiswelldefend to enable Grunt Style to take over control of that handle.
>
> 5. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE’LL DEFNEND marked shirts, and any lithograph or manufacturing materials for making THIS WE’LL DEFEND products.
>
> 6. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of Registration No. 4880766.
>
> 7. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army.
>
> ***It currently appears that GS contends that TWD s violating the Permanent Injunction in ways in addition to GS’s prior and withdrawn MOTION TO HOLD TWD IN CONTEMPT AND COMPEL TWD’S***

***COMPLIANCE WITH THE PERMANENT INJUNCTION*** [ECF 391].

[Ex. A (emphasis added)].

20. On the evening of August 31, 2026, Grunt Style's response to TWD's August 27, 2026 reply email was the filing of Plaintiff's Renewed Opposed Motion to Hold TWD in Contempt and Compel TWD's Compliance with the Permanent Injunction. [ECF 402]. Grunt Style's motion does not include the Certification pursuant to Judge Hunt's Motion Practice Case Procedures that states "the movant must include a certification at the end of the motion stating that counsel met and conferred prior to filing and proposing an agreed briefing schedule."

21. The next day, September 1, 2026, TWD's counsel filed an Unopposed Motion of TWD, LLC to Appear Remotely [ECF 403] that provides, in part:

> Defendant TWD anticipates filing on **Tuesday, September 8, 2026** (Monday is a court holiday) ***TWD's Opposed Motion to Stay, Clarify, Modify or Terminate Permanent Injunction Provisions***. On Wednesday, August 26, 2026, plaintiff Grunt Style declined to agree to TWD's request "that the district court' stay will remain in place until the conclusion of the U.S. Supreme Court's proceedings." On Thursday, August 27, 2026, defendant TWD requested clarification from plaintiff Grunt Style regarding Judgment vs. Permanent Injunction issues. On Monday, August 31, 2026, plaintiff Grunt Style responded by filing its Contempt Motion [ECF 401 and 402].

[ECF 403 (emphasis added and in original)].

22. The next day, September 2, 2026, the court issued an order setting a briefing schedule on the motion and requesting "at least three agreed dates and times in October for an in person hearing on the motions." [ECF 404]. It is unclear whether the court is ordering me to travel from California to Chicago and appear in person at this combined hearing.

23. TWD believes that paragraph 4 of the Permanent Injunction requiring TWD to

"dismiss with prejudice" TTAB Opposition Proceeding 91254347 that opposes registration of Grunt Style's trademark application for the mark **GRUNT STYLE** is contrary to the Illinois anti-SLAPP law that was recently amended August 21, 2025 [Ex. B] after TWD had filed its appeal to the Seventh Circuit on February 24, 2025 [ECF 334].

(a) The recently amended 735 ILCS 110/5 provides, in part:

> Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that ***the constitutional rights of citizens and organizations to be involved and participate freely in the process of government must be encouraged and safeguarded with great diligence***. . . .
>
> There has been a disturbing increase in lawsuits termed "Strategic Lawsuits Against Public Participation" in government or "SLAPPs" as they are popularly called.
>
> ***The threat of SLAPPs significantly chills and diminishes citizen participation in government***, voluntary public service, ***and the exercise of these important constitutional rights***. This ***abuse of the judicial process can and has been used as a means of intimidating, harassing, or punishing citizens and organizations***, including the press, for involving themselves in public affairs.
>
> It is in the public interest and it is the purpose of this Act to strike a balance between the rights of persons to file lawsuits for injury and ***the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government; to protect and encourage public participation in government to the maximum extent permitted by law; to establish an efficient process for identification and adjudication of SLAPPs***; and to provide for attorney's fees and costs to prevailing movants. As such, ***this Act should be construed broadly in striking the balance of rights described in this Act***.

(Emphasis added).

(b) The recently amended 735 ILCS 110/15 provides, in part:

> ***This Act applies to any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party's rights of petition, speech, association, or to otherwise participate in government***, including freedom of the press. ***The claim does not need to solely pertain to the moving party's constitutional rights*** as this Act applies regardless of the motives of the person who brought the claim that the moving party is seeking to dispose of.

(Emphasis added).

(i) Under 735 ILCS 110/10: "'Judicial claim' or 'claim' include ***any lawsuit***, cause of action, claim, cross-claim, counterclaim, or ***other judicial pleading or filing alleging injury***." (Emphasis added).

(ii) Under 735 ILCS 110/10: "Motion' includes any motion to dismiss, for summary judgment, or to strike, or ***any other judicial pleading filed to dispose of a judicial claim***." (Emphasis added).

(iii) Under 735 ILCS 110/10: "Moving party' means any person on whose behalf a motion described in subsection (a) of Section 20 [735 ILCS 110/20] is filed ***seeking dismissal of a judicial claim***." (Emphasis added).

(c) 735 ILCS 110/20 provides, in part:

> (a) ***On the filing of any motion as described in Section 15 [735 ILCS 110/15], a hearing and decision on the motion must occur within 90 days after notice of the motion*** is given to the respondent. ***An appellate court shall expedite any appeal or other writ, whether interlocutory or not, from a trial court order denying that motion*** or from a trial court's failure to rule on that motion within 90 days after that trial court order or failure to rule.

* * *

(c) ***The court shall grant the motion and dismiss the judicial claim unless the court finds that the responding party has produced clear and convincing evidence*** that the acts of the moving party are not immunized from, or are not in furtherance of acts immunized from, liability by this Act.

(d) (Emphasis added).

(e) The recently enacted 735 ILCS 110/17 provides, in part:

(a) Except as otherwise provided in subsections (d) through (g), ***on the filing of a motion under Section 15 of this Act [735 ILCS 110/15]***:

(1) ***all other proceedings between the moving party and responding party, including discovery and a pending hearing or motion, are stayed***; and

* * *

(c) Except as otherwise provided in subsections (e), (f), and (g), ***if a party appeals from an order ruling on the motion to dispose of the claim, all proceedings between all parties in the action are stayed. The stay remains in effect until the conclusion of the appeal***.

(Emphasis added).

24. If necessary, TWD's present intention is to file a second appeal to the Seventh Circuit if the court does not modify or stay paragraph 4 of the Permanent Injunction requiring TWD to "dismiss with prejudice" TTAB Opposition Proceeding 91254347 that opposes registration of Grunt Style's trademark application for the mark **GRUNT STYLE** prior to resolution of all appellate proceedings because a dismissed TTAB Opposition proceeding cannot be reinstated.

(a) TWD will be filing its petition for a writ of certiorari to the United States Supreme Court by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days).

(b) TWD can file an appeal to the Seventh Circuit of an order refusing to

modify paragraph 4 of the Permanent Injunction. *See* 28 USC § 1292(a)(1) ("Interlocutory orders of the district courts of the United States . . . refusing to dissolve or modify injunctions") and 735 ILCS 110/20 ("An appellate court shall expedite any appeal or other writ, whether interlocutory or not, from a trial court order denying that motion").

25. TWD opposes Grunt Style's motion for contempt as to paragraph 4 of the Permanent Injunction.

(a) TWD does not believe that there is a court order that sets forth an unambiguous command for TWD to ***immediately*** dismiss with prejudice TTAB Opposition No. 91254347 opposing registration of of plaintiff's trademark application for the mark GRUNT STYLE.

(i) On March 5, 2025, this court issued a docket entry Order that states, in part, "Defendant's motion regarding permanent injunction [335] is granted as to a ***stay of Paragraphs 3(e), 4, and 5*** of the Order of Permanent Injunction entered 1/28/25 [321]." [ECF 352 (Emphasis added). No formal order has dissolved this stay.

(ii) TWD will be filing its petition for a writ of certiorari to the United States Supreme Court by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days).

(iii) The recently enacted 735 ILCS 110/17 supports an additional ground for an automatic stay of paragraph 4 of the Permanent Injunction effective immediately upon the filing TWD motion to modify the

Permanent Injunction to delete paragraph 4 and continuing through any future appeal.

(b) TWD does not believe that it violated paragraph 4 of the Permanent Injunction because that paragraph was stayed beginning March 5, 2025.

(c) If the court determines that all stays ended and that TWD violated paragraph 4 of the Permanent Injunction, TWD does not believe that the violation of paragraph 4 was significant and believes that TWD substantially complied with court's stay order by continuing to seek modification of paragraph 4.

(d) If the court determines that all stays ended and that TWD violated paragraph 4 of the Permanent Injunction, TWD believes that it made (and continues to make) reasonable and diligent efforts to seek modification of paragraph 4 such that immediate compliance of paragraph 4 was not required.

**TWD COMPLIANCE WITH DEADLINE IN STAYED PARAGRAPH 5**

26. As I understand it, the GS Contempt Motion does not contend that TWD violated Paragraphs 2 and 5 of the Permanent Injunction that provide as follows:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by Plaintiff.
>
> * * *
>
> 5. Defendant shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with any online or brick and mortar retail store, and/or sale of infringing goods using the THIS WE'LL DEFEND mark.

(Emphasis added).

27. Paragraph 13 of my Initial TWD Compliance Decl., filed February 27, 2025 [ECF 341] set forth TWD's efforts to comply with paragraphs 2 and 5 of the Permanent Injunction and Grunt Style's failure to specify anything in addition that needed to be done to comply. Paragraph 13 states:

> 13. Defendant TWD's efforts to comply with paragraphs 2 and 5 of the Permanent Injunction, include:
>
> (a) I reviewed the Permanent Injunction with my attorney Darren Quinn;
> (b) I confirmed that defendant TWD has disabled and ceased displaying any advertisements with the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025.
>
> (c) I had my attorney send an email to the attorney for Grunt Style on February 4, 2025 that states:
>
> > To facilitate you confirming that TWD has complied with paragraph 5 of the Permanent Injunction Order, you can click on the following links:
> >
> > http://www.thiswelldefend.com
> > http://www.amazon.com/thiswelldefend
> > http://www.instagram.com/thiswelldefend
> >
> > ***Again, if you believe that TWD has not fully complied with paragraph 5, please contact me ASAP***.
>
> (d) I had my attorney send a follow-up email on February 4, 2025 that states, in part:
>
> > ***As to paragraph 5 with a compliance date of today, I sent you the links to verify compliance. You have not presented any facts to show non-compliance with paragraph 5***.
>
> [Dkt. 336-13 {Quinn Decl., Ex. 1}, at PDF 13].

[ECF 341 {Initial TWD Compliance Decl."} (emphasis added)]

28. On March 5, 2025, this court issued a docket entry Order that states, in part,

"Defendant's motion regarding permanent injunction [335] is granted as to a ***stay of Paragraphs 3(e), 4, and 5*** of the Order of Permanent Injunction entered 1/28/25 [321]." [ECF 352 (Emphasis added)]. No formal order has dissolved this stay.

**TWD COMPLIANCE WITH DEADLINES IN PARAGRAPHS 6 AND 7**

29. As I understand it, the GS Contempt Motion does not contend that TWD violated any unambiguous command in Paragraphs 2, 6 and 7 of the Permanent Injunction that provide as follows:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by Plaintiff.
>
> * * *
>
> 6. No later than thirty (30) days from entry of this Order, Defendant shall surrender and deliver to Plaintiff at 900 Broadway, San Antonio, TX 78215, all ***labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials*** and the like ***for destruction*** that are in the possession, custody, or control of Defendants ***that use any of the THIS WE'LL DEFEND mark***.
>
> 7. Pursuant to 15 U.S.C. § 1116(a), within thirty (30) days of the entry of this Order, Defendant on behalf of all of the Enjoined Parties, shall submit to the Court a written report, under oath, detailing their efforts to comply, and certifying their compliance, with this Order. This report shall include confirmation that Defendant surrendered and delivered up to Plaintiff all ***labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials*** or the like in the possession, custody, or control of Defendants ***that adopt or infringe Grunt Style's THIS WE'LL DEFEND mark***.

[ECF 321 (Emphasis added)].

30. Paragraph 15 of my Initial TWD Compliance Decl., filed February 27, 2025 [ECF 341] set forth TWD's efforts to comply with paragraphs 2 and 6 of the Permanent Injunction that required delivery "for destruction" by Grunt Style of TWD "labels, signs, stationery, business

cards, packages, receptacles, advertising, promotional materials" that "use any of the THIS WE'LL DEFEND mark." Paragraph 15 states:

> 15. Defendant TWD's efforts to comply with paragraphs 2 and 6 of the Permanent Injunction, include:
>
> (a) I reviewed the Permanent Injunction with my attorney Darren Quinn.
>
> (b) I confirmed that defendant TWD has no "labels" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "labels" to "surrender and deliver" to plaintiff.
>
> (c) I confirmed that defendant TWD has no "signs" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "signs" to "surrender and deliver" to plaintiff.
>
> (d) I confirmed that defendant TWD has no paper "stationary" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There is no "stationary" to "surrender and deliver" to plaintiff.
>
> (e) I confirmed that defendant TWD has no "business cards" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "business cards" to "surrender and deliver" to plaintiff.
>
> (f) I confirmed that defendant TWD has no "packages" for shipping that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "packages" to "surrender and deliver" to plaintiff.
>
> (g) I confirmed that defendant TWD has no "receptacles" to hold products that

use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "receptacles" to "surrender and deliver" to plaintiff.

(h) I confirmed that defendant TWD has no "advertising" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There is no "advertising" to "surrender and deliver" to plaintiff.

(i) I confirmed that defendant TWD has no "promotional materials and the like" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "promotional materials and the like" to "surrender and deliver" to plaintiff.

31. With respect to compliance of paragraph 7 of the Permanent Injunction, my Initial TWD Compliance Decl., filed February 27, 2025 [ECF 341] constitutes compliance.

**GRUNT STYLE'S CLAIMED NEW COMMANDS AND VIOLATIONS OF THE PERMANENT INJUNCTION IN IT'S LETTER**

32. The GS Contempt Motion [ECF 402] argues that TWD failed to comply with the Permanent Injunction by failing to comply with demands set forth in Grunt Style's letter dated August 26, 2026.

> The Seventh Cicuit (sic) was not swayed. It rejected the extension and TWD's bid to avoid responsibility for ***complying with the permanent injunction***. TWD's recounting its obligations to the Seventh Circuit confirms that ***it knows exactly what it must do to comply, but it continues to thumb its nose at such obligations***.
>
> Indeed, ***on August 26, Grunt Style sent a letter to TWD demanding compliance***. Ex. A. TWD did nothing to comply with its obligations.

[ECF 402 at 5 (emphasis added)]

33. The GS Contempt Motion [ECF 402] attaches as Exhibit A [ECF 402-1] its reference "letter" specifying that TWD had "24 hours" to confirm that "TWD will complete the following actions":

> 1. Pay Grunt Style $1,072,294.03; . ..
>
> 2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB;
>
> 3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style.
>
> 4. Provide login credentials for TWD's Instagram handle www.instagram.com/thiswelldefend to enable Grunt Style to take over control of that handle.
>
> 5. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND marked shirts, and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products.
>
> 6. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of Registration No. 4880766.
>
> 7. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army.

[ECF 402-1 {Ex. A Letter}].

34. With respect to Grunt Style's claimed command and contempt of "1. Pay Grunt Style $1,072,294.03," TWD objects that the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to "Pay Grunt Style" any amount of money.

35. With respect to Grunt Style's claimed command and contempt of "2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB," TWD explains above that paragraph 4 of the Permanent Injunction is stayed and should remain stayed.

36. With respect to Grunt Style's claimed command and contempt of "3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style" the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer that domain name. Additionally, TWD further responds:

(a) TWD has never owned the domain name www.thiswelldefend.com. As set forth on Trial Exhibit 307, I purchased that domain name on April 2, 2013 for $3.18. [ECF316-5 {Trial Ex. 307}].

(b) As set forth in paragraph 6(c)-(d) of my Initial TWD Compliance Decl. I removed all content from the website www.thiswelldefend.com.

(i) Initially I removed all content from the website www.thiswelldefend.com, so only a blank page would appear if someone entered the website address. [ECF 341, ¶6(c) and ECF 341-1 {Ex. 1].

(ii) Later, I stopped any website associated with www.thiswelldefend.com, so now a web page is displayed by GoDaddy.com (not TWD, LLC) that shows, in part (and as more fully shown in **<u>Exhibit 2</u>**). [ECF 341, ¶6(d) and ECF 341-2 {Ex. 2}].



(c) After at least February 27, 2025 (date of Initial TWD Compliance Decl.), any content on www.thiswelldefend.com was automatically added by GoDaddy.com.

(i) TWD did not post any content on www.thiswelldefend.com after at least February 27, 2025.

(ii) I did not post any content on on www.thiswelldefend.com after at least February 27, 2025.

(d) Grunt Style never asserted a claim under the Anticybersquatting Consumer Protection Act ("ACPA") [15 U.S.C. §1125(d)] (or any other claim) for transfer of the domain name www.thiswelldefend.com domain name to Grunt Style. [ECF 41 {ACC}].

37. With respect to Grunt Style's claimed command and contempt of "4. Provide login credentials for TWD's Instagram handle www.instagram.com/thiswelldefend to enable Grunt Style to take over control of that handle," the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer that the Instagram handle www.instagram.com/thiswelldefend. Additionally, TWD further responds:

(a) As set forth in paragraph 6(f) of my Initial TWD Compliance Decl. I removed all content from TWD's Instagram account.

(i) I removed all content and THIS WE'LL DEFEND products from defendant TWD's account on Instagram. If a person entered the website address https://www.instagram.com/thiswelldefend, then the following webpage is displayed by Instagram (as more fully shown by Exhibit 4).

[ECF 341, ¶6(f) and ECF 341-4 {Ex. 4}].

(b) TWD no longer has ownership or control over TWD's Instagram account. Apparently as a result of removing all content from TWD's Instagram account, that Instagram handle became available and was claimed by someone else apparently related to Grunt Style based on the current post that refers to Grunt Style owning "superior common law rights to the trademark after a federal court dispute over apparel use."

**Thiswelldefend** ...

This We'll Defend is the official motto of the U.S. Army, adopted in 1778 during the American Revolutionary War. It represents the Army's 250-year commitment to protect the nation and its values. The phrase appears in ceremonies, publications, and tributes like the 250th Army Birthday proclamation in 2025 [1,2].\n\nThe motto also features in military music and social media, including patriotic anthems by Revelation Battalion and posts honoring service members [3,4]. In 2024, Grunt Style LLC was recognized as having superior common law rights to the trademark after a federal court dispute over apparel use [5]. less

38. With respect to Grunt Style's claimed command and contempt of "5. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND (sic) marked shirts, and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products," TWD previously complied with the unambiguous demands in paragraph 6 of the Permanent Injunction as set forth above. Additionally, TWD further responds:

(a) Paragraphs 2 and 6 of the Permanent Injunction that required delivery "for destruction" by Grunt Style of TWD "labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials" that "use any of the THIS WE'LL DEFEND mark."

(b) Paragraph 6 of the Permanent Injunction does not command that TWD

deliver to Grunt Style any "shirts" for "destruction" by Grunt Style. [ECF 321, ¶6].

(c) As set forth in paragraph 6(g) of my Initial TWD Compliance Decl. I confirmed that TWD had no inventory of any products marked with the trademark THIS WE'LL DEFEND when the Permanent Injunction was filed January 28, 2025. [ECF 341, ¶6(g)].

(d) Paragraph 6 of the Permanent Injunction does not command that TWD deliver to Grunt Style any "lithograph" for "destruction" by Grunt Style. TWD has no "lithograph" that "use any of the THIS WE'LL DEFEND mark to "deliver" to Grunt Style.

(e) Paragraph 6 of the Permanent Injunction does not command that TWD deliver to Grunt Style any "manufacturing materials" for "destruction" by Grunt Style that "use any of the THIS WE'LL DEFEND mark." [ECF 321, ¶6]. TWD has no "manufacturing materials" that "use any of the THIS WE'LL DEFEND mark" to "deliver" to Grunt Style.

39. With respect to Grunt Style's claimed command and contempt of "6. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of Registration No. 4880766" the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer a signed, notarized copy of the enclosed assignment of Registration No. 4880766 to Grunt Style. Additionally, TWD further responds:

(a) Grunt Style never asserted (or set forth a statutory basis to assert) a claim for transfer of TWD's registration for THIS WE'LL DEFEND (Reg. No.

4880766) to Grunt Style. [ECF 41 {ACC}].

(b) Grunt Style asserted a claim to declare TWD's registration for THIS WE'LL DEFEND (Reg. No. 4880766) was invalid. [ECF 41 {ACC}, ¶112 ("Grunt Style is entitled to a declaratory judgment that U.S. Trademark Reg. No. 4880766 is invalid at least due to Grunt Style's prior and superior rights to the mark THIS WE'LL DEFEND."].

40. With respect to Grunt Style's claimed command and contempt of "7. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army," the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army. Additionally, TWD further responds:

(a) Grunt Style never asserted (or set forth a statutory basis to assert) a claim for transfer of a signed, notarized copy of the enclosed assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army. [ECF 41 {ACC}].

41. TWD opposes Grunt Style's motion for contempt as to the six (6) items in its letter [ECF 402-1] that were never unambiguously commanded in the Permanent Injunction.

(a) With the exception of Item "2. File dismissal with prejudice of Opposition No. 91254347 with the TTAB," each of the other six (6) items in Grunt Style's letter do not constitute an unambiguous command contained in the Permanent

Injunction as set forth above.

(b) TWD does not believe that it violated the Permanent Injunction because Item Nos. 1, 3-7 of Grunt Style's letter [ECF 402-1] are not specified in the Permanent Injunction and because the court stayed paragraph 4 of the Permanent Injunction with respect to Item No. 2 as explained above.

(c) If the court determines that any of Item Nos. 1, 3-7 of Grunt Style's letter [ECF 402-1] constitutes violation of the Permanent Injunction, TWD does not believe that any violation was significant and believes that TWD substantially complied with the Permanent Injunction as set explained above..

(d) If the court determines that any of Item Nos. 1, 3-7 of Grunt Style's letter [ECF 402-1] constitutes violation of the Permanent Injunction, TWD believes that it made (and continues to make) reasonable and diligent efforts to seek termination or modification of Item Nos. 1, 3-7 such that immediate compliance is not required.

I declare under penalty of perjury that the foregoing is true correct. Executed this 8th day of September, 2026.

Tim Bauer

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **SUPPLEMENTAL DECLARATION OF TIM BAUER RE: TWD, LLC COMPLIANCE WITH PERMANENT INJUNCTION** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn