# 2025 Ill. SB 1181

Enacted, August 21, 2025

**Reporter**
2025 ILL. ALS 431; 2025 Ill. Laws 431; 2025 ILL. P.A. 431; 2025 Ill. SB 1181

**ILLINOIS ADVANCE LEGISLATIVE SERVICE > ILLINOIS 104TH GENERAL ASSEMBLY > PUBLIC ACT 104-431 > SENATE BILL 1181**

## Notice

**Added:** Text highlighted in green

## Synopsis

AN ACT concerning civil law.

## Text

*Be it enacted by the People of the State of Illinois, represented in the General Assembly:*

**Section 5.** The Citizen Participation Act is amended by changing Sections 5, 15, and 25 and by adding Sections 17 and 32 as follows:

(735 ILCS 110/5)

**Sec. 5. Public policy.**

Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that the constitutional rights of citizens and organizations to be involved and participate freely in the process of government must be encouraged and safeguarded with great diligence. The information, reports, opinions, claims, arguments, and other expressions provided by citizens are vital to effective law enforcement, the operation of government, the making of public policy and decisions, and the continuation of representative democracy. The laws, courts, and other agencies of this State must provide the utmost protection for freedom of the press and the free exercise of these rights of petition, speech, association, and government participation.

Civil actions for money damages have been filed against citizens and organizations of this State as a result of their valid exercise of their constitutional rights to petition, speak freely, associate freely, and otherwise participate in and communicate with government. The press opining, reporting, or investigating matters of public concern is participating and communicating with the government. There has been a disturbing increase in lawsuits termed “Strategic Lawsuits Against Public Participation” in government or “SLAPPs” as they are popularly called.

The threat of SLAPPs significantly chills and diminishes citizen participation in government, voluntary public service, and the exercise of these important constitutional rights. This abuse of the judicial process can and has been used as a means of intimidating, harassing, or punishing citizens and organizations, including the press, for involving themselves in public affairs.

It is in the public interest and it is the purpose of this Act to strike a balance between the rights of persons to file lawsuits for injury and the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government; to protect and encourage public participation in government to the maximum extent permitted by law; to establish an efficient process for identification and adjudication of SLAPPs; and to provide for attorney’s fees and costs to prevailing movants. As such, this Act should be construed broadly in striking the balance of rights described in this Act.

(Source: P.A. 95-506, eff. 8-28-07.)

(735 ILCS 110/15)

**Sec. 15. Applicability.**

This Act applies to any motion to dispose of a claim in a judicial proceeding on the grounds that the claim is based on, relates to, or is in response to any act or acts of the moving party in furtherance of the moving party’s rights of petition, speech, association, or to otherwise participate in government, including freedom of the press. The claim does not need to solely pertain to the moving party’s constitutional rights as this Act applies regardless of the motives of the person who brought the claim that the moving party is seeking to dispose of.

Acts in furtherance of the constitutional rights to petition, speech, association, and participation in government, including freedom of the press, are immune from liability, regardless of intent or purpose, except when not genuinely aimed at procuring favorable government action, result, or outcome.

(Source: P.A. 95-506, eff. 8-28-07.)

(735 ILCS 110/17 new)

**Sec. 17. Stay.**

**(a)** Except as otherwise provided in subsections (d) through (g), on the filing of a motion under Section 15 of this Act:

**(1)** all other proceedings between the moving party and responding party, including discovery and a pending hearing or motion, are stayed; and

**(2)** on motion by the moving party, the court may stay a hearing or motion involving another party, or discovery by another party, if the hearing or ruling on the motion would adjudicate, or the discovery would relate to, an issue material to the motion to dispose of a claim under Section 15.

**(b)** A stay under subsection (a) remains in effect until entry of an order ruling on the motion to dispose of the claim under Section 15 and expiration of the time under Section 20 to appeal the order.

**(c)** Except as otherwise provided in subsections (e), (f), and (g), if a party appeals from an order ruling on the motion to dispose of the claim, all proceedings between all parties in the action are stayed. The stay remains in effect until the conclusion of the appeal.

**(d)** During a stay under subsection (a), the court may allow limited discovery as provided in Section 20.

**(e)** A motion under Section 25 for costs, attorney's fees, and expenses is not subject to a stay under this Section.

**(f)** A stay under this Section does not affect a party's ability voluntarily to dismiss a cause of action in whole or in part.

**(g)** During a stay under this Section, the court for good cause may hear and rule on:

**(1)** a motion unrelated to the motion to dispose of the claim under Section 15; and

**(2)** a motion seeking a special or preliminary injunction to protect against an imminent threat to public health or safety.

(735 ILCS 110/25)

**Sec. 25. Attorney's fees and costs.**

The court shall award a moving party who prevails in a motion under this Act reasonable attorney's fees and costs incurred in connection with the motion. The court shall award a responding party who prevails in a motion under this Act reasonable

attorney's fees and costs included in connection with the motion if the court finds that the motion was frivolous or filed solely with intent to delay the proceeding.

(Source: P.A. 95-506, eff. 8-28-07.)

(735 ILCS 110/32 new)

**Sec. 32. Applicability.**

The changes made to this Act by this amendatory Act of the 104th General Assembly apply only to actions commenced on or after January 1, 2026.

**Section 99. Effective date.**

This Act takes effect upon becoming law.

## History

Approved by the Governor August 21, 2025

Effective date: August 21, 2025

## Sponsor

Stadelman

ILLINOIS ADVANCE LEGISLATIVE SERVICE
Copyright © 2026 LexisNexis. All rights reserved.

End of Document