**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Grunt Style LLC,<br>Plaintiff,<br><br>v.<br><br>TWD, LLC,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:18-cv-07695<br><br>District Judge: Hon. LaShonda A. Hunt |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS RENEWED OPPOSED MOTION TO HOLD TWD IN CONTEMPT AND COMPEL TWD'S COMPLIANCE WITH THE PERMANENT INJUNCTION AND OPPOSITION TO TWD'S SECOND MOTION FOR MODIFICATION**

## CONTENTS


I. Introduction ........................................................................................................ 1

II. TWD Lost Its Appeal and the Issuance of the Mandate Forecloses Relitigating the Permanent Injunction ........................................................................................ 1

A. TWD Challenged the Entry and Scope of Injunction on Appeal and Lost ............ 1

B. The Mandate Leaves Enforcement, not Reconsideration, for This Court .............. 5

III. TWD's SLAPP Argument Is a Patently Frivolous Red Herring ....................................... 6

A. The Amended Statute Cannot Apply to this Case ................................................ 6

B. TWD Forfeited Any Argument Under the Pre-Amendment Act ........................... 7

IV. ENOUGH IS ENOUGH ........................................................................................ 11

V. CONCLUSION ........................................................................................................ 13

## Table of Authorities

**Cases**

*Bontkowski v. Smith,*
305 F.3d 757 (7th Cir. 2002) ....................8

*Cannon v. Armstrong Containers Inc.,*
92 F.4th 688 (7th Cir. 2024) ....................9

*Devines v. Maier*,
728 F.2d 876 (7th Cir. 1984) ....................6

*Glorioso v. Sun-Times Media Holdings, LLC*,
2024 IL 130137, 266 N.E.3d 588....................10

*Grunt Style LLC v. TWD, LLC*,
140 F.4th 839 (7th Cir. 2025) ....................4

*Grunt Style LLC v. TWD, LLC*,
No. 25-1305, 2026 WL 1678866 (7th Cir. June 10, 2026)....................5

*Kaku Nagano v. Brownell,*
212 F.2d 262 (7th Cir. 1954) ....................6

*Satkar Hosp. Inc. v. Cook Cnty. Bd. of Rev.,*
No. 10 C 6682, 2011 WL 2182106 (N.D. Ill. June 2, 2011) ....................9

*Sere v. Bd. of Trs. of Univ. of Illinois*,
852 F.2d 285 (7th Cir. 1988) ....................7

*United States v. Kaun,*
827 F.2d 1144 (7th Cir. 1987)....................4

**Other Authorities**

735 ILCS 110/15 (2007)....................8

735 ILCS 110/32....................6

Fed. R. Civ P. 12(b) ....................9

Fed. R. Civ. P. 12(g)(2)....................8, 9

Fed. R. Civ. P. 12(h) ....................9

Fed. R. Civ. P. 12(i) ....................9

Fed. R. Civ. P. 54(c)....................8

## I. Introduction

Grunt Style was successful in advancing every claim it brought in this case and in defeating every purported counterclaim and supposed affirmative defense that TWD attempted to trump up in opposition. It is entitled to the relief it worked over 8 years to obtain and there is no cause for continuing to delay such relief due to TWD's failed appeals, continued multiplication of these proceedings, and invented "belief" about what the injunction mandates. Indeed, TWD's brief makes its game plan crystal clear: continue to file reconsiderations and appeals of reconsiderations *ad nauseum* to perpetuate this case forever. Setting aside the merits of TWD's plan, Grunt Style should not be denied its relief while TWD concocts new theories for non-compliance and wastes everyone's time. And there is no mistake; this is a waste. The Court of Appeals decision confirming the propriety of the injunction is law of the case. There has been no intervening change in the law. TWD *never* raised SLAPP at any point in this case, and the amendment to the SLAPP statute expressly states it is not retroactive and is instead only applicable to cases brought *after* 2025. Accordingly, TWD's arguments were waived, are meritless, and should be rejected. This Court should end TWD's continual delay tactics, hold TWD in contempt, and order TWD's compliance within 24 hours.

## II. TWD Lost Its Appeal and the Issuance of the Mandate Forecloses Relitigating the Permanent Injunction

### A. TWD Challenged the Entry and Scope of Injunction on Appeal and Lost

After winning its case at trial, Grunt Style sought and obtained permanent injunctive relief. Dkt. 320, 321. The entry of that relief is reflected in the final judgment of the case. Dkt. 380. Undeterred, TWD demonstrated that it had no intention of complying with the terms of the injunction. For example, despite being required to turn over all THIS WE'LL DEFEND material and dismissing its opposition before the TTAB, it refused to do any of that. Accordingly, Grunt

Style moved to compel compliance and hold TWD in contempt. Dkt. 329. The Court made slight modifications to the due-date requirements for TWD's compliance. Dkt. 331. Thereafter, TWD moved for reconsideration and to modify the permanent injunction. Dkt. 335. The Court denied the majority of TWD's motion, did not modify the permanent injunction, but instead stayed portions of it pending appeal. Dkt. 352.

The Seventh Circuit affirmed this Court's judgment in its entirety, including the permanent injunction. The Seventh Circuit's affirmation confirms the propriety of the injunction as entered. The fact that the Seventh Circuit did not separately address the stayed provisions does not mean those provisions are open for reconsideration. It means TWD failed to obtain the exact relief it now seeks for a *fourth* time, fifth if you count the petition for rehearing, on appeal. Both TWD's appeal and rehearing petition were wholly rejected. The Mandate issued on August 25, 2026. That ended the appeal and returned jurisdiction to this Court to enforce, not relitigate, the injunction. Modifying the injunction now would effectively allow TWD to circumvent the appellate process by seeking in the district court the exact relief it could not obtain from the Seventh Circuit.

The failure of TWD's appeal is not surprising; it was meritless. The **<u>entirety</u>** of TWD's argument in its opening brief respecting the permanent injunction is set forth below:

> "[T]he district court awarded GS prejudgment interest and a permanent injunction that are at issue on this appeal, and issued an amended judgment. [A79-84, A85-87, A90-91 {Dkts. 320, 322}]. Later, the district court stayed certain provisions of the permanent injunction and entered an amended corrected judgment. [A89 {Dkt. 352 and 380}]" App. Dkt. 26 at 5.

***

> "[T]he legal questions whether the district court had the power to award prejudgment interest and a permanent injunction enjoining TWD from filing documents with the USPTO and Trademark Trial and Appeal Board should also be *de novo*. *See* §II." App. Dkt. 26, at 26.

***

"D. Erroneous Permanent Injunction Against TWD

Over TWD objections, the district court entered a Permanent Injunction. [Dkt. 320 {Order Amend J}, at PDF 4-6; Dkt. 321 {Permanent Injunction}].

'Legal issues in an injunction order are subject to de novo review.' *Darlingh v. Maddaleni*, 142 F.4th 558, 564 (7th Cir. 2025). TWD filed a motion for the court to construe, modify or terminate certain provisions of the Permanent Injunction because it had not power to issue them. [Dkt. 335 {Mot} 336 {TWD Brf}]. The district court stayed 'paragraphs 3(e), 4, and 5 of the Order of Permanent Injunction entered 1/28/25 [321].' [Dkt. 352 {Order Modifying Permanent Injunction}. Those stayed provisions state:

3. The Enjoined Parties are permanently enjoined and restrained from:

e. filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style in the United States Patent and Trademark Office that are not lawfully used by Defendant, including any future application by grunt style for THIS WE'LL DEFEND;

4. Defendant shall dismiss with prejudice Opposition No. 9124347, pending before the Trademark Trial and Appeal Board.

5. Defendant shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with any online or brick and mortar retail store, and/or sale of infringing goods using the THIS WE'LL DEFEND mark.

[Dkt. 321 {Permanent Injunction}].

This court should vacate the Permanent Injunction if it reverses the summary judgment and/or judgment in favor of GS. Alternatively, this Court should strike the stayed portions of the Permanent Injunction as overbroad, especially to the extent it prohibits TWD from filing documents with the USPTO and/or Trademark Trial and Appeal Board." App. Dkt. 26 at 66-67.

TWD's argument was grossly superficial. Without **any** legal authority or precedent,[1] and without articulating any cognizable bases, TWD told the Court of Appeals it should overturn the permanent injunction **if** it reverses the judgements of the District Court, or just strike all of the stayed portions, specifically calling out the provision relating to the USPTO filings. Through its opposition, Grunt Style showed that TWD's arguments lacked merit. App. Dkt. 33 at 55.

TWD's reply was even worse than its opening brief. It never made any argument whatsoever about the imposition or scope of the permanent injunction. It had absolutely no response to Grunt Style's opposition. Instead, it mentions the permanent injunction only a single time in a perfunctory comment in its conclusion, namely:

> "This court should vacate the permanent injunction and any award of prejudgment interest."

Dkt. 37 at 28-29. During the oral argument, TWD completely ignored the permanent injunction, and never even mentioned it before the panel. See, Ex. A.[2]

Thus, TWD had its chance to raise the scope of the injunction with the Seventh Circuit and failed to do so. Grunt Style established clearly and convincingly that TWD's arguments, such as they were, had no merit. Indeed, the Seventh Circuit rejected every argument TWD raised. During the course of the appeal it held "On January 28, 2025, the district court granted that motion and set out the injunction in a separate document consistent with our case law." *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 843 (7th Cir. 2025). It recognized, "TWD now appeals an assortment of rulings from across the case's lifespan. It asks us to (among other things) vacate the district

[1] TWD cropped its quote from the one case it did cite in an effort to mislead the Seventh Circuit into applying the wrong standard of review. The case law is unequivocal; the grant of a permanent injunction is reviewed for abuse of discretion. *United States v. Kaun,* 827 F.2d 1144, 1148 (7th Cir. 1987).

[2] Exhibit A is an unofficial transcript that was prepared using artificial intelligence speech-to-text software analyzing the official publicly available audio recording which is available here: https://media.ca7.uscourts.gov/sound/2026/ef.25-1305.25-1305_01_29_2026.mp3.

court's damages award and permanent injunction, reverse its summary-judgment ruling, and order a new trial." *Grunt Style LLC v. TWD, LLC*, No. 25-1305, 2026 WL 1678866, at *1 (7th Cir. June 10, 2026). But instead of reversing anything, as TWD requested, the Court of Appeals stated: "We affirm," thereby rejecting every argument TWD raised, including its arguments respecting the propriety and scope of the permanent injunction.

TWD mistakes the absence of extended discussion for the absence of a ruling. The Seventh Circuit expressly recognized that TWD sought to "vacate the district court's damages award and permanent injunction" and then held: "We affirm." *Grunt Style LLC v. TWD, LLC*, No. 25-1305, 2026 WL 1678866, at *1 (7th Cir. June 10, 2026). Nothing more was required. TWD's opening brief merely reproduced the stayed provisions and labeled them overbroad. It cited no supporting authority and offered no explanation why any provision was unlawful or exceeded this Court's authority. The Seventh Circuit was not required to construct arguments TWD failed to make, much less address theories under 15 U.S.C. § 1116(a) or 815 ILCS 510/s that TWD offhandedly mentioned in reply, but had omitted from its opening brief. See *Jackson v. City of Madison*, 176 F.4th 1005, 1016 (7th Cir. 2026) ("skeletal arguments" and "arguments first raised in reply brief are waived").

**B. The Mandate Leaves Enforcement, not Reconsideration, for This Court**

The mandate issued on August 25, 2026. It returned jurisdiction to this Court to enforce the affirmed judgment, not to provide TWD another opportunity to relitigate the injunction's scope. TWD's latest effort is the **fourth** time it has tried to reconsider the injunction. This type of multiplicity of proceedings is egregious, and it should be rejected outright. TWD had its chance to address the scope of the injunction (first when Grunt Style sought injunctive relief, second when it requested reconsideration before appeal, and third, on appeal). "It is beyond question that…matters decided on appeal become the law of the case to be followed in all subsequent

proceedings in the trial court…." *Kaku Nagano v. Brownell*, 212 F.2d 262, 263 (7th Cir. 1954); *see also, Devines v. Maier*, 728 F.2d 876, 880 (7th Cir. 1984) ("This court has long held that matters decided on appeal become the law of the case…." internal citations omitted). Accordingly, this court is bound by the decision of the Court of Appeals which rejected entirely TWD's argument that the scope of the permanent injunction was in any way improper or overly broad.

That rule reflects the basic principle that "litigation should come to an end" and prevents an "obstinate litigant" from using repeated appeals to force the courts to revisit matters already resolved. *Devines*, 728 F.2d at 880 (quoting *Appleton Electric Co. v. Graves Truck Line, Inc.*, 635 F.2d 603, 607 (7th Cir.1980)). However, TWD has betrayed its intent to continue this never-ending campaign. It argues that if the court rejects its argument, then it will appeal that rejection, dragging this out even further. And when that appeal is rejected, TWD will inevitably come back to this Court with yet another "new" theory to request modification and appeal that when this Court rejects it again, continuing a never-ending vicious cycle. These threats of continual appeals and modification requests to forever avoid responsibility for its infringement should be rejected. This Court should enforce the permanent injunction immediately and hold TWD in contempt.

## III. TWD's SLAPP Argument Is a Patently Frivolous Red Herring.

### A. The Amended Statute Cannot Apply to this Case

TWD's brief ignores the first question of any legal analysis, namely: does the law even apply? Clearly, the 2025 changes to Illinois SLAPP legislation do not, and cannot, apply in this case. The statute states:

> "The changes made to this Act by this amendatory Act of the 104th General Assembly apply only to actions commenced on or after January 1, 2026."

735 ILCS 110/32. This action began in 2018, and TWD has managed to drag it out for over eight years. Because 2018 is prior to January 1, 2026, per Section 110/32, none of the amendments to

the statue that TWD cites could apply in this case, and TWD's arguments to the contrary, including its reliance on any automatic stay provision (which was only added in 2026, see 735 ILCS 110/17) are frivolous and must be rejected.

**B. TWD Forfeited Any Argument Under the Pre-Amendment Act**

It is black letter law that any argument not raised on appeal is waived. Indeed, as the court in *Sere v. Bd. of Trs. of Univ. of Illinois* held:

> "Rule 28(a)(4) of the Federal Rules of Appellate Procedure mandates that an appellant must present in its brief the issues to the appellate court that the appellant desires to litigate. In addition, the issues must be supported by appropriate judicial authority. It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel. We consistently and evenhandedly have applied the waiver doctrine when appellants have failed to raise an issue in their opening brief."

852 F.2d 285, 287 (7th Cir. 1988), citations omitted; see also *Jackson*, 176 F.4th at 1016.

Here, TWD never made any SLAPP assertion at any point throughout the entirety of the case. And for good reason. The statute does not apply.

"SLAPP" stands for "Strategic Lawsuit Against Public Participation." TWD was the original plaintiff in this case. *It chose* to bring suit against Grunt Style, and it asserted claims of trademark infringement for THIS WE'LL DEFEND and unfair competition based on Grunt Style's use of its GRUNT STYLE mark. Dkt. 1. Grunt Style filed counterclaims and sought injunctive relief to stop TWD from continuing its ongoing interference and baseless accusations of impropriety. Specifically, in both its original and amended complaints, it moved the court for an order to (among other things):

> "Issue a permanent injunction enjoining and restraining TWD and its officers, agents, servants, employees, successors, assigns, and all other persons acting in concert or in participation with, or affiliated with them, jointly and severally, from directly or indirectly engaging in any further trademark infringement, unfair competition, or

> deceptive business practices, including making, offering for sale, or selling any products that feature marks confusingly similar to Grunt Style's trademark, THIS WE'LL DEFEND, and any other trademarks owned by Grunt Style" along with all other relief deemed just and proper.

Dkt. 29 at 59-61; Dkt. 41 at 25-26. Even so, Grunt Style was under no obligation to completely articulate every possible condition of the permanent injunctive relief it sought in its complaint. See, Fed. R. Civ. P. 54(c):

> "Demand for Judgment; Relief to Be Granted. A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings. Every other final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings."

Still, Grunt Style's permanent injunctive relief is not a claim; it is relief awarded as a result of Grunt Style successfully prosecuting its claims against TWD. *See Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (distinguishing between a claim, and the demand for relief which "is not itself a part of the plaintiff's claim.").[3] However, under 735 ILCS 110/15 (2007), the Act "applies to any motion to dispose of a <u>claim.</u>" This it cannot apply as TWD argues.

TWD's present motion does not sufficiently present a SLAPP motion either. Even if it did, it would necessarily fail. As discussed above, an assertion under the statute must be brought as a motion to dismiss. TWD filed a motion to dismiss in this case, but it did not include any assertion of any SLAPP provision. See Dkt. 34. Federal Rule of Civil Procedure 12(g)(2) prohibits filing successive motions to dismiss, and because the 2007 SLAPP statue was enacted prior to this case (and the 2025 amendment is not applicable by the express terms of section 110/20 as discussed above), there is no reason TWD could not have raised its concocted SLAPP argument in its first

---

[3] Oddly enough, this Court also already made the distinction between claims and relief, noting that relief itself is not a separate claim, when ruling on Grunt Style's motion under Rule 12(c). See Dkt. 67, p. 9.

motion. Rule 12(g)(2) bars a second motion to dismiss and Rule 12(h) confirms that any assertion of SLAPP is waived. *See* Fed. R. Civ. P. 12(g)(2), Fed. R. Civ. P. 12(h); *See also Satkar Hosp. Inc. v. Cook Cnty. Bd. of Rev.*, No. 10 C 6682, 2011 WL 2182106, at *4 (N.D. Ill. June 2, 2011) (Dismissing a motion brought under the SLAPP statute due to the asserting party's failure to raise the issue in its first motion to dismiss). TWD has also, obviously, answered Grunt Style's complaint and the Court has held a trial, so any subsequent motion is waived for that additional reason[4]. Fed. R. Civ P. 12(b); Fed. R. Civ. P. 12(i).

The fact that TWD tries to raise SLAPP now on the theory that there was a "change in the law" is preposterous. First, just because a law changed, does not mean that there was an intervening change in the law respecting the law of the case. As discussed above, this case never involved a SLAPP assertion. The SLAPP statues does not underpin any decision made by this Court at any time. Therefore, no matter what changes were made, that statute would not apply in this case. *See Cannon v. Armstrong Containers Inc.*, 92 F.4th 688, 700 (7th Cir. 2024) (An intervening change in the law respecting strict liability was not an intervening change in the law affecting the application of law of the case doctrine because the case dealt with negligence, not strict liability.).

[4] TWD cannot avoid forfeiture by asserting that the Act may be invoked through Rule 12(c). *Satkar* permitted the defendants to reassert their anti-SLAPP defense after answering and before trial through a Rule 12(c) motion, an avenue expressly available only when the motion is filed "early enough not to delay trial." Fed. R. Civ. P. 12(c); *Satkar Hosp., Inc. v. Cook Cnty. Bd. of Review*, No. 10 C 6682, 2011 WL 2182106, at *5 (N.D. Ill. June 2, 2011); *Satkar Hosp., Inc. v. Cook Cnty. Bd. of Review*, No. 10 C 6682, 2011 WL 4431029 at *2 (N.D. Ill. Sept. 21, 2011). Here, trial has concluded, final judgment has been entered and affirmed, and no claim remains for disposition under Rule 12(c). *Satkar* therefore identifies an available procedure TWD failed to use. It does not authorize a post-judgment collateral attack on an affirmed injunction.

Second, the "change" was not pertinent to TWD. The SLAPP statute was passed into law on August 28, 2007, well before TWD filed suit. If TWD had any SLAPP defense at any time during this case, it should have raised it before appeal. But it did not.

Instead, it concocted a new theory that because the statute was amended in 2025, all of TWD's past failures to do anything whatsoever under SLAPP were magically wiped away. That is not the case. The revision to the SLAPP statute had nothing to do with private entities like TWD, which were already covered by the original 2007 statute. Instead, Illinois Governor J.B. Pritzker signed the amendment into law specifically for the purpose of protecting the press from President Trump stating: "As Trump and his friends continue their frivolous and targeted attacks on members of the free press, we are working to protect and empower Illinois journalists as they keep the general public informed." Ex. B. This was in turn precipitated by the Illinois Supreme Court case *Glorioso v. Sun-Times Media Holdings, LLC*, 2024 IL 130137, ¶ 78, 266 N.E.3d 588, 606 (Ill. S. Ct. 2024), where the court held that media reporting was not fully protected by the SLAPP statute when it ruled "[w]e are simply holding that the Act specifically protects government *participation* and does not encompass all media reports on matters of public concern as advocated by defendants." *Id*. (emphasis original).

Accordingly, the Illinois legislature plugged that loophole by inserting into Section 5, "freedom of the press" and defined that "[t]he press opining, reporting, or investigating matters of public concern is participating and communicating with the government." 735 ILCS 110/5. Section 15 was further amended to likewise include "freedom of the press." *Id.* at 110/15 None of that has anything to do with TWD's ongoing interference with Grunt Style's trademark rights, its failure and refusal to turn over the instruments of its infringement, or anything else pertaining to the

permanent injunction. And, as discussed above, the statute specifically states that it is not retroactive and instead applies only to cases brought after the statute was amended.

Quite simply, TWD failed to ever raise SLAPP when Grunt Style filed its claims, prosecuted its claims, sought and secured summary judgment, secured its jury verdict, sought and secured its permanent injunction, sought to compel compliance, or when TWD first moved to modify the injunction, or when TWD appealed. That long string of failures constitutes waiver. TWD cannot rely on an irrelevant amendment to ensure freedom of the press to absolve it of its past failure to raise the argument. The only way for it to have avoided waiver was to raise a SLAPP at the beginning of this case (see the discussion of motions to dismiss above) and argue that Grunt Style's *claims* somehow implicated the statute. Had the court disagreed with its applicability, TWD would have had to appeal that ruling in the first instance. But it did none of that.

## IV. ENOUGH IS ENOUGH

Throughout this case, TWD has repeatedly disregarded court orders and recycled arguments the courts have already rejected. That pattern formed part of the basis for Grunt Style's motion for fees under 28 U.S.C. § 1927. See Dkt. 366 p. 13-14. While this Court denied that motion, it is now clear that doing so has only emboldened TWD to engage in the same repetitive conduct. It is time to put an end to its gamesmanship.

The provisions of the permanent injunction are tailored, pointed, and appropriate. They protect Grunt Style from TWD's on-going interference and ensure that TWD's tools of infringement are taken out of TWD's control. TWD is an unabashed, adjudicated infringer. It has treated this Court's rulings with nothing but contempt. It has steadfastly refused to comply with the injunction and proven that it will do nothing but waste everyone's time in continuing to file meritless paper. It is time for this Court to put an end to it.

TWD's feigned "confusion" respecting the scope of the permanent injunction should also be rejected. There is nothing confusing or ambiguous about the scope. TWD had no trouble articulating exactly what it was required to do when pleading for an extension of time before the Seventh Circuit. Indeed, TWD admitted to the Seventh Circuit that it must take the following actions upon return of the mandate:

- "TWD dismissing its Trademark Trial and Appeal Board ("TTAB") opposition proceeding No. 91254347 with prejudice with respect to GS's pending trademark application for GRUNT STYLE pursuant to stayed paragraph 4 of the Permanent Injunction."
- "TWD transferring its domain name www.thiswelldefend.com to GS."
- "TWD transferring its "Instagram account handle, www.instagram.com/thiswelldefend" to GS."
- "TWD transferring its THIS WE'LL DEFEND "US Trademark Registration No. 4880766 along with any goodwill and agreements associated therewith" to GS."
- "TWD opposing in the TTAB future and unspecified trademark applications of GS per stayed paragraph 3(e) of the Permanent Injunction… TWD has essentially forever lost the ability to oppose in a TTAB proceeding registration of unspecified trademark applications filed by GS"

See App. Dkt. 55-1, at 12-18. Clearly no "confusion" exists for TWD.

Further, TWD's Instagram handle is particularly troubling and further confirms why this Court must enforce the injunction now. Despite telling the Court of Appeals on August 8, 2026 that it would need to turn over the Instagram handle, TWD divested itself of that asset. This means that TWD disposed of at least one tool of infringement while it continues to hold its other primary means of infringing and interfering with Grunt Style's trademark rights, namely its website thiswelldefend.com and its trademark registration. TWD also failed to turn over its tools of manufacture and has not delivered even a single t-shirt to Grunt Style, claiming it had no inventory. It is simply not credible to believe that TWD's owner, Tim Bauer, did not possess even a *single* "This We'll Defend" product at the conclusion of this litigation.

TWD's gamesmanship is on full display throughout the supporting "declaration" of Tim Bauer (which is ~~in reality largely~~largely just a regurgitation of its legal brief). TWD tries to split hairs by arguing that "TWD has never owned the domain" because Tim Bauer purchased it. That is directly contrary to the Permanent Injunction which confirms that "This Injunction applies to Defendant, **its officers, agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant**." Dkt. 321 (emphasis added). There is no plausible argument that Bauer, the owner of TWD, is not subject to the injunction. TWD cannot evade its responsibilities by creating a fiction that Bauer can remain the "man behind the curtain" holding all assets of the company and therefore refuse to comply with the injunction.

## V. CONCLUSION

This Court properly entered a permanent injunction at the conclusion of trial. Its scope is appropriate. TWD did raise the scope of the injunction on appeal, and the Seventh Circuit rejected all of TWD's arguments—twice. The Seventh Circuit issued the mandate, over TWD's objection and request for stay, so that this Court could fulfill its duty in ensuring its orders are carried out. TWD has not complied with the terms of the Injunction. This Court should order TWD to undertake the following actions within 24 hours:

1. File dismissal with prejudice of Opposition No. 91254347 with the TTAB;

2. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style.

3. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND marked shirts (including any shirts owned by Tim Bauer or otherwise in his custody or control), and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products.

4. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of Registration No. 4880766.

5. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army.

Additionally, as a contempt sanction for disposing of the Instagram handle, TWD and Mr. Bauer should jointly and severally be ordered to pay Grunt Style its reasonable attorneys fees relating to its seeking contempt and compliance with the permanent injunction along with any other further relief this Court deems just and appropriate.

Dated: September 22, 2026

Respectfully submitted,

**PLAINTIFF GRUNT STYLE LLC**

By: /s/ *Matthew De Preter*
Matthew De Preter
Aronberg Goldgehn Davis &
Garmisa 225 West Washington
Street – Suite 2800 Chicago, IL
60606
P: 312-755-3153
cdepreter@agdglaw.com

Kathleen Lyons
Dennemeyer & Associates LLC
230 W Monroe St., Ste. 2100
Chicago, IL 60606, United States
P: 312-978-1815
klyons@dennemeyer-law.com

*Attorneys for Grunt Style LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 22, 2026 a true and correct copy of the foregoing was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to counsel of record.

/s/ Matthew De Preter

One of the Attorneys for Grunt Style LLC