**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment).<br><br>and related claims of TWD, LLC transferred from the United States District Court, Southern District of California. | CASE NO. **1:18-cv-07695**<br><br>**REPLY MEMORANDUM IN SUPPORT OF TWD, LLC'S MOTION FOR COURT TO MODIFY, TERMINATE OR STAY CERTAIN PROVISIONS OF PERMANENT INJUNCTION**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |

## TABLE OF CONTENTS

I. TWD'S MOTION TO TERMINATE, MODIFY OR STAY CERTAIN PERMANENT INJUNCTION PROVISIONS. . . . . 1

A. Grunt Style's Law Of The Case Argument. . . . . 1

B. The District Court Should Formally Spread The Mandate At The Hearing . . . . . 4

C. TWD Withdraws It's Anti-SLAPP Motion, But The Recently Strengthened Policy Of Anti-SLAPP Remains . . . . . 4

D. Certain Permanent Injunctive Provisions Should Be Dissolved Or Modified Or Stayed . . . . . 5

1. Stayed Paragraph 4 - Dismissal Of Pending TTAB Action Regarding the mark GRUNT STYLE . . . . . 5

2. Stayed Paragraph 3(e) Enjoining TWD From Opposing Any Future Grunt Style Trademark Application For Marks Not At Issue At Trial . . . . . 8

E. The Court Should Modify The Injunction In Response To Grunt Style's Contempt Motion. . . . . 10

II. CONCLUSION. . . . . 11

Pursuant to the Court's Order [ECF 404], defendant TWD, LLC ("TWD") submits this reply memorandum in support of TWD's Motion for Court to Modify, Terminate or Stay Certain Provisions of Permanent Injunction.

## I. TWD'S MOTION TO TERMINATE, MODIFY OR STAY CERTAIN PERMANENT INJUNCTION PROVISIONS

### A. Grunt Style's Law Of The Case Argument

Grunt Style does not challenge TWD's law that this court is bound by explicit rulings and explicit directives of the Seventh Circuit concerning the Permanent Injunction provisions in issue. *Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993) ("But ***explicit rulings on issues that were before the higher court*** and ***explicit directives*** by that court to the lower court concerning proceedings on remand are not dicta.") (emphasis added). Grunt Style acknowledges the "fact that the Seventh Circuit did not separately address the stayed provisions . . ." [Dkt. 409 {GS Opp.}, at 2].

Grunt Style argues that "TWD had its chance to raise the scope of the injunction with the Seventh Circuit and failed to do so." [Dkt. 409 {GS Opp.}, at 2]. Yet Grunt Style acknowledges that: (1) TWD set forth the *de novo* standard of review as to legal issues in the Permanent Injunction[1]; (2) TWD argued that the district court had no "power to issue" the stayed Permanent Injunction provisions with citation to TWD's modify injunction brief that specified the limitations of the injunction statutes15 U.S.C. §1116(a) and 815 ILCS 510/3 [2]; (3) TWD quoted

[1] "'Legal issues in an injunction order are subject to de novo review.' *Darlingh v. Maddaleni*, 142 F.4th 558, 564 (7th Cir. 2025)." [Dkt. 409 {GS Opp.}, at 3 quoting App. Dkt. 26 at 66-67].

[2] "TWD filed a motion for the court to construe, modify or terminate certain provisions of the Permanent Injunction ***because it had not (sic) power to issue them***. [Dkt. 335 {Mot} 336 {TWD Brf}]." [Dkt. 409 {GS Opp.}, at 3 quoting App. Dkt. 26 at 66-67 (emphasis added)]. TWD's cited brief

the exact paragraphs 3(e), 4 and 5 that the district court stayed[3]; (4) TWD specifically argued that the "Court should strike the stayed portions of the Permanent Injunction as overbroad, especially to the extent it prohibits TWD from filing documents with the USPTO and/or Trademark Trial and Appeal Board."[4] Thus, TWD did raise injunction issues on appeal

Grunt Style acknowledges that TWD raised injunction issues on appeal when its argues: "Grunt Style established clearly and convincingly that TWD's arguments, such as they were, had no merit." [Dkt. 409 {GS Opp.}, at 4]. Grunt Style's appeal argument summarily argues: "Instead, without explanation or authority, it merely states that the injunction is 'overbroad.'" [App. Dkt. 33 {GS Brf}, at 55]. Thus, Grunt Style made no argument to explain why the stayed Permanent Injunction provisions were not overbroad.

Grunt Style argues the law of the case applies because the "Seventh Circuit expressly recognized that TWD sought to 'vacate the district court's damages award and permanent

---

states:

> "The court's power to order injunctive relief was limited to the THIS WE'LL DEFEND mark owned by plaintiff Grunt Style. See 15 U.S.C. § 1116(a) ("The several courts vested with jurisdiction of civil actions arising under this Act shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, . . . ***to prevent a violation under subsection (a), (c), or (d) of section 43 [15 USCS § 1125]***"); 815 ILCS 510/3 ("***Relief granted for the copying of an article shall be limited to the prevention of confusion or misunderstanding as to source.***") (emphasis added).

[Dkt. 336 {TWD Brf}, at 3] *See also* [Dkt. 336 {TWD Brf}, at 6 ("the court does not have the power under the injunction statutes to enjoin TWD from exercising any rights before the TTAB"), at 9 ("the court does not have the power under the injunction statutes for a mandatory injunction to "dismiss with prejudice" any TTAB proceeding – let alone a TTAB proceeding regarding the mark GRUNT STYLE that was not at issue at trial.") at 11 ("the court does not have the power under the injunction statutes to enjoin TWD from advertising goods that do not use THIS WE'LL DEFEND")].

[3] "The district court stayed 'paragraphs 3(e), 4, and 5 of the Order of Permanent Injunction entered 1/28/25 [321].' [Dkt. 352 {Order Modifying Permanent Injunction}. Those stayed provisions state: . ." [Dkt. 409 {GS Opp.}, at 3 quoting App. Dkt. 26 at 66-67]].

[4] [Dkt. 409 {GS Opp.}, at 3 quoting App. Dkt. 26 at 66-67].

injunction' and then held: 'We affirm.'" [Dkt. 409 {GS Opp.}, at 5]. Thus, Grunt Style acknowledges the Seventh Circuit's opinion contained no discussion of the Permanent Injunction provisions at issue.

In support of its law of the case argument, Grunt Style cites *Kaku Nagano v. Brownell*, 212 F.2d 262, 263 (7th Cir. 1954). [Dkt. 409 {GS Opp.}, at 5-6]. Unlike the instant case, the Seventh Circuit in a first appeal in *Kaku* had expressly "determined that the averments of plaintiff's complaint constituted a statement of a good cause of action . ." *Id*. at 262. The Seventh Circuit in *Kaku* then explained that the law of the case rule is not iron-clad and that the doctrine does not apply to a "plain" or a "manifest error." *Id*. at 263 ("In other words, though the rule that what is said on appeal becomes ***the law of the case is not an iron-clad rule which denies power in the court to correct its manifest error***, it is one of sound policy.") (emphasis added).

Also, in support of its law of the case argument, Grunt Style cites *Devines v. Maier*, 728 F.2d 876 (7th Cir. 1984). [Dkt. 409 {GS Opp.}, at 5-6]. In *Devines* the Seventh Circuit explained: "The 'law of the case' doctrine, however, is not an immutable concept, 'and should not be applied where the law as announced is ***clearly erroneous***, and establishes a practice which is ***contrary to the best interests of society***, and works a ***manifest injustice in the particular case***.'" *Id*. at 880 (citations omitted). The *Devines* court did not apply the law of the case.

Thus, in the absence of explicit rulings regarding the stayed injunctive relief provisions at issue on the appeal, this court is not prevented from modifying or dissolving any of the stayed injunction provisions. Further, even if the law of the case doctrine does apply, this court (and the Seventh Circuit on a new second appeal) is free to review the stayed injunction provisions for

plain error or manifest injustice or the best interests of society.

### B. The District Court Should Formally Spread The Mandate At The Hearing

Grunt Style did not address TWD's law regarding a formal spreading of the mandate at a hearing. *See, e.g. Jackson-Jones v. Epoch Everlasting Play, LLC*, No. 2:23-cv-02567-ODW (SKx), 2025 U.S. Dist. LEXIS 216100, at *2 (C.D. Cal. Sep. 26, 2025) ("The Court hereby spreads the mandate.").

As discussed above, this court should spread the mandate at the hearing and confirm that the Seventh Circuit's opinion contains no directives regarding the Permanent Injunction that would prevent this court from modifying or dissolving any provision of the Permanent Injunction.

### C. TWD Withdraws It's Anti-SLAPP Motion, But The Recently Strengthened Policy Of Anti-SLAPP Remains

TWD withdraws its anti-SLAPP motion in light of Grunt Style's argument that recent changes broadening the Illinois anti-SLAPP statute "'apply only to actions commenced on or after January 1, 2026.' 735 ILCS 110/32." [Dkt. 409 {GS Opp.}, at 6].

Accordingly, TWD does not contend that it has any automatic stay rights under 735 ILCS 110/17.

Although TWD has withdrawn its anti-SLAPP motion, the strengthened policy of anti-SLAPP remains. "Pursuant to the fundamental philosophy of the American constitutional form of government, it is declared to be the public policy of the State of Illinois that ***the constitutional rights of citizens and organizations to be involved and participate freely in the process of government must be encouraged and safeguarded with great diligence***. . . . The threat of

SLAPPs significantly chills and diminishes citizen participation in government . . . ***It is in the public interest and it is the purpose of this Act*** . . ***to protect and encourage public participation in government to the maximum extent permitted by law*** . . . ***As such, this Act should be construed broadly in striking the balance of rights described in this Act***." 735 ILCS 110/5 (emphasis added). An important change is that the "claim does not need to solely pertain to the moving party's constitutional rights . . .." 735 ILCS 110/15.

"The right of petition is one of the freedoms protected by the Bill of Rights, and we cannot, of course, lightly impute to Congress an intent to invade these freedoms." *E. R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138, 81 S. Ct. 523, 530 (1961). Thus, even without an anti-SLAPP motion, federal law protects the rights of petition and participation in government.

Accordingly, this court can always consider whether injunctive provisions that restrict TWD's right to participate in filing documents with the USPTO or Trademark Trial and Appeal Board are "contrary to the best interests of society" work a "manifest injustice in the particular case" or are "clearly erroneous." *Devines*, 728 F.2d 880.

### D. Certain Permanent Injunctive Provisions Should Be Dissolved Or Modified Or Stayed

#### 1. Stayed Paragraph 4 - Dismissal Of Pending TTAB Action Regarding the mark GRUNT STYLE

Paragraphs 2 and 4 of the Permanent Injunction [Dkt. 321] as modified by [Dkt. 331 {Order}] provide:

> 2. ***This Injunction concerns the THIS WE'LL DEFEND mark owned by Plaintiff***.

* * *

> 4. No later than thirty (30) days from entry of this Order, by ***February 27, 2025***, Defendant shall ***dismiss with prejudice Opposition No. 91254347***, pending before the Trademark Trial and Appeal Board.

(Emphasis added).

As the court may recall, TWD's pending TTAB Opposition No. 91254347 opposes Grunt Style's registration of the mark GRUNT STYLE on several grounds, including Grunt Style's abandonment, misuse of ® and fraud. [Dkt. 336-1 {Bauer Decl.}, ¶9 and Dkt. 336-3 {Ex. A}]. Thus, it is plain error (and contrary to paragraph 2 of the Permanent Injunction) that paragraph 4 requires ***dismissal with prejudice*** of a pending action regarding the mark GRUNT STYLE that does not concern "the THIS WE'LL DEFEND mark owned by Plaintiff.

Importantly, the TTAB previously ***denied Grunt Style's motion to dismiss*** TWD's TTAB Opposition No. 91254347 opposing registration of the mark GRUNT STYLE. [Dkt. 336-1 {Bauer Decl.}, ¶10 and Dkt. 336-4 {Ex. B}]. Thus, Grunt Style seeks dismissal with prejudice pursuant to paragraph 4 of the Permanent Injunction of Opposition No. 91254347 opposing registration of the mark GRUNT STYLE that Grunt Style previously failed to dismiss with prejudice by motion in the TTAB. Thus, it is plain error and contrary to TWD's right to petition for this court to order TWD to dismiss Opposition No. 91254347 with prejudice when the TTAB has ruled TWD states a claim.

Also importantly, TWD opposed Grunt Style's motion for summary judgment in TWD's pending TTAB Opposition No. 91254347 with evidence and arguments. [Dkt. 336-1 {Bauer Decl.}, ¶11(a) and Dkt. 336-6 {Ex. D}]. The TTAB denied Grunt Style's summary judgment motion without prejudice and suspended TWD's Opposition proceeding in light of this district court action. [Dkt. 336-1 {Bauer Decl.}, ¶11(b) and Dkt. 336-7 {Ex. E}]. Thus, it is plain error

and contrary to TWD's right to petition for this court to order TWD to dismiss Opposition No. 91254347 with prejudice when Grunt Style failed to obtain a summary judgment on the merits.

Because the court only has the power "***to prevent a violation under subsection (a)***, (c), or (d) ***of section 43 [15 USCS § 1125],***" the court has no power under 15 U.S.C. § 1116(a) to order TWD to "dismiss with prejudice" any TTAB Opposition proceeding and particularly dismiss a TTAB Opposition proceeding opposing the mark GRUNT STYLE. Similarly, because the court only has the power to prevent "***confusion or misunderstanding as to source***," the court has no power under 815 ILCS 510/3 to order TWD to "dismiss with prejudice" any TTAB Opposition proceeding and particularly dismiss a TTAB Opposition proceeding regarding the mark GRUNT STYLE. Additionally, the court had no power under Cal. Bus. & Prof. Code §17203, especially since Grunt Style did not establish at trial that it "suffered injury in fact and has lost money or property as a result of the unfair competition" under Cal. Bus. & Prof. Code §17204.

As the court knows, TWD will be irreparably harmed if TWD must "dismiss ***with prejudice*** Opposition No. 91254347" opposing registration of the mark GRUNT STYLE. [Dkt. 321 {Perm Inj}, ¶4; Dkt. 331 {Order modifying ¶4}]. TWD will forever lose its opposition proceeding rights if its TTAB Opposition proceeding regarding GRUNT STYLE is dismissed "***with prejudice***." [Dkt. 336-1 {Bauer Decl.}, ¶12].

In light of the above, paragraph 4 of the Permanent Injunction should be dissolved. Alternatively, paragraph 4 should be modified or stayed until all appellate proceedings are concluded. TWD will be filing a petition for a writ of certiorari to the United States Supreme Court by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days). Additionally, TWD may pursue a new appeal to the Seventh Circuit. *See* 28 USC § 1292(a)(1) ("courts of appeals

shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

### 2. Stayed Paragraph 3(e) Enjoining TWD From Opposing Any Future Grunt Style Trademark Application For Marks Not At Issue At Trial

Paragraph 2 and 3(e) of the Permanent Injunction [Dkt. 321] provide:

> 2. ***This Injunction concerns the THIS WE'LL DEFEND mark owned by Plaintiff***.
>
> 3. The Enjoined Parties are permanently enjoined and restrained from:
>
> * * *
>
> e. ***filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style*** in the United States Patent and Trademark Office that are not lawfully used by Defendant, including any future application by grunt style for THIS WE'LL DEFEND;

(Emphasis added).

As the court may recall, in the past, TWD has filed extensions to oppose and/or filed opposition proceedings with the Trademark Trial and Appeal Board ("TTAB") regarding the following trademark applications filed by Grunt Style:

- TTAB Opposition No. 91265681 opposing Grunt Style's trademark application for WINE LISTENS (Ser. No. 88748993) resulting in default judgment in favor of TWD [22 TTABVUE].
- TTAB Opposition No. 91254347 opposing Grunt Style's trademark application (by purported assignment) for GRUNT STYLE (Ser. No. 85926093). As discussed below, the TTAB denied, in part, Grunt Style's motion to dismiss and

> denied Grunt Style's motion for summary judgment without prejudice. The TTAB has suspended this Opposition proceeding.

[Dkt. 336-1 {Bauer Decl.}, ¶4]. If paragraph 3(e) of the Permanent Injunction that prevents TWD from "filing extensions of time to oppose or opposing ***any applications for marks*** filed by Grunt Style in the United States Patent and Trademark Office" had been in force, TWD would have been unfairly restricted in violation of the TWD's right to petition.

Even if paragraph 3(e) was modified to Grunt Style applications for "THIS WE'LL DEFEND," it would still be too broad because Grunt Style does not own trademark rights in all goods and all service. For instance, the mark "THIS WE'LL DEFEND" (Reg. No. 6201011) in Class 35 for various services is owned by the Department of the Army and the mark "MOTTO: THIS WE'LL DEFEND" (Reg. No. 6707553) in Class 32 for "Beer" is owned by Cartridge Brewing, LLC.

Even if paragraph 3(e) was modified to Grunt Style applications for "THIS WE'LL DEFEND" for only clothing and retail services, TWD will be filing a petition for a writ of certiorari to the United States Supreme Court by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days). Further, TWD could have the right to oppose before the TTAB on grounds other than a likelihood of confusion ground.

TWD will be irreparably harmed if TWD is enjoined from "filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style in the United States Patent and Trademark Office. . .." [Dkt. 321 {Perm Inj.}, ¶3(e)]. If TWD fails to file an opposition proceeding before the TTAB by the deadline, then TWD forever loses its right to file a TTAB Opposition proceeding to challenge registration of that mark. [Dkt. 336-1 {Bauer Decl.}, ¶5].

In light of the above, paragraph 3(e) of the Permanent Injunction should be dissolved. Alternatively, paragraph 3(e) should be modified or stayed until all appellate proceedings are concluded. TWD will be filing a petition for a writ of certiorari to the United States Supreme Court by the Thursday, October 29, 2026 deadline (7/31/2026 + 90 days). Additionally, TWD may pursue a new appeal to the Seventh Circuit. *See* 28 USC § 1292(a)(1) ("courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions."

### E. The Court Should Modify The Injunction In Response To Grunt Style's Contempt Motion

With respect to Grunt Style's claimed command and contempt of "3. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style" the Permanent Injunction [ECF 321] does not contain an unambiguous demand for TWD to transfer that domain name.

Grunt Style never asserted a claim under the Anticybersquatting Consumer Protection Act ("ACPA") [15 U.S.C. §1125(d)] (or any other claim) for transfer of the domain name www.thiswelldefend.com domain name to Grunt Style. [ECF 41 {ACC}]. [Supp. TWD Compliance Decl., ¶36].

"The Ninth Circuit has recognized that 'only upon proving the rigorous elements of cyber-squatting under the ACPA have plaintiffs successfully forced the transfer of an infringing domain name.'" *Pure Imagination, Inc. v. Pure Imagination Studios, Inc.*, 2004 U.S. Dist. LEXIS 23064, at *53-54 (N.D. Ill. Nov. 12, 2004) *quoting Interstellar Starship Services, Ltd. v. Epix. Inc.*,304 F.3d 936, 948 (9th Cir. 2002).

Additionally, TWD further responds that TWD has never owned the domain name

www.thiswelldefend.com and that TWD removed all content from the website www.thiswelldefend.com, so only a blank page would appear if someone entered the website address. " [Dkt. 336-1 {Bauer Decl.}, ¶¶21-22]. After at least February 27, 2025 (date of Initial TWD Compliance Decl.), any content on www.thiswelldefend.com was automatically added by GoDaddy.com. " [Dkt. 407-1 {Bauer Decl.}, ¶36].

Accordingly, in light of the above, it would be plain error for this court to require transfer of domain name www.thiswelldefend.com. The Permanent Injunction should be modified to make clear that "Nothing in this Permanent Injunction should be construed to require non-party Tim Bauer to transfer the domain name www.thiswelldefend.com to Grunt Style."

The Permanent Injunction should also be modified to make clear that "Nothing in this Permanent Injunction should be construed to require TWD to deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of Registration No. 4880766."

The Permanent Injunction should also be modified to make clear that "Nothing in this Permanent Injunction should be construed to require TWD to deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army.

## II. CONCLUSION

For the foregoing reasons, this Court should grant TWD's motion to modify, terminate or stay certain Permanent Injunction provision as set forth above.

DATED: September 29, 2026 Law Offices of Darren J. Quinn

/s/ Darren J. Quinn

Darren J. Quinn (*pro hac vice*)

12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401
E-mail: dq@dqlaw.com

Yanling Jiang, J.D. (Bar No. 6309336)
JiangIP LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60606
Telephone: 312-283-8091
E-mail: yanling@jiangip.com

*Attorneys for TWD, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn