**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>TWD, LLC,<br><br>Defendant. | Case No. 18 C 7695<br><br>Hon. LaShonda A. Hunt |

**ORDER**

For the reasons discussed below, Plaintiff's bill of costs [387] is granted in part as to $160.00 for witness attendance fees and denied in all other respects.

**STATEMENT**

Under 28 U.S.C. § 1920, the Court is authorized to tax as costs certain fees and other enumerated amounts. In turn, Federal Rule of Civil Procedure 54 states that "[u]nless . . . a court orders provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule thus creates "a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Local Rule 54.1 allows the prevailing party to request costs within 30 days of judgment, provides that certain costs are waived if not requested, and sets forth limits on fees for transcripts, among other things. L.R. 54.1(a). A court must make two inquiries before taxing costs against a losing party: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Lane v. Person*, 40 F.4th 813, 815 (7th Cir. 2022) (quoting *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000)).

Plaintiff seeks $17,520.01 in taxable costs for transcripts, printing, witnesses, copies, and other expenses, including one of Defendant's t-shirts, a certificate of good standing, courier, delivery, and messenger services, accommodations and dinners for counsel during trial, and computerized research fees. Defendant objects to Plaintiff's bill of costs on three grounds [389]. The Court will address each in turn.

## A. Timeliness/Waiver

Defendant first argues that Plaintiff waived taxable costs under L.R. 54.1(a) because it did not file a bill of costs by February 27, 2025, which is 30 days after entry of the amended judgment on January 28, 2025 [322]. The Court already disposed of this argument in a prior order by stating: "In view of the relatively convoluted procedural history with respect to the judgments entered in this case, Plaintiff's motion for entry of a briefing schedule on its motion for fees and costs [356] and the Court's order granting it [360] were sufficient under Rule 54 and Local Rules 54.1 and 54.3 to avoid waiver of any request for taxable costs and attorney's fees and related nontaxable

expenses based on timeliness. Accordingly, Defendant's objection to the motion as untimely is unfounded and overruled." [386]. Nonetheless, Defendant raises the argument again in its objection. But Defendant still ignores that the finality of the January 28, 2025 amended judgment was being actively litigated before both this Court and the Court of Appeals. The matter was not conclusively resolved until June 20, 2025 [380] and, in any event, Plaintiff preserved the issue in the meantime [356], [360], [365]. Accordingly, the Court's prior determination remains unaltered—Plaintiff did not waive the right to file a bill of costs.

**B. <u>Insufficient Itemization and Documentation</u>**

Defendant also argues that Plaintiff's itemization and documentation is insufficient because the chart itemizing costs is vague and the documentation is merely the attorney's billing statements to the client, not actual invoices. In addition, Defendant notes that, while the total of $17,520.01 on the bill of costs is the same as the sum of all the costs listed in the itemization chart, the billing statements are missing some of the corresponding charges and add up to only $13,991.88. The chart itemizing the costs would have been easier to digest if it aligned with the categories of the bill of costs, but it is sufficient. The documentation, however, is not. Because the issues with the documentation relate to many of Defendant's arguments regarding recoverability, the Court will discuss those together below.

**C. <u>Recoverability, Reasonability, and Necessity:</u>**

Last, Defendant objects to many of the items on the bill of costs on the basis that they are not recoverable or were not reasonable and necessary to litigate this matter.

**1. Transcripts**

The documentation submitted in support of transcripts simply states the total amount charged but does not include the number of pages or cost per page. Well-settled case law, Local Rule 54.1(b), and General Orders 18-0011 and 23-0015 clearly require such information for the Court to determine whether the amount sought for transcripts is recoverable. *Telular Corp. v. Mentor Graphics Corp.*, No. 01 C 431, 2006 WL 1722375, at *3 (N.D. Ill. June 16, 2006) ("Without [the total number of pages or the price charged per page,] the court cannot assess the reasonableness of this expense."). Plaintiff has therefore failed to meet its evidentiary burden in this regard and the $4,210.15 sought for transcripts will be denied.

**2. Printing and Copies**

Plaintiff seeks $10.20 for printing but simply lists that amount in the itemization chart and corresponding billing statement as "charges for photocopies". Without more information, that is insufficient and will therefore be denied.

Plaintiff also seeks $19.00 for copies. Based on a review of the billing statements, the amount sought seems to relate to a certificate of good standing obtained by Plaintiff's counsel, but there is no explanation or further documentation supporting that request. Presumably, counsel obtained the certificate in connection with his appearance the initial litigation in California, but it is Plaintiff's burden to explain and prove up the costs it seeks, so the Court will not speculate. Accordingly, this amount will not be allowed.

**3. Witnesses**

Plaintiff seeks $6,182.73 for the deposition of Tim Jenson, the depositions of Daniel Alarik, and attendance of Daniel Alarik as a witness at the trial. Jenson is Plaintiff's owner. He was deposed individually. Alarik is Plaintiff's founder and former owner. He was deposed individually and as Plaintiff's Rule 30(b)(6) deponent and called as a witness at trial. Parties are generally not entitled to witness fees for their own appearances in court, but costs may be assessed for corporate officers and directors who are not personally involved in the litigation who testify on behalf of the corporation. *WH Smith Hotel Servs. v. Wendy's Int'l*, 25 F.3d 422, 429-30 (7th Cir. 1994). Here, there is no suggestion that Jenson and Alarik were personally involved, so attendance fees should be allowed. However, 28 U.S.C. § 1821(b) limits attendance fees to $40 per day. The amounts sought far exceed any such fees, so Plaintiff presumably seek to recover travel expenses under 28 U.S.C. § 1821(c), but Plaintiff did not submit any documentation in support of such amounts. Accordingly, Plaintiff will be allowed on $160 for this category, which Defendant conceded in the alternative.

**4. Other Expenses**

Finally, Plaintiff seeks to recover other costs, including charges for computerized legal research, courier, delivery, and messenger services, one of Defendant's t-shirts, and meals and accommodations during trial. None of these costs are recoverable under 28 U.S.C. § 1920. *See Craftwood II, Inc. v. Generac Power Sys., Inc.*, 63 F.4th 1121, 1129 (7th Cir. 2023) (computerized research costs); *Telular Corp.*, 2006 WL 1722375, at *11 (other general expenses, including messenger, courtier, and delivery services); *Coleman v. ANR-Advance Transp. Co.*, No. 98 C 7599, 2001 WL 477208, at *2 (N.D. Ill. May 4, 2001) (meals). Accordingly, these other costs will not be allowed.

**CONCLUSION**

For the reasons stated above, the Clerk is directed to tax costs in favor of Plaintiff and against Defendant in the amount of $160.00.

**DATED**: October 22, 2026

**ENTERED**:

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge