**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment). | CASE NO. **1:18-cv-07695**<br><br>**NOTICE OF APPEAL**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |
| and related claims of TWD, LLC transferred from the United States District Court, Southern District of California. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that TWD, LLC ("TWD") hereby appeals to the United States Court of Appeals for the Seventh Circuit from the district court's order, filed October 22, 2026 [Dkt. 414] denying TWD's "motion to modify, terminate or stay certain provisions of the permanent injunction" and granting in part the motion of GRUNT STYLE LLC to compel compliance with the permanent injunction, including modifying the permanent injunction with new express requirements not expressly specified in the Permanent Injunction [Dkt. 321]. *See* 28 USC § 1292(a)(1) ("courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." ).

This Court's opinion in No. 25-1305 [App. Dkt. 44] did not contain any discussion or explicit directives with respect to the Permanent Injunction [Dkt. 321]. *See, e.g. Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993). Accordingly, the law of the case should not apply with respect to matters for which there is no explicit directive or express ruling.

Even with respect to any express rulings or directives in this Court's opinion in No. 25-1305 [App. Dkt. 44] the 'law of the case' doctrine, however, is

not an immutable concept, 'and should not be applied where the law as announced is ***clearly erroneous***, and establishes a practice which is ***contrary to the best interests of society***, and works a ***manifest injustice in the particular case***.'" *Devines v. Maier*, 728 F.2d 876, 880 (7th Cir. 1984) (citations omitted). *See also*, *Zbaraz v. Madigan*, 572 F.3d 370, 380 n.5 (7th Cir. 2009) ("the law of the case doctrine does not apply to previous rulings based on plain error."); *Evans v. City of Chi.*, 873 F.2d 1007, 1014 (7th Cir. 1989) ("It is important to note that the law of the case doctrine does not limit this court's power to reconsider earlier rulings in a case."); *Avitia v. Metro. Club*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("A judge may reexamine his earlier ruling (or the ruling of a judge previously assigned to the case, or of a previous panel if the doctrine is invoked at the appellate level) if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it.").

"[T]his Court may review [an] order in connection with the injunction if the injunction turns on the validity of that order, *Elliott v. Hinds*, 786 F.2d 298, 301 (7th Cir. 1986), or if the dismissal order is so entwined with the injunction order that judicial economy compels review." *Artist M. v. Johnson*, 917 F.2d 980, 986 (7th Cir. 1990), *rev'd on other grounds sub nom.*, *Suter v. Artist M.*, 503 U.S. 347

(1992). *See also Goldhamer v. Nagode*, 621 F.3d 581, 584 (7th Cir. 2010) ("Because the district court's grant of summary judgment was 'inextricably bound' to the injunction, we have limited jurisdiction to review that grant of summary judgment as well, to the extent necessary."); *Coronado v. Valleyview Pub. Sch. Dist.* 365-U, 537 F.3d 791, 795 (7th Cir. 2008) ("The scope of appellate review is, however, limited to the injunction decision itself and those issues inextricably bound to it.").

DATED: February 27, 2025

Respectfully submitted by,

Law Offices of Darren J. Quinn

/s/ Darren J. Quinn
Darren J. Quinn (*pro hac vice*)
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401
E-mail: dq@dqlaw.com

Yanling Jiang, J.D. (Bar No. 6309336)
JiangIP LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60606
Telephone: 312-283-8091
E-mail: yanling@jiangip.com

*Attorneys for TWD, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF APPEAL** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn