**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment).<br>_______________________________________<br>and related claims of TWD, LLC transferred from the United States District Court, Southern District of California.<br>_______________________________________ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. **1:18-cv-07695**<br><br>**NOTICE OF APPEAL**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that TWD, LLC ("TWD") hereby appeals to the United States Court of Appeals for the Seventh Circuit from the district court's order, filed October 22, 2026 [Dkt. 414] denying TWD's "motion to modify, terminate or stay certain provisions of the permanent injunction" and granting in part the motion of GRUNT STYLE LLC to compel compliance with the permanent injunction, including modifying the permanent injunction with new express requirements not expressly specified in the Permanent Injunction [Dkt. 321]. *See* 28 USC § 1292(a)(1) ("courts of appeals shall have jurisdiction of appeals from: (1) Interlocutory orders of the district courts of the United States . . . modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." ).

This Court's opinion in No. 25-1305 [App. Dkt. 44] did not contain any discussion or explicit directives with respect to the Permanent Injunction [Dkt. 321]. *See, e.g. Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993). Accordingly, the law of the case should not apply with respect to matters for which there is no explicit directive or express ruling.

Even with respect to any express rulings or directives in this Court's opinion in No. 25-1305 [App. Dkt. 44] the 'law of the case' doctrine, however, is

not an immutable concept, 'and should not be applied where the law as announced is ***clearly erroneous***, and establishes a practice which is ***contrary to the best interests of society***, and works a ***manifest injustice in the particular case***.'" *Devines v. Maier*, 728 F.2d 876, 880 (7th Cir. 1984) (citations omitted). *See also*, *Zbaraz v. Madigan*, 572 F.3d 370, 380 n.5 (7th Cir. 2009) ("the law of the case doctrine does not apply to previous rulings based on plain error."); *Evans v. City of Chi.*, 873 F.2d 1007, 1014 (7th Cir. 1989) ("It is important to note that the law of the case doctrine does not limit this court's power to reconsider earlier rulings in a case."); *Avitia v. Metro. Club*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("A judge may reexamine his earlier ruling (or the ruling of a judge previously assigned to the case, or of a previous panel if the doctrine is invoked at the appellate level) if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefited from it.").

"[T]his Court may review [an] order in connection with the injunction if the injunction turns on the validity of that order, *Elliott v. Hinds*, 786 F.2d 298, 301 (7th Cir. 1986), or if the dismissal order is so entwined with the injunction order that judicial economy compels review." *Artist M. v. Johnson*, 917 F.2d 980, 986 (7th Cir. 1990), *rev'd on other grounds sub nom.*, *Suter v. Artist M.*, 503 U.S. 347

(1992). *See also Goldhamer v. Nagode*, 621 F.3d 581, 584 (7th Cir. 2010) ("Because the district court's grant of summary judgment was 'inextricably bound' to the injunction, we have limited jurisdiction to review that grant of summary judgment as well, to the extent necessary."); *Coronado v. Valleyview Pub. Sch. Dist.* 365-U, 537 F.3d 791, 795 (7th Cir. 2008) ("The scope of appellate review is, however, limited to the injunction decision itself and those issues inextricably bound to it.").

DATED: February 27, 2025

Respectfully submitted by,

Law Offices of Darren J. Quinn

/s/ Darren J. Quinn

Darren J. Quinn (*pro hac vice*)
12702 Via Cortina, Suite 105
Del Mar, CA 92014
Telephone: 858-509-9401
E-mail: dq@dqlaw.com

Yanling Jiang, J.D. (Bar No. 6309336)
JiangIP LLC
233 South Wacker Drive, 84th Floor
Chicago, Illinois 60606
Telephone: 312-283-8091
E-mail: yanling@jiangip.com

*Attorneys for TWD, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **NOTICE OF APPEAL** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Grunt Style LLC

Plaintiff,

v.

Case No.: 1:18−cv−07695
Honorable LaShonda A. Hunt

TWD, LLC

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, October 22, 2026:

MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic motion hearing held. For the reasons stated on the record and in Plaintiff's briefs, the Court rules as follows: (1) Plaintiff's motion [402] is granted in part as to compelling Defendant's compliance with the permanent injunction, denied in part without prejudice as to holding Defendant in contempt, and denied as to the fee request; and (2) Defendant's motion to modify, terminate or stay certain provisions of permanent injunction [407] is denied. As discussed, Defendant's affidavit of compliance with the permanent injunction is due by 10/29/26. Mailed notice (gel,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.1)**
**Eastern Division**

Grunt Style LLC

Plaintiff,

v.

Case No.: 1:18−cv−07695
Honorable LaShonda A. Hunt

TWD, LLC

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, November 22, 2024:

MINUTE entry before the Honorable LaShonda A. Hunt: For the reasons set forth in the accompanying Memorandum Opinion and Order, the Court (1) denies defendant TWD, LLC's motion for judgment as a matter of law [263]; (2) grants plaintiff Grunt Style LLC's motion for determination of liability [275]; (3) denies plaintiff Grunt Style's motion to determine infringing profits [277]; and (4) denies defendant TWD's motion regarding equitable jurisdiction and award of profits [279]. Enter Memorandum Opinion and Order. The Clerk is directed to enter judgment in favor of plaintiff Grunt Style LLC and against defendant TWD, LLC on all claims in the First Amended Counterclaim [41], and an award of profits to plaintiff Grunt Style LLC and against defendant TWD, LLC in the amount of $739,500.00. By 12/11/24, parties must upload all admitted trial exhibits on the docket. Emailed notice. (cdh, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>TWD, LLC,<br><br>Defendant. | Case No. 18 C 7695<br><br>Hon. LaShonda A. Hunt |

**MEMORANDUM OPINION AND ORDER**

Currently before the Court are the pre-verdict and post-trial motions of Plaintiff Grunt Style LLC ("Grunt Style") and Defendant TWD, LLC ("TWD"). Prior to the case being submitted to the jury, TWD filed a motion for judgment as a matter of law, (Dkt. 263), which was taken under advisement. The jury subsequently returned a verdict finding TWD liable for trademark infringement and unfair competition (Claims III, IV, VI) and awarding profits to Grunt Style. (Dkt. 264). TWD now moves to dismiss Grunt Style's remaining claims under the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA") (Claim V) and California Unfair Competition Law, Business and Professions Code ("UCL") (Claim VII) for lack of federal equitable jurisdiction and to deny Grunt Style any award of TWD's profits. (Dkt. 279). Conversely, Grunt Style filed motions requesting that the Court find in its favor on its remaining IUDTPA and UCL claims and reassess damages on the trademark infringement claim pursuant to the Lanham Act, 15 U.S.C. § 1117(a). (Dkts. 275, 277). For the reasons discussed below, the Court denies motion for judgment as a matter of law, grants Grunt Style's motion for determination of liability, denies TWD's motion regarding equitable jurisdiction and award of profits, and denies Grunt Style's motion to determine infringing profits.

**BACKGROUND**

This case arises from a longstanding dispute between TWD and Grunt Style about superior rights to use of the THIS WE'LL DEFEND trademark (the "Mark"). The Court assumes familiarity with the background and procedural history from the prior rulings on partial summary judgment (Dkt. 188) and motions in limine. (Dkt. 253).

Grunt Style's claims of federal trademark infringement (Claim III), common law trademark infringement (Claim IV), and unfair competition (Claim VI) were tried before a jury in March 2024. The Court and counsel discussed the jury instructions at length, and each side noted any specific objections on the record. With respect to Grunt Style's Lanham Act claim, the Court instructed the jury, in relevant part, as follows:

> This Court has already ruled that Grunt Style has superior rights in THIS WE'LL DEFEND and that there is a likelihood of confusion if TWD uses THIS WE'LL DEFEND. In other words, Grunt Style has trademark rights in THIS WE'LL DEFEND. Whether or not the trademark was registered has no bearing on the validity of Grunt Style's trademark rights.
>
> Therefore, you must determine if TWD used THIS WE'LL DEFEND on t-shirts, by selling t-shirts marked with THIS WE'LL DEFEND prior to May 27, 2015.
>
> Additionally, you must determine if TWD used THIS WE'LL DEFEND in connection with any online retail store services.

(Final Jury Instruction No. 14, Dkt. 269). The Court provided a similar jury instruction regarding Grunt Style's common law trademark infringement claim. (Final Jury Instruction No. 15).

Regarding remedies, the Court instructed the jury as follows:

> If you find TWD liable for trademark infringement under the Lanham Act or the common law, then you must consider the amount of money to award to Grunt Style, if any. This may include profits that TWD made through its infringement and punitive damages.

(Final Jury Instruction No. 16). The Court also instructed the jury regarding how to calculate TWD's profits:

> Plaintiff may recover the profits TWD gained from the infringement.
>
> Profit is determined by deducting expenses from gross revenue. Gross revenue is all of the money TWD received due to use of the trademark.
>
> Grunt Style is only required to prove TWD's gross revenue. TWD is required to prove any expenses that it argues should be deducted in determining its profits.
>
> Grunt Style is entitled to recover TWD's total profits from its use of the trademark, unless TWD proves that a portion of the profit is due to factors other than use of the trademark, such that this portion may be deducted.

(Final Jury Instruction No. 17). Relatedly, the Court included the following jury instruction regarding TWD's failure to produce sales information:

> During the course of this case, Grunt Style sought discovery of TWD's total sales from its use of the trademark THIS WE'LL DEFEND. TWD produced some of its sales information and it had an obligation to supplement its production of sales information. TWD did not produce sales information for the time period of December 2020 through April of 2022 to Grunt Style. When considering what damages to award, you may make all reasonable extrapolations from the sales data TWD did provide and presume that TWD withheld the unproduced sales data because of its magnitude.

(Final Jury Instruction No. 20).

The Court also provided the following instruction to the jury regarding willfulness:

> If you find that TWD is liable for infringement, you must also determine whether Grunt Style has proven that, at the time TWD used the trademark TWD acted willfully. TWD acted willfully if it knew that it was infringing Grunt Style's trademark or if it acted with indifference to Grunt Style's trademark rights.

(Final Jury Instruction No. 18).

The jury deliberated and reached the following verdict:

1. TWD was liable for trademark infringement under the Lanham Act for its use of the Mark on t-shirts prior to May 27, 2015 (Claim III);

2. TWD was liable for trademark infringement under the Lanham Act for its use of the Mark in connection with its offering of online retail store services (Claim III);

3. TWD was liable for common law trademark infringement (Claim IV) and unfair competition (Claim VI) for its use of the Mark on t-shirts prior to May 27, 2015;

4. TWD was liable for common law trademark infringement (Claim IV) and unfair competition (Claim VI) for its use of the Mark in connection with its offering of online retail store services;

5. TWD's infringement for its use of the Mark on t-shirts prior to May 27, 2015 was not willful;

6. TWD's infringement for its use of the Mark in connection with its offering of online retail store services was not willful; and

7. Punitive damages were not appropriate.

(*See* Minute Order, Dkt. 264). With respect to its finding that TWD was liable for trademark infringement under the Lanham Act for use of the Mark in connection with its offering of online retail store services (Claim III), the jury found the amount of TWD's profits to be awarded as damages to Grunt Style was $739,500.00. (*Id.*)

Grunt Style's IUDTPA and UCL claims were not tried to the jury because they are equitable claims. Thus, the parties now ask that the Court make a determination of liability. Additionally, the parties each filed motions requesting that the Court reconsider the jury's award of profits. These motions, along with TWD's previously filed motion for judgment as a matter of law, are fully briefed and ripe for ruling.

## LEGAL STANDARD

Pursuant to Rule 50(a), after a jury verdict, the Court may "direct the entry of judgment as a matter of law" if "a reasonable jury would not have a legally sufficient evidentiary basis to find" as the actual jury did. *Ruiz-Cortez v. City of Chi.*, 931 F.3d 592, 601 (7th Cir. 2019) (quoting Fed. R. Civ. P. 50(a), (b)). This is a high bar. *Id.* "The Court may grant judgment as a matter of law

only when 'there can be but one reasonable conclusion as to the verdict.'" *Kyles v. Beaugard*, No. 15 C 8895, 2023 WL 5277882, at *7 (N.D. Ill. Aug. 16, 2023) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)). In ruling on a motion for judgment as a matter of law, "[t]he district court must 'give the nonmovant the benefit of every inference while refraining from weighing for itself the credibility of evidence and testimony.'" *Kyles*, No. 15 C 8895, 2023 WL 5277882, at *7 (quoting *Ruiz-Cortez*, 931 F.3d at 601).

Where an action is "tried on the facts without a jury," Rule 52 requires the district court to "find the facts specially and state its conclusions of law separately." Fed. R. Civ. P. 52(a). In doing so, the district court must "explain the grounds" for its decision and provide a "reasoned, articulate adjudication." *Arpin v. U.S.*, 521 F.3d 769, 776 (7th Cir. 2008).

## **DISCUSSION**

Three main issues are presented for resolution: (1) whether TWD is entitled to judgment as a matter of law on Grunt Style's claims that were submitted to the jury, (2) whether Grunt Style is entitled to judgment in its favor on its remaining IUDTPA and UCL claims, and (3) whether the Court should adjust the jury award regarding TWD's profits.

First, TWD argues that no reasonable jury could find for Grunt Style. Second, Grunt Style contends that it is entitled to judgment in its favor on the remaining equitable claims as they are analyzed under the same standards as the Lanham Act and common law trademark infringement claims, and thus the jury's verdict necessarily informs the Court's determination. However, TWD argues that the Court lacks jurisdiction over these equitable claims because Grunt Style had an adequate remedy at law but decided to withdraw the request for actual damages. Finally, TWD maintains that, notwithstanding the jury verdict, the Court should find that Grunt Style is not entitled to any of its profits because TWD's conduct was not willful. Grunt Style, on the other

hand, urges the Court to disregard the jury verdict and instead award Grunt Style the full amount of TWD's profits.

Having reviewed the record, the parties' submissions, and the relevant case law, the Court finds that (1) TWD is not entitled to judgment as a matter of law, (2) Grunt Style is entitled to judgment in its favor on the IUDTPA and UCL claims, and (3) there are no grounds for the Court to overturn, increase, or decrease the jury's award of TWD's profits in the amount of $739,500.00.

## I. TWD – Motion for Judgment as a Matter of Law

TWD contends that the law as set forth in the final jury instructions entitled TWD to judgment in its favor because (1) there is no evidence that TWD's profits were caused by TWD's infringement of Grunt Style's trademark rights and (2) there was no willful infringement by TWD. But those arguments are nonstarters, since causation and willful infringement are not elements of trademark infringement. *See Phoenix Ent. Partners v. Rumsey*, 829 F.3d 817, 822 (7th Cir. 2016) (To prevail on a trademark infringement claim under the Lanham Act, "a plaintiff must be able to show (1) that its mark is protectable, and (2) that the defendant's use of that mark is likely to cause confusion among consumers."); *Poneman v. Nike, Inc.*, 161 F. Supp. 3d 619, 631 (N.D. Ill. 2016) ("To prevail on a common law claim of trademark infringement, the plaintiff must show: (1) it has a protectable ownership interest in the mark; and (2) the defendant's use of the mark is likely to cause consumer confusion, infringing on the plaintiff's rights to the mark."). Therefore, the jury was not required to find causation and/or willfulness in order to determine that TWD infringed Grunt Style's trademark rights.

Furthermore, TWD contends that Grunt Style was not allowed to seek punitive damages because Grunt Style withdrew its request for actual damages. While the Court instructed the jury

on punitive damages, the jury ultimately found they were not appropriate here. TWD's request for judgment as to punitive damages, then, is essentially moot.

Finding no basis for entry of judgment as a matter of law for TWD, the Court denies that motion.

## II. Determination of Liability on IUDTPA and UCL Claims

Grunt Style argues that it is entitled to judgment in its favor on the remaining equitable claims because the jury's finding that TWD violated the Lanham Act and engaged in common law trademark infringement support a determination that TWD violated the IUDTPA and UCL.[1] "[I]n ruling on the equitable claims, the Court is bound both by the jury's explicit findings of fact and those findings that are necessarily implicit in its verdict." *Sunny Handicraft (H.K.) Ltd. v. Envision This!, LLC*, No. 14 C 1512, 2019 WL 4735459, at *2 (N.D. Ill. Sept. 27, 2019) (citing *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 790 F. Supp. 2d 708, 722 (N.D. Ill. 2002)); *see also Int'l Fin. Servs. Corp. v. Chromas Techs. Can., Inc.*, 356 F.3d 731, 735 (7th Cir. 2004) ("[T]he jury's determination of factual issues common to both the legal and equitable claims . . . bind[s] the court.").

Grunt Style's equitable claims are analyzed under the same standards as its Lanham Act and common law trademark infringement claims. *See AHP Subsidiary Holding Co. v. Stuart Hale Co.*, 1 F.3d 611, 619 (7th Cir. 1993) ("The state unfair competition claim is analyzed under the likelihood of confusion standard and thus mirrors our infringement analysis."); *UL LLC v. Am. Energy Prod., LLC*, 358 F. Supp. 3d 753, 758 (N.D. Ill. 2019) (IUDTPA claims "are subject to

[1] Grunt Style's motion for determination of liability indicates that the request arises under Federal Rule of Civil Procedure 50(a); however, the Court finds it more appropriate to consider the parties' arguments about the equitable claims under Federal Rule of Civil Procedure 52(a). *Compare* Fed. R. Civ. P. 50(a)(2) ("A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury.") to Fed. R. Civ. P. 52(a) ("In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately").

precisely the same standards as the federal infringement claims."); *Morningware, Inc. v. Hearthware Home Prod., Inc.*, 673 F. Supp. 2d 630, 639 (N.D. Ill. 2009) ("Where a plaintiff's factual allegations under the [IUDTPA] also form the basis for plaintiff's claim under the Lanham Act, the legal inquiry is the same under both statutes."); *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1457 (9th Cir. 1991) ("An action for unfair competition under Cal.Bus. & Prof.Code §§ 17200 *et seq.* is 'substantially congruent' to a trademark infringement claim under the Lanham Act.").

Notwithstanding the overlapping legal analysis, TWD argues that the Court should reach a different outcome on Grunt Style's equitable claims for three reasons. First, TWD contends the IUDTPA claim is improper because TWD's infringement did not "occur primarily and substantially in Illinois." (Resp. at 5) (citing *Avery v. State Farm Mut. Auto Ins. Co.*, 216 Ill. 2d 100, 184-85 (2005)). In *Avery*, the plaintiffs brought a class action suit against an insurance company alleging claims for breach of contract and violation of the Illinois Consumer Fraud Act ("ICFA"). *Id*. at 109. The insurance company argued that the class representative was unable to state a claim under the ICFA because he resided in Louisiana, not Illinois. *Id*. at 180. The Illinois Supreme Court agreed, holding that "a plaintiff may pursue a private cause of action under the [ICFA] if the circumstances that relate to the disputed transaction occur primarily and substantially in Illinois." *Id*. at 187. However, that was not the situation in *Avery* as "[t]he overwhelming majority of the circumstances" related to the plaintiffs' claims occurred outside of Illinois. *Id*. at 188.

Here, TWD maintains that the events did not occur "primarily and substantially" in Illinois because TWD is a California corporation with its principal place of business in California and Grunt Style is a Delaware corporation with its principal place of business in Texas.

As Grunt Style points out, though, residency is not the only factor that is relevant to the analysis. *See Specht v. Google, Inc.*, 660 F. Supp. 2d 858, 866 (N.D. Ill. 2009) ("Courts consider several factors to determine whether a transaction occurred 'primarily and substantially' in Illinois, bringing a claim under the ambit of the [IUDTPA], including: (1) the plaintiff's residence, (2) where the misrepresentation was made, (3) where the damage to the plaintiff occurred, and (4) whether the plaintiff communicated with the defendant in Illinois.").

At trial, Grunt Style confirmed TWD's sales records, which established that TWD made sales through Amazon and its website, www.thiswelldefend.com, throughout the United States, including Illinois. (Trial Tr. 316:16-317:16, 319:19-320:11, Dkt. 290). And Grunt Style confirmed that it had a substantial presence in Illinois, including an office with over 375 employees in Carol Stream, Illinois. (Trial Tr. 264:23-264:15). Such circumstances are sufficient to establish that the events at issue in this case occurred primarily and substantially in Illinois. *See Specht*, 660 F. Supp. 2d at 866 (N.D. Ill. 2009) (finding there was a sufficient nexus to Illinois where plaintiff resided and ran his business in Illinois and the "alleged infringement took place on the Internet and was international in scope, presumably occurring in Illinois"); *Republic Techs. (NA), LLC v. BBK Tobacco & Foods, LLP*, No. 16 C 3401, 2022 WL 910862, at *3 (N.D. Ill. Mar. 29, 2022) (finding that there was enough evidence for the jury to find in favor of plaintiff on its IUDTPA claim where plaintiff was an Illinois entity, and "the evidence showed, that [defendant's] false advertising claims occurred nationwide, including in Illinois."); *Purepecha Enterprises, Inc. v. El Matador Spices & Dry Chiles*, No. 11 C 2569, 2012 WL 3686776, at *15 (N.D. Ill. Aug. 24, 2012) (finding that plaintiff's use of the mark in the Chicago area in conjunction with selling its product was sufficient to form the basis of defendant's IUDTPA claim).

Next, TWD argues that Grunt Style's IUDTPA and UCL claims should be dismissed as the Court "has no equitable power to award Grunt Style any of TWD's profits because Grunt Style voluntarily withdrew its legal claim for damages (which constituted an adequate remedy at law)." (TWD's Mem. at 8, Dkt. 280). Grunt Style responds that TWD's arguments are misplaced because Grunt Style is seeking equitable relief only as a remedy for the violations of the IUDTPA and UCL.

In support of its contention, TWD relies on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020). There, the plaintiff filed a punitive class action for false advertising against a company that marketed and sold dietary supplements. *Id*. at 837. Initially, the complaint sought injunctive relief and restitution under the UCL and the Consumers Legal Remedies Act ("CLRA"), as well as damages for defendant's failure to correct the alleged CLRA violation. *Id*. at 838. Less than two months before trial, plaintiff amended the complaint to remove the CLRA damages claim. *Id.* Thereafter, defendant moved to dismiss plaintiff's amended complaint arguing that plaintiff failed to establish that she lacked an adequate remedy at law as required by federal equitable principles. *Id.* The district court granted defendant's motion, and the Ninth Circuit affirmed, holding that "the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action." *Id*. at 838, 844. Accordingly, that court held that plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harms under the UCL and CLRA." *Id*. at 844.

Grunt Style argues that *Sonner* is irrelevant here because "restitution under state law is not at issue in this litigation[,]" as the only relief that is available for Grunt Style's IUDTPA and UCL claims is injunctive relief. (Grunt Style's Resp. at 4, Dkt. 282). The Court agrees. *See Israel Travel*

*Advisory Serv. Inc. v. Israel Identity Tours, Inc.*, No. 92 C 2379, 1994 WL 30984, at *5 (N.D. Ill. Jan. 28, 1994), *aff'd*, 61 F.3d 1250 (7th Cir. 1995) ("[IUDTPA] only provides a cause of action for injunctive relief; damages are not available[.]"); *Kryzhanovskiy v. Amazon.com Servs., Inc.*, No. 22 CV 1292, 2022 WL 2345677, at *3 (E.D. Cal. June 29, 2022) ("A UCL action is equitable in nature, damages cannot be recovered, and prevailing plaintiffs are generally limited to injunctive relief and restitution.").

Moreover, "[w]hile the Ninth Circuit's decision in *Sonner* bars equitable restitution for past harms that are otherwise subject to an adequate legal remedy, it does not bar the issuance of an injunction to prevent future harms." *Kryzhanovskiy*, 2022 WL 2345677, at *4 (citing *Brooks v. Thomson Reuters Corp.*, No. 21 C 01418, 2021 WL 3621837, at *10 (N.D. Cal. Aug. 16, 2021)); *see also Sonner*, 971 F.3d at 844 (A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for *past harm*.") (emphasis added); *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021) ("It makes sense that *Sonner* may sometimes bar equitable restitution when damages are available because, as in *Sonner* itself, equitable restitution may seek to compensate a plaintiff for the same past harm as monetary damages. . . . But, at least on the facts of a case like this, California's consumer protection laws permit courts to issue injunctions that serve different purposes and remedy different harms than retrospective monetary damages."). Here, Grunt Style seeks a "permanent injunction precluding TWD from continuing to interfere with Grunt Style trademarks and business." (Grunt Style Liability Mem. at 2, Dkt. 276). Consequently, Grunt Style's request for the issuance of an injunction to prevent future harm is not barred by *Sonner*.

Finally, TWD argues that Grunt Style is not entitled to a permanent injunction because Grunt Style made no effort to satisfy the four required factors. In response, Grunt Style asserts the

remedy of a permanent injunction is outside of the scope of Grunt Style's motion, which seeks only a determination of liability.

The Court notes that the motion expressly requests the entry of a "permanent injunction precluding TWD from continuing to interfere with Grunt Style trademarks and business." (Grunt Style's Liability Mem. at 2). But Grunt Style did include a footnote explaining that "for efficiency, provided liability under the IUDTPA and/or [UCL] is found, Grunt Style will address the scope of injunctive relief under all claims giving rise to equitable remedies in a single post-trial Rule 59(e) motion." (Grunt Style's Mem. at 7, n.2).

In sum, because the jury found TWD liable for trademark infringement under the Lanham Act and common law, and the Court is bound by such findings, the Court finds in favor of Grunt Style on its remaining IUDPTA and UCL claims. However, the Court declines to enter a specific remedy at this time. Accordingly, Grunt Style's motion for determination of liability is granted and TWD's motion regarding equitable jurisdiction is denied.

## III. Award of TWD's Profits

Even though both parties requested a jury trial, they now insist that the Court should disregard the jury's damages award for $739,500.00 of TWD's profits in connection with TWD's use of the Mark for online retail store services. Specifically, TWD argues that the Court should find that Grunt Style is not entitled to any of TWD's profits as TWD's conduct was not willful. On the other hand, Grunt Style argues that it should be awarded the full $3.8 million of gross revenue as profits because TWD failed to introduce any offsetting evidence of its costs and expenses.

TWD's position rests upon the U.S. Supreme Court's opinion in *Romag Fasteners, Inc v. Fossil, Inc.*, 590 U.S. 212 (2020). Plaintiff there, a seller of handbag fasteners, alleged that defendant, an accessory manufacturer, infringed its trademark and falsely represented that its

fasteners came from plaintiff. *Id*. at 214. After trial, a jury agreed with plaintiff and found that defendant had acted "in callous disregard" of plaintiff's rights. *Id.* At the same time, however, the jury rejected plaintiff's claim that defendant had acted willfully. *Id.* Accordingly, the district court refused plaintiff's request for an award of defendant's profits, reasoning that "controlling Second Circuit precedent requires a plaintiff seeking a profits award to prove that the defendant's violation was willful." *Id*. The Supreme Court disagreed and held that while "a trademark defendant's mental state is a highly important consideration in determining whether an award of profits is appropriate[,]" it is not an "inflexible precondition to recovery[.]" *Id.* at 219.

TWD contends that, pursuant to *Romag Fasteners*, "district courts have refused to award a plaintiff a defendant's profits under 15 U.S.C. § 1117(a) where defendant's willful mental state was lacking." (TWD's Mem. at 13, Dkt. 280). TWD thus urges the Court to follow the trend of these courts and hold that Grunt Style is not entitled to TWD's profits.

In further support of its position, TWD contends that its conduct was not willful as it reasonably believe that it was not infringing because (1) TWD was using its registered trademark, (2) Amazon named TWD's storefront pursuant to its registered trademark, (3) TWD had an Amazon storefront for years before Grunt Style obtained its Amazon storefront, (4) Grunt Style abandoned its trademark application for the Mark, and (5) TWD stopped selling t-shirts and ceased use of its website, www.thiswelldefend.com, after entry of the partial summary judgment ruling cancelling TWD's trademark registration. Grunt Style counters that "the record is replete with TWD's total disregard for Grunt Style's rights." (Grunt Style's Resp. at 6). Specifically, Grunt Style points out that TWD had a second website, www.2ndamendment.com, but decided to sell its t-shirts on the infringing website and Amazon store instead, and then continued to operate its store after Grunt Style filed this lawsuit.

The jury heard the evidence regarding willfulness at trial and determined that TWD's conduct was not willful. Both sides fully presented their competing positions and the jury apparently found TWD's argument on this point, at least, more persuasive. The Court sees no reason to overturn the jury's finding.

Moreover, the Court concludes that even without a finding of willfulness, it was legally proper for the jury to award TWD's profits. The Supreme Court's holding in *Romag Fasteners* is clear—willfulness is not a precondition to a profits award in a trademark infringement suit. 590 U.S. at 219. Thus, despite what other district courts may have done, this Court must follow binding precedent.

Additionally, TWD argues that Grunt Style is not entitled to any of TWD's profits because there was no evidence of actual confusion, and therefore, Grunt Style did not prove causation. In response, Grunt Style argues that actual confusion is not a prerequisite for damages; instead, all that is required to prove liability is likelihood of confusion. The Court agrees with Grunt Style.

In support of its position, TWD cites *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014). There, the Supreme Court held that "a plaintiff suing under § 1125(a) ordinarily must show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Id.* at 133. Notably, the focus of the inquiry in *Lexmark* was whether the appellee was "within the class of plaintiffs whom Congress has authorized to sue under § 1125(a)." The issue was not whether the appellee was entitled to a portion of the appellant's profits, as is the case here. Thus, *Lexmark* is inapposite. As addressed *supra*, all that Grunt Style is required to prove is that (1) its mark is protectable and (2) TWD's use of that

mark is likely to cause confusion among consumers. *Phoenix Ent. Partners*, 829 F.3d at 822. Accordingly, TWD's motion for an equitable award of profits is denied.

Having found that TWD's arguments lack merit, the Court turns to Grunt Style's arguments regarding whether the Court should enhance the jury award. As an initial matter, Grunt Style argues that the jury award should be treated as advisory because recovery of profits is an equitable remedy that does not give rise to the right to a jury trial. Thus, Grunt Style contends that the Court should disregard the jury's award and make its own findings of fact and conclusions of law. Throughout this case, though, Grunt Style demanded a jury trial. (*See, e.g.*, Am. Countercl., Dkt. 41). However, Grunt Style now insists that because it eliminated its request for actual damages—the day before this case went to the jury—the jury's award should be totally disregarded.

"While the court agrees that the elimination of a request for actual damages also eliminated the parties' right to a jury trial, the court rejects [Grunt Style's] argument that this renders the jury verdict advisory." *Fabick, Inc. v. JFTCO, Inc.*, No. 16 C 172, 2019 WL 1320298, at *1 (W.D. Wis. Mar. 22, 2019), *aff'd*, 944 F.3d 649 (7th Cir. 2019) (internal quotation omitted) ("[Defendant] consented to being bound by a jury verdict both explicitly and implicitly under Fed. R. Civ. P. 39(c)(2). [Defendant] cannot now withdraw its consent because it is unhappy with the outcome."). As such, the Court focuses its inquiry on determining whether the jury's award was inadequate or excessive. *See* 15 U.S.C. §1117(a) ("The court shall assess such profits and damages or cause the same to be assessed under its direction. . . . If the court shall find that the amount of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.").

"In assessing profits the plaintiff shall be required to prove defendant's sales only; defendant must prove all elements of cost or deduction claimed." 15 U.S.C. § 1117(a).

Grunt Style argues that the jury award should be increased because it presented evidence of TWD's sales, but TWD failed to present any evidence of its costs and expenses. In response, TWD contends that Tim Bauer, the owner of TWD, testified regarding the expenses associated with selling on Amazon.

At trial, Bauer was asked whether there were any fees associated with selling products on Amazon. (Trial Tr. 362:17-18). Grunt Style objected based on lack of foundation, which the Court overruled. (Trial Tr. 362:20-21). Bauer then proceeded to explain that when he first started selling on Amazon the fees were about 35%, and they increased over time to approximately 45%. (Trial Tr. 362:23-25). Additionally, Bauer testified that TWD spent approximately 20% of gross sales on advertising and 25% of gross sales went towards the costs of goods. (Trial Tr. 364:24-365:6). Thus, Bauer estimated that TWD would take home about 20% of its sales as profits. (Trial Tr. 365:6-7). TWD believes the jury credited Bauer's testimony and awarded approximately 20% of its gross sales. Grunt Style contends that Bauer's testimony is insufficient to establish costs and expenses because TWD failed to produce the underlying documents in discovery.

Prior to trial—in the motion in limine ruling and at the final pretrial conferences—the Court considered arguments about the extent to which TWD could present evidence of sales and costs and expenses that had not been timely produced during discovery. While the Court generally held that late-produced documents would not be admitted into the record, it did not preclude witnesses with knowledge from offering testimony on the topic. Bauer was examined and cross-examined on these matters, and the jury had a chance to assess his credibility and determine the weight to be given to his testimony. Final jury instruction no. 20 stated the jury could draw an adverse inference against TWD with respect to the missing sales information from 2020 to the present. But final jury

instruction no. 17 also stated the jury could deduct a portion of the profit due to factors other than use of the trademark, if proven by TWD.

The jury verdict form did not contain a special interrogatory, which would have required the jury to provide an explanation for its calculation of the profits award. Thus, the Court cannot say for certain that the jury relied on Bauer's testimony, or the fact that TWD had a registered trademark from 2015 until 2022, or some other reason for rejecting both Grunt Style's suggestion of $3.8 million in damages and TWD's suggestion of zero damages. But there was evidence in this case from which a reasonable jury could have found that deductions were warranted in order to determine an award of profits attributable to the infringing activity. Because the jury's award here is supported by some evidence in the case, the Court sees no reason to disturb it. Accordingly, Grunt Style's motion to determine infringing profits is denied.

## CONCLUSION

For all the foregoing reasons, TWD's motion for judgment as a matter of law and TWD's motion regarding equitable jurisdiction and award of profits are denied, Grunt Style's motion for determination of liability is granted, and Grunt Style's motion to determine infringing profits is denied.

**DATED:** November 22, 2024

**ENTERED:**

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

Grunt Style LLC,

Plaintiff(s),

v.

TWD, LLC,

Defendant(s).

Case No. 18-cv-7695
Judge LaShonda A. Hunt

**JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☒ in favor of Plaintiff(s) Grunt Style LLC and against Defendant(s) TWD, LLC in the amount of $739,500.00,

which ☐ includes pre–judgment interest.
☒ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

---

☐ in favor of defendant(s)
and against plaintiff(s) .

Defendant(s) shall recover costs from plaintiff(s).

---

☐ other:

---

This action was *(check one)*:

☒ tried by a jury with Judge LaShonda A. Hunt presiding, and the jury has rendered a verdict.
☐ tried by Judge without a jury and the above decision was reached.
☒ decided by Judge LaShonda A. Hunt on a motion for determination of liability [275].

Date: 11/22/2024

Thomas G. Bruton, Clerk of Court

Carolyn Hoesly , Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC,<br><br>Plaintiff,<br><br>v.<br><br>TWD, LLC,<br><br>Defendant. | Case No. 18 C 7695<br><br>Hon. LaShonda A. Hunt |

**ORDER OF PERMANENT INJUNCTION**

Plaintiff Grunt Style LLC ("Plaintiff" or "Grunt Style") has filed a motion for entry of a permanent injunction against Defendant TWD, LLC ("Defendant" or "TWD") pursuant to the Lanham Act, 15 U.S.C. § 1116(a), the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/3, and California Unfair Competition Law, Business and Professions Code, Cal. Bus. & Prof. Code § 17200, et seq.. The Court having considered the motion and the accompanying record, grants Plaintiff's motion as follows for the reasons stated in the Order:

IT IS ORDERED:

1. This Injunction applies to Defendant, its officers, agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant (the "Enjoined Parties").
2. This Injunction concerns the THIS WE'LL DEFEND mark owned by Plaintiff.
3. The Enjoined Parties are permanently enjoined and restrained from:
   a. directly or indirectly infringing the THIS WE'LL DEFEND mark;
   b. using in any manner the THIS WE'LL DEFEND mark, or any colorable imitation or confusingly similar version of the THIS WE'LL DEFEND mark, exclusively, or as a portion of any trade name, trademark, service mark, or domain name;

c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Grunt Style, nor authorized by Grunt Style to be sold or offered for sale, and which bear the THIS WE'LL DEFEND mark, or any reproductions or colorable imitations thereof;

d. registering or attempting to register the THIS WE'LL DEFEND mark;

e. filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style in the United States Patent and Trademark Office that are not lawfully used by Defendant, including any future application by grunt style for THIS WE'LL DEFEND;

f. enabling, facilitating, permitting, encouraging, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above in paragraphs (a)–(f).

4. Defendant shall dismiss with prejudice Opposition No. 9124347, pending before the Trademark Trial and Appeal Board.

5. Defendant shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with any online or brick and mortar retail store, and/or sale of infringing goods using the THIS WE'LL DEFEND mark.

6. No later than thirty (30) days from entry of this Order, Defendant shall surrender and deliver to Plaintiff at 900 Broadway, San Antonio, TX 78215, all labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials and the like for destruction

that are in the possession, custody, or control of Defendants that use any of the THIS WE'LL DEFEND mark.

7. Pursuant to 15 U.S.C. § 1116(a), within thirty (30) days of the entry of this Order, Defendant on behalf of all of the Enjoined Parties, shall submit to the Court a written report, under oath, detailing their efforts to comply, and certifying their compliance, with this Order. This report shall include confirmation that Defendant surrendered and delivered up to Plaintiff all labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendants that adopt or infringe Grunt Style's THIS WE'LL DEFEND mark.

8. This Court retains jurisdiction over this matter for the purpose of enabling any of the parties to apply to this Court at any time for further orders and directions as may be necessary or appropriate to carry out or construe this Order, to modify or terminate any of its provisions, to enforce compliance, and to punish violations of its provisions.

**DATED**: January 28, 2025

**ENTERED**:

LaShonda A. Hunt

LASHONDA A. HUNT
United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Grunt Style LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>TWD, LLC,<br><br>Defendant(s). | Case No. 18 CV 7695<br>Judge LaShonda A. Hunt |

**AMENDED JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $ ,

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☒ other: in favor of plaintiff Grunt Style LLC and against defendant TWD, LLC in the amount of $739,500.00, plus $229,235.38 in pre-judgment interest; post-judgment interest, which shall accrue at a rate of $115.45 per day; and permanent injunctive relief, as set forth in the separate Order of Permanent Injunction.

---

This action was *(check one)*:

☐ tried by a jury with Judge presiding, and the jury has rendered a verdict.
☐ tried by Judge without a jury and the above decision was reached.
☒ decided by Judge LaShonda A. Hunt on a motion.

Date: 1/28/2025

Thomas G. Bruton, Clerk of Court

G. Lewis , Deputy Clerk

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.3)**
**Eastern Division**

Grunt Style LLC

Plaintiff,

v.

Case No.: 1:18−cv−07695
Honorable LaShonda A. Hunt

TWD, LLC

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, June 20, 2025:

MINUTE entry before the Honorable LaShonda A. Hunt: Consistent with the Seventh Circuit's 6/12/25 opinion in appeal nos. 25−1305 & 25−1341 [376] and pursuant to Federal Rule of Civil Procedure 60(a), Defendant's motion to amend judgment [347] is granted as to the request to enter a proper complete and self−contained judgment. The amended judgment entered 1/28/25 [322] will be corrected to include resolution of TWD's claims. Enter Corrected Amended Judgment. Mailed notice (gel,)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Grunt Style LLC,<br><br>Plaintiff(s),<br><br>v.<br><br>TWD, LLC,<br><br>Defendant(s). | Case No. 18 CV 7695<br>Judge LaShonda A. Hunt |

**CORRECTED AMENDED JUDGMENT IN A CIVIL CASE**

Judgment is hereby entered (check appropriate box):

☐ in favor of plaintiff(s)
and against defendant(s)
in the amount of $ ,

which ☐ includes pre–judgment interest.
☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐ in favor of defendant(s)
and against plaintiff(s) .
Defendant(s) shall recover costs from plaintiff(s).

---

☒ other: in favor of Grunt Style LLC ("Grunt Style"), realigned plaintiff and initial defendant/counter-claimant, and against TWD, LLC ("TWD"), realigned defendant and initial plaintiff/counter-defendant, on all claims in TWD's amended complaint and Grunt Style's amended counterclaim in the amount of $739,500.00, plus $229,235.38 in pre-judgment interest; post-judgment interest, which shall accrue at a rate of $115.45 per day; and permanent injunctive relief, as set forth in the separate Order of Permanent Injunction..

---

This action was *(check one)*:

☒ tried by a jury with Judge LaShonda A. Hunt presiding, and the jury has rendered a verdict.
☐ tried by Judge without a jury and the above decision was reached.
☒ decided by: Judge Charles P. Kocoras on a partial motion for summary judgment (Dkt. 188); and Judge LaShonda A. Hunt on a partial motion for determination of liability (Dkt. 293) and a motion to amend final judgment to include interest and permanent injunctive relief (Dkts. 320 & 321).[1]

[1] The Amended Judgment entered January 28, 2025 (Dkt. 322) made a clerical mistake by stating that this action was decided by Judge LaShonda A. Hunt on a motion only. Presumably relying on the Court's mistake, the Seventh Circuit's June 12, 2025 opinion

**DATED**: June 20, 2025[2]

**ENTERED**:

LaShonda A Hunt

LASHONDA A. HUNT
United States District Judge

in appeal nos. 25-1305 & 25-1341 states that a bench trial was held in 2024. However, this action was resolved by a combination of judicial decisions and a jury verdict. Accordingly, although this issue was not substantively addressed by the Seventh Circuit or the parties, the Court modifies this section out of an abundance of caution to correct the clerical mistake.

[2] Consistent with the Seventh Circuit's opinion, this corrected amended judgment is entered nunc pro punc to entry of the amended judgment on January 28, 2025.

AO279,APPEAL,CASREF,INTERDIST - TRANSF,KIM,TERMED

**United States District Court**
**Northern District of Illinois - CM/ECF NextGen 1.9 (rev. 1.9) (Chicago)**
**CIVIL DOCKET FOR CASE #: 1:18-cv-07695**
**Internal Use Only**

Grunt Style LLC v. TWD, LLC
Assigned to: Honorable LaShonda A. Hunt
Case in other court: 25-01341
the 7th Circuit, 25-01305
California Southern, 3:18-cv-00532
Cause: 15:1114 Trademark Infringement

Date Filed: 11/19/2018
Date Terminated: 11/22/2024
Jury Demand: Both
Nature of Suit: 840 Trademark
Jurisdiction: Federal Question

**Plaintiff**

**Grunt Style LLC**
*an Illinois limited liability company*

represented by

**Geoffrey Baldwin**
Baldwin Legal Group APC
444 West C Street
Suite 300
San Diego, CA 92101
619-354-5566
Fax: Not a member
Email: gbaldwin@baldwinlegalgroup.com
*TERMINATED: 03/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Christopher William Niro**
Aronberg Goldgehn
225 W. Washington Blvd.
Suite 2800
Chicago, IL 60606
312-755-3139
Email: cniro@agdglaw.com
*TERMINATED: 05/26/2022*

**Kathleen A Lyons**
Dennemeyer & Associates
230 W Monroe St
Ste 2100
Chicago, IL 60606
312-380-6500
Fax: Active
Email: klyons@dennemeyer-law.com
*ATTORNEY TO BE NOTICED*

**Matthew L. De Preter**
Aronberg Goldgehn
225 W. Washington Street
Suite 2800
Chicago, IL 60606

312-755-3153
Fax: Active
Email: cdepreter@agdglaw.com
*ATTORNEY TO BE NOTICED*

**Sofia Quezada Hastings**
Pierson Ferdinand LLP
Pierson Ferdinand LLP
111 W. Jackson Blvd.
Ste 1700
Chicago, IL 60604
630-735-1967
Email: sofia.hastings@pierferd.com
*TERMINATED: 09/03/2026*

V.

**Defendant**

**TWD, LLC**
*a California limited liability company*

represented by

**Darren J. Quinn , QUINN**
Law Offices of Darren J. Quinn
Suite 105
12702 Via Cortina
Del Mar, CA 92014
(858) 509-9401
Fax: Pro Hac Vice
Email: dq@dqlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yanling Jiang**
33 West Jackson Boulevard
Ste 200
60604
Chicago, IL 60604
630-733-9483
Email: yanling@jiangip.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Grunt Style LLC**
*an Illinois limited liability company*

represented by

**Geoffrey Baldwin**
(See above for address)
*TERMINATED: 03/17/2023*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Kathleen A Lyons**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew L. De Preter**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**TWD, LLC**
*a California limited liability company*

represented by **Darren J. Quinn , QUINN**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Yanling Jiang**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Select all / clear | Docket Text |
|---|---|---|---|
| 03/13/2018 | 1 | ☐ 2.5 MB | COMPLAINT with Jury Demand against Grunt Style LLC ( Filing fee $ 400 receipt number 0974-11013276.), filed by TWD, LLC. (Attachments: # 1 Civil Cover Sheet)<br><br>The new case number is 3:18-cv-532-GPC-BLM. Judge Gonzalo P. Curiel and Magistrate Judge Barbara Lynn Major are assigned to the case. (Quinn, Darren)(jms) (jao). [Transferred from California Southern on 11/19/2018.] (Entered: 03/14/2018) |
| 03/13/2018 | 2 | ☐ 12.7 KB | REPORT on the filing or determination of an action regarding patent and/or trademark number(s) *4,880,766* cc:USPTO (jms) (jao). (Main Document 2 replaced on 3/15/2018) (jms). [Transferred from California Southern on 11/19/2018.] (Entered: 03/14/2018) |
| 03/14/2018 | 3 | ☐ 111.6 KB | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (jms) (jao). [Transferred from California Southern on 11/19/2018.] (Entered: 03/14/2018) |
| 04/12/2018 | 4 | ☐ 8.4 MB | MOTION to Stay *Transfer or Dismiss* by Grunt Style LLC. (Attachments: # 1 Memo of Points and Authorities Memorandum of Points and Authorities in Support of the Motion to Stay, Transfer or Dismiss by Grunt Style LLC, # 2 Appendix Appendix of Materials in Support of the Motion to Stay, Transfer or Dismiss by Grunt Style LLC, # 3 Declaration Declaration of Daniel Alarik in Support of the Motion to Stay, Transfer or Dismiss by Grunt Style LLC, # 4 Exhibit Exhibit 1 to the Motion to Stay, Transfer or Dismiss by Grunt Style LLC, # 5 Exhibit Exhibit 2 to the Motion to Stay, Transfer or Dismiss by Grunt Style LLC, # 6 Exhibit Exhibit 3 to the Motion to Stay, Transfer or Dismiss by Grunt Style LLC)(Baldwin, Geoffrey)Attorney Geoffrey Baldwin added to party Grunt Style LLC(pty:dft) (dlg). [Transferred from California Southern on 11/19/2018.] (Entered: 04/12/2018) |
| 04/12/2018 | 5 | ☐ 223.4 KB | Request to Appear Pro Hac Vice (Filing fee received: $ 206 receipt number 0974-11109658.)(Application to be reviewed by Clerk.)(De Preter, Matthew)(jrd) [Transferred from California Southern on 11/19/2018.] (Entered: 04/12/2018) |

| | | | |
|---|---|---|---|
| 04/12/2018 | 6 | | PRO HAC APPROVED: Matthew L. De Preter appearing for Defendant Grunt Style LLC (no document attached) (jrd) [Transferred from California Southern on 11/19/2018.] (Entered: 04/12/2018) |
| 04/16/2018 | 7 | 35.5 KB | ORDER Setting Briefing Schedule re 4 MOTION to Stay *Transfer or Dismiss* : Any opposition is to be filed on or before April 30, 2018. Any reply is to be filed on or before May 7, 2018. A hearing is set for June 28, 2018 at 1:30 p.m. in Courtroom 2D. Signed by Judge Gonzalo P. Curiel on 4/16/18.(dlg) [Transferred from California Southern on 11/19/2018.] (Entered: 04/16/2018) |
| 05/01/2018 | 8 | 2.7 MB | RESPONSE in Opposition re 4 MOTION to Stay *Transfer or Dismiss* filed by TWD, LLC. (Attachments: # 1 Declaration of Tim Bauer, # 2 Declaration of Darren J. Quinn, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C)(Quinn, Darren) (dlg). QC email re courtesy copies (dlg). [Transferred from California Southern on 11/19/2018.] (Entered: 05/01/2018) |
| 05/07/2018 | 9 | 162.5 KB | REPLY to Response to Motion re 4 MOTION to Stay *Transfer or Dismiss* filed by Grunt Style LLC. (De Preter, Matthew) (dlg). [Transferred from California Southern on 11/19/2018.] (Entered: 05/07/2018) |
| 05/11/2018 | 10 | 4.0 MB | REQUEST FOR JUDICIAL NOTICE by TWD, LLC re 8 Response in Opposition to Motion, (Attachments: # 1 Exhibit Illinois - Dkt 16 (Dismiss, Stay Transfer Motion), # 2 Exhibit Illinois - Dkt 17 (Dismiss, Stay Transfer Brief/Declarations), # 3 Exhibit Illinois - Dkt 18 (Notice of Motion))(Quinn, Darren) (ajs). QC email re courtesy copies (dlg). [Transferred from California Southern on 11/19/2018.] (Entered: 05/11/2018) |
| 05/22/2018 | 11 | 438.1 KB | Case transferred to District of Northern District of Illinois. Files transferred electronically to: *District of Northern District of Illinois*.*219 South Dearborn Street, 20th Floor**Chicago, IL 60604*. Signed by Judge Gonzalo P. Curiel on 5/22/18. (Attachments: # 1 Transfer Order) (dlg) (jao). [Transferred from California Southern on 11/19/2018.] (Entered: 05/22/2018) |
| 05/22/2018 | 14 | 11.9 KB | REPORT of Patent and Trademark Closing, regarding patent and/or trademark number(s) 4,880,776. r(e 11 Case Transferred Out to Another District) (cc:USPTO) (dsn) [Transferred from California Southern on 11/19/2018.] (Entered: 06/21/2018) |
| 06/19/2018 | 12 | 1.6 MB | MOTION for Reconsideration re 11 Case Transferred Out to Another District, by TWD, LLC. (Attachments: # 1 Memo of Points and Authorities, # 2 Request for Judicial Notice of Illinois Action Reply Papers)(Quinn, Darren) (dlg).[Transferred from California Southern on 11/19/2018.] (Entered: 06/19/2018) |
| 06/20/2018 | 13 | 139.0 KB | ORDER Setting Briefing Schedule re 12 MOTION for Reconsideration re 11 Case Transferred Out to Another District, : Any opposition is to be filed on or before July 5, 2018. Any reply is to be filed on or before July 12, 2018. A hearing is set for August 10, 2018 at 1:30 p.m. in Courtroom 2D. Signed by Judge Gonzalo P. Curiel on 6/20/18.(dlg) [Transferred from California Southern on 11/19/2018.] (Entered: 06/20/2018) |
| 07/05/2018 | 15 | 168.6 KB | RESPONSE in Opposition re 12 MOTION for Reconsideration re 11 Case Transferred Out to Another District, filed by Grunt Style LLC. (De |

| | | | |
|---|---|---|---|
| | | | Preter, Matthew) (dlg). [Transferred from California Southern on 11/19/2018.] (Entered: 07/05/2018) |
| 07/06/2018 | 16 | 7.8 MB | REQUEST FOR JUDICIAL NOTICE by Grunt Style LLC re 15 Response in Opposition to Motion *By TWD For Reconsideration of Transfer Rulings* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(De Preter, Matthew) (dlg). [Transferred from California Southern on 11/19/2018.] (Entered: 07/06/2018) |
| 07/12/2018 | 17 | 229.7 KB | RESPONSE in Support re 12 MOTION for Reconsideration re 11 Case Transferred Out to Another District, filed by TWD, LLC. (Attachments: # 1 Declaration of Darren J. Quinn [L.R. 7.1(i)(1)])(Quinn, Darren) [Transferred from California Southern on 11/19/2018.] (Entered: 07/12/2018) |
| 07/30/2018 | 18 | 342.8 KB | ORDER Denying 12 Motion for Reconsideration of 11 Order Transferring Case to Northern District of Illinois. Plaintiff's Motion for Reconsideration is denied. The hearing currently set for 8/10/2018 is vacated. This case shall remain administratively closed. Signed by Judge Gonzalo P. Curiel on 7/30/2018. (rmc) [Transferred from California Southern on 11/19/2018.] (Entered: 07/30/2018) |
| 11/19/2018 | 19 | 57.7 KB | RECEIVED from California Southern; Case Number 3:18-cv-00532 (kp) (Entered: 11/19/2018) |
| 11/19/2018 | 20 | 151.5 KB | MAILED Rule 83.15 letter to all counsel on record. (kp, ) (Entered: 11/19/2018) |
| 11/19/2018 | 21 | 33.3 KB | MAILED trademark report to Patent Trademark Office, Alexandria VA. (kp, ) (Entered: 11/19/2018) |
| 11/26/2018 | 22 | 25.8 KB | ATTORNEY Appearance for Defendant Grunt Style LLC by Kathleen Ann Lyons (Lyons, Kathleen) (Entered: 11/26/2018) |
| 11/26/2018 | 23 | 36.3 KB | MOTION by Defendant Grunt Style LLC for extension of time to file answer regarding complaint, 1 *or otherwise plead and motion by TWD to make its previously filed Pro Hac Vice Appearance effective in this case* (Attachments: # 1 Notice of Agreed Motion)(De Preter, Matthew) (Entered: 11/26/2018) |
| 11/26/2018 | 24 | 16.8 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion for extension of time to file answer, 23 before Honorable Charles P. Kocoras on 11/29/2018 at 08:30 AM. (De Preter, Matthew) (Entered: 11/26/2018) |
| 11/26/2018 | 25 | 67.1 KB | ATTORNEY Appearance for Plaintiff TWD, LLC by Yanling Jiang (Jiang, Yanling) (Entered: 11/26/2018) |
| 11/26/2018 | | | MOTION by Plaintiff TWD, LLC to make its previously filed Pro Hac Vice Appearance effective in this case. (Omitted relief from motion # 23 ) (pk, ) (Entered: 11/27/2018) |
| 11/28/2018 | 26 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion Hearing set for 11/29/2018 at 8:30 a.m. is reset to 9:30 a.m. (TIME CHANGE ONLY)Mailed notice (vcf, ) (Entered: 11/28/2018) |
| 11/28/2018 | 27 | 4.4 KB | MINUTE entry before the Honorable Charles P. Kocoras: Agreed to motion of Grunt Style LLC for an extension of time to answer or otherwise plead by 1/7/2019 and motion by TWD to make its previously |

| | | | |
|---|---|---|---|
| | | | filed Pro Hac Vice appearance effective in the case 23 is granted. Status hearing set for 1/15/2019 at 9:30 AM. Motion hearing set for 11/29/2018 is stricken, no appearance is required. Mailed notice (vcf, ) (Entered: 11/28/2018) |
| 11/28/2018 | 28 | 25.6 KB | ATTORNEY Appearance for Plaintiff TWD, LLC by Darren J. Quinn, QUINN (Quinn, Darren) (Entered: 11/28/2018) |
| 01/07/2019 | 29 | 2.4 MB | ANSWER to Complaint with Jury Demand , *Affirmative Defenses*, *and* COUNTERCLAIM filed by Grunt Style LLC against TWD, LLC . by Grunt Style LLC (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(De Preter, Matthew) (Entered: 01/07/2019) |
| 01/15/2019 | 30 | 4.6 KB | MINUTE entry before the Honorable Charles P. Kocoras: Status hearing held and continued to 03/19/2019 at 9:30 a.m. Out of state counsel may appear by phone for the next status hearing if counsel advises this Court's Courtroom deputy and provides a telephone number prior to the next hearing. Plaintiff to file its motion to dismiss counterclaims by 01/25/2019. Response to be filed by 02/15/2019; reply to be filed by 02/22/2019. Parties advised the Court that they have not made a determination if they would participate in a mediation program at this time and will revisit the decision in 90 days. Counsel to issue fundamental discovery to assist in comprehensive settlement discussions. As stated on the record, parties are to exchange disclosures by 01/31/2019. Mailed notice (mw, ) (Entered: 01/15/2019) |
| 01/25/2019 | 31 | 6.9 KB | MOTION by Defendant Grunt Style LLC to dismiss *certain claims of TWD, LLC pursuant to Federal Rule of Civil Procedure 12(c)* (De Preter, Matthew) (Entered: 01/25/2019) |
| 01/25/2019 | 32 | 3.0 MB | MEMORANDUM by Grunt Style LLC in support of motion to dismiss 31 *certain claims of TWD, LLC pursuant to Federal Rule of Civil Procedure 12(c)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(De Preter, Matthew) (Entered: 01/25/2019) |
| 01/25/2019 | 33 | 5.2 KB | NOTICE by Grunt Style LLC re MOTION by Defendant Grunt Style LLC to dismiss *certain claims of TWD, LLC pursuant to Federal Rule of Civil Procedure 12(c)* 31 , memorandum in support of motion, 32 (De Preter, Matthew) (Entered: 01/25/2019) |
| 01/25/2019 | 34 | 52.3 KB | MOTION by Plaintiff TWD, LLC, Counter Defendant TWD, LLC to strike answer to complaint,, counterclaim, 29 *As to Certain Allegations*, MOTION by Plaintiff TWD, LLC, Counter Defendant TWD, LLCfor more definite statement *As To Allegations Not Stricken*, MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Plaintiff TWD, LLC, Counter Defendant TWD, LLC *As to Counterclaims* (Quinn, Darren) (Entered: 01/25/2019) |
| 01/25/2019 | 35 | 369.9 KB | MEMORANDUM by TWD, LLC in support of motion to strike,, motion for more definite statement,, Motion to Dismiss for Failure to State a Claim, 34 *As to Answer-Counterclaims* (Quinn, Darren) (Entered: 01/25/2019) |
| 01/25/2019 | 36 | 51.2 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion to strike,, motion for more definite statement,, Motion to Dismiss for Failure to State a Claim, 34 before Honorable Charles P. Kocoras on 1/15/2019 at 09:30 AM. (Quinn, Darren) (Entered: 01/25/2019) |

| | | | |
|---|---|---|---|
| 01/29/2019 | 37 | 111.9 KB | TRANSCRIPT OF PROCEEDINGS held on January 15, 2019 before the Honorable Charles P. Kocoras. Order Number: 33402. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn St., Suite 1744-A, Chicago, Illinois 60604, 312-435-6874.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 2/19/2019. Redacted Transcript Deadline set for 3/1/2019. Release of Transcript Restriction set for 4/29/2019. (Hanhardt, Joene) (Entered: 01/29/2019) |
| 02/06/2019 | 38 | 3.9 KB | Pursuant to Local Rule 72.1, this case is hereby referred to the calendar of Honorable Young B. Kim for the purpose of holding proceedings related to: settlement conference.(vcf, )Mailed notice. (Entered: 02/06/2019) |
| 02/06/2019 | 39 | 4.3 KB | MINUTE entry before the Honorable Young B. Kim: A preliminary settlement discussion with the attorneys of record is scheduled for February 13, 2019, at 10:30 a.m. by phone. The conference call number is (877) 336-1839 and the passcode is 4333213. Mailed notice (ma,) (Entered: 02/06/2019) |
| 02/13/2019 | 40 | 4.5 KB | MINUTE entry before the Honorable Young B. Kim: Preliminary settlement conference held by phone. An in-person settlement conference is scheduled for April 22, 2019, at 10:00 a.m. in courtroom 1019. Parties are ordered to review and follow this court's standing order on "Settlement Conferences" on its webpage. The individuals with the authority to settle this matter must appear in person. Plaintiff to provide a settlement position statement to Defendant, with a hard copy to the court (Chambers 1000) along with its motion briefs, by March 1, 2019. Defendant to respond, with a hard copy to the court along with its motion briefs, by March 15, 2019. These settlement position statements are not to be filed with the clerk's office. Mailed notice (ma,) (Entered: 02/13/2019) |
| 02/15/2019 | 41 | 1.4 MB | *AMENDED* COUNTERCLAIM filed by Grunt Style LLC against TWD, LLC . (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(De Preter, Matthew) (Entered: 02/15/2019) |
| 02/15/2019 | 42 | 17.2 KB | NOTICE by Grunt Style LLC re counterclaim 41 *Notice of Filing Grunt Style LLC's First Amended Counterclaims* (De Preter, Matthew) (Entered: 02/15/2019) |
| 02/15/2019 | 43 | 5.6 MB | MEMORANDUM by Grunt Style LLC in Opposition to motion to strike,, motion for more definite statement,, Motion to Dismiss for Failure to State a Claim, 34 (Attachments: # 1 Exhibit 1)(De Preter, Matthew) (Entered: 02/15/2019) |

| | | | |
|---|---|---|---|
| 02/15/2019 | 44 | 7.6 MB | MEMORANDUM by TWD, LLC in Opposition to motion to dismiss 31 (Attachments: # 1 Exhibit A - Defendant's Brief (Strike Out Facts Version))(Quinn, Darren) (Entered: 02/15/2019) |
| 02/22/2019 | 45 | 40.8 KB | REPLY by Defendant Grunt Style LLC to motion to dismiss 31 , memorandum in opposition to motion 44 *REPLY MEMORANDUM IN SUPPORT OF GRUNT STYLE LLC'S MOTION TO DISMISS CERTAIN CLAIMS OF TWD, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(C)* (De Preter, Matthew) (Entered: 02/22/2019) |
| 02/22/2019 | 46 | 441.3 KB | REPLY by Plaintiff TWD, LLC, Counter Defendant TWD, LLC to memorandum in opposition to motion 43 *to strike and to dismiss counterclaims* (Quinn, Darren) (Entered: 02/22/2019) |
| 02/28/2019 | 47 | 55.5 KB | MOTION by Counter Defendant TWD, LLC for extension of time to file answer regarding counterclaim 41 (Quinn, Darren) (Entered: 02/28/2019) |
| 02/28/2019 | 48 | 57.0 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for extension of time to file answer 47 before Honorable Charles P. Kocoras on 2/7/2019 at 09:30 AM. (Quinn, Darren) (Entered: 02/28/2019) |
| 03/01/2019 | 49 | 57.0 KB | *Re-Filed* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for extension of time to file answer 47 before Honorable Charles P. Kocoras on 3/7/2019 at 09:30 AM. (Quinn, Darren) (Entered: 03/01/2019) |
| 03/06/2019 | 50 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion for extension of time to answer or otherwise plead in response to amended counterclaims by 3/8/2019 47 is granted. Motion hearing set for 3/7/2019 is stricken, no appearance is required. Mailed notice (vcf, ) (Entered: 03/06/2019) |
| 03/08/2019 | 51 | 51.9 KB | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Counter Defendant TWD, LLC *As to Claims 3 - 7 In Amended Counterclaims* (Quinn, Darren) (Entered: 03/08/2019) |
| 03/08/2019 | 52 | 115.8 KB | MEMORANDUM by TWD, LLC in support of Motion to Dismiss for Failure to State a Claim 51 *As to Claims 3 - 7 In Amended Counterclaims* (Quinn, Darren) (Entered: 03/08/2019) |
| 03/08/2019 | 53 | 54.4 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of Motion to Dismiss for Failure to State a Claim 51 before Honorable Charles P. Kocoras on 3/14/2019 at 09:30 AM. (Quinn, Darren) (Entered: 03/08/2019) |
| 03/14/2019 | 54 | 4.4 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Grunt Style LLC's motion to dismiss certain claims of TWD, LLC pursuant to Federal Rule of Civil Procedure 12(c) 31 and TWD, LLC's motion to dismiss amended counterclaims 51 are denied. Status hearing set for 3/19/2019 at 9:30 a.m. is stricken. Oral motion to answer by 3/28/2019 is granted. Mailed notice (vcf, ) (Entered: 03/14/2019) |
| 03/18/2019 | 55 | 183.3 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to amend/correct order on motion to dismiss,, Order on Motion to Dismiss for Failure to State a Claim,, terminate hearings,, motion |

| | | | |
|---|---|---|---|
| | | | hearing, 54 (Attachments: # 1 Transcript of March 14, 2019 Hearing)(De Preter, Matthew) (Entered: 03/18/2019) |
| 03/18/2019 | 56 | 72.4 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion to amend/correct, 55 before Honorable Charles P. Kocoras on 3/21/2019 at 09:30 AM. (De Preter, Matthew) (Entered: 03/18/2019) |
| 03/19/2019 | 57 | 4.4 KB | MINUTE entry before the Honorable Charles P. Kocoras: Grunt Style LLC's motion to amend the order of March 14, 2019 55 is granted. TWD, LLC' motion to strike and to dismiss counterclaims 34 is denied. Grunt Style LLC's motion to dismiss certain claims of TWD, LLC pursuant to Federal Rule of Civil Procedure 12(c) 31 remains pending before this Court. Other than the amendment stated in this order, the order previously entered shall stand. Motion hearing set for 3/21/2019 is stricken, no appearance is required. Mailed notice (vcf, ) (Entered: 03/19/2019) |
| 03/25/2019 | 58 | 95.0 KB | TRANSCRIPT OF PROCEEDINGS held on March 14, 2019 before the Honorable Charles P. Kocoras. Order Number: 34039. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn St., Suite 1744-A, Chicago, Illinois 60604, 312-435-6874.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/15/2019. Redacted Transcript Deadline set for 4/25/2019. Release of Transcript Restriction set for 6/24/2019. (Hanhardt, Joene) (Entered: 03/25/2019) |
| 03/28/2019 | 59 | 639.4 KB | ANSWER to counterclaim by TWD, LLC(Quinn, Darren) (Entered: 03/28/2019) |
| 04/18/2019 | 60 | 18.6 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to strike *TWD's Alleged "Affirmative Defenses"* (De Preter, Matthew) (Entered: 04/18/2019) |
| 04/18/2019 | 61 | 16.5 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion to strike 60 before Honorable Charles P. Kocoras on 4/25/2019 at 09:30 AM. (De Preter, Matthew) (Entered: 04/18/2019) |
| 04/18/2019 | 62 | 49.5 KB | MEMORANDUM by Grunt Style LLC in support of motion to strike 60 *TWD's Alleged "Affirmative Defenses"* (De Preter, Matthew) (Entered: 04/18/2019) |
| 04/22/2019 | 63 | 4.5 KB | MINUTE entry before the Honorable Young B. Kim: In-person settlement conference held. Parties were not able to resolve this matter. As stated during the settlement conference, as the parties move this case forward, both sides should feel free to contact the court by phone or by email privately if they wish to explore different settlement options or to re-engage in settlement discussions. All matters relating to the referral of this action having been concluded, the referral is closed and the case is |

| | | | |
|---|---|---|---|
| | | | returned to the assigned District Judge. Mailed notice (ma,) (Entered: 04/22/2019) |
| 04/25/2019 | 64 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Grunt Style LLC's motion to strike TWD's alleged "Affirmative Defenses" 60 is entered briefed as follows: Response is due by 5/17/19. Court will rule by mail. Mailed notice (vcf, ) (Entered: 04/25/2019) |
| 04/30/2019 | 65 | 80.2 KB | TRANSCRIPT OF PROCEEDINGS held on April 25, 2019 before the Honorable Charles P. Kocoras. Order Number: 34531. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn St., Suite 1744-A, Chicago, Illinois 60604, 312-435-6874.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 5/21/2019. Redacted Transcript Deadline set for 5/31/2019. Release of Transcript Restriction set for 7/29/2019. (Hanhardt, Joene) (Entered: 04/30/2019) |
| 05/17/2019 | 66 | 795.8 KB | RESPONSE by TWD, LLCin Opposition to MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to strike *TWD's Alleged "Affirmative Defenses"* 60 (Attachments: # 1 Exhibit A)(Quinn, Darren) (Entered: 05/17/2019) |
| 10/23/2019 | 67 | 374.3 KB | MEMORANDUM Opinion: The Court grants in part and denies in part the motion for judgment on the pleadings and grants the motion to strike. The Court grants TWD's motion for leave to amend, and they have 30 days to file an amended complaint and amended affirmative defenses. It is so ordered. Signed by the Honorable Charles P. Kocoras on 10/23/2019. Mailed notice(vcf, ) (Entered: 10/23/2019) |
| 11/21/2019 | 68 | 69.6 KB | NOTICE by Matthew L. De Preter of Change of Address (De Preter, Matthew) (Entered: 11/21/2019) |
| 11/22/2019 | 69 | 1.7 MB | AMENDED complaint by TWD, LLC against Grunt Style LLC (Quinn, Darren) (Entered: 11/22/2019) |
| 11/22/2019 | 70 | 597.9 KB | AMENDED Answer by TWD, LLC to *Grunt Style, LLC Amended* counterclaim 41 (Quinn, Darren) (Entered: 11/22/2019) |
| 12/06/2019 | 71 | 77.7 KB | MOTION by Defendant Grunt Style LLC to strike *TWD's Alleged "Affirmative Defenses"* (De Preter, Matthew) (Entered: 12/06/2019) |
| 12/06/2019 | 72 | 78.4 KB | *Grunt Style LLC's* NOTICE of Motion by Matthew L. De Preter for presentment of motion to strike 71 before Honorable Charles P. Kocoras on 12/12/2019 at 09:30 AM. (De Preter, Matthew) (Entered: 12/06/2019) |
| 12/06/2019 | 73 | 45.5 KB | MEMORANDUM by Grunt Style LLC in support of motion to strike 71 *TWD's Alleged "Affirmative Defenses"* (De Preter, Matthew) (Entered: 12/06/2019) |

| | | | |
|---|---|---|---|
| 12/06/2019 | 74 | 1.3 MB | *Grunt Style LLC's* ANSWER to amended complaint *(Doc. 69)* by Grunt Style LLC(De Preter, Matthew) (Entered: 12/06/2019) |
| 12/12/2019 | 75 | 4.4 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion hearing held. Grunt Style LLC's second motion to strike TWD's alleged "Affirmative Defenses" 71 is entered and briefed as follows: Response is due by 12/19/2019. Court will rule by mail. Parties are to submit a Joint Scheduling Order to Proposed_Order_Kocoras@ilnd.uscourts.gov. Mailed notice (vcf, ) (Entered: 12/12/2019) |
| 12/19/2019 | 76 | 136.7 KB | RESPONSE by TWD, LLCin Opposition to MOTION by Defendant Grunt Style LLC to strike *TWD's Alleged "Affirmative Defenses"* 71 (Quinn, Darren) (Entered: 12/19/2019) |
| 12/23/2019 | 77 | 64.1 KB | TRANSCRIPT OF PROCEEDINGS held on December 12, 2019 before the Honorable Charles P. Kocoras. Order Number: 37256. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 1/13/2020. Redacted Transcript Deadline set for 1/23/2020. Release of Transcript Restriction set for 3/23/2020. (Fitzgerald, Kelly) (Entered: 12/23/2019) |
| 01/16/2020 | 78 | 31.0 KB | ORDER: The Court grants in part and denies in part the motion to strike. Affirmative defenses three, five, and six are stricken with prejudice given the continued failure to meet the pleading requirements. The remaining affirmative defenses may proceed. It is so ordered. Signed by the Honorable Charles P. Kocoras on 1/16/2020. Status hearing is set for 1/30/2020 at 9:30 a.m. Mailed notice(vcf, ) (Entered: 01/16/2020) |
| 01/24/2020 | 79 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: On Court's own motion, status hearing set for 1/30/2020 is reset to 2/25/2020 at 9:30 AM. Mailed notice (vcf, ) (Entered: 01/24/2020) |
| 02/25/2020 | 80 | 4.2 KB | MINUTE entry before the Honorable Charles P. Kocoras: Status hearing held and continued to 4/28/2020 at 9:30 a.m. Mailed notice (vcf, ) (Entered: 02/25/2020) |
| 03/16/2020 | 81 | 372.1 KB | ORDER Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 16, 2020. All open cases are impacted by this Amended General Order. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/16/2020: Mailed notice. (td, ) (Entered: 03/17/2020) |
| 03/30/2020 | 82 | 66.9 KB | TRANSCRIPT OF PROCEEDINGS held on February 25, 2020 before the Honorable Charles P. Kocoras. Order Number: 38024. Court Reporter Contact Information: Laura LaCien, 312-408-5032, laura_lacien@ilnd.uscourts.gov. |

| | | | |
|---|---|---|---|
| | | | IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/20/2020. Redacted Transcript Deadline set for 4/30/2020. Release of Transcript Restriction set for 6/29/2020. (Lacien, Laura) (Entered: 03/30/2020) |
| 03/30/2020 | 83 | ☐ 49.5 KB | ORDER Seconded Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on March 30, 2020. All open cases are impacted by this Second Amended General Order. Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General. See attached Order for guidance.Signed by the Honorable Rebecca R. Pallmeyer on 3/30/2020: Mailed notice. (docket1, ) (Entered: 03/31/2020) |
| 04/24/2020 | 84 | ☐ 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Based upon Second Amended General Order 20-0012, status hearing previously set for 4/28/2020 is stricken. New date to follow. Mailed notice (vcf, ) (Entered: 04/24/2020) |
| 04/24/2020 | 85 | ☐ 50.2 KB | ORDER Third Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on April 24, 2020. All open cases are impacted by this Third Amended General Order. Parties are must carefully review all obligations under this Order, including the requirement listed in paragraph number 5 to file a joint written status report in most civil cases. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 4/24/2020: Mailed notice. (docket4, ) (Entered: 04/27/2020) |
| 05/19/2020 | 86 | ☐ 137.4 KB | STATUS Report *(COVID Order #3)* by TWD, LLC (Quinn, Darren) (Entered: 05/19/2020) |
| 05/26/2020 | 87 | ☐ 39.3 KB | ORDER ORDER Fourth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on May 26, 2020. This Order does not extend or modify any deadlines set in civil cases. For non-emergency motions, no motion may be noticed for presentment on a date earlier than July 15, 2020. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 5/26/2020: Mailed notice. (docket5, ) (Entered: 05/26/2020) |
| 06/04/2020 | 88 | ☐ 24.7 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for protective order (De Preter, Matthew) (Entered: 06/04/2020) |
| 06/04/2020 | 89 | ☐ 1.7 MB | MEMORANDUM by Grunt Style LLC in support of motion for protective order 88 (Attachments: # 1 Exhibits A-M)(De Preter, Matthew) (Entered: 06/04/2020) |

| | | | |
|---|---|---|---|
| 06/04/2020 | 90 | 18.0 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion for protective order 88 before Honorable Charles P. Kocoras on 6/9/2020 at 09:30 AM. (De Preter, Matthew) (Entered: 06/04/2020) |
| 06/08/2020 | 91 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Grunt Style LLC's motion for entry of Protective Order 88 is granted. Counsel shall send the Protective Order, in Word format, to Proposed_Order_Kocoras@ilnd.uscourts.gov for entry. Mailed notice (vcf, ) (Entered: 06/08/2020) |
| 06/09/2020 | 92 | 54.5 KB | MOTION by Plaintiff TWD, LLC for reconsideration regarding order on motion for protective order,, terminate hearings, 91 (Quinn, Darren) (Entered: 06/09/2020) |
| 06/09/2020 | 93 | 100.8 KB | MEMORANDUM by TWD, LLC in support of motion for reconsideration 92 (Quinn, Darren) (Entered: 06/09/2020) |
| 06/09/2020 | 94 | 1.2 MB | DECLARATION of Darren Quinn regarding motion for reconsideration 92 (Attachments: # 1 Exhibit 1 - Model Confidentiality Order, # 2 Exhibit 2 - Redline (Comparing Model to GS Submitted), # 3 Exhibit 3 - Last (Fourth) Draft of Confidentiality Order, # 4 Exhibit 4 - Redline (Comparing Model to Last/Fourth Draft)(Quinn, Darren) (Entered: 06/09/2020) |
| 06/10/2020 | 95 | 20.6 KB | MEMORANDUM by Grunt Style LLC in Opposition to motion for reconsideration 92 (De Preter, Matthew) (Entered: 06/10/2020) |
| 06/10/2020 | 96 | 108.7 KB | AGREED Confidentiality Order. Signed by the Honorable Charles P. Kocoras on 6/10/2020.Mailed notice. (vcf, ) (Entered: 06/10/2020) |
| 06/10/2020 | 97 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: TWD, LLC's motion for reconsideration of order granting Confidentiality Order that substantially deviates from LR 26.2 model Confidentiality Order [DKT.91] 92 is denied. Mailed notice (vcf, ) (Entered: 06/10/2020) |
| 06/18/2020 | 98 | 60.6 KB | ATTORNEY Appearance for Defendant Grunt Style LLC by Christopher William Niro (Niro, Christopher) (Entered: 06/18/2020) |
| 07/10/2020 | 99 | 44.4 KB | ORDER Fifth Amended General Order 20-0012 IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY Signed by the Chief Judge Rebecca R. Pallmeyer on July 10, 2020. This Order does not extend or modify any deadlines set in civil cases. No motions may be noticed for in-person presentment; the presiding judge will notify parties of the need, if any, for a hearing by electronic means or in-court proceeding. See attached Order. Signed by the Honorable Rebecca R. Pallmeyer on 7/10/2020: Mailed notice. (Clerk4, Docket) (Entered: 07/10/2020) |
| 07/22/2020 | 100 | 4.7 KB | MINUTE entry before the Honorable Charles P. Kocoras: Telephonic status hearing set for 7/22/2020 at 9:40 AM. For the telephonic status hearing, parties are to use the following call-in number: (888) 684 8852, conference code 8819984. Counsel of record will receive an email the morning of the telephonic hearing with instructions to join the call. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. |

| | | | |
|---|---|---|---|
| | | | The public and media representatives may have access to the hearing via the same number. Audio recording of the hearing is not permitted; violations of this prohibition may result in sanctions. Participants are directed to keep their device muted when they are not speaking. Thank you for your cooperation. Mailed notice (vcf, ) (Entered: 07/22/2020) |
| 07/22/2020 | 101 | ☐ 4.2 KB | MINUTE entry before the Honorable Charles P. Kocoras: Telephonic status hearing set for 7/22/2020 is reset to 7/23/2020 at 9:40 AM. Mailed notice (vcf, ) (Entered: 07/22/2020) |
| 07/22/2020 | 102 | ☐ 20.8 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to compel (De Preter, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 103 | ☐ 5.8 MB | MEMORANDUM by Grunt Style LLC in support of motion to compel 102 (Attachments: # 1 Exhibit List, # 2 Exhibits 1-8)(De Preter, Matthew) (Entered: 07/22/2020) |
| 07/22/2020 | 104 | ☐ 18.1 KB | NOTICE by Grunt Style LLC re memorandum in support of motion 103 , MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to compel 102 (De Preter, Matthew) (Entered: 07/22/2020) |
| 07/23/2020 | 105 | ☐ 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Telephonic status hearing held. This case is referred to Magistrate Judge Kim for discovery supervision. Mailed notice (vcf, ) (Entered: 07/23/2020) |
| 07/23/2020 | 106 | ☐ 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Order entered on 7/23/2020 105 is amended to include the following: The request to admit is stricken. Grunt Style's motion to compel 102 is denied. Mailed notice (vcf, ) (Entered: 07/23/2020) |
| 07/23/2020 | 107 | ☐ 59.3 KB | EXECUTIVE COMMITTEE ORDER: Case referred to the Honorable Young B. Kim. Signed by the Executive Committee on 7/23/2020. (sxb, ) (Entered: 07/24/2020) |
| 07/24/2020 | 108 | ☐ 4.4 KB | MINUTE entry before the Honorable Young B. Kim: A status hearing is scheduled for July 31, 2020, at 11:30 a.m. (CST) by phone for an update on discovery completed, discovery pending, and discovery outstanding. The conference call number for the status hearing is (877) 336-1839 and the passcode is 4333213. Mailed notice (ma,) (Entered: 07/24/2020) |
| 07/30/2020 | 109 | ☐ 97.1 KB | TRANSCRIPT OF PROCEEDINGS held on July 23, 2020 before the Honorable Charles P. Kocoras. Order Number: 38851. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn St., Suite 1744-A, Chicago, Illinois 60604, 312-435-6874. <P>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.</P> Redaction Request due 8/20/2020. Redacted Transcript Deadline set for 8/31/2020. Release of Transcript Restriction set for 10/28/2020. (Hanhardt, Joene) (Entered: 07/30/2020) |
| 07/31/2020 | 110 | ☐ 4.6 KB | MINUTE entry before the Honorable Young B. Kim: Status hearing held by phone. Parties reported to the court that they have exchanged written discovery requests and answered to them. But the parties also reported |

| | | | |
|---|---|---|---|
| | | | that each side's answers are deficient. Parties are ordered to meet and confer by August 14, 2020, to resolve any outstanding discovery issues. If the parties are not able to resolve their disputes, they have until August 21, 2020, to file their motion to compel. If the motion to compel is timely filed, parties have until September 4, 2020, to file a response. Written discovery is now closed, except for supplementing earlier discovery responses as required under Rule 26(e) and serving requests to admit and subpoenas for records. If the parties wish to serve supplemental written discovery requests, they must seek leave of court by filing a motion and attaching the proposed set of supplemental requests as an exhibit to the motion. Mailed notice (ma,) (Entered: 07/31/2020) |
| 08/21/2020 | 111 | ☐ 21.3 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to compel (De Preter, Matthew) (Entered: 08/21/2020) |
| 08/21/2020 | 112 | ☐ 3.1 MB | MEMORANDUM by Grunt Style LLC in support of motion to compel 111 (Attachments: # 1 List of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4)(De Preter, Matthew) (Entered: 08/21/2020) |
| 08/21/2020 | 113 | ☐ 18.1 KB | NOTICE by Grunt Style LLC re memorandum in support of motion 112 , MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to compel 111 (De Preter, Matthew) (Entered: 08/21/2020) |
| 08/21/2020 | 114 | ☐ 51.6 KB | MOTION by Plaintiff TWD, LLC, Counter Defendant TWD, LLC for discovery *from Grunt Style LLC* (Quinn, Darren) (Entered: 08/21/2020) |
| 08/21/2020 | 115 | ☐ 7.9 MB | MEMORANDUM by TWD, LLC in support of motion for discovery 114 *from Grunt Style LLC* (Attachments: # 1 Declaration of Darren J. Quinn, # 2 Exhibit List, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9)(Quinn, Darren) (Entered: 08/21/2020) |
| 08/21/2020 | 116 | ☐ 51.6 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of (Quinn, Darren) (Entered: 08/21/2020) |
| 08/24/2020 | 117 | | SEALED EXHIBIT by Plaintiff TWD, LLC, Counter Defendant TWD, LLC regarding memorandum in support of motion, 115 (Attachments: # 1 Exhibit A (GS 420-463), # 2 Exhibit B (GS 464-484; 7499-7502; 7507; 7512; 7531; 7582; 7739; 7922; 7998))(Quinn, Darren) (Entered: 08/24/2020) |
| 08/24/2020 | 118 | ☐ 937.6 KB | EXHIBIT by Plaintiff TWD, LLC, Counter Defendant TWD, LLC *(also relates to UNDER SEAL exhibits [Dkt. 117]* regarding memorandum in support of motion, 115 (Attachments: # 1 Exhibit C (GS 61-101))(Quinn, Darren) (Entered: 08/24/2020) |
| 09/04/2020 | 119 | ☐ 1.1 MB | MEMORANDUM by Grunt Style LLC in Opposition to motion for discovery 114 (Attachments: # 1 List of Exhibits, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7)(De Preter, Matthew) (Entered: 09/04/2020) |
| 09/04/2020 | 120 | ☐ 4.0 MB | MEMORANDUM by TWD, LLC in Opposition to motion to compel 111 (Attachments: # 1 Declaration of Darren J. Quinn, # 2 Exhibit 1 - Redline, # 3 Exhibit 2 - "Corrected" Document Response, # 4 Exhibit 3 - "Corrected" Interrogatory Reponse)(Quinn, Darren) (Entered: 09/04/2020) |

| | | | |
|---|---|---|---|
| 09/11/2020 | 121 | 31.4 KB | REPLY by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to memorandum in opposition to motion, 120 , motion to compel 111 (De Preter, Matthew) (Entered: 09/11/2020) |
| 10/07/2020 | 122 | 4.3 KB | MINUTE entry before the Honorable Young B. Kim: The court is aware that there are still cross motions to compel [ 111 , 114 ] pending before this court. These two motions are in the queue of motions pending before this court for resolution. The court will rule on them as soon as possible. Mailed notice (Kim, Young) (Entered: 10/07/2020) |
| 11/12/2020 | 123 | 4.4 KB | MINUTE entry before the Honorable Young B. Kim: Plaintiff's motion to compel 114 is granted in part and denied in part. Enter Order. Defendant is ordered to supplement its responses to the following by November 30, 2020: (1) INT Nos. 2, 3, 7-14, 17-21, and 23-25; (2) First Set of RPD No. 8; (3) Second Set of RPD Nos. 9, 23, and 34; and (4) Requests for Admissions Nos. 6-11. The court will next turn its attention on Defendant's motion to compel, (R. 111). Mailed notice (ma,) (Entered: 11/12/2020) |
| 11/12/2020 | 124 | 86.0 KB | ORDER Signed by the Honorable Young B. Kim on 11/12/2020. (ma,) (Entered: 11/12/2020) |
| 11/16/2020 | 125 | 4.8 KB | MINUTE entry before the Honorable Young B. Kim: Defendant's motion to compel 111 is granted in part and denied in part. Enter Order. Plaintiff is ordered to supplement its responses to the following by November 30, 2020: (1) INT Nos. 2 and 5; and (2) RFP Nos. 1, 2, 5, 8, 15, 20, 21, 23, 25, 29, 31, and 34. Parties have until February 12, 2021, to complete all fact discovery. All depositions must be conducted by phone or by video unless everyone who needs to appear for the deposition agrees to do so in person. If exhibits must be used during the phone/video depositions, the exhibits should be emailed to the opposing side within two business days prior to the depositions. Otherwise, the time spent sending exhibits (if the video platform does not allow for sharing documents) to the opposing counsel and the deponent during the deposition must be counted towards the seven-hour time limit. If the parties require an in-person deposition and there is no agreement, they must file a motion and explain the need for an in-person deposition. Parties are to file a joint status report by February 5, 2021, and advise the court whether they require expert discovery. Mailed notice (ma,) (Entered: 11/16/2020) |
| 11/16/2020 | 126 | 78.1 KB | ORDER Signed by the Honorable Young B. Kim on 11/16/2020. (ma,) (Entered: 11/16/2020) |
| 11/24/2020 | 127 | 426.2 KB | MOTION by TWD, LLC regarding objections to order denying certain discovery from Grunt Style LLC [ECF 124] (Attachments: # 1 Objections to Order [ECF 124], # 2 Request for Judicial Notice, # 3 Notice of Motion)(Quinn, Darren) (Docket Text Modified by Clerk's Office on 12/2/2020) (lma, ). (Entered: 11/24/2020) |
| 12/04/2020 | 128 | 239.3 KB | MEMORANDUM by Grunt Style LLC in Opposition to motion for miscellaneous relief, 127 (Attachments: # 1 Exhibit 1. Transcript)(De Preter, Matthew) (Entered: 12/04/2020) |
| 01/11/2021 | 129 | 53.7 KB | MOTION by Plaintiff TWD, LLC for extension of time to complete discovery , MOTION by Plaintiff TWD, LLC for extension of time to file *Joint Status Report* (Quinn, Darren) (Entered: 01/11/2021) |

| | | | |
|---|---|---|---|
| 01/11/2021 | 130 | 149.5 KB | MEMORANDUM by TWD, LLC in support of motion for extension of time to complete discovery, motion for extension of time to file 129 *to file joint status report* (Attachments: # 1 Declaration of Darren J. Quinn) (Quinn, Darren) (Entered: 01/11/2021) |
| 01/11/2021 | 131 | 56.2 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of (Quinn, Darren) (Entered: 01/11/2021) |
| 01/12/2021 | 132 | 194.9 KB | MEMORANDUM by Grunt Style LLC in Opposition to motion for extension of time to complete discovery, motion for extension of time to file 129 (Attachments: # 1 Exhibit 1. Transcript, # 2 Exhibit 2. Transcript)(De Preter, Matthew) (Entered: 01/12/2021) |
| 01/13/2021 | 133 | 4.5 KB | MINUTE entry before the Honorable Young B. Kim: Plaintiff's motion for extension of time 129 is denied without prejudice. The fact discovery deadline of February 12, 2021, to stand. This deadline was set back in November 2020 and the court required the parties to conduct depositions by video or by phone because of the pandemic. The court appreciates that Plaintiff filed an objection to this court's November 12, 2021 order, but the objection cannot serve as a pause button. The court denies the motion without prejudice in case additional discovery is needed after the objection is ruled on or in case Plaintiff's attorney's situation changes as a result of family obligations. Mailed notice (ma,) (Entered: 01/13/2021) |
| 01/29/2021 | 134 | 18.8 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to quash *; Emergency Motion to Quash Subpoenas Issued by TWD* (De Preter, Matthew) (Entered: 01/29/2021) |
| 01/29/2021 | 135 | 8.7 MB | MEMORANDUM by Grunt Style LLC in support of motion to quash 134 *; Emergency Motion to Quash Subpoenas Issued by TWD* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(De Preter, Matthew) (Entered: 01/29/2021) |
| 01/29/2021 | 136 | 18.0 KB | NOTICE of Motion by Matthew L. De Preter for presentment of (De Preter, Matthew) (Entered: 01/29/2021) |
| 02/01/2021 | 137 | 149.0 KB | MEMORANDUM by TWD, LLC in Opposition to motion to quash 134 *third party document subpoenas* (Quinn, Darren) (Entered: 02/01/2021) |
| 02/01/2021 | 138 | 30.0 KB | REPLY by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to memorandum in opposition to motion 137 (De Preter, Matthew) (Entered: 02/01/2021) |
| 02/03/2021 | 139 | 6.0 KB | MINUTE entry before the Honorable Young B. Kim: Defendant's motion to quash subpoenas 134 is granted. Plaintiff served its Request No. 21 ("No. 21") on Defendant seeking "All DOCUMENTS that memorialize, discuss or reflect any actual or proposed royalty rates to be paid by [Defendant] to trademark licensors, including but not limited to the following trademark licensors" and identifying nine entities. (R. 135-1 at 15-16.) Defendant objected to this request based on, among other grounds, relevance and scope. (Id. at 16.) Plaintiff then filed a motion on August 21, 2020, to compel Defendant to supplement its discovery responses, including its response to No. 21. (R. 114.) On November 12, 2020, this court granted Plaintiff's motion to compel in part and denied it in part. (R. 123; R. 124.) As for Plaintiff's motion to compel a response to No. 21, this court sustained Defendant's relevance and scope objections. (R. 124 at 3.) On November 24, 2020, Plaintiff objected to |

| | | | |
|---|---|---|---|
| | | | this court's November 12, 2020 ruling, and that objection remains pending. Instead of waiting for a ruling on the objection as to No. 21, on January 27, 2021, Plaintiff issued subpoenas to five respondents for essentially the same documents it asked Defendant to produce in Request No. 21. (See R. 135-2.) Defendant argues that Plaintiff is violating this court's November 12, 2020 ruling and seeks an order quashing the subpoenas and sanctioning Plaintiff in the amount of $2,300. The court agrees that the subpoenas must be quashed, but for a different reason. First, the subpoenas do not violate this court's order of November 12, 2020, because the overall scope of the subpoenas is narrower than the scope of No. 21. As for relevance, Defendant has not offered any arguments so the court will not speak on that issue. Second, the court understands Plaintiff's rationale for issuing the subpoenas, given the approaching fact discovery deadline. However, the subpoenas nonetheless are quashed because Plaintiff's attorney neglected to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." See Fed. R. Civ. P. 45(d)(1). Plaintiff could have filed a motion for leave to serve a narrower version of No. 21 on Defendant to determine if it has in the past or is currently paying licensing fees to specific entities for specific marks that may be comparable to the mark in dispute. Plaintiff could also wait for a ruling on Plaintiff's objection because if the assigned District Judge sustains Plaintiff's objection as to this court's ruling on No. 21, the documents Plaintiff seeks from the Subpoena Respondents are documents that are within Defendant's custody and control, if there are responsive documents. There is no basis to trouble those who are not involved in this litigation. For these reasons, the subpoenas are quashed, but sanctions are not warranted. Plaintiff is ordered to notify the Subpoena Respondents in writing that the court has quashed the subpoenas by February 5, 2021. Mailed notice (ma,) (Entered: 02/03/2021) |
| 02/05/2021 | 140 | ☐ 29.0 KB | STATUS Report *Re: Expert Disclosures and Discovery* by TWD, LLC (Quinn, Darren) (Entered: 02/05/2021) |
| 02/06/2021 | 141 | ☐ 4.3 KB | MINUTE entry before the Honorable Young B. Kim: According to the February 5, 2021 status report, Plaintiff still has four depositions to complete. (R. 140 at 3.) Parties are to file a joint status report by February 9, 2021, identifying the confirmed dates for these four depositions. Mailed notice (Kim, Young) (Entered: 02/06/2021) |
| 02/09/2021 | 142 | ☐ 20.7 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to quash -*Second Motion to Quash* (De Preter, Matthew) (Entered: 02/09/2021) |
| 02/09/2021 | 143 | ☐ 1.3 MB | MEMORANDUM by Grunt Style LLC in support of motion to quash 142 - *Second Motion to Quash* (Attachments: # 1 Exhibit 1. Subpoena) (De Preter, Matthew) (Entered: 02/09/2021) |
| 02/09/2021 | 144 | ☐ 18.0 KB | NOTICE by Grunt Style LLC re memorandum in support of motion 143 , MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to quash -*Second Motion to Quash* 142 (De Preter, Matthew) (Entered: 02/09/2021) |
| 02/09/2021 | 145 | ☐ 4.4 KB | MINUTE entry before the Honorable Young B. Kim: Defendant's second motion to quash subpoena 142 is entered and continued. Plaintiff has until February 16, 2021, to file a response to the motion. If the court |

| | | | |
|---|---|---|---|
| | | | denies the motion to quash, the court will grant Plaintiff additional time to depose Attorney De Preter. Parties are reminded that they have until today to file a joint status report identifying the confirmed dates for the remaining fact depositions, excluding Attorney De Preter's deposition. Mailed notice (ma,) (Entered: 02/09/2021) |
| 02/09/2021 | 146 | 22.9 KB | STATUS Report *Joint Status Report per Doc. 141* by Grunt Style LLC (De Preter, Matthew) (Entered: 02/09/2021) |
| 02/10/2021 | 147 | 4.3 KB | MINUTE entry before the Honorable Young B. Kim: In light of the status report, (R. 146), if Plaintiff wishes to file a motion to compel a Rule 30(b)(6) deposition on particular topics, Plaintiff has until February 24, 2021, to file the motion. If a motion is filed, Defendant has until March 10, 2021, to file a response. Mailed notice (ma,) (Entered: 02/10/2021) |
| 02/16/2021 | 148 | 1.5 MB | MEMORANDUM by TWD, LLC in Opposition to motion to quash 142 *subpoena to Matthew De Preter* (Attachments: # 1 Declaration of Darren J. Quinn, # 2 Exhibit 1, # 3 Exhibit 2)(Quinn, Darren) (Entered: 02/16/2021) |
| 02/22/2021 | 149 | 5.7 KB | MINUTE entry before the Honorable Young B. Kim: Defendant's second motion to quash subpoena 142 is denied. Defendant seeks to quash the subpoena for the deposition of its lead attorney Matthew De Preter because: (1) the subpoena amounts to a form of harassment; (2) invades the attorney-client relationship between De Preter and Defendant; and (3) there are other reasonable sources for the information Plaintiff seeks. The court does not find Defendant's arguments persuasive under the circumstances of this case. First, the court does not see any indication here that Plaintiff seeks the deposition of De Preter to harass him or Defendant. Plaintiff's motivation for seeking to depose De Preter is clear---he was Defendant's trademark attorney who handled the registration of the alleged infringing trademark. Defendant made the choice to retain De Preter to lead the defense of this case knowing that he may serve as a witness in this case. As such, the fact that Plaintiff wishes to depose Defendant's lead attorney does not raise any inferences of harassment. Second, Defendant fails to submit enough information to establish that the entirety of the contested deposition would involve privileged communications between Defendant and De Preter. Third, Defendant has failed to submit enough information to demonstrate that either Tim Jensen or Daniel Alarik has first-hand knowledge of the underlying information Plaintiff seeks. For example, based on this court's review of the under-oath representation De Preter made to the United States Patent and Trademark Office, (see R. 148 at 5), the court finds that the information De Preter relied on when making this representation was sourced from Defendant but also from his own independent investigation. As such, De Preter is a unique source of information. Having so ruled, De Preter is not required to produce any documents at his deposition because those documents are, and have been, within the custody or control of Defendant and could have been obtained through direct discovery. Further, Plaintiff is entitled to ask questions about the documents Defendant produced in this case. However, Plaintiff is barred from asking De Preter why certain documents were produced in discovery. This court's ruling does not preclude De Preter from making good faith objections based on the attorney-client privilege or the work-product doctrine during his deposition. Plaintiff is ordered to complete |

| | | | |
|---|---|---|---|
| | | | the deposition of De Preter by March 12, 2021. Mailed notice (ma,) (Entered: 02/22/2021) |
| 02/24/2021 | 150 | 52.3 KB | MOTION by Plaintiff TWD, LLC to compel *Re: Rule 30(b0(6) Deposition of Defendant Grunt Style, LLC* (Quinn, Darren) (Entered: 02/24/2021) |
| 02/24/2021 | 151 | 10.8 MB | MEMORANDUM by TWD, LLC in support of motion to compel 150 *Re: Rule 30(b)(6) Deposition of Defendant Grunt Style, LLC* (Attachments: # 1 Declaration PUBLIC of Darren Quinn, # 2 Exhibit List, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Declaration REDACTED CONFIDENTIAL of Darren Quinn)(Quinn, Darren) (Entered: 02/24/2021) |
| 02/24/2021 | 152 | 62.7 KB | MOTION by Plaintiff TWD, LLC to seal document memorandum in support of motion, 151 *attaching Confidential Declaration of Darren Quinn (Redacted Public Version)* (Quinn, Darren) (Entered: 02/24/2021) |
| 02/24/2021 | 153 | | SEALED DOCUMENT by Plaintiff TWD, LLC *Confidential Declaration of Darren Quinn In Support of Motion To Compel Re: Rule 30(b)(6) Deposition Of Grunt Style, LLC* (Quinn, Darren) (Entered: 02/24/2021) |
| 02/24/2021 | 154 | 52.2 KB | *Notice of Motion To Compel Re: Rule 30(b)(6) Deposition of Grunt Style, LLC* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of (Quinn, Darren) (Entered: 02/24/2021) |
| 02/25/2021 | 155 | 4.3 KB | MINUTE entry before the Honorable Young B. Kim: Plaintiff's motion to seal Declaration of Darren Quinn 152 is granted. Mailed notice (Kim, Young) (Entered: 02/25/2021) |
| 03/10/2021 | 156 | 1.2 MB | MEMORANDUM by Grunt Style LLC in Opposition to motion to compel 150 (Attachments: # 1 Exhibit 1, Grunt Style Objections to Rule 30(b)(6) notice, # 2 Exhibit 2, Grunt Style Deposition pages 133-135, # 3 Exhibit 3, Grunt Style Deposition pages 164-169, # 4 Exhibit 4, Grunt Style Deposition pages 31-32, # 5 Exhibit 5, Grunt Style Deposition pages 179-180, # 6 Exhibit 6, Excerpt of Grunt Style's Objections and Responses to TWD Interrogatories)(De Preter, Matthew) (Entered: 03/10/2021) |
| 03/17/2021 | 157 | 4.9 KB | MINUTE entry before the Honorable Young B. Kim: Plaintiff's motion to compel 150 is denied. Enter Order. However, the court orders Defendant to produce, by April 2, 2021, a copy of the trademark licensing/royalty agreements (from 2016 to the present) it entered into with the United States Armed Forces identified in Topic Nos. 8(a) through 8(d), if any. These agreements are to be designated as "Attorneys' Eyes Only" documents and may be submitted to the court only under seal and only with leave of court. Plaintiff's counsel may not use the information gleaned from these agreements in any court filing without leave of court. Fact discovery is now closed. Parties are to comply with the following expert discovery schedule: (1) Plaintiff has until April 16, 2021, to identify to Defendant any "Confidential Information" it wishes to disclose to its experts; (2) Defendant has until April 23, 2021, to pose any objections to such disclosure; (3) parties to meet and confer on the objections by May 7, 2021; and (4) parties to file, by May 14, 2021, a joint status report advising the court of the disputed issues and the parties' respective positions on these issues and attaching |

| | | | |
|---|---|---|---|
| | | | the disputed documents under seal (if necessary, the parties may file an unredacted version of the status report under seal). The court will schedule additional deadlines after reviewing the report. If there are no disputed issues with "Confidential Information" to be disclosed, the parties are to file a joint status report sooner than May 14, 2021. Mailed notice (ma,) (Entered: 03/17/2021) |
| 03/17/2021 | 158 | 99.0 KB | ORDER Signed by the Honorable Young B. Kim on 3/17/2021. (ma,) (Entered: 03/17/2021) |
| 03/31/2021 | 159 | 1.8 MB | OBJECTIONS by Grunt Style LLC to order 158 *Pursuant to Rule 72(a)* (Attachments: # 1 Exhibit 1, # 2 Exhibit 1)(De Preter, Matthew) (Entered: 03/31/2021) |
| 03/31/2021 | 160 | 117.8 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to stay regarding order 158 *Emergency Motion* (De Preter, Matthew) (Entered: 03/31/2021) |
| 03/31/2021 | 161 | 190.4 KB | MEMORANDUM by Grunt Style LLC in support of motion to stay 160 *Emergency Motion* (Attachments: # 1 Exhibit 1)(De Preter, Matthew) (Entered: 03/31/2021) |
| 03/31/2021 | 162 | 92.5 KB | NOTICE by Grunt Style LLC re memorandum in support of motion 161 , MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to stay regarding order 158 *Emergency Motion* 160 (De Preter, Matthew) (Entered: 03/31/2021) |
| 04/01/2021 | 163 | 4.4 KB | MINUTE entry before the Honorable Young B. Kim: Defendant's motion to stay 160 is granted. Defendant is not required to comply with the court's order of March 17, 2021, requiring the production of certain agreements, until further order of this court. However, the parties are required to adhere to the expert discovery schedule issued in the same order. Mailed notice (Kim, Young) (Entered: 04/01/2021) |
| 04/26/2021 | 164 | 121.6 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for leave to file excess pages *MOTION TO EXCEED PAGE LIMIT AND FILE OVERSIZED BRIEDF IN SUPPORT OF GRUNT STYLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT INSTANTER* (De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 165 | 92.2 KB | NOTICE by Grunt Style LLC re MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for leave to file excess pages *MOTION TO EXCEED PAGE LIMIT AND FILE OVERSIZED BRIEDF IN SUPPORT OF GRUNT STYLE'S MOTION FOR PARTIAL SUMMARY JUDGMENT INSTANTER* 164 (De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 166 | 164.0 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for partial summary judgment (De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 167 | 176.5 MB | MEMORANDUM by Grunt Style LLC in support of motion for partial summary judgment 166 (Attachments: # 1 Statement of Facts, # 2 List of Exhibits, # 3 Exhibit Exhibit A, # 4 Exhibit Exhibit B, # 5 Exhibit Exhibit C, # 6 Exhibit Exhibit D, # 7 Exhibit Exhibit E, # 8 Exhibit Exhibit F, # 9 Exhibit Exhibit G, # 10 Exhibit Exhibit H, # 11 Exhibit Exhibit I, # 12 Exhibit Exhibit J, # 13 Exhibit Exhibit K, # 14 Exhibit Exhibit L, # 15 Exhibit Exhibit M, # 16 Exhibit Exhibit N, # 17 Exhibit |

| | | | |
|---|---|---|---|
| | | | Exhibit O, # 18 Exhibit Exhibit P, # 19 Exhibit Exhibit Q, # 20 Exhibit Exhibit R, # 21 Exhibit Exhibit S, # 22 Exhibit Exhibit T, # 23 Exhibit Exhibit U, # 24 Exhibit Exhibit V, # 25 Exhibit Exhibit W, # 26 Exhibit Exhibit X, # 27 Exhibit Exhibit Y, # 28 Exhibit Exhibit Z, # 29 Exhibit Exhibit AA, # 30 Exhibit Exhibit BB, # 31 Exhibit Exhibit CC, # 32 Exhibit Exhibit DD, # 33 Exhibit Exhibit EE, # 34 Exhibit Exhibit FF, # 35 Exhibit Exhibit GG, # 36 Exhibit Exhibit HH, # 37 Exhibit Exhibit II, # 38 Exhibit Exhibit JJ, # 39 Exhibit Exhibit KK, # 40 Exhibit Exhibit LL, # 41 Exhibit Exhibit MM, # 42 Exhibit Exhibit NN, # 43 Exhibit Exhibit OO, # 44 Exhibit Exhibit PP, # 45 Exhibit Exhibit QQ, # 46 Exhibit Exhibit RR, # 47 Exhibit Exhibit SS, # 48 Exhibit Exhibit TT, # 49 Exhibit Exhibit UU, # 50 Exhibit Exhibit VV, # 51 Exhibit Exhibit WW, # 52 Exhibit Exhibit XX, # 53 Exhibit Exhibit YY, # 54 Exhibit Exhibit ZZ, # 55 Exhibit Exhibit AAA, # 56 Exhibit Exhibit BBB, # 57 Exhibit Exhibit CCC, # 58 Exhibit Exhibit DDD, # 59 Exhibit Exhibit EEE, # 60 Exhibit Exhibit FFF, # 61 Exhibit Exhibit GGG, # 62 Exhibit Exhibit HHH, # 63 Exhibit Exhibit III, # 64 Exhibit Exhibit JJJ, # 65 Exhibit Exhibit KKK, # 66 Exhibit Exhibit LLL, # 67 Exhibit Exhibit MMM, # 68 Exhibit Exhibit NNN, # 69 Exhibit Exhibit OOO)(De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 168 | ▢ 90.7 KB | NOTICE by Grunt Style LLC re MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for partial summary judgment 166 (De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 169 | ▢ 117.2 KB | MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for leave to file *MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL* (De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 170 | ▢ 90.8 KB | NOTICE by Grunt Style LLC re MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for leave to file *MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL* 169 (De Preter, Matthew) (Entered: 04/26/2021) |
| 04/26/2021 | 171 | | SEALED EXHIBIT by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC regarding MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for partial summary judgment 166 (Attachments: # 1 Sealed Exhibit)(De Preter, Matthew) (Entered: 04/26/2021) |
| 04/28/2021 | 172 | ▢ 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion to exceed page limit and file oversized brief in support 164 is granted. Motion for leave to file documents under seal 169 is granted. Mailed notice (vcf, ) (Entered: 04/28/2021) |
| 04/28/2021 | 173 | ▢ 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion for partial summary judgment 166 is entered and briefed as follows: Response is due by 5/19/2021; Reply is due by 6/2/2021. Court will rule by mail. Mailed notice (vcf, ) (Entered: 04/28/2021) |
| 05/14/2021 | 174 | ▢ 120.5 KB | STATUS Report *Re: "Confidential Information" To Experts* by TWD, LLC (Quinn, Darren) (Entered: 05/14/2021) |
| 05/14/2021 | 175 | ▢ 4.6 KB | MINUTE entry before the Honorable Young B. Kim: Parties are to adhere to the following schedule for completing expert discovery: (1) Plaintiff to serve its Rule 26(a)(2) reports on Defendant by June 11, 2021; (2) Defendant to depose Plaintiff's experts by July 9, 2021; (3) |

| | | | |
|---|---|---|---|
| | | | Defendant to serve its Rule 26(a)(2) reports on Plaintiff by July 30, 2021; and (4) Plaintiff to depose Defendant's experts by August 20, 2021. Parties are urged to schedule the depositions of the experts once they have been retained and not wait to schedule them until after the service of the Rule 26(a)(2) reports. The court will adjust this schedule as needed upon Plaintiff's motion if Defendant's pending objection, (R. 159), is overruled and a review of the trademark licensing/royalty agreements changes the nature and/or the scope of Plaintiff's experts' opinions. Mailed notice (ma,) (Entered: 05/14/2021) |
| 05/19/2021 | 176 | 25.1 MB | RESPONSE by TWD, LLCin Opposition to MOTION by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC for partial summary judgment 166 (Attachments: # 1 Response to Separate Statement of Facts, # 2 Plaintiff's Additional Facts, # 3 List of Declarations and Exhibits, # 4 Declaration Of Eric Wachspress, # 5 Exhibit List - Wachspress, # 6 Exhibit 1, # 7 Exhibit 2, # 8 Exhibit 17, # 9 Exhibit 21, # 10 Exhibit 22, # 11 Exhibit 23, # 12 Exhibit 24, # 13 Exhibit 59, # 14 Exhibit 60, # 15 Exhibit 61, # 16 Declaration of Tim Bauer, # 17 Exhibit 62, # 18 Exhibit 63, # 19 Declaration of Patricia McWilliams, # 20 Exhibit List - McWilliams)(Quinn, Darren) (Entered: 05/20/2021) |
| 05/20/2021 | 177 | | SEALED EXHIBIT by Plaintiff TWD, LLC *In Opposition to Summary Judgment* regarding response in opposition to motion,, 176 (Attachments: # 1 Declaration of Eric Wachspress -CONFIDENTIAL, # 2 Exhibit 64 - CONFIDENTIAL, # 3 Exhibit 65 - CONFIDENTIAL, # 4 Exhibit 66 - CONFIDENTIAL, # 5 Exhibit 67 - CONFIDENTIAL)(Quinn, Darren) (Entered: 05/20/2021) |
| 06/02/2021 | 178 | 853.4 KB | REPLY by Defendant Grunt Style LLC, Counter Claimant Grunt Style LLC to response in opposition to motion,, 176 , memorandum in support of motion,,,,,,, 167 (Attachments: # 1 Reply to TWD Additional Statements of Fact, # 2 Exhibit A)(De Preter, Matthew) (Entered: 06/02/2021) |
| 06/08/2021 | 179 | 86.9 KB | AMENDED response in opposition to motion,, 176 *Corrected signature page to Declaration of Eric Wachspress [Dkt. 176-4, p. 53]* (Quinn, Darren) (Entered: 06/08/2021) |
| 09/22/2021 | 180 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion regarding objections to order denying certain discovery from Grunt Style LLC 127 is entered and briefed as follows: Response is due by 10/6/2021; Reply is due by 10/13/2021. Court will rule by mail. Mailed notice (vcf, ) (Entered: 09/22/2021) |
| 09/28/2021 | 181 | 4.3 KB | MINUTE entry before the Honorable Young B. Kim: Parties are ordered to file a joint status report by October 5, 2021, updating the court on the status of their expert discovery. Mailed notice (ma,) (Entered: 09/28/2021) |
| 10/05/2021 | 182 | 121.7 KB | STATUS Report *Re: Expert Discovery Status* by TWD, LLC (Quinn, Darren) (Entered: 10/05/2021) |
| 10/06/2021 | 183 | 4.5 KB | MINUTE entry before the Honorable Young B. Kim: In light of the status report, all discovery is now closed. All matters relating to the referral of this action having been concluded, the referral is closed and the case is returned to the assigned District Judge. That said, if the court's |

| | | | |
|---|---|---|---|
| | | | rulings on the pending objections (R. 127; R. 159) change any aspect of the discovery already completed, the parties may either seek leave to conduct additional discovery from the assigned District Judge or request a discovery referral so that this court may address such leave request. Mailed notice (ma,) (Entered: 10/06/2021) |
| 10/06/2021 | 184 | 314.8 KB | RESPONSE by Grunt Style LLCin Opposition to MOTION 127 (Attachments: # 1 Exhibit Transcript)(De Preter, Matthew) (Entered: 10/06/2021) |
| 10/13/2021 | 185 | 116.9 KB | REPLY by Plaintiff TWD, LLC, Counter Defendant TWD, LLC to motion for miscellaneous relief, 127 *in Support of TWD's Rule 72(a) Objection* (Quinn, Darren) (Entered: 10/13/2021) |
| 11/16/2021 | 186 | 142.8 KB | ORDER: The Court overrules TWD's Objections (Dkt. # 127 ) and Grunt Style's Objections (Dkt. # 159 ). Within 7 days, the parties are ordered to file a joint status report addressing any need to return to the Magistrate Judge for further discovery supervision and whether any supplemental briefing on the pending motion for partial summary judgment is necessary in light of this ruling. It is so ordered. Signed by the Honorable Charles P. Kocoras on 11/16/2021. Mailed notice(vcf, ) (Entered: 11/16/2021) |
| 11/23/2021 | 187 | 120.9 KB | STATUS Report by TWD, LLC (Quinn, Darren) (Entered: 11/23/2021) |
| 04/12/2022 | 188 | 206.6 KB | MEMORANDUM Opinion: The Court grants Grunt Style's Motion for Partial Summary Judgment (Dkt # 166 ). Telephonic status is set for 5/10/2022 at 10:40 a.m. It is so ordered. Signed by the Honorable Charles P. Kocoras on 4/12/2022. For the telephonic status hearing, parties are to use the following call-in number: (888) 684 8852, conference code 8819984. Counsel of record will receive an email the morning of the telephonic hearing with instructions to join the call. COUNSEL MUST TYPE IN THEIR NAME WHEN JOINING THE CALL. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Mailed notice(vcf, ) (Entered: 04/12/2022) |
| 05/04/2022 | 189 | 145.0 KB | MOTION by Counter Claimant Grunt Style LLC to Realign Parties and Add New Party, Tim Bauer (De Preter, Matthew) (Entered: 05/04/2022) |
| 05/04/2022 | 190 | 2.3 MB | MEMORANDUM by Grunt Style LLC in support of motion for miscellaneous relief 189 *to Realign the Parties and Add New Party* (Attachments: # 1 EXHIBIT A - Grunt Style v. TWD - AMENDED Pleading - Redline, # 2 EXHIBIT B - Grunt Style v. TWD - AMENDED Pleading - Clean, # 3 EXHIBIT C - TWD 30(b)(6) Deposition Transcript Excerpts, # 4 EXHIBIT D - TWD Interrogatory Response Excerpts, # 5 EXHIBIT E - TWD, LLC's Rule 26(a) Initial Disclosures)(De Preter, Matthew) (Entered: 05/04/2022) |
| 05/04/2022 | 191 | 92.6 KB | NOTICE by Grunt Style LLC re memorandum in support of motion, 190 , MOTION by Counter Claimant Grunt Style LLC to Realign Parties and Add New Party, Tim Bauer 189 (De Preter, Matthew) (Entered: 05/04/2022) |
| 05/04/2022 | 192 | 142.4 KB | MOTION by Counter Claimant Grunt Style LLC for preliminary injunction (De Preter, Matthew) (Entered: 05/04/2022) |

| | | | |
|---|---|---|---|
| 05/04/2022 | 193 | 6.2 MB | MEMORANDUM by Grunt Style LLC in support of motion for preliminary injunction 192 (Attachments: # 1 Exhibit A - TWD Interrogatory Responses Excerpts, # 2 Exhibit B - TWD Rule 30(b)(6) Deposition Transcripts Excerpts, # 3 Exhibit C - TWD Amazon Store, # 4 Exhibit D - TWD Amazon Store, # 5 De Preter Declaration)(De Preter, Matthew) (Entered: 05/04/2022) |
| 05/04/2022 | 194 | 92.6 KB | NOTICE by Grunt Style LLC re MOTION by Counter Claimant Grunt Style LLC for preliminary injunction 192 , memorandum in support of motion, 193 (De Preter, Matthew) (Entered: 05/04/2022) |
| 05/10/2022 | 195 | 4.4 KB | MINUTE entry before the Honorable Charles P. Kocoras: Telephonic status hearing held. Motions to realign parties and add a new party 189 and motion for preliminary injunction 192 are entered and briefed as follows: Response is due by 5/27/2022. Plaintiff's motion to reconsider is due by 5/23/2022. Court will rule by mail. Mailed notice (vcf, ) (Entered: 05/10/2022) |
| 05/23/2022 | 196 | 52.6 KB | MOTION by Plaintiff TWD, LLC for reconsideration regarding order on motion for partial summary judgment,,, memorandum opinion and order,,, set/reset hearings,, 188 (Quinn, Darren) (Entered: 05/23/2022) |
| 05/23/2022 | 197 | 889.1 KB | MEMORANDUM by TWD, LLC in support of motion for reconsideration 196 (Attachments: # 1 Declaration of Darren J. Quinn) (Quinn, Darren) (Entered: 05/23/2022) |
| 05/23/2022 | 198 | 53.7 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of (Quinn, Darren) (Entered: 05/23/2022) |
| 05/23/2022 | 199 | 66.2 KB | MOTION by Plaintiff TWD, LLC to seal *MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF PARTIAL SUMMARY JUDGMENT ORDER [ECF 188]* (Quinn, Darren) (Entered: 05/23/2022) |
| 05/23/2022 | 200 | | SEALED DOCUMENT by Plaintiff TWD, LLC *MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF PARTIAL SUMMARY JUDGMENT ORDER [ECF 188]* (Quinn, Darren) (Entered: 05/23/2022) |
| 05/26/2022 | 201 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: TWD, LLC's motion for reconsideration 196 is entered and briefed as follows: Response is due by 6/13/2022. Court will rule by mail. Mailed notice (vcf, ) (Entered: 05/26/2022) |
| 05/26/2022 | 202 | 132.7 KB | MOTION by Attorney Christopher W. Niro to withdraw as attorney for Grunt Style LLC. No party information provided (Niro, Christopher) (Entered: 05/26/2022) |
| 05/26/2022 | 203 | 113.0 KB | NOTICE of Motion by Christopher William Niro for presentment of motion to withdraw as attorney 202 before Honorable Charles P. Kocoras on 5/31/2022 at 09:30 AM. (Niro, Christopher) (Entered: 05/26/2022) |
| 05/26/2022 | 204 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion to withdraw as counsel 202 is granted. Motion hearing set for 5/31/2022 is stricken. Mailed notice (vcf, ) (Entered: 05/26/2022) |

| | | | |
|---|---|---|---|
| 05/27/2022 | 205 | 36.2 MB | MEMORANDUM by TWD, LLC in Opposition to motion for preliminary injunction 192 (Attachments: # 1 Declaration of Tim Bauer, # 2 Exhibit List Of Exhibits for Tim Bauer, # 3 Exhibit 1 - TWD "THIS WE'LL DEFEND" USPTO, # 4 Exhibit 2 - GS "THIS WE'LL DEFEND" USPTO, # 5 Exhibit 67 - TWD Amazon Store, # 6 Declaration of Patricia McWilliams, # 7 Exhibit List of Exhibits for Patricia McWilliams, # 8 Exhibit 66 - www.gruntstyle.com)(Quinn, Darren) (Entered: 05/27/2022) |
| 05/27/2022 | 206 | 66.6 KB | MOTION by Counter Defendant TWD, LLC to seal *MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GRUNT STYLE'S MOTION FOR PRELIMINARY INJUNCTION* (Quinn, Darren) (Entered: 05/27/2022) |
| 05/27/2022 | 207 | | SEALED EXHIBIT by Counter Defendant TWD, LLC regarding MOTION by Counter Defendant TWD, LLC to seal *MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO GRUNT STYLE'S MOTION FOR PRELIMINARY INJUNCTION* 206 (Quinn, Darren) (Entered: 05/27/2022) |
| 05/27/2022 | 208 | 83.4 KB | MEMORANDUM by TWD, LLC in Opposition to motion for miscellaneous relief 189 *To Realign Parties and Add Tim Bauer As A New Party* (Quinn, Darren) (Entered: 05/27/2022) |
| 06/01/2022 | 209 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion for leave to file preliminary injunction opposition brief under seal 206 is granted. Mailed notice (vcf, ) (Entered: 06/01/2022) |
| 06/09/2022 | 210 | 219.2 KB | RESPONSE by Grunt Style LLCin Opposition to MOTION by Plaintiff TWD, LLC for reconsideration regarding order on motion for partial summary judgment,,, memorandum opinion and order,,, set/reset hearings,, 188 196 (De Preter, Matthew) (Entered: 06/09/2022) |
| 06/09/2022 | 211 | 302.8 KB | MOTION by Counter Claimant Grunt Style LLC for leave to file *Reply in Support of Grunt Style's Motion to Realign the Parties [DKT. 189] and for Preliminary Injunction [DKT. 192]* (Attachments: # 1 Exhibit A - Proposed Reply)(De Preter, Matthew) (Entered: 06/09/2022) |
| 06/16/2022 | 212 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion for leave to file Reply in Support of Grunt Style's Motion to Realign the Parties and for Preliminary Injunction 211 is granted. Defendant is instructed to file the Reply as a separate document. Mailed notice (vcf, ) (Entered: 06/16/2022) |
| 06/16/2022 | 213 | 197.3 KB | REPLY by Defendant Grunt Style LLC *COMBINE REPLY IN SUPPORT OF GRUNT STYLE'S MOTION TO REALIGN THE PARTIES [DKT. 189] AND FOR PRELIMINARY INJUNCTION [DKT. 192]* (De Preter, Matthew) (Entered: 06/16/2022) |
| 06/28/2022 | 214 | 114.2 KB | TRANSCRIPT OF PROCEEDINGS held on May 10, 2022 before the Honorable Charles P. Kocoras. Order Number: 43290. Court Reporter Contact Information: Ms. Joene Hanhardt, Official Court Reporter, 219 S. Dearborn Street, Suite 1744-A, Chicago, Illinois 60604, 312-435-6874.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the |

| | | | |
|---|---|---|---|
| | | | deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 7/19/2022. Redacted Transcript Deadline set for 7/29/2022. Release of Transcript Restriction set for 9/26/2022. (Hanhardt, Joene) (Entered: 06/28/2022) |
| 08/31/2022 | 215 | 138.4 KB | MOTION by Counter Claimant Grunt Style LLC TO SUPPLEMENT ITS MOTION FOR PRELIMINARY INJUNCTION (DKT. 193) BASED ON NEWLY DISCOVERED EVIDENCE (De Preter, Matthew) (Entered: 08/31/2022) |
| 08/31/2022 | 216 | 724.8 KB | MEMORANDUM by Grunt Style LLC in support of motion for preliminary injunction 192 , motion for miscellaneous relief 215 (Attachments: # 1 Exhibits A, B, and C)(De Preter, Matthew) (Entered: 08/31/2022) |
| 09/08/2022 | 217 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion to supplement its motion for preliminary injunction (DKT.193) based on newly discovered evidence 215 is granted. Mailed notice (vcf, ) (Entered: 09/08/2022) |
| 12/29/2022 | 218 | 84.1 KB | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/29/2022: Mailed notice. (tg, ) (Entered: 12/29/2022) |
| 01/03/2023 | 219 | 4.2 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion for leave to file reconsideration brief under seal 199 is granted. Mailed notice (vcf, ) (Entered: 01/03/2023) |
| 03/13/2023 | 220 | 104.7 KB | MOTION by Counter Claimant Grunt Style LLC to withdraw *GEOFFREY BALDWIN AS COUNSEL* (De Preter, Matthew) (Entered: 03/13/2023) |
| 03/17/2023 | 221 | 4.2 KB | MINUTE entry before the Honorable Charles P. Kocoras: Motion to withdraw Geoffrey Baldwin as counsel 220 is granted. Mailed notice (vcf, ) (Entered: 03/17/2023) |
| 03/23/2023 | 222 | 216.5 KB | ORDER: Plaintiff/Counter-Defendant TWD, LLC's ("TWD") Motion for Reconsideration and/or Clarification 196 is denied. Signed by the |

| | | | |
|---|---|---|---|
| | | | Honorable Charles P. Kocoras on 3/23/2023. Mailed notice(vcf, ) (Entered: 03/23/2023) |
| 03/23/2023 | 223 | 188.5 KB | ORDER: The Court grants in part and denies in part Grunt Style's Motion to Realign Parties and Add New Party 189 . The Clerk's Office is directed to modify the docket sheet to reflect that Grunt Style is realigned as the plaintiff in this case and TWD is realigned as the defendant. Grunt Style's Motion for Preliminary Injunction 192 is denied. Status hearing set for 4/6/2023 at 10:40 a.m. It is so ordered. Signed by the Honorable Charles P. Kocoras on 3/23/2023. For the telephonic status hearing, parties are to use the following call-in number: (888) 684 8852, conference code 8819984. Counsel of record will receive an email the morning of the telephonic hearing with instructions to join the call. COUNSEL MUST TYPE IN THEIR NAME WHEN JOINING THE CALL. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Mailed notice(vcf, ) (Entered: 03/23/2023) |
| 03/31/2023 | 224 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Telephonic status hearing set for 4/6/2023 at 10:40 a.m. is reset to 10:00 a.m.(TIME CHANGE ONLY) Mailed notice (vcf, ) (Entered: 03/31/2023) |
| 04/06/2023 | 225 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: Telephonic Status hearing held on 4/6/2023 and continued to 4/27/2023 at 10:00 A.M. Please dial-in: (888) 684-8852, Access Code: 8819984. Mailed notice (smm) (Entered: 04/06/2023) |
| 04/27/2023 | 226 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: On Court's on motion, telephonic status hearing set for 4/27/2023 is reset to 5/16/2023 at 10:40 a.m. The parties shall use the same call-in information 225 . Mailed notice (vcf, ) (Entered: 04/27/2023) |
| 04/27/2023 | 227 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: By request and agreement of the parties, telephonic status hearing set for 5/16/2023 is reset to 5/30/2023 at 10:40 a.m. The parties shall use the same call-in information 225 . Mailed notice (vcf, ) (Entered: 04/27/2023) |
| 05/30/2023 | 228 | 4.3 KB | MINUTE entry before the Honorable Charles P. Kocoras: On Court's own motion, telephonic status hearing set for 5/30/2023 at 10:40 a.m. is stricken. Mailed notice (vcf, ) (Entered: 05/30/2023) |
| 05/30/2023 | 229 | 480.1 KB | NOTICE by Matthew L. De Preter of Change of Address (Attachments: # 1 Notice of Filing)(De Preter, Matthew) (Entered: 05/30/2023) |
| 06/02/2023 | 230 | 748.6 KB | EXECUTIVE COMMITTEE ORDER: GENERAL ORDER 23-0023: IT APPEARING THAT, the civil cases on the attached list have been selected for reassignment to form the initial calendar of the Honorable LaShonda A Hunt; therefore IT IS HEREBY ORDERED that the attached list of 282 cases be reassigned to the Honorable Lashonda A Hunt; and IT IS FURTHER ORDERED that all parties affected by this Order must review the Honorable LaShonda A Hunt's webpage on the Court's website for the purpose of reviewing instructions regarding scheduling and case management procedures; and IT IS FURTHER ORDERED that any civil case that has been reassigned pursuant to this Order will not be randomly reassigned to create the initial calendar of a new district judge for twelve months from the date of this Order; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the |

| | | | |
|---|---|---|---|
| | | | Honorable LaShonda A Hunt to the Court's civil case assignment system during the next business day, so that she shall receive a full share of such cases; and IT IS FURTHER ORDERED that the Clerk of Court is directed to add the Honorable Lashonda A Hunt to the Court's criminal case assignment system ninety (90) days so that Judge Hunt shall thereafter receive a full share of such cases. Case reassigned to the Honorable LaShonda A. Hunt for all further proceedings. Honorable Charles P. Kocoras no longer assigned to the case. Signed by Honorable Rebecca R. Pallmeyer on 6/02/2023.(tg, ) (Entered: 06/02/2023) |
| 06/08/2023 | 231 | | MINUTE entry before the Honorable LaShonda A. Hunt: Status report for reassigned cases due is on 7/21/2023. If at any time the parties would a referral to the magistrate judge for settlement conference, they may contact the courtroom deputy by email. For further details see Judge Hunt's webpage at www.ilnd.uscourts.gov. Emailed notice. (cdh, ) (Entered: 06/08/2023) |
| 06/08/2023 | 232 | 141.8 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Status report for reassigned cases due is on 7/21/2023. If at any time the parties would like a referral to the magistrate judge for settlement conference, they may contact the courtroom deputy by email. For further details see Judge Hunt's webpage at www.ilnd.uscourts.gov. Emailed notice. (cdh, ) Modified on 6/9/2023 (cdh, ). (Entered: 06/08/2023) |
| 06/08/2023 | 233 | 95.4 KB | ATTORNEY Appearance for Plaintiff Grunt Style LLC by Sofia Quezada (Quezada, Sofia) (Entered: 06/08/2023) |
| 07/21/2023 | 234 | 181.0 KB | STATUS Report - *Joint Status Report for Reassigned Case* by Grunt Style LLC<br><br>(De Preter, Matthew) (Entered: 07/21/2023) |
| 10/05/2023 | 235 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: In their joint status report for reassigned case 234 , the parties indicate that all discovery is complete, settlement discussions are exhausted, and dispositive motions have been resolved. Accordingly, a telephonic pretrial status hearing is set for 10/26/23 at 9:45 AM. Parties should be prepared to discuss trial procedures and set firm dates. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 877-336-1828, Access Code: 4082461. Members of the public and media may call in to listen to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Emailed notice. (cdh, ) (Entered: 10/05/2023) |
| 10/26/2023 | 236 | 4.7 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic pretrial status hearing held. Parties are to meet and confer on the issues discussed on the record today in preparation for trial. By 11/13/23, parties are to file a joint status report on the following topics: (1) agreed available weeks (Monday-Friday) for a jury trial in March, April, and May 2024; (2) an agreed schedule for filing combined motions in limine and responses, indicating (a) the scope of such motions, (b) the number of additional pages needed for motions and responses (15 is allowed), and (c) whether such motions need to be ruled on before a final pretrial order is filed; (3) parties' respective positions on whether Defendant is required to turn over updated online store sales information under Fed. |

| | | | |
|---|---|---|---|
| | | | R. Civ. P. 26; and (4) status of settlement discussions. Parties are reminded that a referral to the Magistrate Judge for a settlement conference can be requested at by any time by contacting Judge Hunt's courtroom deputy. Emailed notice. (cdh, ) (Entered: 10/26/2023) |
| 11/13/2023 | 237 | 188.4 KB | STATUS Report - *JOINT STATUS REPORT PER DKT. 236* by Grunt Style LLC<br><br>(De Preter, Matthew) (Entered: 11/13/2023) |
| 11/16/2023 | 238 | 4.8 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Upon consideration of the parties' joint status report and their availability for trial 237 along with the Court's existing trial calendar, this case is set for a 4-day jury trial to begin on 3/11/24 at 9:00 AM in Courtroom 1425. The Court enters the following pre-trial schedule: (1) Consolidated motions in limine due by 1/8/24; consolidated responses due by 1/18/24. Briefs shall not exceed 30 total pages. Motions in limine to be resolved at least 7 days before the final pretrial order is due. Because discovery closed on 10/6/21 183 and will not be reopened given the late stage of the case, among other reasons, any arguments concerning the consequences of any parties' failure to comply with any continuing obligations under Rule 26 may be addressed in the motions in limine. (2) Joint pretrial order due by 2/22/24. (3) Final in-person pretrial conference set for 2/29/24, at 10:45 AM in Courtroom 1425. All dates are firm and will not be extended absent extraordinary and compelling circumstances. Parties must review and comply with Judge Hunt's pretrial procedures in civil cases that can be found on her webpage on the Court website. Mailed notice (mjc, ) (Entered: 11/16/2023) |
| 12/28/2023 | 239 | 101.4 KB | ANNUAL REMINDER: Pursuant to Local Rule 3.2 (Notification of Affiliates), any nongovernmental party, other than an individual or sole proprietorship, must file a statement identifying all its affiliates known to the party after diligent review or, if the party has identified no affiliates, then a statement reflecting that fact must be filed. An affiliate is defined as follows: any entity or individual owning, directly or indirectly (through ownership of one or more other entities), 5% or more of a party. The statement is to be electronically filed as a PDF in conjunction with entering the affiliates in CM/ECF as prompted. As a reminder to counsel, parties must supplement their statements of affiliates within thirty (30) days of any change in the information previously reported. This minute order is being issued to all counsel of record to remind counsel of their obligation to provide updated information as to additional affiliates if such updating is necessary. If counsel has any questions regarding this process, this LINK will provide additional information. Signed by the Executive Committee on 12/28/2023: Mailed notice. (tg, ) (Entered: 12/28/2023) |
| 01/08/2024 | 240 | 499.7 KB | MOTION by Plaintiff Grunt Style LLCin limine - *Grunt Style's Consolidated Motions In Limine 1-10 Pursuant to Dkt. 238*<br><br>(Attachments: # 1 Ex. A - Grunt Style RFP, # 2 Ex. B - TWD Financial Summary (Redacted))(De Preter, Matthew) (Entered: 01/08/2024) |
| 01/08/2024 | 241 | 111.5 KB | MOTION by Plaintiff Grunt Style LLC for leave to file *Exhibit B to its Motions in Limine Under Seal* |

| | | | |
|---|---|---|---|
| | | | (De Preter, Matthew) (Entered: 01/08/2024) |
| 01/08/2024 | 242 | | SEALED DOCUMENT by Plaintiff Grunt Style LLC *Sealed Exhibit B to Grunt Style's Motions in Limine* (De Preter, Matthew) (Entered: 01/08/2024) |
| 01/08/2024 | 243 | 14.6 MB | MOTION by Defendant TWD, LLCin limine<br><br>(Attachments: # 1 Exhibit List, # 2 Exhibit A - TWD Sales, # 3 Exhibit B - Attorney Wachspress C.V., # 4 Exhibit C - Attorney Wachspress Expert Report)(Quinn, Darren) (Entered: 01/08/2024) |
| 01/08/2024 | 244 | 66.5 KB | MOTION by Defendant TWD, LLC to seal *Exhibits 64 and 65*<br><br>(Quinn, Darren) (Entered: 01/08/2024) |
| 01/08/2024 | 245 | | SEALED MOTION by Defendant TWD, LLC *attached Under Seals Exs. 64 and 65* (Attachments: # 1 Exhibit 65)(Quinn, Darren) (Entered: 01/08/2024) |
| 01/09/2024 | 246 | 4.7 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Grunt Style's Motion for Leave to File Documents Under Seal 241 is granted. Exhibit B 242 shall remain under seal until further order of this Court. TWD LLC's Motion for Leave to File Documents Under Seal Under Protest 244 is set for telephonic hearing on 1/18/24, at 9:30 AM. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 877-336-1828, Access Code: 4082461. Members of the public and media may call in to listen to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Exhibits 64 and 65 [245, 245-1] shall remain under seal until further order of this Court. Grunt Style LLC's Motions in Limine 240 and TWD, LLC Motions in Limine 243 are taken under advisement for ruling by mail. Counsel is reminded that all motions must be noticed for presentment in accordance with Judge Hunt's case management procedures. Emailed notice. (cdh, ) (Entered: 01/09/2024) |
| 01/18/2024 | 247 | 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Motion hearing held telephonically. Counsel for Plaintiff and Defendant appeared. For the reasons discussed on the record, TWD LLC's Motion for Leave to File Documents Under Seal 244 is granted. Exhibits 64 245 and 65 [245-1] will remain under seal until further order of the Court. Any party wishing to challenge the confidential designation of materials must file an appropriate motion with supporting authority in accordance with the parties' Agreed Confidentiality Order 96 . Emailed notice. (cdh, ) (Entered: 01/18/2024) |
| 01/18/2024 | 248 | 323.6 KB | MEMORANDUM by Grunt Style LLC in Opposition to motion in limine 243 (Attachments: # 1 Exhibit A. Excerpts of 10.26.2023 Transcript)(De Preter, Matthew) (Entered: 01/18/2024) |
| 01/18/2024 | 249 | 27.3 MB | MEMORANDUM by TWD, LLC in Opposition to motion in limine, 240 *Nos. 1 - 10 of Grunt Style* (Attachments: # 1 Exhibit 1 - THIS WE'LL DEFEND (Reg. No.4880766), # 2 Exhibit 2 - TTAB Order, # 3 Exhibit 3 - Grunt Style Class 35 Composite Mark Application, # 4 Exhibit 4 - TTAB Order)(Quinn, Darren) (Entered: 01/18/2024) |

| | | | |
|---|---|---|---|
| 01/24/2024 | 250 | ☐ 271.5 KB | MOTION by Plaintiff Grunt Style LLC for leave to file *Instanter Reply in Support of Grunt Style's Motions In Limine*<br><br>(Attachments: # 1 Grunt Style's Reply in Support of Motions In Limine)(De Preter, Matthew) (Entered: 01/24/2024) |
| 01/25/2024 | 251 | ☐ 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Grunt Styles' Motion to File Instanter a Reply in Support of Motions in Limine 250 is denied. For future reference, counsel is reminded that all motions must be noticed for presentment before Judge Hunt in accordance with her case management procedures. Emailed notice. (cdh, ) (Entered: 01/25/2024) |
| 02/15/2024 | 252 | ☐ 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Upon consideration of Plaintiff Grunt Style's motions in limine 240 , no. 1 is granted in part and denied in part as moot, nos. 2, 3, 4, and 7 are granted, nos. 5, 8, and 10 are denied as moot, no. 6 is denied as stated, and no. 9 is taken under advisement; Defendant TWD's motions in limine 243 are denied. Enter Order. Pursuant to the pretrial scheduling order 238 , the parties' proposed joint pretrial order remains due by 2/22/24, and the final pretrial conference on 2/29/24 is re-set to 9:45 AM in Courtroom 1425. Please note the **time change only** from 10:45 AM. Emailed notice. (cdh, ) (Entered: 02/15/2024) |
| 02/15/2024 | 253 | ☐ 279.7 KB | ORDER Signed by the Honorable LaShonda A. Hunt on 2/15/2024. Emailed notice. (cdh, ) (Entered: 02/15/2024) |
| 02/22/2024 | 254 | ☐ 1.1 MB | PROPOSED Pretrial Order (Attachments: # 1 Exhibit A - Grunt Style's Exhibit List, # 2 Exhibit B - TWD's Exhibit List, # 3 Exhibit C - Jury Instructions, # 4 Exhibit D - Grunt Style's Deposition Designations)(De Preter, Matthew) (Entered: 02/22/2024) |
| 02/29/2024 | 255 | ☐ 4.8 KB | MINUTE entry before the Honorable LaShonda A. Hunt: In-person Final Pretrial Conference held. Counsel for plaintiff and defendant appeared. As discussed on the record, the Court finds that Defendant TWD, LLC waived by conduct any objection to personal jurisdiction and venue. In light of the Court's rulings on the scope of remaining issues for trial and outstanding motions in limine, parties shall submit their revised exhibit lists with objections to the Court's Proposed Order inbox by 5:00 PM on 3/4/24. The Court will endeavor to send the parties the proposed final Juror Questionnaire and Preliminary Jury Instructions by 3/5/24. Final pretrial conference shall reconvene telephonically on 3/6/24 at 3:00 PM. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 877-336-1828, Access Code: 4082461. Members of the public and media may call in to listen to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Emailed notice. (cdh, ) (Entered: 02/29/2024) |
| 03/06/2024 | 257 | ☐ 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Final pretrial conference held. As discussed on the record, parties confirmed that, subject to Defendant's standing objections to certain pretrial rulings, the primary focus of the trial will be determining if damages are warranted, and if so, how much. Parties also discussed proposed changes to the Preliminary Jury Instructions, and the Court adopted the changes suggested by Plaintiff's counsel for the final paragraph in Instruction No. |

| | | | |
|---|---|---|---|
| | | | 16 on Claims and Defenses. By 3/7/24, either counsel may submit any further suggestions for a final sentence in Instruction No. 16 to the courtroom deputy by responding to the email sent to them on 3/5/24. Finally, for the reasons stated on the record, the Court rules orally as to the objected to Exhibits. Emailed notice. (cdh, ) (Entered: 03/11/2024) |
| 03/11/2024 | 256 | 101.4 KB | TRIAL Brief *of TWD re: Non-Hearsay Evidence to Prove Non-Willful State of Mind* by TWD, LLC (Quinn, Darren) (Entered: 03/11/2024) |
| 03/11/2024 | 258 | 550.3 KB | TRANSCRIPT OF PROCEEDINGS held on 2/29/24 before the Honorable LaShonda A. Hunt. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/1/2024. Redacted Transcript Deadline set for 4/11/2024. Release of Transcript Restriction set for 6/10/2024. (Zandi, Charles) (Entered: 03/11/2024) |
| 03/11/2024 | 259 | 580.8 KB | TRANSCRIPT OF PROCEEDINGS held on 3/6/24 before the Honorable LaShonda A. Hunt. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 4/1/2024. Redacted Transcript Deadline set for 4/11/2024. Release of Transcript Restriction set for 6/10/2024. (Zandi, Charles) (Entered: 03/11/2024) |
| 03/11/2024 | 260 | 76.7 KB | ORDER: Voir Dire begun. Jury selected. Jury trial begun and continued to 3/12/24 at 8:45AM. Signed by the Honorable LaShonda A. Hunt on 3/11/2024. Mailed notice (smb, ) (Entered: 03/12/2024) |
| 03/11/2024 | 265 | 427.1 KB | PRELIMINARY JURY Instructions. (nsf, ) (Entered: 03/19/2024) |
| 03/12/2024 | 261 | 4.2 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Jury trial held and continued to 3/13/24 at 8:45AM. Emailed notice. (cdh, ) (Entered: 03/13/2024) |
| 03/13/2024 | 262 | 4.2 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Jury trial held and continued to 3/14/24 at 8:30AM. Emailed notice. (cdh, ) (Entered: 03/13/2024) |
| 03/14/2024 | 263 | 73.9 KB | MOTION by Defendant TWD, LLC for judgment *Prior to Submission of Case To Jury* |

| | | | |
|---|---|---|---|
| | | | (Quinn, Darren) (Entered: 03/14/2024) |
| 03/14/2024 | 264 | 5.2 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Jury trial held. Jury deliberations began. Jury deliberations concluded and jury verdict returned. Jury finds as follows: (1) TWD is liable for trademark infringement under the Lanham Act for its use of THIS WE'LL DEFEND (the "Mark") on t-shirts prior to May 27, 2015 (Claim III); (2) TWD is liable for trademark infringement under the Lanham Act for its use of the Mark in connection with its offering of online retail store services (Claim III); (3) TWD is liable for common law trademark infringement (Claim IV) and unfair competition (Claim VI) for its use of the Mark on t-shirts prior to May 27, 2015; (4) TWD is liable for common law trademark infringement (Claim IV) and unfair competition (Claim VI) for its use of the Mark in connection with its offering of online retail store services; (5) TWD's infringement for its use of the Mark on t-shirts prior to May 27, 2015 was not willful; (6) TWD's infringement for its use of the Mark in connection with its offering of online retail store services was not willful; and (7) punitive damages are not appropriate. In connection with its finding that TWD is liable for trademark infringement under the Lanham Act for its use of the Mark in connection with its offering of online retail store services (Claim III), the jury finds that the amount of TWD's profits to be awarded is $739,500.00. Post-trial motions, including but not limited to requests for relief on the IUDPTA (Claim V) and California Unfair Competition (Claim VII) claims, are due by 5/24/24; responses are due by 6/28/24; and replies are due by 7/12/24. TWD's Motion for Judgment as a Matter of Law 263 is taken under advisement and will be ruled upon in conjunction with any post-trial motions. Emailed notice. (cdh, ) (Entered: 03/15/2024) |
| 03/14/2024 | 266 | | JURY Notes. (nsf, ) (Entered: 03/19/2024) |
| 03/14/2024 | 267 | | JURY Verdict (Mailed Notice) (RESTRICTED) (nsf, ) (Entered: 03/19/2024) |
| 03/14/2024 | 268 | | JURY Verdict (Mailed Notice) (RESTRICTED) (nsf, ) (Entered: 03/19/2024) |
| 03/14/2024 | 269 | 508.7 KB | FINAL JURY Instructions (lm, ) (Entered: 03/20/2024) |
| 05/10/2024 | 270 | 117.1 KB | MOTION by Plaintiff Grunt Style LLC Seeking Entry of a Schedule for Plaintiff's Motion for Fees and Costs<br><br>(De Preter, Matthew) (Entered: 05/10/2024) |
| 05/14/2024 | 271 | 4.7 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic hearing on Plaintiff's Motion Seeking Entry of a Schedule for Plaintiff's Filing of a Motion for Fees and Costs 270 set for 5/15/24 at 10:00AM. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 877-336-1828, Access Code: 4082461. Members of the public and media may call in to listen to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Counsel is reminded to review and comply with Judge Hunt's case management procedures. All motions must be accompanied by a notice of presentment, state that counsel have met and conferred prior to filing, |

| | | | |
|---|---|---|---|
| | | | and indicate if the relief sought is opposed. For future reference, non-compliant motions may be stricken. Mailed notice (mjc, ) (Entered: 05/14/2024) |
| 05/14/2024 | 272 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic hearing set for 5/15/24 in ECF No. 271 is stricken and reset to 5/16/24 at 10:00 AM. Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: 877-336-1828, Access Code: 4082461. Members of the public and media may call in to listen to the hearing. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Counsel is reminded to review and comply with Judge Hunt's case management procedures. All motions must be accompanied by a notice of presentment, state that counsel have met and conferred prior to filing, and indicate if the relief sought is opposed. For future reference, non-compliant motions may be stricken. Mailed notice (mjc, ) (Entered: 05/14/2024) |
| 05/16/2024 | 273 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic motion hearing held. Counsel for Plaintiff Grunt Style LLC and Defendant TWD, LLC appeared. As discussed on the record, notwithstanding entry of the jury verdict 264 , pursuant to Fed. R. Civ. P. 54(b), no final judgment will be entered until claims V and VII of Grunt Style's complaint are resolved. Accordingly, Plaintiff's Motion Seeking Entry of a Schedule for Plaintiff's Filing of a Motion for Fees and Costs 270 is withdrawn. Defendant's oral motion to extend the previously set briefing schedule 264 for post-trial motions will be granted. The parties shall submit a proposed modified briefing schedule to Judge's Hunt Proposed Order Inbox by 5/20/24. Mailed notice (mjc, ) (Entered: 05/16/2024) |
| 05/22/2024 | 274 | 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: The Court previously granted Defendant's oral motion to extend the previously set briefing schedule for post-trial motions 273 . Pursuant to the proposed amended briefing schedule the parties submitted to the Court's Proposed Order Inbox, the Court modifies the briefing schedule as follows: post-trial motions, including but not limited to requests for relief on the IUDPTA (Claim V) and California Unfair Competition (Claim VII) claims, are due by 6/7/24; responses are due by 7/12/24; and replies are due by 7/26/24.Mailed notice (mjc, ) (Entered: 05/22/2024) |
| 06/07/2024 | 275 | 105.3 KB | MOTION by Plaintiff Grunt Style LLC for Determination of Liability Under IUDTPA and CBPC<br><br>(De Preter, Matthew) (Entered: 06/07/2024) |
| 06/07/2024 | 276 | 8.9 MB | MEMORANDUM by Grunt Style LLC in support of motion for miscellaneous relief 275 *for Determination of Liability Under IUDTPA and CBPC* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(De Preter, Matthew) (Entered: 06/07/2024) |
| 06/07/2024 | 277 | 107.5 KB | MOTION by Plaintiff Grunt Style LLC for the Court to Determine Infringing Profits Under 15 USC 1117(a)<br><br>(De Preter, Matthew) (Entered: 06/07/2024) |

| | | | |
|---|---|---|---|
| 06/07/2024 | 278 | ☐ 129.8 MB | MEMORANDUM by Grunt Style LLC in support of motion for miscellaneous relief 277 *for the Court to Determine Infringing Profits Under 15 USC 1117(a)* (Attachments: # 1 Exhibit A - Trial Transcripts, # 2 Exhibit 55, # 3 Exhibit 56, # 4 Exhibit 57, # 5 Exhibit 58, # 6 Exhibit 59, # 7 Exhibit 60, # 8 Exhibit 61 - Part One, # 9 Exhibit 61 - Part Two, # 10 Exhibit 62, # 11 Exhibit 64, # 12 Exhibit 113)(De Preter, Matthew) (Entered: 06/07/2024) |
| 06/07/2024 | 279 | ☐ 51.3 KB | MOTION by Defendant TWD, LLCdetermine any equitable jurisdiction and any equitable award of profits<br><br>(Quinn, Darren) (Entered: 06/07/2024) |
| 06/07/2024 | 280 | ☐ 794.2 KB | MEMORANDUM by TWD, LLC in support of motion for miscellaneous relief 279 (Attachments: # 1 Exhibit A - Trial Transcript Excerpts)(Quinn, Darren) (Entered: 06/07/2024) |
| 06/10/2024 | 281 | ☐ 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff Grunt Style LLC's Rule 50(A) Motion for Determination of Liability Under the UDTPA and CBPC 275 and Motion for the Court to Determine Infringing Profits Pursuant to Lanham Act 15 USC 1117(a) 277 and Defendant TWD LLC's Post-Jury Trial Motion RE: Equitable Jurisdiction and Equitable Award of Profits 279 are taken under advisement, along with Defendant TWD LLC's Motion for Judgment as a Matter of Law Prior to Submission to the Jury 263 . Briefing of these post-trial motions will proceed according to the previously set schedule 274 , with responses due by 7/12/24 and replies due by 7/26/24. The Court will rule by mail. Mailed notice. (jg, ) (Entered: 06/10/2024) |
| 07/12/2024 | 282 | ☐ 506.2 KB | RESPONSE by Grunt Style LLCin Opposition to MOTION by Defendant TWD, LLCdetermine any equitable jurisdiction and any equitable award of profits<br><br>279 (Attachments: # 1 Exhibit A, # 2 Exhibit B)(De Preter, Matthew) (Entered: 07/12/2024) |
| 07/12/2024 | 283 | ☐ 3.7 MB | RESPONSE by TWD, LLCin Opposition to MOTION by Plaintiff Grunt Style LLC for the Court to Determine Infringing Profits Under 15 USC 1117(a)<br><br>277 (Attachments: # 1 Exhibit A - Trial Transcript Excerpts, # 2 Exhibit Trial Ex. 65, # 3 Exhibit Trial Ex. 96, # 4 Exhibit Trial Ex. 230, # 5 Exhibit Trial Ex. 232, # 6 Exhibit Trial Ex. 276 (excerpts))(Quinn, Darren) (Entered: 07/12/2024) |
| 07/12/2024 | 284 | ☐ 394.3 KB | RESPONSE by TWD, LLCin Opposition to MOTION by Plaintiff Grunt Style LLC for Determination of Liability Under IUDTPA and CBPC<br><br>275 (Attachments: # 1 Exhibit A)(Quinn, Darren) (Entered: 07/12/2024) |
| 07/26/2024 | 285 | ☐ 303.5 KB | REPLY by Plaintiff Grunt Style LLC to response in opposition to motion, 283 , memorandum in support of motion, 278 *Seeking a Determination of Infringing Profits Pursuant To Lanham Act 15 USC 1117(a)* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(De Preter, Matthew) (Entered: 07/26/2024) |

| | | | |
|---|---|---|---|
| 07/26/2024 | 286 | 153.3 KB | REPLY by Plaintiff Grunt Style LLC to memorandum in support of motion 276 , response in opposition to motion 284 *for Determination of Liability Under IUDTPA and CBPC* (De Preter, Matthew) (Entered: 07/26/2024) |
| 07/26/2024 | 287 | 102.4 KB | REPLY by Defendant TWD, LLC to memorandum in support of motion 280 *re: equitable jurisdiction and equitable award of profits* (Quinn, Darren) (Entered: 07/26/2024) |
| 09/10/2024 | 288 | 180.3 KB | TRANSCRIPT OF PROCEEDINGS held on 3/11/24 (Trial, Vol. 1) before the Honorable LaShonda A. Hunt. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/1/2024. Redacted Transcript Deadline set for 10/11/2024. Release of Transcript Restriction set for 12/9/2024. (Zandi, Charles) (Entered: 09/10/2024) |
| 09/10/2024 | 289 | 1.0 MB | TRANSCRIPT OF PROCEEDINGS held on 3/12/24 (Trial Vols. 2A/2B) before the Honorable LaShonda A. Hunt. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/1/2024. Redacted Transcript Deadline set for 10/11/2024. Release of Transcript Restriction set for 12/9/2024. (Zandi, Charles) (Entered: 09/10/2024) |
| 09/10/2024 | 290 | 808.7 KB | TRANSCRIPT OF PROCEEDINGS held on 3/13/24 (Trial Vols. 3A/3B) before the Honorable LaShonda A. Hunt. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | | |
|---|---|---|---|
| | | | Redaction Request due 10/1/2024. Redacted Transcript Deadline set for 10/11/2024. Release of Transcript Restriction set for 12/9/2024. (Zandi, Charles) (Entered: 09/10/2024) |
| 09/10/2024 | 291 | 443.7 KB | TRANSCRIPT OF PROCEEDINGS held on 3/14/24 (Trial Vol. 4) before the Honorable LaShonda A. Hunt. Court Reporter Contact Information: Charles R. Zandi, 312/435-5387, charles_zandi@ilnd.uscourts.gov.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/1/2024. Redacted Transcript Deadline set for 10/11/2024. Release of Transcript Restriction set for 12/9/2024. (Zandi, Charles) (Entered: 09/10/2024) |
| 11/22/2024 | 292 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: For the reasons set forth in the accompanying Memorandum Opinion and Order, the Court (1) denies defendant TWD, LLC's motion for judgment as a matter of law 263 ; (2) grants plaintiff Grunt Style LLC's motion for determination of liability 275 ; (3) denies plaintiff Grunt Style's motion to determine infringing profits 277 ; and (4) denies defendant TWD's motion regarding equitable jurisdiction and award of profits 279 . Enter Memorandum Opinion and Order. The Clerk is directed to enter judgment in favor of plaintiff Grunt Style LLC and against defendant TWD, LLC on all claims in the First Amended Counterclaim 41 , and an award of profits to plaintiff Grunt Style LLC and against defendant TWD, LLC in the amount of $739,500.00. By 12/11/24, parties must upload all admitted trial exhibits on the docket. Emailed notice. (cdh, ) (Entered: 11/22/2024) |
| 11/22/2024 | 293 | 213.1 KB | MEMORANDUM OPINION AND ORDER Signed by the Honorable LaShonda A. Hunt on 11/22/2024. Emailed notice. (cdh, ) (Entered: 11/22/2024) |
| 11/22/2024 | 294 | 104.1 KB | JUDGMENT IN A CIVIL CASE. Emailed notice. (cdh, ) (Entered: 11/22/2024) |
| 12/04/2024 | 295 | 21.9 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 8, # 2 Plaintiff's Exhibit 23, # 3 Plaintiff's Exhibit 25, # 4 Plaintiff's Exhibit 26, # 5 Plaintiff's Exhibit 29, # 6 Plaintiff's Exhibit 30, # 7 Plaintiff's Exhibit 31, # 8 Plaintiff's Exhibit 33, # 9 Plaintiff's Exhibit 35, # 10 Plaintiff's Exhibit 40, # 11 Plaintiff's Exhibit 43, # 12 Plaintiff's Exhibit 44, # 13 Plaintiff's Exhibit 47, # 14 Plaintiff's Exhibit 48, # 15 Plaintiff's Exhibit 50)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 296 | 15.4 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 52, # 2 |

| | | | |
|---|---|---|---|
| | | | Plaintiff's Exhibit 53 Part 1)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 297 | 22.8 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 53 Part 2)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 298 | 26.2 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 53 Part 3)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 299 | 14.1 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 55, # 2 Plaintiff's Exhibit 56, # 3 Plaintiff's Exhibit 57)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 300 | 35.0 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 58)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 301 | 23.7 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 59, # 2 Plaintiff's Exhibit 60, # 3 Plaintiff's Exhibit 61 Part 1)(De Preter, Matthew) Modified on 12/4/2024 (aee, ). Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 302 | 19.8 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 61 Part 2)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 303 | 27.4 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 62, # 2 Plaintiff's Exhibit 63, # 3 Plaintiff's Exhibit 64, # 4 Plaintiff's Exhibit 65, # 5 Plaintiff's Exhibit 66)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 304 | 30.9 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 67, # 2 Plaintiff's Exhibit 68, # 3 Plaintiff's Exhibit 71, # 4 Plaintiff's Exhibit 80, # 5 Plaintiff's Exhibit 94, # 6 Plaintiff's Exhibit 96, # 7 Plaintiff's Exhibit 99, # 8 Plaintiff's Exhibit 111, # 9 Plaintiff's Exhibit 112)(De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |

| | | | |
|---|---|---|---|
| 12/04/2024 | 305 | 134.1 KB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC *[Video Upload]* regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 306 | 32.9 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 27 Part 1) (De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 307 | 32.7 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 27 Part 2) (De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 308 | 23.8 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 27 Part 3) (De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 309 | 26.0 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 27 Part 4) (De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/04/2024 | 310 | 28.7 MB | TRIAL EXHIBIT by Plaintiff Grunt Style LLC regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Plaintiff's Exhibit 27 Part 5) (De Preter, Matthew) Modified on 12/5/2024 (cdh, ). (Entered: 12/04/2024) |
| 12/05/2024 | 312 | 211.3 KB | DIGITAL EXHIBIT submitted by Grunt Style LLC<br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (khg, ) (Main Document 312 replaced on 12/5/2024) (khg, ). (Main Document 312 replaced on 12/5/2024) (khg, ). (Entered: 12/05/2024) |
| 12/06/2024 | 313 | 167.2 KB | MOTION by Plaintiff Grunt Style LLC to alter judgment *Plaintiff's Motion to Amend the Final Judgment to Include Pre- and Post-judgment Interest and Entry of Permanent Injunctive Relief*<br><br>(De Preter, Matthew) (Entered: 12/06/2024) |
| 12/06/2024 | 314 | 3.2 MB | MEMORANDUM by Grunt Style LLC in support of motion to alter judgment 313 *Plaintiff's Motion to Amend the Final Judgment to Include Pre- and Post-judgment Interest and Entry of Permanent Injunctive Relief* (Attachments: # 1 De Preter Declaration In Support of Pre and |

| | | | |
|---|---|---|---|
| | | | Post Judgment Interest Calculation, # 2 Ex. A to De Preter Dec. - Pre-judgment Interest Calculation, # 3 Ex. B to De Preter Dec. - Pre-judgment Interest Rates, # 4 Ex. C to De Preter Dec. - Post-judgment Interest Rates, # 5 Exhibit 1 - Proposed Permanent Injunction, # 6 Exhibit 2 - TWD's Interfering TTAB Complaint, # 7 Exhibit 3 - Trial Transcript Excerpts, # 8 Exhibit 4 - Plaintiff's Trial Exhibit 71)(De Preter, Matthew) (Entered: 12/06/2024) |
| 12/09/2024 | 315 | 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's Motion to Amend the Final Judgment to Include Pre- and Post-Judgment Interest and Entry of Permanent Injunctive Relief 313 is taken under advisement. Defendant's response is due by 12/23/24. No reply is allowed unless requested by the Court. Emailed notice. (cdh, ) (Entered: 12/09/2024) |
| 12/10/2024 | 316 | 50.2 MB | TRIAL EXHIBIT by Defendant TWD, LLC *(Admitted Trial Exhibits of TWD, LLC)* regarding order on motion for judgment,,,, order on motion for miscellaneous relief,,,,,,,,,,, terminate motions,,, 292 (Attachments: # 1 Exhibit 201, # 2 Exhibit 202, # 3 Exhibit 204, # 4 Exhibit 206, # 5 Exhibit 207, # 6 Exhibit 208, # 7 Exhibit 209, # 8 Exhibit 210, # 9 Exhibit 213, # 10 Exhibit 216, # 11 Exhibit 226, # 12 Exhibit 254, # 13 Exhibit 260, # 14 Exhibit 261, # 15 Exhibit 266)(Quinn, Darren) Modified on 12/11/2024 (cdh, ). (Entered: 12/10/2024) |
| 12/23/2024 | 317 | 143.5 KB | MEMORANDUM by TWD, LLC in Opposition to motion to alter judgment 313 (Quinn, Darren) (Entered: 12/23/2024) |
| 12/30/2024 | 318 | 441.9 KB | REPLY by Plaintiff Grunt Style LLC to memorandum in support of motion,, 314 *Seeking Amendment to the Final Judgment to Include Pre- and Post-Judgment Interest and Entry of Permanent Injunctive Relief* (Attachments: # 1 Ex. 1 - TTAB Suspension Pending Resolution of Grunt Style's Request for Permanent Injunctive Relief)(De Preter, Matthew) (Entered: 12/30/2024) |
| 01/28/2025 | 319 | 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Grunt Style's motion to amend the final judgment and for entry of permanent injunctive relief 313 is granted. The Clerk is directed to enter an amended judgment as follows: (1) Grunt Style is awarded $229,235.38 in pre-judgment interest; (2) post-judgment interest shall accrue at a rate of $115.45 per day; and (3) enter permanent injunctive relief, as set forth in the separate Order of Permanent Injunction. Mailed notice (gel,) (Entered: 01/28/2025) |
| 01/28/2025 | 320 | 279.9 KB | ORDER Signed by the Honorable LaShonda A. Hunt on 1/28/2025. Mailed notice (gel,) (Entered: 01/28/2025) |
| 01/28/2025 | 321 | 181.6 KB | ORDER OF PERMANENT INJUNCTION Signed by the Honorable LaShonda A. Hunt on 1/28/2025. Mailed notice (gel,) (Entered: 01/28/2025) |
| 01/28/2025 | 322 | 104.8 KB | AMENDED JUDGMENT IN A CIVIL CASE Mailed notice (gel,) (Entered: 01/28/2025) |

| | | | |
|---|---|---|---|
| 02/06/2025 | 323 | ☐ 123.9 KB | MOTION by Plaintiff Grunt Style LLC to compel -- *Opposed Motion to Hold TWD in Contempt and Compel TWD's Compliance with the Permanent Injunction*<br><br>(De Preter, Matthew) (Entered: 02/06/2025) |
| 02/06/2025 | 324 | ☐ 94.7 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion to compel 323 before Honorable LaShonda A. Hunt on 2/11/2025 at 09:00 AM. (De Preter, Matthew) (Entered: 02/06/2025) |
| 02/07/2025 | 325 | ☐ 4.7 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's motion to compel 323 and the motion hearing set for 2/11/25 324 are stricken as non-compliant with the Court's case management procedures. The motion indicates that it is opposed but neither certifies that counsel met and conferred prior to filing nor proposes an agreed briefing schedule. The docket text for the notice of motion set the matter for hearing on 2/11/25 at 9:00AM, a time that the Court does not hear motions, and the notice of motion itself does not include a time for the hearing. Counsel is reminded to review and comply with all court procedures. That said, both sides should strongly consider whether this dispute over filing a notice of withdrawal warrants this expenditure of time, money, and scarce judicial resources. In other words, the parties should thoroughly exhaust their discussions before filing any renewed motion. Mailed notice (gel,) (Entered: 02/07/2025) |
| 02/14/2025 | 326 | ☐ 228.0 KB | MOTION by Defendant TWD, LLCMotion of TWD, LLC To Continue To Appear Remotely<br><br>(Quinn, Darren) (Entered: 02/14/2025) |
| 02/14/2025 | 327 | ☐ 52.2 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 326 before Honorable LaShonda A. Hunt on 2/19/2025 at 10:00 AM. (Quinn, Darren) (Entered: 02/14/2025) |
| 02/18/2025 | 328 | ☐ 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Defendant's motion to continue to appear remotely 326 is denied. In accordance with Local Rule 5.3 and the Court's broad authority to manage its own courtroom and procedures, all motions before Judge Hunt must be noticed for in-person presentment. Any decision by a previously assigned judge to allow remote appearances is not binding on this Court. In addition, local counsel has appeared for Defendant 25 . Requests to appear remotely must be made through properly noticed motions on a hearing-by-hearing basis. The motion hearing set for 2/19/25 327 is stricken, as the Court's webpage lists that as a date on which motions are not to be noticed for presentment. Mailed notice (gel,) (Entered: 02/18/2025) |
| 02/19/2025 | 329 | ☐ 363.8 KB | MOTION by Plaintiff Grunt Style LLC-- OPPOSED MOTION TO HOLD TWD IN CONTEMPT AND COMPEL TWDS COMPLIANCE WITH THE PERMANENT INJUNCTION<br><br>(De Preter, Matthew) (Entered: 02/19/2025) |
| 02/19/2025 | 330 | ☐ 263.4 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion for miscellaneous relief 329 before Honorable LaShonda A. Hunt on 3/4/2025 at 10:00 AM. (De Preter, Matthew) (Entered: 02/19/2025) |

| | | | |
|---|---|---|---|
| 02/20/2025 | 331 | 4.8 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's opposed motion to hold Defendant in contempt and to compel compliance with permanent injunction 329 is denied without prejudice. Pursuant to Paragraph 8 the Order of Permanent Injunction entered 1/28/25 (the "PI") 321 , the Court modifies Paragraph 4 of the PI to correct the Opposition No. and clarify the date of compliance as follows: "No later than thirty (30) days from entry of this Order, by February 27, 2025, Defendant shall dismiss with prejudice Opposition No. 91254347, pending before the Trademark Trial and Appeal Board." Defendant's forthcoming compliance report required under Paragraph 7 of the PI shall include confirmation that Defendant has dismissed with prejudice Opposition No. 91254347, pending before the Trademark Trial and Appeal Board. If Defendant fails to comply, Plaintiff may renew its motion. The motion hearing set for 3/4/25 330 is stricken. The Court again admonishes counsel to strongly consider whether disputes such as this warrant motion practice that requires the expenditure of time, money, and scarce judicial resources, especially when the issue appears likely to be resolved before the motion is set for hearing. Mailed notice (gel,) (Entered: 02/20/2025) |
| 02/21/2025 | 332 | 406.2 KB | MOTION by Defendant TWD, LLCUnopposed Motion To Appear Remotely Regarding TWD LLC's Motion to Clarify, Modify or Terminate Certain Permanent Injunction Provisions<br><br>(Quinn, Darren) (Entered: 02/21/2025) |
| 02/21/2025 | 333 | 53.4 KB | NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 332 before Honorable LaShonda A. Hunt on 2/26/2025 at 10:00 AM. (Quinn, Darren) (Entered: 02/21/2025) |
| 02/24/2025 | 334 | 51.0 KB | NOTICE of appeal by TWD, LLC regarding orders 11 , 186 , 321 , 188 , 322 Filing fee $ 605, receipt number AILNDC-23125052. Receipt number: n (Quinn, Darren) (Entered: 02/24/2025) |
| 02/24/2025 | 335 | 56.4 KB | MOTION by Defendant TWD, LLCOpposed Motion For Court to Construe, Modify or Terminate Certain Provisions of Permanent Injunction<br><br>(Quinn, Darren) (Entered: 02/24/2025) |
| 02/24/2025 | 336 | 5.0 MB | MEMORANDUM by TWD, LLC in support of motion for miscellaneous relief 335 *Opposed Motion For Court to Construe, Modify or Terminate Certain Provisions of Permanent Injunction* (Attachments: # 1 Declaration of Tim Bauer, # 2 Exhibit List for Tim Bauer Dec, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Declaration of Darren Quinn, # 12 Exhibit List for Darren Quinn Decl, # 13 Errata 1)(Quinn, Darren) (Entered: 02/24/2025) |
| 02/24/2025 | 337 | 53.2 KB | *Opposed Motion For Court to Construe, Modify or Terminate Certain Provisions of Permanent Injunction* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 335 before Honorable LaShonda A. Hunt on 2/27/2025 at 10:00 AM. (Quinn, Darren) (Entered: 02/24/2025) |

| | | | |
|---|---|---|---|
| 02/25/2025 | 338 | 80.6 KB | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal 334 . (rc, ) (Entered: 02/25/2025) |
| 02/25/2025 | 339 | 1.1 MB | TRANSMITTED to the 7th Circuit the short record on notice of appeal 334 . Notified counsel. (rc, ) (Entered: 02/25/2025) |
| 02/25/2025 | 340 | 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Defendant's unopposed motion to appear remotely 332 is granted. The hearing on Defendant's opposed motion for court to construe, modify or terminate certain provisions of permanent injunction 334 is reset from 2/27/25 to 3/5/25 at 9:30 AM and converted from in-person to telephonic. Attorneys/parties may appear by dialing: 1-650-479-3207 and entering access code: 2311 499 1046. No attendee code is required. Please review in advance the policies governing telephonic hearings that can be found on Judge Hunt's webpage on the court website. Mailed notice (gel,) (Entered: 02/25/2025) |
| 02/27/2025 | 341 | 1.5 MB | DECLARATION of Tim Bauer regarding permanent injunction 321 *Compliance by TWD, LLC* (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Quinn, Darren) (Entered: 02/27/2025) |
| 02/27/2025 | 342 | 56.5 KB | NOTICE by TWD, LLC re notice of appeal 334 *Amended Notice of Appeal (Fee Previously Paid)* (Quinn, Darren) (Entered: 02/27/2025) |
| 02/28/2025 | 343 | 80.6 KB | NOTICE of Amended Appeal Due letter sent to counsel of record regarding notice of appeal 334 . (rc, ) Modified on 2/28/2025 (rc, ). (Entered: 02/28/2025) |
| 02/28/2025 | 344 | 1.4 MB | TRANSMITTED to the 7th Circuit the short record on amended notice of appeal 342 . Notified counsel. (rc, ) (Entered: 02/28/2025) |
| 03/03/2025 | 345 | 91.0 KB | ACKNOWLEDGMENT of receipt of short record on appeal regarding notice of appeal 334 ; USCA Case No. 25-1341. (rc, ) (Entered: 03/03/2025) |
| 03/03/2025 | 346 | 120.5 KB | CIRCUIT Rule 3(b) Fee Notice. (rc, ) (Entered: 03/03/2025) |
| 03/03/2025 | 347 | 315.3 KB | MOTION by Defendant TWD, LLCOPPOSED MOTION OF TWD, LLC FOR ENTRY OF SELF-CONTAINED FINAL JUDGMENT UNDER RULE 58<br><br>(Attachments: # 1 Exhibit A - 7th Circuit Order)(Quinn, Darren) (Entered: 03/03/2025) |
| 03/03/2025 | 348 | 52.2 KB | *NOTICE OF OPPOSED MOTION OF TWD, LLC FOR ENTRY OF SELF-CONTAINED FINAL JUDGMENT UNDER RULE 58* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 347 before Honorable LaShonda A. Hunt on 3/6/2025 at 10:00 AM. (Quinn, Darren) (Entered: 03/03/2025) |
| 03/03/2025 | 349 | 61.6 KB | MOTION by Defendant TWD, LLCUNOPPOSED MOTION OF TWD, LLC TO APPEAR REMOTELY REGARDING OPPOSED MOTION OF TWD, LLC FOR ENTRY OF SELF-CONTAINED FINAL JUDGMENT UNDER RULE 58<br><br>(Quinn, Darren) (Entered: 03/03/2025) |

| | | | |
|---|---|---|---|
| 03/03/2025 | 350 | ☐ 52.4 KB | *NOTICE OF UNOPPOSED MOTION OF TWD, LLC TO APPEAR REMOTELY REGARDING OPPOSED MOTION OF TWD, LLC FOR ENTRY OF SELF-CONTAINED FINAL JUDGMENT UNDER RULE 58* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 349 before Honorable LaShonda A. Hunt on 3/6/2025 at 10:00 AM. (Quinn, Darren) (Entered: 03/03/2025) |
| 03/04/2025 | 351 | ☐ 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Hearing on Defendant's opposed motion for amended judgment 347 is reset from in-person on 3/6/25 to telephonic on 3/5/25, at 9:30AM. Attorneys/parties may appear by dialing: 1-650-479-3207 and entering access code: 2311 499 1046. No attendee code is required. Please review in advance the policies governing telephonic hearings that can be found on Judge Hunt's webpage on the court website. Defendant's unopposed motion to appear remotely 349 is granted. Mailed notice (gel,) (Entered: 03/04/2025) |
| 03/05/2025 | 352 | ☐ 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic motion hearing held. For the reasons stated on the record, Defendant's motion regarding permanent injunction 335 is granted as to a stay of Paragraphs 3(e), 4, and 5 of the Order of Permanent Injunction entered 1/28/25 321 and denied in all other respects. Defendant's motion to amend judgment 347 is granted. As discussed, an appropriate order will be entered within the next day or so. Mailed notice (gel,) (Entered: 03/06/2025) |
| 03/06/2025 | 353 | ☐ 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Having considered the relevant orders and applicable procedural rules, the Court finds that it lacks authority to enter an amended judgment at this time because an appeal has been docketed and is pending. Accordingly, the Court vacates the portion of its 3/5/25 order 352 granting Defendant's motion to amend judgment 347 , reinstates Defendant's motion, and provides an indicative ruling under Federal Rule of Civil Procedure 62.1 that the motion would be granted and a proper complete and self-contained judgment entered upon the Court of Appeals' remand of the case for the purpose of doing so. Mailed notice (gel,) (Entered: 03/06/2025) |
| 03/10/2025 | 354 | ☐ 128.6 MB | EXHIBIT by Defendant TWD, LLC *NOTICE OF FILING OF EXCLUDED TRIAL EXHIBITS OF TWD, LLC* regarding notice of appeal due letter 338 (Attachments: # 1 Exhibit 8, # 2 Exhibit 201, # 3 Exhibit 202, # 4 Exhibit 203, # 5 Exhibit 214, # 6 Exhibit 215, # 7 Exhibit 217, # 8 Exhibit 221, # 9 Exhibit 222, # 10 Exhibit 223, # 11 Exhibit 224, # 12 Exhibit 225, # 13 Exhibit 231, # 14 Exhibit 232, # 15 Exhibit 247, # 16 Exhibit 251, # 17 Exhibit 252, # 18 Exhibit 253, # 19 Exhibit 255, # 20 Exhibit 258, # 21 Exhibit 259, # 22 Exhibit 262, # 23 Exhibit 263, # 24 Exhibit 264, # 25 Exhibit 265, # 26 Exhibit 270, # 27 Exhibit 281, # 28 Exhibit 272, # 29 Exhibit 287)(Quinn, Darren) (Entered: 03/10/2025) |
| 03/11/2025 | 355 | ☐ 110.6 KB | SEVENTH CIRCUIT transcript information sheet by TWD, LLC (Quinn, Darren) (Entered: 03/11/2025) |
| 04/17/2025 | 356 | ☐ 8.4 KB | MOTION by Plaintiff Grunt Style LLC to set a briefing schedule -- *PLAINTIFFS OPPOSED MOTION FOR SCHEDULE ON MOTION FOR FEES AND COSTS IN VIEW OF THIS COURTS ORDER HOLDING THAT THE AMENDED JUDGEMENT IS DEFECTIVE* |

| | | | |
|---|---|---|---|
| | | | (De Preter, Matthew) (Entered: 04/17/2025) |
| 04/17/2025 | 357 | 5.1 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion by filer to set a briefing schedule 356 before Honorable LaShonda A. Hunt on 4/22/2025 at 10:00 AM. (De Preter, Matthew) (Entered: 04/17/2025) |
| 04/18/2025 | 358 | 64.2 KB | MOTION by Defendant TWD, LLCAGREED MOTION OF TWD, LLC TO APPEAR REMOTELY REGARDING OPPOSED MOTION OF GRUNT STYLE FOR SCHEDULE ON MOTION FOR FEES AND COSTS<br><br>(Quinn, Darren) (Entered: 04/18/2025) |
| 04/18/2025 | 359 | 63.1 KB | *AGREED MOTION OF TWD, LLC TO APPEAR REMOTELY REGARDING OPPOSED MOTION OF GRUNT STYLE FOR SCHEDULE ON MOTION FOR FEES AND COSTS* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 358 before Honorable LaShonda A. Hunt on 4/23/2025 at 10:00 AM. (Quinn, Darren) (Entered: 04/18/2025) |
| 04/21/2025 | 360 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's opposed motion to set briefing schedule 356 is granted. The Court sees no reason to forestall briefing on fees and costs while waiting for the Seventh Circuit to decide whether to remand for purposes of entering an amended judgment that properly disposes of all claims in the case. Fees and costs will have to be addressed eventually regardless of that court's decision on the issue. Plaintiff has proposed bifurcated briefing schedules on the issues of (1) whether Plaintiff is entitled to an award of fees and costs; and (2) the appropriate amount of an award of fees and costs, if any. However, a briefing schedule on the amount can be set at a later time, if necessary. For now, Plaintiff's motion for an award of fees and costs is due by 4/25/25; Defendant's response is due by 5/16/25; and Plaintiff's reply is due by 5/23/25. The motion hearing set for 4/22/25 357 is stricken. Mailed notice (gel,) (Entered: 04/21/2025) |
| 04/21/2025 | 361 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Defendant's motion to appear remotely 358 is terminated as moot. The motion hearing set for 4/23/25 359 is stricken. Mailed notice (gel,) (Entered: 04/21/2025) |
| 04/25/2025 | 362 | 5.9 KB | MOTION by Plaintiff Grunt Style LLC for leave to file *Documents Under Seal*<br><br>(De Preter, Matthew) (Entered: 04/25/2025) |
| 04/25/2025 | 363 | 57.7 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion for leave to file 362 before Honorable LaShonda A. Hunt on 5/1/2025 at 10:00 AM. (De Preter, Matthew) (Entered: 04/25/2025) |
| 04/25/2025 | 364 | | SEALED DOCUMENT by Plaintiff Grunt Style LLC *Sealed Memorandum In Support of Grunt Style's Motion for Fees and Costs* (Attachments: # 1 Exhibit K to Grunt Style's Motion for Fees and Costs) (De Preter, Matthew) (Entered: 04/25/2025) |
| 04/25/2025 | 365 | 7.3 KB | MOTION by Plaintiff Grunt Style LLC for attorney fees *and costs* |

| | | | |
|---|---|---|---|
| | | | (De Preter, Matthew) (Entered: 04/25/2025) |
| 04/25/2025 | 366 | 8.7 MB | MEMORANDUM by Grunt Style LLC in support of motion for attorney fees 365 *Redacted* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K (filed under seal), # 12 Exhibit L)(De Preter, Matthew) (Entered: 04/25/2025) |
| 04/28/2025 | 367 | 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's motion to seal 362 is granted. Plaintiff's memorandum in support of and Exhibit K to its fee motion 364 shall remain under seal until further order. The Court will consider whether the filings should remain sealed in connection with its ruling on the underlying fee motion. Plaintiff's motion for attorney's fees and costs 365 is taken under advisement. The previously set briefing schedule 360 stands. The Court will set the matter for oral ruling or issue a written decision. The motion hearing set for 5/1/25 363 is stricken. Mailed notice. (kp, ) (Entered: 04/28/2025) |
| 05/16/2025 | 368 | 2.5 MB | RESPONSE by TWD, LLCin Opposition to MOTION by Plaintiff Grunt Style LLC for attorney fees *and costs*<br><br>365 (Attachments: # 1 Declaration of Darren J. Quinn, # 2 Exhibit List, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E) (Quinn, Darren) (Entered: 05/16/2025) |
| 05/23/2025 | 369 | 186.3 KB | REPLY by Plaintiff Grunt Style LLC to response in opposition to motion, 368 , memorandum in support of motion, 366 *Regarding Attorneys' Fees and Costs* (De Preter, Matthew) (Entered: 05/23/2025) |
| 06/03/2025 | 370 | 2.0 MB | MOTION by Defendant TWD, LLC for leave to file *Holstrom Damage Report Under Seal*<br><br>(Attachments: # 1 Exhibit A - Email String, # 2 Exhibit Redacted Holstrom Damage Report)(Quinn, Darren) (Entered: 06/03/2025) |
| 06/03/2025 | 371 | 51.9 KB | *Opposed Motion to File Holstrom Damage Report Under Seal* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for leave to file 370 before Honorable LaShonda A. Hunt on 6/11/2025 at 10:00 AM. (Quinn, Darren) (Entered: 06/03/2025) |
| 06/03/2025 | 372 | | SEALED DOCUMENT by Defendant TWD, LLC *Holstrom Damage Report* (Quinn, Darren) (Entered: 06/03/2025) |
| 06/03/2025 | 373 | 64.2 KB | MOTION by Defendant TWD, LLCUnopposed Motion To Appear Remotely Regarding TWD LLC's Motion to File Holstrom Damage Report Under Seal<br><br>(Quinn, Darren) (Entered: 06/03/2025) |
| 06/04/2025 | 374 | 52.5 KB | *Unopposed Motion to Appear Remotely* NOTICE of Motion by Darren J. Quinn, QUINN for presentment of motion for miscellaneous relief 373 before Honorable LaShonda A. Hunt on 6/11/2025 at 10:00 AM. (Quinn, Darren) (Entered: 06/04/2025) |
| 06/06/2025 | 375 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Opposed Motion of TWD, LLC to File Holstrom Damage Report Under Seal 370 is denied and the sealed document 372 is stricken. Briefing on Plaintiff's motion for an award of fees and costs 365 was completed as of 5/23/25. |

| | | | |
|---|---|---|---|
| | | | The current motion does not explain why this report was not offered as an exhibit when Defendant filed its opposition brief on 5/16/25 that specifically referenced TWD's damages expert analysis. (See Dkt. 368 at 12). At this point, the fee motion is fully briefed and taken under advisement, and no further filings from either side are necessary. The Court will rule in due course. Unopposed Motion of TWD, LLC to Appear Remotely 373 is terminated as moot. The motion hearing set for 6/11/25 371 is stricken. Mailed notice (gel,) (Entered: 06/06/2025) |
| 06/12/2025 | 376 | 256.9 KB | CERTIFIED COPY OF OPINION from the USCA for the 7th Circuit; Argued 04/09/2025; Decided 06/12/2025 in USCA case no. 25-1305 & 25-1341. (rc, ) (Entered: 06/13/2025) |
| 06/16/2025 | 377 | 78.0 KB | NOTICE by TWD, LLC re opinion from appellate court 376 *Notice of LImited Remand For District Court To Correct Clerical Error On Final Judgment* (Quinn, Darren) (Entered: 06/16/2025) |
| 06/17/2025 | 378 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: TWD's notice 377 is stricken as unnecessary. The Court has received and reviewed the Seventh Circuit's opinion and will enter an appropriate order in accordance with that decision. Mailed notice (gel,) (Entered: 06/17/2025) |
| 06/20/2025 | 379 | 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Consistent with the Seventh Circuit's 6/12/25 opinion in appeal nos. 25-1305 & 25-1341 376 and pursuant to Federal Rule of Civil Procedure 60(a), Defendant's motion to amend judgment 347 is granted as to the request to enter a proper complete and self-contained judgment. The amended judgment entered 1/28/25 322 will be corrected to include resolution of TWD's claims. Enter Corrected Amended Judgment. Mailed notice (gel,) (Entered: 06/20/2025) |
| 06/20/2025 | 380 | 175.4 KB | CORRECTED AMENDED JUDGMENT IN A CIVIL CASE Signed by the Honorable LaShonda A. Hunt on 6/20/2025. Mailed notice (gel,) (Entered: 06/20/2025) |
| 07/07/2025 | 381 | 91.0 KB | MANDATE of USCA dated 7/7/2025 regarding notice of appeal 334 ; USCA No.25-1341 ; No record to be returned. (jh, ) (Entered: 07/08/2025) |
| 07/07/2025 | 382 | 173.4 KB | CERTIFIED copy of order dated 6/23/2025 from the 7th Circuit regarding notice of appeal 334 ; Appellate case no. : 25-1341; The opinion of this court issued on June 12, 2025, is corrected as follows: Page 2, third paragraph, delete the word "bench." (jh, ) (Entered: 07/08/2025) |
| 07/07/2025 | 383 | 189.7 KB | CERTIFIED COPY OF USCA JUDGMENT dated 6/13/2025 regarding notice of appeal 334 ; USCA No. 25-1341; This appeal is DISMISSED in accordance with the decision of this court entered on June 12, 2025. (jh, ) (Entered: 07/08/2025) |
| 07/07/2025 | 384 | 310.0 KB | CERTIFIED COPY OF OPINION from the USCA for the 7th Circuit; Argued 4/9/2025; Decided 6/12/2025 in USCA case no. 25-1305 & 25-1341. (jh, ) (Entered: 07/08/2025) |
| 04/16/2026 | 385 | 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: For the reasons discussed in the accompanying order, Plaintiff's motion for attorney's fees and costs 365 is denied, except as to costs taxable under 28 U.S.C. § |

| | | | |
|---|---|---|---|
| | | | 1920 and Rule 54(d)(1). Plaintiff's bill of costs is due by 4/30/26, and Defendant's objections, if any, are due by 5/14/26. Mailed notice (gel,) (Entered: 04/16/2026) |
| 04/16/2026 | 386 | 250.5 KB | ORDER Signed by the Honorable LaShonda A. Hunt on 4/16/2026. Mailed notice (gel,) (Entered: 04/16/2026) |
| 04/28/2026 | 387 | 4.3 MB | BILL of Costs *for Plaintiff Grunt Style LLC* (Quezada Hastings, Sofia) (Entered: 04/28/2026) |
| 04/29/2026 | 388 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's bill of costs 387 is taken under advisement. The previously set briefing schedule 385 stands. A ruling date will be set after the matter is fully briefed. Mailed notice (gel,) (Entered: 04/29/2026) |
| 05/14/2026 | 389 | 1.2 MB | OBJECTIONS by TWD, LLC to bill of costs 387 (Attachments: # 1 Exhibit A - Grunt Style Interrogatory Verifications)(Quinn, Darren) (Entered: 05/14/2026) |
| 05/15/2026 | 390 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's bill of costs 387 is now fully briefed and remains under advisement. A ruling will be issued in due course. Mailed notice (cc, ) (Entered: 05/15/2026) |
| 06/12/2026 | 391 | 133.7 KB | MOTION by Plaintiff Grunt Style LLC to compel *TWD's Compliance with the Permanent Injunction (Renewed)*<br><br>(De Preter, Matthew) (Entered: 06/12/2026) |
| 06/12/2026 | 392 | 112.9 KB | NOTICE of Motion by Matthew L. De Preter for presentment of motion to compel 391 before Honorable LaShonda A. Hunt on 6/17/2026 at 09:00 AM. (De Preter, Matthew) (Entered: 06/12/2026) |
| 06/16/2026 | 393 | 4.6 KB | MINUTE entry before the Honorable LaShonda A. Hunt: The in-person hearing on Plaintiff's motion to compel compliance with permanent injunction 391 set for 6/17/26 at 9:00AM 392 is stricken and reset for telephonic hearing on 6/25/26 at 9:15AM. Attorneys/parties may appear by dialing: 1-650-479-3207 and entering access code: 2311 499 1046. No attendee code is required. Please review in advance the policies governing telephonic hearings that can be found on Judge Hunt's webpage on the court website. Unless Plaintiff withdraws the motion before the hearing, counsel should be prepared to explain why it should not be denied as premature without prejudice to renewal after the appeal is completed and the mandate has issued. Mailed notice (gel,) (Entered: 06/16/2026) |
| 06/18/2026 | 394 | 116.8 KB | MOTION by Plaintiff Grunt Style LLC to withdraw motion to compel 391 , notice of motion 392<br><br>(De Preter, Matthew) (Entered: 06/18/2026) |
| 06/22/2026 | 395 | 47.6 KB | ENTERED IN ERROR (Entered: 06/22/2026) |
| 06/22/2026 | 396 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's motion to withdraw 394 is granted. Plaintiff's motion to compel Defendant's compliance with the permanent injunction 391 is withdrawn without prejudice to renewal upon return of the mandate. The 6/25/26 hearing 393 is stricken. Mailed notice (gel,) (Entered: 06/22/2026) |

| | | | |
|---|---|---|---|
| 08/25/2026 | 397 | ☐ 96.6 KB | MANDATE of USCA dated 08/25/2026 regarding notice of appeal 334 ; USCA No.25-1305 ; No record to be returned. (rc, ) (Entered: 08/25/2026) |
| 08/25/2026 | 398 | ☐ 229.2 KB | CERTIFIED copy of order dated 07/31/2026 from the 7th Circuit regarding notice of appeal 334 ; Appellate case no. : 25-1305; Defendant-appellant filed a petition for rehearing and for rehearing en banc on July 1, 2026. No judge in regular active service has requested a vote on the petition for rehearing en banc, and all members of the original panel have voted to deny panel rehearing. It is therefore ordered that the petition for rehearing and for rehearing en banc is DENIED. (rc, ) (Entered: 08/25/2026) |
| 08/25/2026 | 399 | ☐ 245.4 KB | CERTIFIED COPY OF USCA JUDGMENT dated 06/10/2026 regarding notice of appeal 334 ; USCA No. 25-1305; The judgment of the District Court is AFFIRMED, with costs, in accordance with the decision of this court entered on this date. (rc, ) (Entered: 08/25/2026) |
| 08/25/2026 | 400 | ☐ 278.5 KB | NONPRECEDENTIAL DISPOSITION from the USCA for the 7th Circuit; Argued 01/29/2026; Decided 06/10/2026 in USCA case no. 25-1305. (rc, ) (Entered: 08/25/2026) |
| 08/31/2026 | 401 | ☐ 279.0 KB | NOTICE of Motion by Matthew L. De Preter for presentment of before Honorable LaShonda A. Hunt on 9/3/2026 at 09:00 AM. (De Preter, Matthew) (Entered: 08/31/2026) |
| 08/31/2026 | 402 | ☐ 829.7 KB | MOTION by Plaintiff Grunt Style LLC to compel *PLAINTIFFS RENEWED OPPOSED MOTION TO HOLD TWD IN CONTEMPT AND COMPEL TWDS COMPLIANCE WITH THE PERMANENT INJUNCTION*<br><br>(Attachments: # 1 Ex. A)(De Preter, Matthew) (Entered: 08/31/2026) |
| 09/01/2026 | 403 | ☐ 485.1 KB | MOTION by Defendant TWD, LLCFor Defendant TWD To Appear Remotely<br><br>(Attachments: # 1 Text of Proposed Order)(Quinn, Darren) (Entered: 09/01/2026) |

| | | | |
|---|---|---|---|
| 09/02/2026 | 404 | 4.7 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Plaintiff's renewed motion to hold Defendant in contempt and compel Defendant's compliance with the permanent injunction 402 is taken under advisement, the presentment hearing set for 9/3/26 401 is stricken, and Defendant TWD's motion to appear remotely 403 is terminated as moot. In light of Defendant's opposition to Plaintiff's motion for contempt/to compel and stated intent to file an opposed motion to stay, clarify, modify, or terminate permanent injunction provisions, the Court enters the following combined briefing schedule: Defendant's combined response to Plaintiff's motion for contempt/to compel and motion to stay, etc. is due by 9/8/26; Plaintiff's combined reply in support of its motion for contempt/to compel and response to Defendant's motion to stay, etc. is due by 9/22/26; and Defendant's reply in support of its motion to stay, etc. is due by 9/29/26. Each combined brief shall not exceed 15 pages. By 9/30/26, the parties must meet and confer and send a joint email to the Courtroom Deputy proposing at least three agreed dates and times in October for an in person hearing on the motions. Mailed notice (gel,) (Entered: 09/02/2026) |
| 09/02/2026 | 405 | 102.7 KB | MOTION by Attorney Sofia Quezada Hastings to withdraw as attorney for Grunt Style LLC. No party information provided<br><br>(Quezada Hastings, Sofia) (Entered: 09/02/2026) |
| 09/03/2026 | 406 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Motion to withdraw as counsel for Plaintiff 405 is granted. Attorney Sofia Quezada Hasting is withdrawn from this case. Mailed notice (gel,) (Entered: 09/03/2026) |
| 09/08/2026 | 407 | 734.3 KB | MOTION by Defendant TWD, LLCModify, Terminate or Stay Certain Permanent Injunction Provision *and Combined Opposition to Plaintiff's Motion To Compel Compliance and Contempt*<br><br>(Attachments: # 1 Declaration Supplemental TWD Compliance Dec, # 2 Exhibit A - Email String, # 3 Exhibit B - Anti-SLAPP law Amendments)(Quinn, Darren) (Entered: 09/08/2026) |
| 09/09/2026 | 408 | 4.3 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Defendant TWD's motion to modify, terminate, or stay certain provisions of permanent injunction 407 is taken under advisement. The previously set briefing schedule 404 stands. Mailed notice (gel,) (Entered: 09/09/2026) |
| 09/22/2026 | 409 | 3.2 MB | MEMORANDUM by Grunt Style LLC in Opposition to motion for miscellaneous relief, 407 , motion to compel 402 *REPLY in Support of Grunt Style's Motion to Compel Compliance and Opposition to TWD's motion for modification* (Attachments: # 1 Exhibit A. Transcript, # 2 Exhibit B. Article)(De Preter, Matthew) (Entered: 09/22/2026) |
| 09/29/2026 | 410 | 119.0 KB | REPLY by Defendant TWD, LLC to motion for miscellaneous relief, 407 *For Court to Modify, Terminate Or Stay Certain Provisions Of Permanent Injunction* (Quinn, Darren) (Entered: 09/29/2026) |
| 10/07/2026 | 411 | 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Upon review of the parties' joint email, Plaintiff's renewed motion to hold Defendant in contempt and compel Defendant's compliance with the permanent injunction 402 and Defendant TWD's motion to modify, terminate, or stay certain provisions of permanent injunction 407 are set for hearing on |

| | | | |
|---|---|---|---|
| | | | 10/22/26 at 2:30PM in Courtroom 1425. Mailed notice (gel,) (Entered: 10/07/2026) |
| 10/07/2026 | 412 | 4.0 KB | ENTERED IN ERROR (Entered: 10/07/2026) |
| 10/21/2026 | 413 | 5.0 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Based on a preliminary review of the parties' submissions, the Court indicates its inclination to grant Plaintiff's renewed motion to hold Defendant in contempt and compel Defendant's compliance with the permanent injunction 402 and deny Defendant TWD's motion to modify, terminate, or stay certain provisions of permanent injunction 407 for the reasons stated in Plaintiff's briefs, subject to a few clarifying questions. Therefore, the Court finds that an in-person hearing is unnecessary. **Accordingly, the motion hearing previously set for 10/22/26 at 2:30PM in Courtroom 1425 411 is converted from in-person to telephonic and reset for 10:00AM.** The Court also anticipates resolving Plaintiff's bill of costs 387 and addressing any other pertinent remaining issues. Attorneys/parties may appear by dialing: 1-650-479-3207 and entering access code: 2311 499 1046. No attendee code is required. Please review in advance the policies governing telephonic hearings that can be found on Judge Hunt's webpage on the court website. Mailed notice (gel,) (Entered: 10/21/2026) |
| 10/22/2026 | 414 | 4.5 KB | MINUTE entry before the Honorable LaShonda A. Hunt: Telephonic motion hearing held. For the reasons stated on the record and in Plaintiff's briefs, the Court rules as follows: (1) Plaintiff's motion 402 is granted in part as to compelling Defendant's compliance with the permanent injunction, denied in part without prejudice as to holding Defendant in contempt, and denied as to the fee request; and (2) Defendant's motion to modify, terminate or stay certain provisions of permanent injunction 407 is denied. As discussed, Defendant's affidavit of compliance with the permanent injunction is due by 10/29/26. Mailed notice (gel,) (Entered: 10/22/2026) |
| 10/22/2026 | 415 | 4.4 KB | MINUTE entry before the Honorable LaShonda A. Hunt: For the reasons stated on the record and in the accompanying Order, Plaintiff's bill of costs 387 is granted in part as to witness attendance fees and denied in all other respects. The Clerk is directed to tax costs in favor of Plaintiff and against Defendant in the amount of $160.00. Mailed notice (gel,) (Entered: 10/22/2026) |
| 10/22/2026 | 416 | 240.6 KB | ORDER Signed by the Honorable LaShonda A. Hunt on 10/22/2026. Mailed notice (gel,) (Entered: 10/22/2026) |
| 10/22/2026 | 418 | 219.7 KB | BILL of Costs by Grunt Style LLC (jks, ) (Entered: 10/26/2026) |
| 10/23/2026 | 417 | 71.3 KB | NOTICE of appeal by TWD, LLC regarding orders 414 Filing fee $ 605, receipt number AILNDC-25853433. Receipt number: n (Quinn, Darren) (Entered: 10/23/2026) |

View Selected
or
Download Selected

Total filesize of selected documents (MB): 0
Maximum filesize allowed: 200 MB