**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment). | CASE NO. **1:18-cv-07695**<br><br>**SECOND SUPPLEMENTAL DECLARATION OF TIM BAUER RE: TWD, LLC COMPLIANCE WITH PERMANENT INJUNCTION**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |
| and related claims of TWD, LLC transferred from the United States District Court, Southern District of California. | |

I, TIM BAUER, declare:

1. I am the manager for defendant TWD, LLC ("TWD"). I submit this second supplemental declaration regarding compliance with the Permanent Injunction [ECF 321] pursuant to the court's Minute Order [ECF 414] and statements on the October 22, 2026 hearing transcript.

2. My original Declaration of Tim Bauer Re: TWD, LLC Compliance with Permanent Injunction was filed February 27, 2025 [ECF 341] ("Original Compliance Dec.") pursuant to paragraph 7 of the Permanent Injunction [ECF 321].

3. My Supplemental Declaration of Tim Bauer Re: TWD, LLC Compliance with Permanent Injunction was filed September 8, 2026 [ECF 407-1] ("Supplemental Compliance Dec.")

Compliance with Paragraph 1:

4. Paragraph 1 of the Permanent Injunction provides:

> This Injunction applies to Defendant, its officers, agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant (the "Enjoined Parties").

5. I am the sole manager of defendant TWD. There are no other persons that I understand to be "officers, agents, servants, employees, and all persons or entities acting on the behalf or in active concert or participation with Defendant" TWD.

6. I supplement to state I individually have complied with the Permanent Injunction. [ECF 321].

<u>Compliance with Paragraphs 2 and 3</u>:

7. Paragraphs 2 and 3 of the Permanent Injunction provide:

> 2. This Injunction concerns the THIS WE'LL DEFEND mark owned by Plaintiff.
>
> 3. The Enjoined Parties are permanently enjoined and restrained from:
>
> > a. directly or indirectly infringing the THIS WE'LL DEFEND mark;
> >
> > b. using in any manner the THIS WE'LL DEFEND mark, or any colorable imitation or confusingly similar version of the THIS WE'LL DEFEND mark, exclusively, or as a portion of any trade name, trademark, service mark, or domain name;
> >
> > c. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Grunt Style, nor authorized by Grunt Style to be sold or offered for sale, and which bear the THIS WE'LL DEFEND mark, or any reproductions or colorable imitations thereof;
> >
> > d. registering or attempting to register the THIS WE'LL DEFEND mark;
> >
> > e. filing extensions of time to oppose or opposing any applications for marks filed by Grunt Style in the United States Patent and Trademark Office that are not lawfully used by Defendant, including any future application by grunt style for THIS WE'LL DEFEND;
> >
> > f. enabling, facilitating, permitting, encouraging, assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above in paragraphs (a)–(f).

8. Paragraphs 5-7 of my Original Compliance Declaration [ECF 341], filed February 27, 2025, detailed actions that I took to comply with paragraphs 2 and 3 of the Permanent Injunction.

9. Paragraph 5 of my Supplemental Compliance Declaration [ECF 407-1] states: "After February 27, 2025, TWD has remained in compliance with paragraphs 2 and

3 of the Permanent Injunction [ECF 321]."

10. I supplement to state that TWD and I have complied and continue to comply with paragraphs 2 and 3 of the Permanent Injunction.

Compliance with Paragraphs 2 and 4:

11. Paragraphs 2 and 4 (as modified by Order [Dkt. 331]) of the Permanent Injunction provide as follows:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by Plaintiff.
>
> * * *
>
> 4. No later than thirty (30) days from entry of this Order, by February 27, 2025, Defendant shall dismiss with prejudice Opposition No. 91254347, pending before the Trademark Trial and Appeal Board.

(Emphasis added).

12. TWD's Opposition No. 91254347 opposes registration of plaintiff's trademark application for the mark **GRUNT STYLE** on the grounds of on the grounds of abandonment, misuse of the ® symbol and fraud.

13. Paragraph 4 of the Permanent Injunction [ECF 321] was stayed pursuant to the court's order [ECF 352].

14. I supplement to state that pursuant to the court's Minute Order [ECF 414], TWD's counsel filed Opposer TWD LLC's Request to Dismiss Proceeding with Prejudice with the Trademark Trial And Appeal Board. A true and correct copy is attached as **Exhibit 1**.

Compliance with Paragraphs 2 and 5:

15. Paragraphs 2 and 5 of the Permanent Injunction provide as follows:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by

> Plaintiff.
>
> * * *
>
> 5. Defendant shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with any online or brick and mortar retail store, and/or sale of infringing goods using the THIS WE'LL DEFEND mark.

(Emphasis added).

16. Paragraphs 13-14 of my Original Compliance Declaration [ECF 341] detailed actions that I took to comply with paragraphs 2 and 5 of the Permanent Injunction. Paragraph 13(c)-(d) states, in part:

> (c) I had my attorney send an email to the attorney for Grunt Style on February 4, 2025 that states:
>
> > To facilitate you confirming that TWD has complied with paragraph 5 of the Permanent Injunction Order, you can click on the following links:
> >
> > > http://www.thiswelldefend.com
> > > http://www.amazon.com/thiswelldefend
> > > http://www.instagram.com/thiswelldefend
> >
> > Again, if you believe that TWD has not fully complied with paragraph 5, please contact me ASAP.
>
> (d) I had my attorney send a follow-up email on February 4, 2025 that states, in part:
>
> > As to paragraph 5 with a compliance date of today, I sent you the links to verify compliance. You have not presented any facts to show non-compliance with paragraph 5.
>
> [Dkt. 336-13 {Quinn Decl., Ex. 1}, at PDF 13].

17. Paragraph 28 of my Supplemental Compliance Declaration [ECF 407-1] states:

"On March 5, 2025, this court issued a docket entry Order that states, in part,"Defendant's motion regarding permanent injunction [335] is granted as to a stay of Paragraphs 3(e), 4, and 5 of the Order of Permanent Injunction entered 1/28/25 [321]." [ECF 352 (Emphasis added)]."

18. I supplement to state that TWD and I have complied and continue to comply with paragraphs 2 and 5 of the Permanent Injunction.

<u>Compliance with Paragraphs 2 and 6</u>:

19. Paragraphs 2 and 6 of the Permanent Injunction provide as follows:

> 2. This Injunction concerns the ***THIS WE'LL DEFEND*** mark owned by Plaintiff.
>
> * * *
>
> 6. No later than thirty (30) days from entry of this Order, Defendant shall surrender and deliver to Plaintiff at 900 Broadway, San Antonio, TX 78215, all labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials and the like for destruction that are in the possession, custody, or control of Defendants that use any of the THIS WE'LL DEFEND mark.

(Emphasis added).

20. Paragraph 16 of my Original Compliance Declaration [ECF 341] detailed actions that I took to comply with paragraphs 2 and 6 of the Permanent Injunction. Paragraph 16(b)-(i) states:

> (b) I confirmed that defendant TWD has no "labels" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "labels" to "surrender and deliver" to plaintiff.
>
> (c) I confirmed that defendant TWD has no "signs" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January

28, 2025. There are no "signs" to "surrender and deliver" to plaintiff.

(d) I confirmed that defendant TWD has no paper "stationary" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There is no "stationary" to "surrender and deliver" to plaintiff.

(e) I confirmed that defendant TWD has no "business cards" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "business cards" to "surrender and deliver" to plaintiff.

(f) I confirmed that defendant TWD has no "packages" for shipping that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "packages" to "surrender and deliver" to plaintiff.

(g) I confirmed that defendant TWD has no "receptacles" to hold products that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "receptacles" to "surrender and deliver" to plaintiff.

(h) I confirmed that defendant TWD has no "advertising" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There is no "advertising" to "surrender and deliver" to plaintiff.

(i) I confirmed that defendant TWD has no "promotional materials and the

like" that use the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025. There are no "promotional materials and the like" to "surrender and deliver" to plaintiff.

21. I supplement to confirm again that TWD and I never owned or currently do not own any "labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials and the like that are in the possession, custody, or control of Defendants that use any of the THIS WE'LL DEFEND mark."

(a) After the Permanent Injunction [ECF 321], TWD and I did not give any such items to any third party.

Compliance with Paragraph 7

22. Paragraph 7 of the Permanent Injunction provides:

> Pursuant to 15 U.S.C. § 1116(a), within thirty (30) days of the entry of this Order, Defendant on behalf of all of the Enjoined Parties, shall submit to the Court a written report, under oath, detailing their efforts to comply, and certifying their compliance, with this Order. This report shall include confirmation that Defendant surrendered and delivered up to Plaintiff all labels, signs, stationery, business cards, packages, receptacles, advertising, promotional materials or the like in the possession, custody, or control of Defendants that adopt or infringe Grunt Style's THIS WE'LL DEFEND mark.

23. My Original Compliance Declaration [ECF 341] constitutes compliance.

Compliance With New Language Per October 22, 2026 Minute Order [ECF 414]

24. The court's Minute Order [ECF 414] granted Grunt Style's request in its brief [ECF 409 at 13] that TWD "1. File dismissal with prejudice of Opposition No. 91254347 with the TTAB."

(a) I supplement to state that TWD's counsel filed Opposer TWD LLC's

Request to Dismiss Proceeding with Prejudice with the Trademark Trial And Appeal Board. A true and correct copy is attached as **Exhibit 1**.

25. The court's Minute Order [ECF 414] granted Grunt Style's request in its brief [ECF 409 at 13] that TWD "2. Arrange the transfer of web domain www.thiswelldefend.com to Grunt Style."

(a) I supplement to state that I complied by arranging for the transfer of the domain name to the person designated by Grunt Style through GoDaddy.com

(b) On October 29, 2026, I received the following message from GoDaddy.com.




26. The court's Minute Order [ECF 414] granted Grunt Style's request in its brief [ECF 409 at 13] that TWD "3. Deliver to Grunt Style at 900 Broadway, San Antonio, Texas 78215 any inventory of TWD THIS WE'LL DEFNEND marked shirts (including any shirts owned by Tim Bauer or otherwise in his custody or control), and any lithograph or manufacturing materials for making THIS WE'LL DEFEND products."

(a) I supplement to state that TWD and I complied.

(b) With respect to "any inventory of TWD THIS WE'LL DEFEND marked

shirts (including any shirts owned by Tim Bauer or otherwise in his custody or control)," I confirm again that there is no no inventory.

(i) Paragraphs 6(g) and (h) of my Original Compliance declaration states:

> (g) I confirmed that TWD had no inventory of any products marked with the trademark THIS WE'LL DEFEND when the Permanent Injunction was filed January 28, 2025.
>
> (h) I confirmed that TWD has not manufactured any products marked with the trademark THIS WE'LL DEFEND after the Permanent Injunction was filed January 28, 2025.

(ii) I supplement to state that TWD made inventory as needed on a rolling basis. TWD stopped manufacturing shirts marked THIS WE'LL DEFEND immediately after the order granting partial summary judgment, filed April 12, 2022 (nearly 3 years before the Permanent Injunction).

(iii) I supplement to state that no person (including me personally and TWD) has any TWD inventory with the mark THIS WE'LL DEFEND.

(iv) I supplement to state that there was no inventory of THIS WE'LL DEFEND shirts in existence when the Permanent Injunction [ECF 321], filed January 28, 2025 for me to use for my personal use.

(c) With respect to "any lithograph or manufacturing materials for making THIS WE'LL DEFEND products," there is none.

(i) TWD never used a "lithograph" to make the mark THIS WE'LL

DEFEND on products.

(ii) TWD used a screen printing process to put its mark THIS WE'LL DEFEND on t-shirts.

(1) Prior to the order granting partial summary judgment, filed April 12, 2022, TWD used a screen to put its mark THIS WE'LL DEFEND on t-shirts so that ink sprayed on the screen would make the mark on the t-shirt.

(2) Shortly after the order granting partial summary judgment, filed April 12, 2022, TWD chemically reclaimed the physical screen to turn it back into a blank screen.

(3) TWD used its reclaimed screen blank screen to create a new screen to screen print a t-shirt that did not contain the mark THIS WE'LL DEFEND.

27. The court's Minute Order [ECF 414] granted Grunt Style's request in its brief [ECF 409 at 13] that TWD "4. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of Registration No. 4880766."

(a) I supplement to state I signed before a notary an Assignment of Trademark Registration. A true and correct copy (excluding Exs. A-C) is attached as **Exhibit 2**.

(b) TWD's counsel sent a copy of the signed and notarized Assignment of Trademark Registration with Exs. A - C via email to cdepreter@agdglaw.com.

28. The court's Minute Order [ECF 414] granted Grunt Style's request in its brief

[ECF 409 at 13] that TWD "Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army."

(a) I supplement to state that I signed before a notary an Assignment of Agreement. A true and correct copy (excluding Exs. A-D) is attached as **Exhibit 3**.

(b) TWD's counsel sent a copy of the signed and notarized Assignment of Agreement with Exs. A - D via email to cdepreter@agdglaw.com.

29. During the oral argument on October 22, 2026, the court ordered that this compliance declaration provide more detail on TWD's account on Instagram. [Transcript, at 10, 14-15].

(a) I supplement to state that I deleted the profile on the TWD Instagram account to remove all content prior to the February 27, 2025 filing of my Original Compliance Declaration [ECF 341].

(b) Paragraph 6(f) of my Original Compliance declaration states:

(f) I removed all content and THIS WE'LL DEFEND products from defendant TWD's account on Instagram. If a person entered the website address https://www.instagram.com/thiswelldefend, then the following webpage is displayed by Instagram (as more fully shown by **Exhibit 4**):




(c) I supplement to state that the Instagram Help Center currently explains that after a profile is deleted, any "new person on Instagram" can take the deleted profile name and the old profile information is permanently deleted.

> After your profile is deleted, you can sign up again with the same username or add that username to another account ***as long as it hasn't been taken by a new person on Instagram***.
>
> ***After 30 days of your deletion request, your profile and all your information will be permanently deleted***, and you won't be able to retrieve your information. During those 30 days the content remains subject to

> Instagram's Terms of Use and Privacy Policy and is not accessible to other people using Instagram.
>
> Note: The number of days that you can cancel a profile deletion varies by region.

https://help.instagram.com/139886812848894/ (Emphasis added).

I declare under penalty of perjury that the foregoing is true correct. Executed this 26th day of October 29, 2026 at Birmingham, Alabama.

Tim Bauer

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **SECOND SUPPLEMENTAL DECLARATION OF TIM BAUER RE: TWD, LLC COMPLIANCE WITH PERMANENT INJUNCTION** with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn