# EXHIBIT C

## M. "Chip" De Preter

**From:** Darren Quinn <dq@dqlaw.com>
**Sent:** Monday, November 2, 2026 8:35 PM
**To:** M. "Chip" De Preter
**Subject:** Re: Grunt Style v. TWD

Chip:

TWD disagrees that it did not comply with court's order [ECF 414] and the court's rulings on the record with respect to the Assignment of the Trademark Registration [ECF 423-2] and Assignment of the Agreement [ECF 423-3].

Assignment of the Trademark Registration

In compliance with the court's order [ECF 414] and rulings on the record, TWD executed an Assignment of Trademark Registration [ECF 423-2] with the following operative assignment language:

> ASSIGNMENT: In compliance with the district court's ruling, TWO, LLC hereby assigns Registration No. 4880766 to GRUNT STYLE LLC effective on the compliance date of October 29, 2026 set forth in the district court's Minute Order (Exhibit B).

Grunt Style's Reply in support of its compliance/contempt motion concludes: "This Court should order TWD to undertake the following actions within 24 hours: . . . 4. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of Registration No. 4880766." [ECF 409 at 14].

The Assignment of Trademark Registration [ECF 423-2] was "signed, notarized" and delivered "via email to cdepreter@agdglaw.com."

TWD rejects that Grunt Style's contention that the Assignment of Trademark Registration [ECF 423-2] signed by TWD is "unacceptable."

TWD rejects providing "signed, notarized copies of the attached" Assignment of Trademark attached to your October 30, 2026 email on numerous grounds, including:

1. TWD's signed and notarized Assignment of Trademark Registration [ECF 423-2] tracks the language in Grunt Style's Reply Brief [ECF 409 at 14].
2. The "WHEREAS" clauses in TWD's signed and notarized Assignment of Trademark Registration [ECF 423-2] accurately state the background facts that the assignment is pursuant to a court order.
3. TWD assigned the trademark registration pursuant to a court order, not an agreement between the parties.
4. Grunt Style's proposed Assignment of Trademark attached to your October 30, 2026 email falsely states that the assignment is pursuant to an agreement (e.g. "Assignor agrees to assign

all such right, title and interest in and to the Trademarks (sic) together will all the goodwill of the business symbolized thereby to Assignee").

5. Grunt Style's proposed Assignment of Trademark attached to your October 30, 2026 email falsely states that TWD received "good and valuable consideration, receipt of which is hereby acknowledged."

Assignment of the Army-TWD Agreement

In compliance with the court's order [ECF 414] and rulings on the record, TWD executed an Assignment of Agreement [ECF 423-3] with the following operative assignment language:

> ASSIGNMENT: In compliance with the district court's ruling, TWD, LLC hereby assigns the Settlement And Consent Agreement attached as Exhibit D to GRUNT STYLE LLC effective on the compliance dale of October 29, 2026 set forth in the district court's Minute Order (Exhibit B).

Grunt Style's Reply in support of its compliance/contempt motion concludes: "This Court should order TWD to undertake the following actions within 24 hours: . . .5. Deliver via email to cdepreter@agdglaw.com a signed, notarized copy of the assignment of the Settlement and Consent Agreement dated July 22, 2019, between TWD, LLC and Department of the Army." [ECF 409 at 14].

The Assignment of Agreement [ECF 423-3] was "signed, notarized" and delivered "via email to cdepreter@agdglaw.com."

TWD rejects that Grunt Style's contention that the Assignment of Agreement [ECF 423-3] signed by TWD is "unacceptable."

TWD rejects providing "signed, notarized copies of the attached" Assignment of Settlement Agreement attached to your Friday, October 30, 2026 email on numerous grounds, including:

1. TWD's signed and notarized Assignment of Agreement [ECF 423-3] tracks the language in Grunt Style's Reply Brief [ECF 409 at 14].
2. The "WHEREAS" clauses in TWD's signed and notarized Assignment of Trademark Registration [ECF 423-2] accurately state the background facts that the assignment is pursuant to a court order.
3. TWD assigned the TWD-Army Agreement pursuant to a court order, not an agreement between the parties.
4. Grunt Style's proposed Assignment of Settlement Agreement attached to your October 30, 2026 email falsely states that the assignment is pursuant to an agreement and inaccurately refers to "Trademarks" instead of the "Settlement Agreement" (e.g. "Assignor agrees to assign all such right, title and interest in and to the Trademarks (sic) together will all the goodwill of the business symbolized thereby to Assignee").
5. Grunt Style's proposed Assignment of Settlement Agreement attached to your October 30, 2026 email falsely states that TWD received "good and valuable consideration, receipt of which is hereby acknowledged."

If Grunt Style disagrees with any of the above, please specify via email.

Darren Quinn

On Fri, Oct 30, 2026 at 8:41 AM M. "Chip" De Preter <cdepreter@agdglaw.com> wrote:

> Counsel,
>
> The purported assignments that you provided are unacceptable. They each contain copious extraneous language that is irrelevant to the underlying assignment and overall fail to clearly and unequivocally assign the assets to Grunt Style. We are providing you with one final opportunity to comply with the terms of the injunction. Provide signed, notarized copies of the attached assignments to me by 5:00pm Central time on Monday. Should you fail to do so, we will seek the assistance of the Court.
>
> Best Regards,
>
> **M. "Chip" De Preter**
> cdepreter@agdglaw.com
>
> ARONBERG GOLDGEHN
>
> Aronberg Goldgehn / 225 W. Washington St. / Suite 2800 / Chicago, IL 60606
> Phone: (312) 755-3153 / Fax: (312) 828-9635 / www.agdglaw.com
> **MY BIO** **MY VCARD**
>
> This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.
>
> BEST PLACES TO WORK
> CRAIN'S CHICAGO BUSINESS • 2026
>
> Mansfield Rule
> Certified 2024–2025 Powered by DIVERSITYLAB