**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| GRUNT STYLE LLC, an Illinois limited liability company,<br><br>Plaintiff (Counterclaim-Plaintiff prior to realignment),<br><br>v.<br><br>TWD, LLC, a California limited liability company,<br><br>Defendant (Counterclaim-Defendant prior to realignment). | CASE NO. **1:18-cv-07695**<br><br>**DECLARATION OF DARREN J. QUINN IN SUPPORT OF MOTION OF TWD, LLC TO APPEAR REMOTELY**<br><br>Judge: Hon. LaShonda A. Hunt<br><br>Courtroom: 1425 |
| and related claims of TWD, LLC transferred from the United States District Court, Southern District of California. | |

I, DARREN J. QUINN, declare:

1. I am the lead attorney for defendant TWD"). I make this declaration in support of appearing remotely for presentment and related hearings regarding the Permanent Injunction [ECF 321].

2. I contacted counsel for plaintiff Grunt Style via email regarding any opposition to the TWD Remote Appearance Motion. Plaintiff Grunt Style replied via email that it **opposes** TWD's motion to appear remotely. A true and correct copy of the email string is attached as **Exhibit A**.

(a) Pursuant to Judge Hunt's Motion Practice Procedures, on November 9, 2026, I asked Grunt Style's counsel via a email whether there is an objection to the motion. Grunt Style replied, in part: "Grunt Style does not agree to a remote hearing." [*See* **Exhibit A**].

(b) In my initial followup November 9, 2026 email, I asked Grunt Style's counsel: "In connection with my required 'certification,' does Grunt Style believe that further meet and confer is necessary in connection with TWD's remote appearance motion other than the email string below? If so, please specify, so we can complete any further meet and confer via email and/or phone." After a second request follow-up November 10, 2026 email, Grunt Style's counsel responded via email: "Grunt Style does not agree to a remote hearing." [*See* **Exhibit A**].

(c) In my initial followup November 9, 2026 email, I also asked Grunt Style's counsel: "In connection with my required 'certification,' what does Grunt Style

propose the agreed briefing schedule for TWD's remote appearance motion that must be set forth in the certification? I note that the first available presentment date for TWD's remote appearance motion is November 19, 2026 (the same date as Grunt Style's motion)." After the second request follow-up November 10, 2026 email, Grunt Style's counsel responded via email: "Grunt Style does not agree to a remote hearing." [*See* **Exhibit A**].

(d) In light of my diligent efforts to satisfy the Certification requirement and Grunt Style's failure to propose a briefing schedule, TWD proposes a reasonable briefing schedule that Grunt Style file any opposition to this TWD Remote Appearance Motion by **Friday, November 13, 2026**.

3. **Thursday, November 19, 2026** at 9:00 a.m. is the motion presentment date set in plaintiff Grunt Style's notice of motion [ECF 426] with respect to Plaintiff's Renewed Opposed Motion to Hold TWD in Contempt and Compel TWD's Compliance with the Permanent Injunction [ECF 424]. It is unclear to me whether the court will strike Grunt Style's presentment [ECF 426] and motion [ECF 424] for failing to provide a Certification.

4. **Thursday, November 19, 2026** at 9:00 a.m. is also the earliest available motion presentment date set for this TWD Remote Appearance Motion. TWD requests that the court act on the TWD Remote Appearance Motion as soon as possible. Grunt Style failed to provide a date for filing any opposition papers to include in the TWD's Certification, so TWD proposes that any opposition be filed by Friday, November 13, 2026.

5. Good cause supports my request to appear remotely via telephone as he has done in the past, on present and motion hearings regarding the Permanent Injunction [ECF 321]:

(a) Plaintiff Grunt Style has agreed or not opposed me appearing remotely in five (5) past motions to appear remotely [ECF 332, 349, 358, 374, 403] based on the significant expense of time and money to travel from San Diego, CA to Chicago, IL that requires an overnight stay.

(b) Non-refundable, non-stop round trip airfare departing San Diego, CA on **Wednesday, November 18, 2026** and returning from Chicago, CA on **Thursday, November 19, 2027** in the afternoon is currently about $400 for over 7 hours travel time each way (travel to airport, security screening and wait at gate, a 4.25 to 4.75 hour flight each way, travel to hotel/home) **for over 14 hours of total travel time** for a typically very short presentment hearing. Below are screen shots from Google Flights:






(c) My wife is immune compromised due to **incurable Mantle Cell Lymphoma blood cancer** and ongoing treatments, so my spending **over 14 hours of travel time** in airports, airplanes and shared transportation **increases the risk my wife contracting a serious infection from my travel**. In the past three (3) months, my wife has contracted **two very serious infections that have collectively lasted several weeks**. On Saturday, November 14, 2026 , my wife is undergoing another Rituximab infusion that will lower her immunity further. For over a year (since at least August 13, 2025), Grunt Style's counsel has been aware of the Stage 3 cancer diagnosis of my wife and her immunity issues.

(d) It is unclear to me whether the court will strike Grunt Style's presentment

set for November 19, 2026 [ECF 426] and motion [ECF 424] for failing to provide a Certification. In the past, this court struck plaintiff Grunt Style's motion and presentment hearing for failure to provide the required Certification. [ECF 325].

> Plaintiff's motion to compel [323] and the motion hearing set for 2/11/25 [324] are ***stricken as non-compliant with the Court's case management procedures***.
>
> ***The motion indicates that it is opposed but neither certifies that counsel met and conferred prior to filing nor proposes an agreed briefing schedule***.
>
> * * *
>
> Counsel is reminded to review and comply with all court procedures.

[ECF 325 (paginated and emphasis added)]

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States. Executed this 12th day of November, 2026 at Del Mar, California.

/s/ Darren J. Quinn

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing

**DECLARATION OF DARREN J. QUINN IN SUPPORT OF MOTION OF TWD, LLC TO APPEAR REMOTELY**

with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Darren J. Quinn