Gmail

**Darren Quinn <dq@dqlaw.com>**

## RE: TWD - Amended Motion and Proposed Briefing Schedule

1 message

**M. "Chip" De Preter** <cdepreter@agdglaw.com> Tue, Nov 10, 2026 at 10:08 AM
To: "dq@dqlaw.com" <dq@dqlaw.com>

Grunt Style does not agree to a remote hearing.

**M. "Chip" De Preter**
cdepreter@agdglaw.com

ARONBERG GOLDGEHN

Aronberg Goldgehn / 225 W. Washington St. / Suite 2800 / Chicago, IL 60606
Phone: (312) 755-3153 / Fax: (312) 828-9635 / www.agdglaw.com
**MY BIO** **MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

BEST PLACES TO WORK
CRAIN'S CHICAGO BUSINESS • 2026

Mansfield Rule
Certified 2024–2025

---

**From:** Darren Quinn <dq@dqlaw.com>
**Sent:** Tuesday, November 10, 2026 12:02 PM
**To:** M. "Chip" De Preter <cdepreter@agdglaw.com>
**Subject:** Re: TWD - Amended Motion and Proposed Briefing Schedule

Chip:

Second request re: information for my certificate of compliance on TWD's Opposed motion to appear remotely.

Best regards.

Darren Quinn

C: 619-992-9401

On Mon, Nov 9, 2026 at 3:16 PM Darren Quinn <dq@dqlaw.com> wrote:

**EXHIBIT A**

Chip:

In light of your email below, I am preparing an OPPOSED MOTION OF TWD, LLC TO APPEAR REMOTELY REGARDING: 1. PRESENTMENT OF PLAINTIFF'S RENEWED OPPOSED MOTION TO HOLD TWD IN CONTEMPT AND COMPEL TWD'S COMPLIANCE WITH THE PERMANENT INJUNCTION [ECF 424] 2. ANY FURTHER RELATED HEARINGS.

Because Grunt Style **opposes** TWD's motion, Judge Hunt's motion procedures require "a certification at the end of the motion stating that counsel met and conferred prior to filing and proposing an agreed briefing schedule."

In connection with my required "certification," does Grunt Style believe that further meet and confer is necessary in connection with TWD's remote appearance motion other than the email string below? If so, please specify, so we can complete any further meet and confer via email and/or phone.

I again encourage Grunt Style to agree or not oppose my remote appearance as it has done in the past. I note that the first available presentment date for TWD's remote appearance motion is November 19, 2026 (the same date as Grunt Style's motion).

In connection with my required "certification," what does Grunt Style propose the agreed briefing schedule for TWD's remote appearance motion that must be set forth in the certification? I note that the first available presentment date for TWD's remote appearance motion is November 19, 2026 (the same date as Grunt Style's motion).

Also, I reviewed the 10/22/2026 hearing transcript and the related Minute Order [ECF 414], but I do not see that she exempted Grunt Style from her motion procedures that require "a certification at the end of the motion stating that counsel met and conferred prior to filing and proposing an agreed briefing schedule." The court struck Grunt Style's prior motion for contempt for failing to comply with Judge Hunt's rules:

> Plaintiff's motion to compel [323] and the motion hearing set for 2/11/25 [324] are stricken as non−compliant with the Court's case management procedures.
>
> The motion indicates that it is opposed but neither certifies that counsel met and conferred prior to filing nor proposes an agreed briefing schedule.
>
> * * *
>
> Counsel is reminded to review and comply with all court procedures.

[ECF 325].

In light of this, the court may strike Grunt Style's pending motion [ECF 424] for raising arguments and relief in its pending motion not raised in its October 30, 2026 email and for not agreeing to a briefing schedule providing for an opposition after the November 19, 2026 presentment hearing that avoids briefing during the week of Thanksgiving.

Best regards.

**EXHIBIT A**

Darren Quinn

C: 619-992-9401

On Mon, Nov 9, 2026 at 10:40 AM M. "Chip" De Preter <cdepreter@agdglaw.com> wrote:

Judge hunt already gave Grunt Style leave to file its motion for contempt at the end of the last hearing in the event that you and TWD failed to comply, which is now the case.  There was no further requirement to meet and confer on the issue, and in any case, I gave you the opportunity to comply while informing you that non-compliance would result in court intervention. You refused, and Grunt Style properly proceeded with its motion.

Grunt Style does not agree to your extended briefing schedule. If you have an opposition, you can file it before the hearing.

Grunt Style does not agree to a remote hearing. This was all entirely avoidable by TWD.  However, TWD has shown contempt for the Court's orders. It can show up and answer for its refusals.

**M. "Chip" De Preter**

cdepreter@agdglaw.com

ARONBERG GOLDGEHN

Aronberg Goldgehn / 225 W. Washington St. / Suite 2800 / Chicago, IL 60606

Phone: (312) 755-3153 / Fax: (312) 828-9635 / www.agdglaw.com

**MY BIO** **MY VCARD**

This electronic message is from a law firm. It may contain confidential or privileged information. If you received this transmission in error, please reply to the sender to advise of the error and delete this transmission and any attachments.

**EXHIBIT A**

BEST PLACES TO WORK
CRAIN'S CHICAGO BUSINESS • 2026

Mansfield Rule
Certified 2024–2025 DIVERSITY LAB

---

**From:** Darren Quinn <dq@dqlaw.com>
**Sent:** Monday, November 9, 2026 12:30 PM
**To:** M. "Chip" De Preter <cdepreter@agdglaw.com>
**Subject:** TWD - Amended Motion and Proposed Briefing Schedule

Chip:

Non-Compliant Motion/Notice

Grunt Style filed the attached contempt motion and notice for presentment on November 19th, but Grunt Style failed to comply with Judge Hunt's procedures below:

> Before filing a motion, movant's counsel must ask opposing counsel whether there is an objection to the motion. Each motion must state in both the title and the body of the motion whether it is agreed, unopposed, or opposed. For opposed motions, the movant must include a certification at the end of the motion stating that counsel met and conferred prior to filing and proposing an agreed briefing schedule.

In light of the Thanksgiving Holiday, TWD proposes that its opposition brief be due Thursday, December 3, 2026 with Grunt Style's reply brief due a week later on December 10, 2026.

Grunt Style is correct to label its motion as opposed.

Grunt Style is incorrect that its motion is limited to the issues raised in its October 30, 2026 email.

Any Opposition to TWD Appearing Telephonically

Please also let me know if Grunt Style opposes me appearing telephonically at the November 19th presentment hearing and any later related hearing.

You are aware from past unopposed TWD motions to appear remotely of the cost and time commitment for me to appear in person for a short presentment appearance.

You are also aware that my wife is immunocompromised from her incurable Mantle Cell Lymphoma blood cancer and related treatments.

**EXHIBIT A**

Spending over 12 hours in airports, airplanes and ground transportation for a presentment hearing increases my risk of catching an infection and transmitting it to her. My wife has already had two very serious infections since August of this year that collectively lasted several weeks, and I want to do everything in my power to avoid her having a third infection.

Best regards.

Darren Quinn

C: 619-992-9401

**EXHIBIT A**